**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-356-KAJ |
| TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES, LTD., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-371-KAJ |
| MYLAN PHARMACEUTICALS, INC. and MYLAN LABORATORIES, INC., | ) ) ) | |
| Defendants. | ) ) | |
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-380-KAJ |
| DR. REDDY'S LABORATORIES, INC., and DR. REDDY'S LABORATORIES, LTD., | ) ) ) ) | |
| Defendants. | ) ) | |

| | |
|---|---|
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., ) ) ) ) Plaintiffs, ) ) v. ) ) BARR LABORATORIES, INC., and BARR ) PHARMACEUTICALS INC., ) ) Defendants. ) | Civil Action No. 05-381-KAJ |
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., ) ) ) ) Plaintiffs, ) ) v. ) ) PUREPAC PHARMACEUTICAL CO. and ) ALPHARMA, INC., ) ) Defendants. ) | Civil Action No. 05-382-KAJ |
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., ) ) ) ) Plaintiffs, ) ) v. ) ) ALPHAPHARM PTY., LTD., ) ) Defendant. ) | Civil Action No. 05-420-KAJ |

2

```
_____
JANSSEN PHARMACEUTICA N.V.,       )
JANSSEN, L.P., and SYNAPTECH, INC., )
                                  )
            Plaintiffs,           )
                                  )
      v.                          )      Civil Action No. 05-451-KAJ
                                  )
PAR PHARMACEUTICAL, INC. and PAR  )
PHARMACEUTICAL COMPANIES, INC.,   )
                                  )
            Defendants.           )
_____)
```

## [PROPOSED] RULE 16 SCHEDULING ORDER

This ___ day of October, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on October 12, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, and the Court finding that these matters should be consolidated for discovery;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order. The parties have conferred and reached an agreement, based on the parameters of their anticipated discovery, on how to conduct e-discovery for purposes of this action.

2. **Joinder of Other Parties and Amendment of Pleadings.**

    **PLAINTIFFS' PROPOSAL:** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before six (6) months before the close of fact discovery.

**DEFENDANTS' PROPOSAL:** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before thirty (30) days before the close of fact discovery.

3. **Bifurcation of discovery and trial on willfulness.**

**PLAINTIFFS' PROPOSAL:** Discovery and trial on willfulness shall not be bifurcated.

**DEFENDANTS' PROPOSAL:** If not dismissed on Federal Rule of Civil Procedure 12(c) grounds, discovery and trial on willfulness shall be bifurcated until after discovery and trial on infringement, invalidity and any inequitable conduct claim.

4. **Discovery.**

   a. **Limitation on Hours for Fact Deposition Discovery.**

**PLAINTIFFS' PROPOSAL:** Each side[1] is limited to a total of two hundred fifty (250) hours of taking testimony by deposition upon oral examination (excluding expert depositions). Each side represents that it will make all reasonable efforts to conclude a deposition within seven (7) hours as provided for in Federal Rule of Civil Procedure 30(d)(2). However, each side may depose one (1) witness for more than seven (7) hours so long as the deposing party gives reasonable notice of its intent to exceed seven (7) hours and the deposition does not exceed fourteen (14) hours. With the exception of experts submitting more than one report, each side shall use its best efforts to avoid deposing any person more than once, and no person shall be deposed more than once without consent of the parties or order of the Court.

**DEFENDANTS' PROPOSAL:** Each side is limited to a total of one hundred forty (140) hours of taking testimony by deposition upon oral examination (excluding expert

---

[1] For purposes of this Order, "side" shall refer to all the defendants as a group and all the plaintiffs as a group.

depositions). Each side represents that it will make all reasonable efforts to conclude a deposition within seven (7) hours as provided for in Federal Rule of Civil Procedure 30(d)(2). However, the parties recognize that circumstances may require a deposition to exceed seven (7) hours. Each side may depose the inventor of the patent-in-suit in an individual capacity for more than seven (7) hours so long as the deposing party gives reasonable notice of its intent to exceed seven (7) hours and the deposition does not exceed twenty-one (21) hours. Moreover, each side may depose up to two (2) additional witnesses for more than seven (7) hours so long as the deposing party gives reasonable notice of its intent to exceed seven (7) hours and each deposition does not exceed fourteen (14) hours.

      b.    **Location of Depositions.**

**PLAINTIFFS' PROPOSAL:** All witnesses within the control of a party will be produced for deposition in the offices of the producing party's local or non-local counsel, unless otherwise agreed by the parties.

**DEFENDANTS' PROPOSAL:** Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court ordinarily must be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      c.    **Limitation on Interrogatories.**

**PLAINTIFFS' PROPOSAL:** The parties shall be limited to no more than fifty (50) interrogatories per side. A substantially similar interrogatory that is propounded on more than one (1) party shall be treated as one (1) interrogatory for purposes of the limitation.

