IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-356-KAJ |
| TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES, LTD., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-371-KAJ |
| MYLAN PHARMACEUTICALS, INC. and MYLAN LABORATORIES, INC., | ) ) ) | |
| Defendants. | ) ) | |
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-380-KAJ |
| DR. REDDY'S LABORATORIES, INC., and DR. REDDY'S LABORATORIES, LTD., | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-381-KAJ |
| BARR LABORATORIES, INC., and BARR PHARMACEUTICALS INC., | ) ) ) | |
| Defendants. | ) ) | |
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-382-KAJ |
| PUREPAC PHARMACEUTICAL CO. and ALPHARMA, INC., | ) ) ) | |
| Defendants. | ) ) | |
| JANSSEN PHARMACEUTICA N.V., JANSSEN, L.P., and SYNAPTECH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-420-KAJ |
| ALPHAPHARM PTY., LTD., | ) ) | |
| Defendant. | ) ) | |



| | |
|---|---|
| JANSSEN PHARMACEUTICA N.V., ) <br> JANSSEN, L.P., and SYNAPTECH, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PAR PHARMACEUTICAL, INC. and PAR ) <br> PHARMACEUTICAL COMPANIES, INC.,) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 05-451-KAJ |

## SCHEDULING ORDER

This 21st day of October, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on October 12, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, and the Court finding that these matters should be consolidated for all purposes;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order. The parties have conferred and reached an agreement, based on the parameters of their anticipated discovery, on how to conduct e-discovery for purposes of this action.

2. **Joinder of Other Parties and Amendment of Pleadings.**

All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before six (6) months before the close of fact discovery.

3. **Bifurcation of discovery and trial on willfulness.**

The Court will not bifurcate and stay discovery on Plaintiffs' willful infringement claim at this time. This is without prejudice of any party raising dismissal and/or bifurcation at a later date.

4. **Discovery.**

   a. **Limitation on Hours for Fact Deposition Discovery.**

Each side[1] is limited to a total of two hundred fifty (250) hours of taking testimony by deposition upon oral examination (excluding expert depositions). Each side represents that it will make all reasonable efforts to conclude a deposition within seven (7) hours as provided for in Federal Rule of Civil Procedure 30(d)(2). However, each side may depose one (1) witness for more than seven (7) hours so long as the deposing party gives reasonable notice of its intent to exceed seven (7) hours and the deposition does not exceed fourteen (14) hours. With the exception of experts submitting more than one report, each side shall use its best efforts to avoid deposing any person more than once, and no person shall be deposed more than once without consent of the parties or order of the Court.

   b. **Location of Depositions.**

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court ordinarily must be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

---

[1] For purposes of this Order, "side" shall refer to all the defendants as a group and all the plaintiffs as a group.

c.  **Limitation on Interrogatories.**

The Federal Rules of Civil Procedure shall govern the limitation on interrogatories; provided that, related companies who are named as either plaintiffs or defendants to this litigation shall be one (1) party for purposes of the "per party" limitation for interrogatories (*e.g.*, Janssen Pharmaceutica N.V. and Janssen, L.P. are considered one party for purposes of this provision only).

d.  **Discovery Cut Off.**

All discovery shall be completed by February 16, 2007. Fact discovery shall be initiated so that it will be completed by August 30, 2006. Expert discovery shall commence on or by October 4, 2006, and be completed by February 16, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

e.  **Disclosure of Expert Testimony.**

Unless otherwise agreed, the parties shall file their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on all issues for which a party bears the burden of proof on or before one hundred and thirty-five (135) days before the date for the completion of all discovery (i.e., on or before October 4, 2006). The parties shall file answering expert reports on or before seventy-four (74) days before the date for the completion of discovery (i.e., on or before December 4, 2006). The parties shall submit reply expert reports on or before forty-five (45) days before the date for the completion of all discovery (i.e., on or before January 2, 2007). To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), such

objection shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Any party wishing to depose an expert witness shall give reasonable notice and complete said deposition within seven (7) hours (and by the close of discovery), unless some other time and date is otherwise agreed to by counsel and/or ordered by the Court.

    f.  **Discovery Disputes.** Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this Paragraph.

    5.  **Application to Court for Protective Order.** The parties have conferred for the purpose of reaching an agreement on a proposed form of a protective order specifying the terms and conditions for the disclosure of confidential information. Negotiations over the terms of a proposed form of a protective order are on-going. If the parties cannot reach agreement on the terms of a protective order by October 19, 2005, the parties will submit their respective proposals to the Court by October 20, 2005.

The parties' proposed protective order includes the substance of the following required paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. **Papers Filed Under Seal.** When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers. In addition, under the Electronic Case Filing CM/ECF rules of this Court, the party filing a sealed document with the Court shall file electronically a public version of any sealed document within five (5) business days of the filing of the sealed document, redacting only the protected information.

7. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety (90) days from the date of this Order.

8. **Interim Status Reports.**

On March 7, 2006 and again on December 6, 2006, counsel for all parties shall jointly submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

9. **Status Conferences.** On March 14, 2006 and again on December 13, 2006, the Court will hold a conference under Federal Rule of Civil Procedure 16(a), (b) and (c) by

telephone with counsel beginning at 4:30 p.m. Plaintiffs' counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status reports provided for under Paragraph 8 above or to this Order, they may so notify the Court in writing before the related conference is scheduled to occur, and the conference will be taken off the Court's calendar.

10.   **Tutorial Describing the Technology and Matters in Issue.**

The parties shall provide the Court with a tutorial on the technology at issue in person on August 1, 2006 at 4:00 p.m. The tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions.

If the parties agree that in person presentation of tutorials is not necessary, they may so notify the Court prior to the time of the scheduled hearing, and the hearing will be taken off the Court's calendar.

If, in the alternative, the parties choose to file videotaped tutorials, they should be provided to the Court by August 1, 2006. Each party may submit a videotape of not more than 30 minutes. The tutorials should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than five pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

11. **Case Dispositive Motions.**

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before March 16, 2007. Answering briefs will be served and filed on or before April 13, 2007. Reply briefs will be served and filed on or before May 1, 2007.

12. **Joint Claim Construction.**

Upon the close of expert discovery, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Fourteen (14) days subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to Paragraph 13 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue, as well as those portions of the intrinsic record relied upon, are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13. **Claim Construction Briefs.**

Issues of claim construction shall be submitted to the Court no later than March 16, 2007.

14. **Hearing on Case Dispositive Motions/*Markman* Hearing.**

Beginning at 9:30 a.m. on May 7, 2007, the Court will hear evidence and argument on summary judgment and/or claim construction.

15. **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. **Pretrial Conference.**

On September 7, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 9:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order, as Exhibit A, on or before August 7, 2007.

17. **Motions *in Limine*.**

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three (3) full business days before the final pretrial conference. That submission shall be accompanied by a

computer diskette (in WordPerfect format), which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

19. **Trial.**

This matter is scheduled for a ten (10) day bench trial beginning at 9:00 a.m. on October 9, 2007.

_____
UNITED STATES DISTRICT JUDGE