# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 15, 2005

The Honorable Kent A. Jordan   VIA ELECTRONIC FILING
United States District Judge
J. Caleb Boggs Federal Building
844 North King Street, Room 6325
Wilmington, Delaware 19801

Re:   In re: '318 Patent Infringement Litigation,
      Civil Action No. 05-356-KAJ (consolidated)

Dear Judge Jordan:

I write on behalf of plaintiffs Janssen Pharmaceutica, N.V., Janssen, L.P., and Synaptech, Inc. to address the November 10, 2005 letter submitted to Your Honor by counsel for Mylan Pharmaceuticals Inc. and Mylan Laboratories Inc. in the above-captioned consolidated litigation. The Mylan defendants' November 10 letter indicates that defendants in this action intend to move unilaterally for revisions to the scheduling order entered by the Court last month.

Mylan's letter implies that defendants have proposed, and that plaintiffs have either rejected or failed to respond to, offers of concession and cooperation. These assertions are untrue, but more troublesome is defendants' failure to meet and confer prior to addressing the Court.

For example, Mylan's November 10 letter attaches a draft stipulation relating to a proposed agreement that defendants will not contest infringement of certain claims of the patent at issue, the '318 patent. Rather than confer with plaintiffs to discuss the terms of that proposed stipulation, which also seeks to limit plaintiffs' discovery, Mylan submitted the draft stipulation to the Court on the same day that it first sent the proposed stipulation to plaintiffs. Mylan also has chosen not to confer with plaintiffs to discuss the effect that a stipulation of infringement, if agreed, could have on the schedule for discovery and trial. Instead, as Mylan's November 10 letter indicates, defendants apparently intend to approach the Court unilaterally to seek changes to the schedule. And while Mylan makes self-serving representations to the Court that defendants are cooperating to expedite discovery, in fact, plaintiffs continue to have great difficulty obtaining discovery from defendants, including, to cite just one example, the continued failure of some defendants even to identify a single person at the company with knowledge of the infringing product or the defendant's evaluation of the patent.

The Honorable Kent A. Jordan
November 15, 2005
Page 2

      Having now reviewed defendants' proposed stipulation not to contest infringement, plaintiffs respectfully propose to (1) confer with defendants on certain terms of that agreement that are unacceptable to plaintiffs; (2) confer with defendants in an effort to reach agreement as to how the discovery schedule for this consolidated action should be adjusted if a stipulated confession of infringement is reached, and if cooperation with discovery is accomplished; and (3) reach an understanding that the parties will make proposals or bring disagreements on these topics to the Court only as appropriate after the parties have so conferred, as is standard practice in this district. We note that defendants have not, even now, shared with plaintiffs the revised schedule that Mylan has stated it will present to the Court today or shortly hereafter. We look forward to receiving defendants' proposed schedule, and to conferring with defendants in an effort to resolve any differences over the terms of what would constitute a proper stipulation by defendants that they will not contest infringement of the '318 patent.

      Unless Your Honor wishes us to proceed differently, we will attempt to resolve any differences with the defendants and notify the Court by Wednesday, November 23, 2005 of what issues, if any, remain unresolved.

                                                        Respectfully,

                                                        Steven J. Balick

SJB/dmf
163579.1

cc:     George F. Pappas, Esquire (via electronic mail)
        Josy W. Ingersoll, Esquire (via electronic mail)
        Edward C. Donovan, Esquire (via electronic mail)
        Mary B. Matterer, Esquire (via electronic mail)
        William A. Rakoczy, Esquire (via electronic mail)
        Richard L. Horwitz, Esquire (via electronic mail)
        Stuart D. Sender, Esquire (via electronic mail)
        John C. Phillips, Jr., Esquire (via electronic mail)
        Lynn M. Ulrich, Esquire (via electronic mail)
        Richard D. Kirk, Esquire (via electronic mail)
        Robert J. Gunther, Jr., Esquire (via electronic mail)
        Frederick L. Cottrell, III, Esquire (via electronic mail)
        Alan H. Bernstein, Esquire (via electronic mail)
        Philip A. Rovner, Esquire (via electronic mail)
        Barbara S. Wahl, Esquire (via electronic mail)