IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: '318 PATENT | ) | C.A. No. 05-356-KAJ |
| INFRINGEMENT LITIGATION | ) | (consolidated) |
| | ) | |

## <u>NOTICE OF DEPOSITION OF WYETH, INC.</u>

PLEASE TAKE NOTICE that counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc. will take the deposition upon oral examination of Wyeth, Inc. in the above-captioned matter on January 29, 2006, at the offices of Esquire Deposition Services, 90 Woodbridge Ctr., Suite 340, Woodbridge, NJ 07095. PLEASE TAKE FURTHER NOTICE that Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc. have requested the production of documents identified in the Schedules attached hereto, to be produced on January 15, 2006, at the offices of Esquire Deposition Services, 90 Woodbridge Ctr., Suite 340, Woodbridge, NJ 07095.

Said deposition will be conducted before a notary public or other officer authorized by the law to administer oaths upon oral examination, and will continue from day-to-day until completed, and will be recorded stenographically and by videotape. You are invited to attend and participate, in accordance with the Federal Rules of Civil Procedure.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Janssen Pharmaceutica N.V.,*
*Janssen, L.P., and Synaptech, Inc.*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Jeffrey B. Elikan
Laura H. McNeill
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202-662-6000
Fax: 202-662-6291

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
Tel: 732-524-2805
Fax: 732-524-5866

Dated: December 12, 2005

164541.1

## SCHEDULE A

## DEFINITIONS

1.      "Synaptech" shall mean Plaintiff Synaptech, Inc., Synaptec, Inc., and all of Synaptech, Inc., its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees including without limitation Bonnie M. Davis, M.D. and Synaptec, Inc.

2.      "Dr. Bonnie Davis" refers to Bonnie M. Davis, M.D., holder of United States Patent No. 4,663,318.

3.      "You," "your," "yours," or "Wyeth" shall mean Wyeth, Inc. and all of Wyeth, Inc.'s corporate parents, corporate predecessors and past or present subsidiaries, including and without limitation American Home Products, Wyeth Laboratories, Inc. and Wyeth-Ayerst Research, affiliates, divisions, departments, officers, directors, principals, agents, employees and any individuals or entities that at any time have acted or purported to act on behalf of Wyeth, Inc. or its successors.

4.      "Communication" and "communications" mean any contact, transmission, or exchange of information between two or more persons, verbally or in writing or by any other means.

5.      "Concerning" means relating to, referring to, regarding, describing, being evidence of, constituting, memorializing, or reflecting in any way.

6.      "Document" means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including but not limited to all written, typewritten, handwritten, printed or graphic matter of any kind or

nature, however produced or reproduced, any form of collected data for use with electronic data processing equipment, and any mechanical or electronic visual or sound recordings, including, without limitation, all tapes and discs, now or formerly in your possession, custody or control, including all documents as defined in the broadest sense permitted by the Federal Rules of Civil Procedure. The term "document" includes, but is not limited to, e-mails, invoices, purchase orders, checks, receipts, letters and other correspondence, offers, contracts, agreements, bids, proposals, licenses, permits, reports to government agencies, ledgers, accounts receivable, accounts payable, account statements, financial statements, monthly reports, other reports, minutes of meetings, sales estimates, sales reports, memoranda, notes, calendar or diary entries, agendas, bulletins, graphs, charts, maps, photographs, drawings, surveys, data, price lists, summaries, telegrams, teletypes, computer printouts, magnetic tapes, discs, microfilm, and microfiche.

7.  "Person" and "persons" mean any natural person and any business, legal, corporate, or governmental entity, association, or organization.

8.  "Dementia of the Alzheimer's type" means any diagnosis, illness, or ailment described as being of the Alzheimer's type, including without limitation Senile Dementia of the Alzheimer's Type, Alzheimer's Dementia, and/or Alzheimer's Disease.

9.  "'318 patent" means United States Patent No. 4,663,318 attached hereto as Exhibit 1.

10.  "Galantamine" includes without limitation galantamine, galanthamine, and any salt of galatamine, such as galantamine hydrobromide.

11.  In these Requests, the present tense includes the past and future tenses, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope, the singular shall include the plural and vice versa, "all" shall include "any" and vice versa, and "each" shall include "every" and vice versa, all to the end that each Request shall be construed to cover the broadest scope of information.

## TOPICS

1.    The names and responsibilities of all persons employed by Wyeth who were involved in any evaluation, consideration or discussion to license, market or develop the '318 patent or a '318 patent product.

2.    The names and responsibilities of all persons employed by Wyeth who were involved in any evaluation, consideration, or discussion of galantamine as a treatment for Dementia of the Alzheimer's type.

3.    All negotiations or communication between Wyeth and Synaptech or Dr. Bonnie Davis regarding the '318 patent.

4.    All negotiations or communication between Wyeth and Synaptech or Dr. Bonnie Davis regarding galantamine as a treatment for Dementia of the Alzheimer's type

5.    The February 3, 1998, letter from William A. Cressman, Ph.D., attached hereto as Exhibit 2, including without limitation the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "[o]ur perspective is that the potential for success of tacarine and physostigmine and other anti-cholinesterase products is not very positive."

