*In re: '318 Patent Infringement Litigation,*
*C.A. No. 05-356 (KAJ) (consolidated) (D. Del.)*

# EXHIBIT 3
# to Defendants' 12-16-05 Letter:

Plaintiffs' proposed [Revised] Scheduling Order

## COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

LAURA H. MCNEILL
TEL 202.662.5228
FAX 202.778.5228
LMCNEILL@COV.COM

December 5, 2005

**By Facsimile and Electronic Mail**

Christine J. Siwik, Esq.
Rakoczy Molino Mazzochi
  Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610

Re: **In re: '318 Patent Infringement Litigation, Civil Action No. 05-356-KAJ (consolidated)**

Dear Christine:

Attached please find a proposed revised scheduling order. We look forward to speaking with you about this.

Very truly yours,

*Laura H. McNeill*

Laura H. McNeill

Encl.

cc:   All defense counsel (see attached service list)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | Civil Action No. 05-356-KAJ (consolidated) |

## REVISED SCHEDULING ORDER [DRAFT]

This ___ day of December, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on October 12, 2005, and the Court having entered a scheduling order on October 21, 1005, hereby orders the following revised schedule for this action;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall have made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of the Court's original Scheduling Order. The parties have conferred and reached an agreement, based on the parameters of their anticipated discovery, on how to conduct e-discovery for purposes of this action.

2. **Joinder of Other Parties and Amendment of Pleadings.**

   All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before six (6) months before the close of fact discovery.

3. **Bifurcation of discovery and trial on willfulness.**

The Court will not bifurcate and stay discovery on Plaintiffs' willful infringement claim at this time. This is without prejudice of any party raising dismissal and/or bifurcation at a later date.

4. **Discovery.**

   a. **Limitation on Hours for Fact Deposition Discovery.**

Each side[1] is limited to a total of two hundred fifty (250) hours of taking testimony by deposition upon oral examination (excluding expert depositions). Each side represents that it will make all reasonable efforts to conclude a deposition within seven (7) hours as provided for in Federal Rule of Civil Procedure 30(d)(2). However, each side may depose one (1) witness for more than seven (7) hours so long as the deposing party gives reasonable notice of its intent to exceed seven (7) hours and the deposition does not exceed fourteen (14) hours. With the exception of experts submitting more than one report, each side shall use its best efforts to avoid deposing any person more than once, and no person shall be deposed more than once without consent of the parties or order of the Court.

   b. **Location of Depositions.**

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court ordinarily must be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

---

[1] For purposes of this Order, "side" shall refer to all the defendants as a group and all the plaintiffs as a group.

c. **Limitation on Interrogatories.**

The Federal Rules of Civil Procedure shall govern the limitation on interrogatories; provided that, related companies who are named as either plaintiffs or defendants to this litigation shall be one (1) party for purposes of the "per party" limitation for interrogatories (*e.g.*, Janssen Pharmaceutica N.V. and Janssen, L.P. are considered one party for purposes of this provision only).

d. **Discovery Cut Off.**

All discovery shall be completed by December 22, 2006. Fact discovery shall be initiated so that it will be completed by August 1, 2006. Expert discovery shall commence on or by August 8, 2006, and be completed by December 22, 2006. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

e. **Disclosure of Expert Testimony.**

Unless otherwise agreed, the parties shall file their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on all issues for which a party bears the burden of proof on or before August 8, 2006. The parties shall file answering expert reports on or before October 9, 2006. The parties shall submit reply expert reports on or before November 9, 2006. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), such objection shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Any party wishing to depose an expert witness shall give reasonable notice and complete said deposition within seven (7) hours (and by the close of

discovery), unless some other time and date is otherwise agreed to by counsel and/or ordered by the Court.

    f.    **Discovery Disputes.** Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this Paragraph.

    5.    **Application to Court for Protective Order.** The Court entered, on November 7, 2005, a Stipulated Protective Order to govern the terms and conditions for the disclosure of confidential information in this action.

