**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UCB SOCIETE ANONYME, and<br>UCB PHARMA, INC.,<br><br>    Plaintiffs and Counter-Defendants,<br><br>      v.<br><br>MYLAN LABORATORIES, INC.,<br>et al.,<br><br>    Defendants and Counter-Plaintiffs. | 1:04-cv-683-WSD<br>1:04-cv-792-WSD |

## ORDER

These matters are before the Court on Defendants Dr. Reddy's

Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.'s (collectively "DRL")

Motion to Bifurcate Trial and Stay Discovery on Willful Infringement/Exceptional

Case Issues.[1]  (04-cv-683 [41]; 04-cv-792 [37].)

These are patent infringement actions involving UCB Societe Anonyme and

UCB Pharma, Inc.'s (collectively "UCB") epilepsy drug KEPPRA.  KEPPRA was

---

[1] Defendants Mylan Laboratories, Inc. and Mylan Pharmaceuticals, Inc. join
DRL in moving to bifurcate trial and discovery on these issues.  (04-cv-683 [46];
04-cv-792 [42].)

approved by the Food and Drug Administration ("FDA") based upon a New Drug

Application ("NDA") filed by UCB. A number of patents cover KEPPRA.

DRL moves this Court, pursuant to Federal Rule of Civil Procedure 42(b),

for an order bifurcating trial and discovery on willful infringement/exceptional case

issues until after liability is determined. DRL claims the benefits of "separating the

issue of liability from those [sic] of attorneys' fees for both discovery and trial

purposes will . . . avoid potentially wasteful discovery, [and] . . . also avoid DRL

needlessly waiving the attorney-client privilege in order to assert advice of counsel

as a defense to UCB's willfulness charge before the issue of liability is determined."

(DRL's Mot. to Bifurcate at 2.)

Federal Rule of Civil Procedure 42(b) authorizes the Court to order a

separate trial of any issue "in furtherance of convenience or to avoid prejudice, or

when separate trials will be conducive to expedition and economy . . . ." The

decision whether to bifurcate is vested in the sound discretion of the trial court.

Home Elevators, Inc. v. Millar Elevator Serv. Co., 933 F. Supp. 1090, 1091 (N.D.

Ga. 1996). "The party requesting bifurcation has the burden to show that it is

warranted in that particular case." Id.

DRL has not demonstrated that bifurcation is appropriate or will otherwise encourage efficiencies in this litigation. Here this Court is managing several consolidated cases. It is efficient to keep them generally on the same processing track. The Court previously denied Defendants' proposal to bifurcate discovery on validity and infringement issues. (Dec. 8, 2004 Order [39] at 7-8.) In doing so, the Court stated, "[t]his two-step discovery process is inefficient and the Court concludes bifurcation of discovery would unnecessarily complicate and prolong this litigation." (Id.) This same reasoning applies here. Bifurcation of trial and discovery on willful infringement/exceptional case issues until after liability is determined would not promote judicial efficiency and would unnecessarily delay resolution of this case. To the extent there is a concern regarding waiver of the attorney-client privilege, that can be addressed by the Court's general management of the litigation. The issue of waiver is, of course, significantly diminished where a party has asserted an advice of counsel defense.

Accordingly,

**IT IS HEREBY ORDERED** that DRL's Motion to Bifurcate Trial and Discovery on Willful Infringement/Exceptional Case Issues (04-cv-683 [41]; 04-cv-792 [37]) is **DENIED**.

-3-

**SO ORDERED**, this 27th day of September, 2005.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE