# EXHIBIT D

# RAKOCZY MOLINO MAZZOCHI SIWIK LLP

6 WEST HUBBARD STREET
SUITE 500
CHICAGO, IL 60610
www.rmmslegal.com

312-527-2157 main phone
312-527-4205 main fax

Amy D. Brody

312.222.6344 telephone
312.222.6345 facsimile
abrody@rmmslegal.com

January 25, 2006

**VIA Facsimile and E-mail**

Kurt G. Calia, Esq.
COVINGTON & BURLING
1201 Pennsylvania Avenue, NW
Washington, D.C. 20004-2401

    Re:   *In Re: '318 Patent Infringement Litigation*
           **C.A. No. 05-356 (KAJ) (D. Del.) (consolidated)**

Dear Kurt:

    Your letter, dated January 23, 2005, grossly mischaracterizes the current status of discovery, and serves no purpose but to deflect attention from Plaintiffs' own discovery deficiencies.

    You suggest in your letter that Mylan has "refused to produce responsive documents," or otherwise "failed to produce" such documents. This assertion is baseless. At no point has Mylan refused to produce responsive, non-privileged documents that bear on the validity or enforceability of the '318 patent, to the extent such documents exists, as Plaintiffs claim here. Nor has Mylan failed to produce such documents. To the contrary, Mylan has produced nearly 2,500 pages of documents to date, including Mylan's entire ANDA for galantamine hydrobromide tablets.

    You further specify certain categories of documents that Plaintiffs claim are "in dispute." But any purported "dispute" is, at best, premature and strategically manufactured by Plaintiffs to create a dispute where there is none. For instance, you assert that Mylan has failed to produce documents "pertinent to secondary considerations of nonobviousness" and the "issue of willful infringement." Mylan has no documents pertinent to the "nonobviousness" of the '318 patent. Moreover, willful infringement is not an issue in this case. As

Kurt G. Calia, Esq.
COVINGTON & BURLING
January 25, 2006
Page 2

you know, Mylan has moved to dismiss such claim. In the event the Court permits Plaintiffs to proceed on its willful infringement claim, Mylan intends to fully comply with its discovery obligations in connection with any related discovery requests. In any case, based on its investigation to date, Mylan has not uncovered any responsive, non-privileged documents bearing on this issue.

Otherwise, even a cursory review of the documents produced by Mylan to date demonstrates that Mylan in fact has produced documents responsive to these "disputed" categories. For example, in response to Plaintiffs' Request No. 3.d, Mylan has produced its entire ANDA, which is directly responsive to that Request, which seeks documents relating to Mylan's ANDA for galantamine hydrobromide. With respect to Request No. 16, Plaintiffs already are in possession of Mylan's Notice of Paragraph IV Certification, and Mylan further has produced all prior art cited in this Notice. There should be no further issues in connection with these Requests. Otherwise, Mylan sufficiently has addressed previous concerns raised by Plaintiffs in connection with Plaintiffs' discovery requests. For example, we advised in our letters of December 1, and December 5, 2005, that based on Mylan's investigation to date, Mylan has no documents responsive to Request No. 20 requesting documents pertaining to the licensing of the '318 patent. To the extent any such documents are uncovered by Mylan during its further investigation, Mylan fully intends to comply with its discovery obligations by producing responsive, non-privileged documents as previously advised.

In further compliance with its discovery obligations, Mylan intends to produce to Plaintiffs additional responsive, non-privileged documents within the course of the next week in response to Plaintiffs' document requests. In light of these continuing efforts, Mylan sees no real dispute at this point in connection with its document production. Plaintiffs' assertions to the contrary are premature. Should Plaintiffs have concerns after reviewing Mylan's supplemental document production, Plaintiffs should raise them at that time, and we will respond accordingly.

