IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | ) ) ) ) | C.A. No. 05-356-KAJ (consolidated) |

**NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)
TO MYLAN PHARMACEUTICALS INC. AND MYLAN LABORATORIES, INC.**

**PLEASE TAKE NOTICE** that on March 16, 2006 commencing at 9:00 a.m., at the offices of Covington & Burling, 1201 Pennsylvania Avenue, N.W., Washington, D.C. 20004, Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc. (collectively, "Plaintiffs" or "Janssen") will take the deposition upon oral examination of Defendants Mylan Pharmaceuticals Inc. and Mylan Laboratories Inc. (collectively, "Mylan") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. This deposition upon oral examination will be conducted before an officer authorized to administer oaths and will be recorded by stenographic and videographic means.

Plaintiffs serve this Notice without waiver of its objections to the deficiencies in Mylan's document production and other discovery responses concerning the subject matter of the instant Notice, and reserve the right to continue this deposition as necessary in light of any subsequent document production by Mylan.

Plaintiffs will take this deposition upon oral examination through one or more officers, directors, managing agents or other persons designated by Mylan pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure as the person(s) knowledgeable to testify on Mylan's behalf concerning the topics identified in Schedule A. Mylan is requested to provide counsel for Plaintiffs with the identity of the individual(s) who will testify regarding each

topic at least one week in advance of the deposition. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary. You are invited to attend and examine the witness(es).

ASHBY & GEDDES

/s/ Lauren E. Maguire

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc.*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Jeffrey B. Elikan
Laura H. McNeill
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202-662-6000
Fax: 202-662-6291

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
Tel: 732-524-2805
Fax: 732-524-5866

Dated: February 21, 2006
166718.1

## SCHEDULE A

### Definitions

1. As used herein, "Mylan" shall mean Defendants Mylan Pharmaceuticals Inc. and Mylan Laboratories Inc. and all of Mylan's corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. As used herein, "Mylan's ANDA" shall mean Mylan's Abbreviated New Drug Application Number 77-590.

3. As used herein, "the Generic Product" shall mean the proposed generic galantamine product that is the subject of Mylan's ANDA.

4. As used herein, "the '318 patent" shall mean United States Patent No. 4,663,318.

5. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and shall include any means for retaining information.

6. As used herein, "FDA" shall mean the United States Food and Drug Administration.

7. "Person" and "persons" mean any natural person and any business, legal, corporate, or governmental entity, association, or organization.

8. "Alzheimer's Disease" means any diagnosis, illness, or ailment described as being of the Alzheimer's type, including without limitation Senile Dementia of the Alzheimer's Type, Alzheimer's Dementia, and/or Alzheimer's Disease.

9. "Galantamine" includes without limitation galantamine, galanthamine, and any salt of galatamine, such as galantamine hydrobromide.

3

## Topics of Examination

1. Any consideration or evaluation to license the '318 patent conducted by or on behalf of Mylan, including but not limited to the names and responsibilities of all persons who were involved in any evaluation, consideration or discussion by or on behalf of Mylan to license the '318 patent or develop or market a product whose use would be covered by the '318 patent.

2. All negotiations or communication between Mylan and Synaptech or Dr. Bonnie Davis regarding the '318 patent.

3. All negotiations or communication between Mylan and Synaptech or Dr. Bonnie Davis regarding use of galantamine or a drug product containing galantamine as a possible treatment for Alzheimer's Disease.

4. The October 3, 1989 Confidentiality Agreement executed by Mylan, attached hereto as Exhibit 1, including without limitation the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the Agreement that "Mylan wishes to receive said confidential trade secret information, data and know-how for the purpose of evaluating same to determine its commercial interest therein …."

5. The April 13, 1990, letter from Mylan, attached hereto as Exhibit 2, including without limitation the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "we find this project is not consistent with our current research program and capabilities."

6. Mylan's Executive Committee identified in its April 13, 1990 letter from Mylan, attached hereto as Exhibit 2, including but not limited to, identification of all members of the committee and all documents, notes, or minutes kept by Mylan's Executive

Committee regarding any discussion, analysis, or evaluation of a drug product containing galantamine or the licensing of the '318 patent.

7. Mylan's New Product Development Team identified in its April 13, 1990 letter from Mylan, attached hereto as Exhibit 2, including but not limited to, identification of all members of the New Product Development Team members and all documents, notes, or minutes kept by Mylan's New Product Development Team regarding any discussion, analysis, or evaluation of a drug product containing galantamine or the licensing of the '318 patent.

8. Any meetings, discussions, or communications concerning the subject matter identified in Topics 1 through 7.

9. Any documents related to Topics 1 through 7 that were either not produced or destroyed in this case and the circumstances under which the documents were withheld from production or destroyed, the identification of all person with knowledge of the documents and/or their content, and, in the case of documents destroyed, the dates of the destruction.