Unless otherwise ordered by the Court, the form of and limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

**DEFENDANTS' PROPOSAL:** The Federal Rules of Civil Procedure shall govern the limitation on interrogatories; provided that, related companies who are named as either plaintiffs or defendants to this litigation shall be one (1) party for purposes of the "per party" limitation for interrogatories (*e.g.*, Janssen Pharmaceutica N.V. and Janssen, L.P. are considered one party for purposes of this provision only).

      d.    **Discovery Cut Off.**

**PLAINTIFFS' PROPOSAL:** All discovery shall be completed by March 15, 2007. Fact discovery shall be initiated so that it will be completed by September 8, 2006. Expert discovery shall commence on or by October 9, 2006, and be completed by March 15, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

**DEFENDANTS' PROPOSAL:** All discovery shall be completed by October 20, 2006. Fact discovery shall be initiated so that it will be completed by June 16, 2006. Expert discovery shall commence on or by June 19, 2006, and be completed by October 20, 2006. The Court encourages the parties to serve and respond to contention interrogatories early in the case.

Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   e. **Disclosure of Expert Testimony.**

   **PLAINTIFFS' PROPOSAL:** Unless otherwise agreed, the parties shall file their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on all issues for which a party bears the burden of proof on or before one hundred and thirty-five (135) days before the date for the completion of all discovery. The parties shall file answering expert reports on or before seventy-five (75) days before the date for the completion of discovery. The parties shall submit reply expert reports on or before forty-five (45) days before the date for the completion of all discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), such objection shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Any party wishing to depose an expert witness shall give reasonable notice and complete said deposition within seven (7) hours (and by the close of discovery), unless some other time and date is otherwise agreed to by counsel and/or ordered by the Court.

   **DEFENDANTS' PROPOSAL:** Unless otherwise agreed, the parties shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on all issues for which a party bears the burden of proof on or before ninety (90) days before the date of the completion of all discovery (*i.e.*, October 20, 2006). The parties shall file rebuttal expert reports on or before sixty (60) days before the date for the completion of all discovery. The parties shall submit reply expert reports on or before thirty (30) days before the date for the completion of all discovery. To the extent any objection to expert testimony is made pursuant to the principles

announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), such objection shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Any party wishing to depose an expert witness shall give reasonable notice and complete said deposition within seven (7) hours (and by the close of discovery, *i.e.*, October 20, 2006), unless some other time and date is otherwise agreed to by counsel and/or ordered by the Court.

        f.    **Discovery Disputes.** Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this Paragraph.

        5.    **Application to Court for Protective Order.** The parties have conferred for the purpose of reaching an agreement on a proposed form of a protective order specifying the terms and conditions for the disclosure of confidential information. Negotiations over the terms of a proposed form of a protective order are on-going. If the parties cannot reach agreement on the

terms of a protective order by October 19, 2005, the parties will submit their respective proposals to the Court by October 20, 2005.

The parties' proposed protective order includes the substance of the following required paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. **Papers Filed Under Seal.** When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers.  In addition, under the Electronic Case Filing CM/ECF rules of this Court, the party filing a sealed document with the Court shall file electronically a public version of any sealed document within five (5) business days of the filing of the sealed document, redacting only the protected information.

7. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety (90) days from the date of this Order.

8. **Interim Status Report.**

**PLAINTIFFS' PROPOSAL:** On [**date**], counsel for all parties shall jointly submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

**DEFENDANTS' PROPOSAL:** On April 21, 2006, counsel for all parties shall jointly submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

9.  **Status Conference.** On [**date**], 2006, the Court will hold a conference under Federal Rule of Civil Procedure 16(a), (b) and (c) by telephone with counsel beginning at [**time**]**.** Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report provided for under Paragraph 8 above or to this Order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

10. **Tutorial Describing the Technology and Matters in Issue.**

**PLAINTIFFS' PROPOSAL:** The parties shall provide the Court by May 1, 2006, a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than five pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

**DEFENDANTS' PROPOSAL:** The parties shall provide the Court by August 1, 2006, a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the

parties' claim construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than five pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

11. **Case Dispositive Motions.**

**PLAINTIFFS' PROPOSAL:** All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before April 16, 2007. Answering briefs will be served and filed on or before June 1, 2007. Reply briefs will be served on or before July 2, 2007.

**DEFENDANTS' PROPOSAL:** All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before November 24, 2006. Briefing will be presented pursuant to the Court's Local Rules.

12. **Joint Claim Construction.**

**PLAINTIFFS' PROPOSAL:** Upon the close of expert discovery, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Fourteen (14) days subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to Paragraph 13 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue, as well as those portions of

11

the intrinsic record relied upon, are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

**DEFENDANTS' PROPOSAL:** Defendants anticipate that limited claim construction proceedings will be necessary in this case in advance of expert disclosures. Accordingly, one hundred eighty days (180) before the start of expert discovery, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Fourteen (14) days subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to Paragraph 13 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue, as well as those portions of the intrinsic record relied upon, are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13. **Claim Construction Briefs.**

**PLAINTIFFS' PROPOSAL:** Issues of claim construction shall be submitted to the Court no later than July 2, 2007.

**DEFENDANTS' PROPOSAL:** Thirty (30) days subsequent to the parties' meet and confer and as outlined in Paragraph 12 above, the parties shall submit their Joint Claim Construction Chart and the parties' opening claim construction briefs to be considered by the Court in advance of expert disclosures and the parties' filing of summary judgment motions. Thirty (30) days thereafter, the parties shall submit their response claim construction briefs.