6.    The May 19, 1998, letter from Magid Abou Gharbia, Ph.D, attached hereto as Exhibit 3, including without limitation the meaning of, basis for, and any evaluation

3

or analysis concerning the statement set forth in the letter that "[t]here is still some skepticism regarding the success of cholinesterase inhibitors in the treatment of senile dementia."

       7.      The November 29, 1994, letter from Thomas J. McGeehan, Ph.D., attached hereto as Exhibit 4, including without limitation the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "our CNS committee has expressed further interest in galanthamine."

       8.      Any evaluation or analysis conducted by or on behalf of Wyeth concerning galantamine as a treatment for Dementia of the Alzheimer's type.

       9.      All communications or discussions between Wyeth and any other person regarding the '318 patent.

## SCHEDULE B

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc. hereby propound this subpoena on Wyeth, Inc. This subpoena calls for you to produce the documents described under the heading "Requests for Production of Documents" below, in accordance with the following "Definitions" and "Instructions."

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. The following definitions and rules on construction apply to the Requests:

1.     "Synaptech" shall mean Plaintiff Synaptech, Inc., Synaptec, Inc., and all of Synaptech, Inc., its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees including but not limited to Bonnie M. Davis, M.D.

2.     "Dr. Bonnie Davis" refers to Bonnie M. Davis, M.D., holder of United States Patent No. 4,663,318.

3.     "You," "your," "yours," or "Wyeth" shall mean Wyeth, Inc. and all of Wyeth's corporate parents, corporate predecessors and past or present subsidiaries, including and without limitation American Home Products, Wyeth Laboratories, Inc. and Wyeth-Ayerst Research, affiliates, divisions, departments, officers, directors, principals, agents, employees

5

and any individuals or entities that at any time have acted or purported to act on behalf of Wyeth or its successors.

        4.     "Communication" and "communications" mean any contact, transmission, or exchange of information between two or more persons, verbally or in writing or by any other means.

        5.     "Concerning" means relating to, referring to, regarding, describing, being evidence of, constituting, memorializing, or reflecting in any way.

        6.     "Document" means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including but not limited to all written, typewritten, handwritten, printed or graphic matter of any kind or nature, however produced or reproduced, any form of collected data for use with electronic data processing equipment, and any mechanical or electronic visual or sound recordings, including, without limitation, all tapes and discs, now or formerly in your possession, custody or control, including all documents as defined in the broadest sense permitted by the Federal Rules of Civil Procedure. The term "document" includes, but is not limited to, e-mails, invoices, purchase orders, checks, receipts, letters and other correspondence, offers, contracts, agreements, bids, proposals, licenses, permits, reports to government agencies, ledgers, accounts receivable, accounts payable, account statements, financial statements, monthly reports, other reports, minutes of meetings, sales estimates, sales reports, memoranda, notes, calendar or diary entries, agendas, bulletins, graphs, charts, maps, photographs, drawings, surveys, data, price lists, summaries, telegrams, teletypes, computer printouts, magnetic tapes, discs, microfilm, and microfiche.

7.    "Person" and "persons" mean any natural person and any business, legal, corporate, or governmental entity, association, or organization.

8.    "Dementia of the Alzheimer's type" means any diagnosis, illness, or ailment described as being of the Alzheimer's type, including without limitation Senile Dementia of the Alzheimer's Type, Alzheimer's Dementia, and/or Alzheimer's Disease.

9.    "'318 patent" means United States Patent No. 4,663,318 attached hereto as Exhibit 1.

10.    "Galantamine" includes without limitation galantamine, galanthamine, and any salt of galatamine, such as galantamine hydrobromide.

11.    In these Requests, the present tense includes the past and future tenses, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope, the singular shall include the plural and vice versa, "all" shall include "any" and vice versa, and "each" shall include "every" and vice versa, all to the end that each Request shall be construed to cover the broadest scope of information.

## INSTRUCTIONS

1.       The response to each Request shall include all documents within your possession, custody, or control.   The phrase "possession, custody, or control" means a document in your physical custody; or, that you own in whole or in part; or, have a right by contract, statute or otherwise to use, inspect, examine or copy on any terms; have an understanding, express or implied, that you may use, inspect, examine or copy on any terms; or you have, as a practical matter, the ability to use, inspect, examine or copy such document.

2.       If any document or tangible thing that would have been responsive to the Requests below has been destroyed or is no longer in your possession, custody or control, you shall serve upon the undersigned counsel for the Plaintiff a written list that (i) identifies each such document by date, author or preparer, and addressee(s); and (ii) states the date of, and identity of the person responsible for, its destruction, loss, transfer, or other action by which the document or tangible thing left your possession, custody or control.