The Stipulated Protective Order entered by the Court includes the substance of the following required paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order]

pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. **Papers Filed Under Seal.** When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers. In addition, under the Electronic Case Filing CM/ECF rules of this Court, the party filing a sealed document with the Court shall file electronically a public version of any sealed document within five (5) business days of the filing of the sealed document, redacting only the protected information.

7. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter has been referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. A settlement conference was held with counsel and their clients on November 8, 2005, but settlement was not reached. An additional settlement conference with the Magistrate Judge is scheduled for September 6, 2006, at 9:00 a.m.

8. **Interim Status Reports.**

On January 27, 2006 and again on October 27, 2006, counsel for all parties shall jointly submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

9. **Status Conferences.** On February 3, 2006, [suggested] and again on November 3, 2006, [suggested] the Court will hold a conference under Federal Rule of Civil Procedure 16(a), (b) and (c) by telephone with counsel beginning at 4:30 p.m. Plaintiffs' counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status reports provided for under Paragraph 8 above or to this Order, they may so notify

5

the Court in writing before the related conference is scheduled to occur, and the conference will be taken off the Court's calendar.

10. **Tutorial Describing the Technology and Matters in Issue.**

The parties shall provide the Court with a tutorial on the technology at issue in person on June 1, 2006 at 4:00 p.m. [suggested] The tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions.

If the parties agree that in person presentation of tutorials is not necessary, they may so notify the Court prior to the time of the scheduled hearing, and the hearing will be taken off the Court's calendar.

If, in the alternative, the parties choose to file videotaped tutorials, they should be provided to the Court by June 1, 2006. Each party may submit a videotape of not more than 30 minutes. The tutorials should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than five pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.    11.

**Case Dispositive Motions.**

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before January 30, 2007. Answering briefs will be served and filed on or before February 27, 2007. Reply briefs will be served on or before March 20, 2007.

6

12.  **Joint Claim Construction.**

Upon the close of expert discovery, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Fourteen (14) days subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to Paragraph 13 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue, as well as those portions of the intrinsic record relied upon, are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13.  **Claim Construction Briefs.**

Issues of claim construction shall be submitted to the Court no later than January 30, 2007.

14.  **Hearing on Case Dispositive Motions/*Markman* Hearing.**

Beginning at 9:30 a.m. on March 27, 2007, the Court will hear evidence and argument on summary judgment and/or claim construction.

15.  **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. **Pretrial Conference.**

On July 27, 2007, [suggested] the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 9:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order, as Exhibit A, on or before June 27, 2007.

17. **Motions *in Limine.***

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three (3) full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format), which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

19. **Trial.**

This matter is scheduled for a ten (10) day bench trial beginning at 9:00 a.m. on August 27, 2007.

_____
UNITED STATES DISTRICT JUDGE

## SERVICE LIST

| By Facsimile and Electronic Mail: | By Electronic Mail: |
|---|---|
| William A. Rakoczy *(wrakoczy@rmmslegal.com)*<br>Christine J. Siwik *(csiwik@rmmslegal.com)*<br>Amy D. Brody *(abrody@rmmslegal.com)*<br>**Rakoczy, Molino, Mazzochi, Siwik LLP**<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60610<br>312.527.2157/phone; 312.527.4205/fax | Mary B. Matterer *(mmatterer@morrisjames.com)*<br>**Morris James Hitchens & Williams LLP**<br>222 Delaware Avenue<br>10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>302.888.6800/phone; 302.571.1750/fax |
| *Counsel for Defendants Mylan Pharmaceuticals Inc. & Mylan Laboratories Inc.* ||