If Plaintiffs are serious about addressing real disputes over discovery, it should focus on its own discovery deficiencies. Plaintiffs have failed and are apparently refusing to produce various categories of documents requested by Mylan and the other Defendants to this litigation that are entirely relevant to the pending invalidity claims and Plaintiffs' defenses thereto, including, but not limited to, (i) documents supporting any assertions of secondary considerations of non-obviousness; (ii) documents showing the commercial success of Plaintiffs' galantamine product; (iii) documents concerning or referring to competition for the sale of any galantamine product; (iv) documents relating to the marketing of galantamine products; (v) call notes,

Kurt G. Calia, Esq.
COVINGTON & BURLING
January 25, 2006
Page 3

and other memoranda and correspondence, between Plaintiffs and any managed care organization, pharmacy benefit manager, physician or the like; (vi) National Drug and Therapeutic Index and related data; and (vii) Janssen's entire NDA for galantamine hydrobromide tablets. (*See, e.g.*, Mylan's First Request for Production, Request Nos. 6-15).

Document production deficiencies aside, Plaintiffs' other discovery responses fare no better as Plaintiffs, for example, continue to refuse to substantively respond to Mylan's Interrogatories, including to those Interrogatories seeking the identity of specific secondary considerations upon which Plaintiffs intend to rely and Plaintiffs' proposed construction of the patent claims. (*See, e.g.*, Janssen's Objections and Responses to Mylan's First Set of Interrogatories, Nos. 1-2, 6). We find Plaintiffs' failure to produce any documents or otherwise substantively respond to discovery requests related to commercial success or secondary considerations particularly egregious where Plaintiffs conveniently identified to the Court in opposing Defendants' proposed revised scheduling order that commercial success is a secondary consideration upon which Plaintiffs intend to rely in response to the invalidity claims asserted by Defendants. (*See* 12/20/2005 Tr., D.I. 64).

Despite these blatant deficiencies, Plaintiffs conveniently threaten to rush into Court on what clearly are manufactured bases in connection with Mylan's production. We believe this threatened action is both unnecessary and inappropriate particularly in light of Mylan's anticipated supplemental production, which will be forthcoming over the course of the next week. If Plaintiffs proceed to do so, despite the fact that Plaintiffs have no real dispute with Mylan's production, we will make every effort to apprise the Court of Plaintiffs' own substantial discovery deficiencies.

Very truly yours,

RAKOCZY MOLINO MAZZOCHI SIWIK LLP

Amy D. Brody

cc:   Attached service list

## SERVICE LIST

**Via Facsimile and E-mail:**

| | |
|---|---|
| George F. Pappas *(gpappas@cov.com)*<br>Roderick R. McKelvie *(mckelvie@cov.com)*<br>Christopher N. Sipes *(csipes@cov.com)*<br>Jeffrey B. Elikan *(jelikan@cov.com)*<br>Laura H. McNeill *(lmcneill@cov.com)*<br>**COVINGTON & BURLING**<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2401<br>Telephone: (202) 662-6000<br>Facsimile: (202) 662-6291 | John G. Day *(jday@ashby-geddes.com)*<br>Steven J. Balick *(sbalick@ashby-geddes.com)*<br>**ASHBY & GEDDES**<br>222 Delaware Ave., 17th Fl.<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888<br>Facsimile: (302) 654-2067 |
| *Counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc.* ||

**Via E-mail:**

| | |
|---|---|
| Alan Bernstein *(abernstein@crbcp.com)* (x124)<br>Mona Gupta *(mgupta@crbcp.com)* (x160)<br>**CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.**<br>1635 Market Street, 11th Floor<br>Philadelphia, PA 19103-2212<br>Telephone: (215) 567-2010<br>Facsimile: (215) 751-1142 | Frederick L. Cottrell, III *(cottrell@rlf.com)*<br>Anne Shea Gaza *(gaza@rlf.com)*<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19801<br>Telephone: (302) 651-7509<br>Facsimile: (302) 651-7701 |
| *Counsel for Defendant Alphapharm Pty Ltd.* ||