10. The identity and location of documents and things concerning the foregoing topics.

11. Persons knowledgeable about the subject matter of the foregoing topics.

5

# EXHIBIT 1

CONFIDENTIALITY AGREEMENT

This agreement, made this 3rd th day of October, 1989, by and between Dr. B. Davis (hereinafter referred to as "bjm"), and Mylan Laboratories, 1030 Centur. Building, Pittsburgh, Pennsylvania, 15222, (hereinafter referred to as "Mylan)

WITNESSETH

Whereas, bjm possesses certain confidential trade secret information, data and know-how relating to products for the treatment of Alzheimer's disease and related dementias ("product"); and

Whereas, Mylan wishes to receive said confidential trade secret information, data and know-how for the purpose of evaluating same to determine its commercial interest therein; and

Whereas, bjm is agreeable to providing Mylan with said information upon the terms and conditions as stated hereinafter.

Now, therefore, in consideration of the foregoing mutual premises and mutual covenants recited herein, the parties hereto agree as follows:

1. "Confidential Information", as used herein, means any and all formation relating to the product furnished by bjm to Mylan, either directly or indirectly, with the exception only of the following:

  (a) Information that as of the date of receipt by Mylan is publicly available or subsequently becomes so without fault on the part of Mylan;

  (b) Information that at the time of receipt by Mylan was known to it from its own sources;

  (c) Information that at any time is received in good faith by Mylan from a third party that was lawfully in possession of the same and had the right to disclose the same; and

  (d) Information that the parties hereto mutually agree to release from the terms of this agreement.

2. Promptly following execution of this Agreement, bjm shall provide Mylan with such information that bjm has in its possession relating to the product as may be necessary and sufficient for Mylan to determine its commercial interest therein.

3. Mylan agrees to receive and maintain in confidence all Confidential Information to no one other than its officers and employees or governmental regulatory officials who are directly concerned with its evaluation, and shall take all reasonable precautions to prevent the disclosure of Confidential Information to any unauthorized person, firm, or company. Upon disclosing Confidential Information to its officers and employees or governmental regulatory officials, Mylan shall advise said officers and employees of the confidential nature therof, and shall use

reasonable efforts to prevent the unauthorized disclosure of such information by such officers and employees.

4. Mylan agrees not to use Confidential Information for any purpose other than the evaluation referred to in Paragraph 2 above without first obtaining the express written consent of bjm to do so or except pursuant to a further contractual arrangement between Mylan and bjm.

5. In the event Mylan does not wish to pursue product following its review, Mylan, at bjm's request, shall return all confidential information to bjm.

6. It is understood and agreed that the obligations of Mylan under this agreement shall continue for a period of ten (10) years from the date hereof, at the expiration of which period such obligations shall terminate.

7. It is understood that the obligations of Mylan under this agreement apply also to all other affiliates of Mylan.

IN WITNESS WHEREOF, each party hereto has caused this instrument to be executed, in duplicate, by its duly authorized representative as of the date first above written.

Mylan Laboratories

BY _Cheryl Blume_____    DATE _10/4/89_____

TITLE _V.P. Scientific Affairs_

BY _Bonnie M. Davis, MD._____    DATE _9-22-89_____
   Bonnie M. Davis, M.D.

# EXHIBIT 2



# MYLAN PHARMACEUTICALS INC.

April 13, 1990

Bonnie Davis, M.D.
SYNAPTEC, INC.
17 Seacrest Drive
Huntington, New York 11743

Dear Bonnie:

I have reviewed the research and development program for the galanthamine project with Mylan's Executive Committee and our New Product Development Team. Regretfully, we have elected to terminate further licensing discussions. We find this project is not consistent with our current research program and capabilities.

I appreciate the opportunity to have worked with you and I thank you for your interest in Mylan. I wish you every success with this project.

Very truly yours,

Cheryl Blume

Cheryl D. Blume, Ph.D.
Vice President,
Scientific Affairs

CDB/kg

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2006, the attached **NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6) TO MYLAN PHARMACEUTICALS INC. AND MYLAN LABORATORIES, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Daniel F. Attridge, P.C.<br>Kirkland & Ellis LLP<br>655 15th Street, N.W.<br>Washington, DC 20005-5793 | VIA FEDERAL EXPRESS |
| Mary B. Matterer, Esquire<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| William A. Rakoczy, Esquire<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60601 | VIA FEDERAL EXPRESS |
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899 | HAND DELIVERY |
| Stuart D. Sender, Esquire<br>Budd Larner, P.C.<br>150 John F. Kennedy Parkway<br>Short Hills, NJ 07078 | VIA FEDERAL EXPRESS |

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806 | <u>HAND DELIVERY</u> |
| Lynn M. Ulrich, Esquire<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 | <u>VIA FEDERAL EXPRESS</u> |
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19899 | <u>HAND DELIVERY</u> |
| Robert J. Gunther, Jr., Esquire<br>Latham & Watkins LLP<br>885 Third Avenue, Suite 1000<br>New York, NY 10022-4802 | <u>VIA FEDERAL EXPRESS</u> |
| Frederick L. Cottrell, III, Esquire<br>Richards, Layton & Finger<br>One Rodney Square<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| Alan H. Bernstein, Esquire<br>Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.<br>1635 Market Street, 12th Floor<br>Philadelphia, PA 19103 | <u>VIA FEDERAL EXPRESS</u> |
| Philip A. Rovner, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| Barbara S. Wahl, Esquire<br>Arent Fox PLLC<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5339 | <u>VIA FEDERAL EXPRESS</u> |

/s/ Lauren E. Maguire

_____
Lauren E. Maguire