Fifteen (15) days thereafter, the parties shall submit their reply briefs. If necessary, the Court will hear evidence and argument on claim construction at [**time**] and [**date**].

      14.      **Hearing on Case Dispositive Motions.**

      **PLAINTIFFS' PROPOSAL:** Beginning at [**time**] on [**date**], the Court will hear evidence and argument on summary judgment and/or claim construction.

      **DEFENDANTS' PROPOSAL:** Beginning at [**time**] on [**date**], the Court will hear evidence and argument on summary judgment.

      15.      **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      16.      **Pretrial Conference.**

      **PLAINTIFFS' PROPOSAL:** On October ___, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at [**time**]. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order, as Exhibit A, on or before October ___, 2007.

      **DEFENDANTS' PROPOSAL:** On February 16, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at [**time**]. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of

Final Pretrial Order which accompanies this Scheduling Order, as Exhibit A, on or before February 2, 2007.

17. **Motions *in Limine*.**

**PLAINTIFFS' PROPOSAL:** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to ten (10) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

**DEFENDANTS' PROPOSAL:** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three (3) full business days before the final pretrial conference. That submission shall be accompanied by a

computer diskette (in WordPerfect format), which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

19. **Trial.**

**PLAINTIFFS' PROPOSAL:** This matter is scheduled for a ___ day trial beginning at 9:30 a.m. on November ___, 2007. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ___ hours to present their case.

**DEFENDANTS' PROPOSAL:** This matter is scheduled for a ___ day trial beginning at 9:30 a.m. on March 5, 2007. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ___ hours to present their case.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# PROPOSED FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16, Federal Rules of Civil Procedure.

**Plaintiff(s) Counsel:**


**Defendant(s) Counsel**:


**I.    Nature of the Case**

The parties should prepare a brief statement of the nature of the case including the claims of the parties (personal injury, federal tort claim, breach of contracts, etc.). The principal purpose of this statement is to assist the Court in explaining the case to prospective jurors upon selection of a jury.

**II.    Jurisdiction**

    A.    This is an action for:

(State the remedy sought, such as damages, injunctive or declaratory relief.)

    B.    The jurisdiction of the Court is not disputed (or, if the issue has not previously been raised, the basis on which jurisdiction is contested).

        1.    If not disputed, state the statutory, constitutional or other basis of jurisdiction.

**III.    Uncontroverted Facts**

The following facts are not disputed or have been agreed to or stipulated to by the parties:

(This section should contain a comprehensive statement of the facts which will become a part of the evidentiary record in the case and which, in jury trials, may be read to the jury.)

IV. **Agreed to Issues of Law**

The parties agree that the following are the issues to be decided by the Court:

V. **Witnesses (Please note those who will testify by deposition.)**

    A.    List of witnesses the plaintiff expects to call, including experts:

        1.    Expert witnesses.

        2.    Non-expert witnesses.

    B.    List of witnesses defendant expects to call, including experts:

        1.    Expert witnesses.

        2.    Non-expert witnesses.

    C.    If there are any third parties to the action, they should include an identical list of witnesses as that contained in Parts A and B above.

    D.    **Rebuttal Witnesses**.  Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

VI. **Exhibits**

As set forth in Local Rule 16.4(d)(6), "A list of pre-marked exhibits, including designations of interrogatories and answers thereto, request for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit."

**VII.    Damages**

An itemized statement of all damages, including special damages.

**VIII.   Bifurcated Trial**

Indicate whether the parties desire a bifurcated trial, and, if so, why.

**IX.    Trial Briefs**

Motions *in limine* shall not be separately filed.  Any *in limine* requests shall be set forth, with citation to authorities and brief argument, in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  Briefing shall not be submitted on *in limine* requests, unless otherwise permitted by the Court.

**X.    Limitations, Reservations and Other Matters**

    A.    **Length of Trial**.  The probable length of trial is _____ days.  The case will be listed on the trial calendar to be tried when reached.

        Mark appropriate box:    Jury_____
                                           Non-jury_____

    B.    **Number of Jurors**.  There shall be six jurors and _____ alternate jurors.

    C.    **Jury Voir Dire**.  The Court will conduct voir dire.  If voir dire questions are to be tendered, they should be submitted with the final pretrial order.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown.  Such modification may be made either on application of counsel for the parties or on motion of the Court.

    DATED: _____

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND
SUBSTANCE:

_____
ATTORNEY FOR PLAINTIFF(S)

_____
ATTORNEY FOR DEFENDANT(S)

NOTE:   Where a third-party defendant is joined pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, the pretrial order may be suitably modified.  The initial page may be modified to reflect the joinder.  List attorney's name, address, and telephone number.