3.       The response to each Request shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the Request is objected to, in which event the reasons for objection shall be stated.  If objection is made to part of an item or category, the part shall be specified.  Any such objection shall not extend the time within which you must otherwise answer or respond to a Request to which no specific objection has been made.

4.       If you contend that an otherwise discoverable document would be excludable from production, state the reasons for such objection or grounds for exclusion and identify each person having knowledge of the factual basis, if any, on which the objection or ground is asserted.

5.    If any document that would have been responsive to any of the Requests below is not produced because of a claim of privilege or immunity, you shall serve upon the undersigned counsel for the Plaintiff a written list that (i) identifies each such document by date, author or preparer, and addressee(s); (ii) identifies the name and position of each person to whom a copy was furnished, and each person to whom the original or a copy was shown; (iii) states the general subject matter of each document; (iv) identifies the Request to which the withheld document is responsive; and (v) states the ground on which each document is asserted to be privileged or immune from disclosure.  Any attachment to an allegedly privileged or immune document shall be produced unless you contend that the attachment is also privileged or immune, in which case the information specified in the previous sentence shall be separately provided for each such attachment.

6.    If there is any question as to the meaning of any part of these Requests, or an issue as to whether production of responsive documents would impose an undue burden, counsel for the Plaintiff should be contacted promptly.

7.    You may produce legible, complete, and exact copies of the original documents, provided that the originals be made available for inspection upon request by counsel for the Plaintiff.

8.    You are requested to respond in writing to the following Requests, and produce the requested documents for inspection and copying, at the time, date, and location set forth in the subpoena.


## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents concerning any evaluation, analysis, consideration or discussion to license, market or develop the '318 patent or a '318 patent product.

2.     All documents concerning any evaluation, analysis, consideration, or discussion of galantamine as a treatment for Dementia of the Alzheimer's type.

3.     All documents concerning communications or discussions between you and Synaptech or Dr. Bonnie Davis regarding the '318 patent.

4.     All documents concerning communication between you and Synaptech or Dr. Bonnie Davis regarding galantamine as a treatment for Dementia of the Alzheimer's type.

5.     All documents concerning the February 3, 1998, letter from William A. Cressman, Ph. D., attached hereto as Exhibit 2, including without limitation all documents concerning the meaning of, basis for, or any evaluation or analysis concerning the statement set forth in the letter that "[o]ur perspective is that the potential for success of tacarine and physostigmine and other anti-cholinesterase products is not very positive."

6.     All documents concerning the May 19, 1998, letter from Magid Abou Gharbia, Ph. D, attached hereto as Exhibit 3, including without limitation all documents concerning the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "[t]here is still some skepticism regarding the success of cholinesterase inhibitors in the treatment of senile dementia."

7.     All documents concerning the November 29, 1994, letter from Thomas J. McGeehen, Ph. D, attached hereto as Exhibit 4, including without limitation all documents concerning the meaning of, basis for, and any evaluation or analysis concerning the statement

set forth in the letter that "our CNS committee has expressed further interest in galanthamine."

       8.    All documents concerning any communication or discussion between you and any person concerning the '318 patent.

       9.    All documents concerning any communication or discussion between you and any person concerning galantamine as a treatment for Dementia of the Alzheimer's type.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2005, the attached **NOTICE OF**

**DEPOSITION OF WYETH, INC.** was served upon the below-named counsel of record at the

address and in the manner indicated:

John W. Shaw, Esquire                                        <u>HAND DELIVERY</u>
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Daniel F. Attridge, P.C.                                     <u>VIA FEDERAL EXPRESS</u>
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005-5793

Mary B. Matterer, Esquire                                    <u>HAND DELIVERY</u>
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

William A. Rakoczy, Esquire                                  <u>VIA FEDERAL EXPRESS</u>
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60601

Richard L. Horwitz, Esquire                                  <u>HAND DELIVERY</u>
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

Stuart D. Sender, Esquire                                    <u>VIA FEDERAL EXPRESS</u>
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078

John C. Phillips, Jr., Esquire                                            HAND DELIVERY
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

George C. Lombardi, Esquire                                         VIA FEDERAL EXPRESS
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601

Richard D. Kirk, Esquire                                               HAND DELIVERY
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19899

Robert J. Gunther, Jr., Esquire                                      VIA FEDERAL EXPRESS
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4802

Frederick L. Cottrell, III, Esquire                                   HAND DELIVERY
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

Alan H. Bernstein, Esquire                                          VIA FEDERAL EXPRESS
Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.
1635 Market Street, 12th Floor
Philadelphia, PA  19103

Philip A. Rovner, Esquire                                            HAND DELIVERY
Potter Anderson & Corroon LLP
Hercules Plaza
Wilmington, DE  19801

Barbara S. Wahl, Esquire                                            VIA FEDERAL EXPRESS
Arent Fox PLLC
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5339


/s/ *Tiffany Geyer Lydon*

_____
Tiffany Geyer Lydon