| By Electronic Mail: | By Electronic Mail: |
|---|---|
| Edward C. Donovan *(edonovan@kirkland.com)*<br>Karen M. Robinson *(krobinson@kirkland.com)*<br>Corey J. Manley *(cmanley@kirkland.com)*<br>**Kirkland & Ellis LLP**<br>655 Fifteenth Street, NW<br>Suite 1200<br>Washington, DC 20005-5793<br>202.879.5000/phone; 202.879.5200/fax | Josy W. Ingersoll *(jingersoll@ycst.com)*<br>John W. Shaw *(jshaw@ycst.com)*<br>**Young Conaway Stargatt & Taylor LLP**<br>The Brandywine Building<br>1000 West Street<br>17th Floor<br>Wilmington, DE 19899-0391<br>302.571.6600/phone; 302.571.1253/fax |
| *Counsel for Defendants Teva Pharmaceuticals USA, Inc. & Teva Pharmaceuticals Industries Ltd.* ||

| | |
|---|---|
| Taras A. Gracey *(tgracey@winston.com)*<br>Lynn M. Ulrich *(lulrich@winston.com)*<br>Brian L. Franklin *(bfranklin@winston.com)*<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, IL 60601<br>312.558.5600/phone; 312.558.5700/fax | |
| *Counsel for Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.* ||

| | |
|---|---|
| Barbara S. Wahl *(wahl.barbara@arentfox.com)*<br>Richard J. Berman *(berman.richard@arentfox.com)*<br>D. Jacques Smith *(smith.jacques@arentfox.com)*<br>Janine A. Carlan *(carlan.janine@arentfox.com)*<br>John K. Hsu *(hsu.john@arentfox.com)*<br>**Arent Fox PLLC**<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5339<br>202.857.6000/phone; 202.857.6395/fax | Philip A. Rovner *(provner@potteranderson.com)*<br>**Potter Anderson & Corroon LLP**<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>302.984.6000/phone; 302.658.1192/fax |
| *Counsel for Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.* ||

| | |
|---|---|
| Robert J. Gunther, Jr. *(robert.gunther@lw.com)*<br>James P. Barabas *(james.barabas@lw.com)*<br>**Latham & Watkins LLP**<br>885 Third Avenue, Suite 1000<br>New York, NY 10022-4834<br>212.906.1200/phone; 212.751.4864/fax | Richard D. Kirk *(rkirk@bayardfirm.com)*<br>**The Bayard Firm**<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>302.655.5000/phone; 302.658.6395/fax |
| *Counsel for Defendants Purepac Pharmaceutical Co. & Alpharma, Inc.* ||

## SERVICE LIST

| | |
|---|---|
| Stuart Sender *(ssender@budd-larner.com)*<br>**Budd Larner, P.C.**<br>150 John F. Kennedy Parkway<br>Short Hills, NJ 07078-0999<br>973.315.4462/phone; 973.379.7734/fax | Richard L. Horwitz<br>David E. Moore<br>**Potter Anderson & Corroon LLP**<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P. O. Box 951<br>Wilmington, DE 19899<br>302.984.6000/phone; 302.658.1192/fax |
| *Counsel for Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd.* ||
| Alan Bernstein   *(abernstein@crbcp.com)*<br>Mona Gupta   *(mgupta@crbcp.com)*<br>**Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.**<br>1635 Market Street, 11th floor<br>Philadelphia, PA 19103-2212<br>215.567.2010/phone; 215.751.1142/fax | Frederick L. Cottrell, III   *(cottrell@rlf.com)*<br>Anne Shea Gaza   *(gaza@rlf.com)*<br>**Richards, Layton & Finger, P.A.**<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>302.651.7700/phone; 302.651.7701/fax |
| *Counsel for Defendant Alphapharm Pty Ltd.* ||
| Steven J. Balick   *(sbalick@ashby-geddes.com)*<br>John G. Day   *(jday@ashby-geddes.com)*<br>**Ashby & Geddes**<br>222 Delaware Ave., 17th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>302.654.1888/phone; 302.654.2067/fax | |
| *Counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc.* ||