| | |
|---|---|
| Daniel F. Attridge, P.C. *(dattridge@kirkland.com)*<br>Edward C. Donovan *(edonovan@kirkland.com)*<br>Karen M. Robinson *(krobinson@kirkland.com)*<br>Corey J. Manley *(cmanley@kirkland.com)*<br>**KIRKLAND & ELLIS LLP**<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005-5793<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200 | Josy W. Ingersoll *(jingersoll@ycst.com)*<br>John W. Shaw *(jshaw@ycst.com)*<br>Adam W. Poff *(apoff@ycst.com)*<br>**YOUNG CONAWAY STARGATT & TAYLOR LLP**<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 |
| *Counsel for Defendants Teva Pharmaceuticals USA and Teva Pharmaceuticals Industries Ltd.* ||

| | |
|---|---|
| Mary B. Matterer *(mmatterer@morrisjames.com)*<br>**MORRIS JAMES HITCHENS & WILLIAMS LLP**<br>222 Delaware Ave., 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750 | |
| *Counsel for Defendants Mylan Pharmaceuticals Inc.*<br>*and Mylan Laboratories Inc.* ||

| | |
|---|---|
| George C. Lombardi *(glombardi@winston.com)*<br>Taras A. Gracey *(tgracey@winston.com)*<br>Lynn M. Ulrich *(lulrich@winston.com)*<br>Brian L. Franklin *(bfranklin@winston.com)*<br>**WINSTON & STRAWN LLP**<br>35 West Wacker Dr.<br>Chicago, IL 60601<br>Telephone: (312) 558-5000<br>Facsimile: (312) 558-5700 | John C. Phillips. Jr. *(jcp@pgslaw.com)*<br>Brian E. Farnan *(bef@pgslaw.com)*<br>**PHILLIPS, GOLDMAN & SPENCE, P.A.**<br>1200 N. Broom St.<br>Wilmington, DE 19806<br>Telephone: (302) 655-4200<br>Facsimile: (302) 655-4210 |
| *Counsel for Defendants Barr Laboratories, Inc.*<br>*and Barr Pharmaceuticals, Inc.* ||

| | |
|---|---|
| Robert J. Gunther, Jr. *(robert.gunther@lw.com)*<br>James P. Barabas *(james.barabas@lw.com)*<br>**LATHAM & WATKINS LLP**<br>885 Third Ave., Suite 1000<br>New York, NY 10022-4802<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864 | Richard D. Kirk *(rkirk@bayardfirm.com)*<br>**THE BAYARD FIRM**<br>222 Delaware Ave., Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395 |
| *Counsel for Defendants Purepac Pharmaceutical Co.*<br>*and Alpharma Inc.* ||

| | |
|---|---|
| Barbara S. Wahl *(wahl.barbara@arentfox.com)*<br>Richard J. Berman *(berman.richard@arentfox.com)*<br>D. Jacques Smith *(smith.jacques@arentfox.com)*<br>Janine A. Carlan *(carlanjanine@arentfox.com)*<br>John K. Hsu *(hsu.john@arentfox.com)*<br>**ARENT FOX PLLC**<br>1050 Connecticut Ave., N.W.<br>Washington, D.C. 20036-5339<br>Telephone: (202) 857-6000<br>Facsimile: (202) 857-6395 | Philip A. Rovner *(provner@potteranderson.com)*<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192 |
| *Counsel for Defendants Par Pharmaceutical, Inc.*<br>*and Par Pharmaceutical Companies, Inc.* ||

| Stuart Sender (*ssender@budd-larner.com*) | Richard L. Horwitz (rhorwitz@potteranderson.com) |
|---|---|
| **BUDD LARNER** | **POTTER ANDERSON & CORROON LLP** |
| 150 John F. Kennedy Parkway | Hercules Plaza |
| Short Hills, NY 07078-0999 | P.O. Box 951 |
| Telephone: (973) 315-4462 | Wilmington, DE 19899 |
| Facsimile: (973) 379-7734 | Telephone: (302) 984-6027 |
|  | Facsimile: (302) 658-1192 |
| *Counsel for Defendants Dr. Reddy's Laboratories, Inc.* *and Dr. Reddy's Laboratories, Ltd.* ||

- 3 -