IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | ) ) ) ) ) | C.A. No. 05-356 (KAJ) (consolidated) |

**THIRD-PARTY SOMERSET PHARMACEUTICALS'
RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
FOR DEPOSITION AND PRODUCTION OF DOCUMENTS**

Third-party Somerset Pharmaceuticals hereby submits its responses and objections, pursuant to Rule 45(c)(2)(B), FED. R. CIV. P., to the deposition topics and document requests set forth in Schedules A and B to the Subpoena of Plaintiffs, dated February 21, 2006.

**OBJECTIONS APPLICABLE TO ALL DEPOSITION TOPICS AND DOCUMENT REQUESTS**

1.      Somerset objects to the deposition topics and document requests set forth by Plaintiffs (collectively, "Requests") on the grounds that certain Requests seek documents or testimony protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

2.      Somerset objects to Plaintiffs' Requests to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Civil Rules of this Court.

3.      Somerset objects to Plaintiffs' Requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See* FED. R. CIV. P. 26(b)(2)(iii).

4.      Somerset objects to Plaintiffs' definitions and instructions to the extent that they (i) change the common meaning of the English language with regard to any word or phrase;

(ii) alter the scope of discovery, and purport to impose obligations beyond those imposed, under the Federal Rules of Civil Procedure and/or the Local Civil Rules of this Court; and/or (iii) define terms differently than such terms are defined under the Federal Rules of Civil Procedure and/or the common law. Somerset also objects to the definition that Plaintiffs have provided for terms used in these Requests to the extent that they are overly broad, argumentative, prejudicial, improper, incorrect, vague and/or ambiguous. Specific explanations of the objections will be provided.

5. Somerset objects to Plaintiffs' definition of "Mylan" and "Synaptech" as overly broad and unduly burdensome. For purposes of these Requests, "Mylan" shall refer solely to Mylan Pharmaceutical Inc., a named Defendant to this litigation.

6. Somerset objects to Plaintiffs' definitions of "concerning" and "document" as unduly burdensome, overly broad, vague and ambiguous.

7. Somerset objects to Plaintiffs' Requests to the extent that they impose an obligation on Somerset to locate, obtain and produce documents and things that are in the public domain and, therefore, equally accessible to Plaintiffs.

8. Somerset objects to Plaintiffs' Requests to the extent that they call for a legal conclusion.

9. Somerset objects to Plaintiffs' Requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that they seek documents and things concerning galantamine and/or galantamine products unrelated to Mylan's proposed generic galantamine products under Abbreviated New Drug Application No. 77-590. Requiring Somerset to identify, locate, and produce such documents would be unduly burdensome on Somerset.

10. Somerset's responses to these Requests do not constitute acquiescence or agreement to any definition proposed by Plaintiffs.

11. Somerset's responses to make available requested documents do not constitute representations that any such documents exist or are in Somerset's possession, custody, or control.

### SPECIFIC OBJECTIONS AND RESPONSES

#### Schedule A
#### (Deposition Topics)

**Topic No. 1.**

The names and responsibilities of all persons who were involved in any evaluation, consideration or discussion by or on behalf of Mylan to license, market or develop the '318 patent, and their contribution in any evaluation, consideration or discussion by or on behalf of Mylan to license, market or develop the '318 patent.

**RESPONSE:** Somerset objects to this Topic on the grounds that it is overly broad, unduly burdensome and unlimited in time and/or scope. This Topic seeks the identities *and* responsibilities of "all persons" involved *and* "their contribution" by or on behalf of Mylan to license, market or develop the '318 patent, with no limitation whatsoever to time or scope. Somerset further objects to the extent that this Topic seeks information not within its possession, custody or control. Somerset also objects to the extent that this Topic seeks information that is protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. In addition, Somerset objects to the extent that this Request seeks documents concerning any drug product that is unrelated to Mylan's proposed galantamine products under Mylan's ANDA No. 77-590. Somerset also objects on the ground that this Topic is vague and ambiguous, particularly to the extent that it seeks information on the marketing or development of the '318 patent. Somerset also objects on the ground that it has no knowledge

regarding this Topic, the '318 patent, or galantamine, including the product that is the subject of Mylan's ANDA, and therefore cannot possibly prepare or present a witness to testify regarding same.

**Topic No. 2.**

The names and responsibilities of all persons who were involved in any evaluation, consideration or discussion by or on behalf of Mylan of galantamine as a treatment for Alzheimer's Disease, and their contribution in any evaluation, consideration, or discussion by or on behalf of Mylan of galantamine as a treatment for Alzheimer's Disease.

**RESPONSE:** Somerset objects to this Topic on the grounds that it is overly broad, unduly burdensome and unlimited in time and/or scope. This Topic seeks from Somerset the identities *and* responsibilities of "all persons" involved *and* "their contribution in any evaluation, consideration, or discussion by or on behalf of Mylan of galantamine as a treatment for Alzheimer's Disease," with no limitation whatsoever to time or scope. Somerset further objects to the extent that this Topic seeks information not within its possession, custody or control. Somerset also objects to the extent that this Topic seeks information that is protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. In addition, Somerset objects to the extent that this Topic seeks testimony concerning any drug product that is unrelated to Mylan's proposed galantamine products under Mylan's ANDA No. 77-590. Somerset further objects on the ground that it has no knowledge regarding this Topic, the '318 patent, or galantamine, including the product that is the subject of Mylan's ANDA, and therefore cannot possibly prepare or present a witness to testify regarding same.

### Topic No. 3.

All negotiations or communication with Synaptech or Dr. Bonnie Davis regarding the '318 patent.

**RESPONSE:** Somerset objects to this Topic on the grounds that it is overly broad, unduly burdensome and unlimited in time and/or scope. This Topic seeks "all negotiations or communications," with no limitation whatsoever to time or scope. Somerset further objects to the extent that this Topic seeks information not within its possession, custody or control. Somerset also objects to the extent that this Topic is cumulative and duplicative of other Topics under Schedule A, including Topics 4 and 9. In addition, Somerset objects on the ground that it has no knowledge regarding this Topic, the '318 patent, or galantamine, including the product that is the subject of Mylan's ANDA, and therefore cannot possibly prepare or present a witness to testify regarding same.

### Topic No. 4.

All negotiations or communication with Synaptech or Dr. Bonnie Davis regarding galantamine as a treatment for Alzheimer's Disease.

**RESPONSE:** Somerset objects to this Topic on the grounds that it is overly broad, unduly burdensome and unlimited in time and/or scope. This Topic seeks "all negotiations or communications," with no limitation whatsoever to time or scope. Somerset further objects to the extent that this Topic seeks information not within its possession, custody or control. Somerset also objects to the extent that this Topic is cumulative and duplicative of other Topics under Schedule A, including Topics 3 and 9. In addition, Somerset objects to the extent that this Topic seeks testimony concerning any drug product that is unrelated to Mylan's proposed galantamine products under Mylan's ANDA No. 77-590. Somerset further objects on the ground that it has no knowledge regarding this Topic, the '318 patent, or galantamine, including the

product that is the subject of Mylan's ANDA, and therefore cannot possibly prepare or present a witness to testify regarding same.

**Topic No. 5.**

The October 3, 1989 Confidentiality Agreement executed by Mylan, attached hereto as Exhibit 2, including without limitation the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the Agreement that "Mylan wishes to receive said confidential trade secret information, data and know-how for the purpose of evaluating same to determine its commercial interest therein . . ."

**RESPONSE:** Somerset objects to this Topic on the grounds that it is overly broad and unduly burdensome, particularly to the extent that this Topic seeks information concerning "any evaluation or analysis." Somerset further objects to this Topic to the extent that it assumes facts not yet in evidence, in particular, that Mylan executed the referenced Confidentiality Agreement. Somerset also objects to the extent that this Topic seeks information not within its possession, custody or control. In addition, Somerset objects to the extent that this Topic seeks information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. Somerset further objects to the extent that this Topic is cumulative and duplicative of other Topics under Schedule A, including Topic 6. Somerset also objects on the ground that it has no knowledge regarding this Topic, the '318 patent, or galantamine, including the product that is the subject of Mylan's ANDA, and therefore cannot possibly prepare or present a witness to testify regarding same.

**Topic No. 6.**

Any evaluation conduction [sic] by or on behalf of Mylan under the October 3, 1989 Confidentiality Agreement, attached hereto as Exhibit 2.

**RESPONSE:** Somerset objects to this Topic on the grounds that it is overly broad, unduly burdensome and unlimited in time and/or scope, particularly to the extent that this Topic seeks information concerning "any evaluation." Somerset further objects to the extent that this

Topic seeks information not within its possession, custody or control. Somerset also objects to this Topic to the extent that it is duplicative of other Topics under Schedule A, including Topic 5. In addition, Somerset objects on the ground that it has no knowledge regarding this Topic, the '318 patent, or galantamine, including the product that is the subject of Mylan's ANDA, and therefore cannot possibly prepare or present a witness to testify regarding same.

**Topic No. 7.**

The April 13, 1990, letter from Mylan, attached hereto as Exhibit 3, including without limitation the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "we find this project is not consistent with our current research program and capabilities."

**RESPONSE:** Somerset objects to this Topic on the grounds that it is overly broad and unduly burdensome, particularly to the extent that this Topic seeks information concerning "any evaluation or analysis." Somerset further objects to this Topic to the extent that it assumes facts not yet in evidence, in particular, that the referenced April 13, 1990 letter is from Mylan. Somerset also objects to the extent that this Topic seeks information not within its possession, custody or control. In addition, Somerset objects to the extent that this Topic seeks information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. Somerset further objects on the ground that it has no knowledge regarding this Topic, the '318 patent, or galantamine, including the product that is the subject of Mylan's ANDA, and therefore cannot possibly prepare or present a witness to testify regarding same.

**Topic No. 8.**

All communications between you and Mylan regarding the '318 patent or galantamine as a treatment for Alzheimer's Disease.

**RESPONSE:** Somerset objects to this Topic on the grounds that it is overly broad, unduly burdensome and unlimited in time and/or scope. This Topic seeks the "all communications," with no limitation whatsoever to time or scope. Somerset further objects to

the extent that this Topic seeks information not within its possession, custody or control. Somerset also objects to the extent that this Topic is cumulative and duplicative of other Topics under Schedule A, including Topic 9. In addition, Somerset objects to the extent that this Topic seeks testimony concerning any drug product that is unrelated to Mylan's proposed galantamine products under Mylan's ANDA No. 77-590. Somerset further objects on the ground that it has no knowledge regarding this Topic, the '318 patent, or galantamine, including the product that is the subject of Mylan's ANDA, and therefore cannot possibly prepare or present a witness to testify regarding same.

**Topic No. 9.**

All communications or discussion by or on behalf of Mylan and any other person regarding the '318 patent.

**RESPONSE:** Somerset objects to the extent that this Topic seeks information that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Somerset further objects on the ground that this Topic is unlimited in time and/or scope. Somerset also objects to the extent that this Topic seeks information not within its possession, custody or control. In addition, Somerset objects to the extent that this Topic seeks information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. Somerset further objects to the extent that this Topic is cumulative and duplicative of other Topics under Schedule A, including Topics 3 and 8. Somerset also objects to the extent that this Request seeks documents concerning any drug product that is unrelated to Mylan's proposed galantamine products under Mylan's ANDA No. 77-590. Somerset also objects on the ground that it has no knowledge regarding this Topic, the '318 patent, or galantamine, including the product that is the subject of Mylan's ANDA, and therefore cannot possibly prepare or present a witness to testify regarding same.

## Schedule B
### (Document Requests)

**Request No. 1.**

All documents concerning any evaluation, analysis, consideration or discussion to license, market or develop the '318 patent or a '318 patent product.

**RESPONSE:** Somerset objects to this Request on the grounds that it seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Somerset further objects on the grounds that this Request is overly broad, unduly burdensome and unlimited in time and/or scope. This Request seeks "all documents concerning any evaluation, analysis, consideration or discussion," without any limitation whatsoever to time or scope. Somerset also objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent that this Request seeks documents concerning "a '318 patent product" and the marketing or development of the '318 patent. In addition, Somerset objects to the extent that this Request seeks documents not within its possession, custody or control and/or to the extent that Plaintiffs are in possession of any documents sought under this Request. Somerset further objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. Somerset also objects to the extent that this Request seeks documents concerning any drug product that is unrelated to Mylan's proposed galantamine products under Mylan's ANDA No. 77-590. Somerset also objects to the extent that this Request is cumulative and duplicative of other Requests under Schedule B, including Request Nos. 3 and 6.

Without waiving its objections, and subject to them, Somerset responds that it has no responsive, non-privileged documents in its possession, custody or control.

**Request No. 2.**

All documents concerning any evaluation, analysis, consideration, or discussion of galantamine as a treatment for Alzheimer's Disease.

**RESPONSE:** Somerset objects to this Request on the grounds that it seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Somerset further objects on the grounds that this Request is overly broad, unduly burdensome, vague, ambiguous, and unlimited in time and/or scope. This Request seeks "all documents concerning any evaluation, analysis, consideration or discussion," without any limitation whatsoever to time or scope. Somerset also objects to the extent that this Request seeks documents not within its possession, custody or control. In addition, Somerset objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. Somerset further objects to the extent that this Request is cumulative and duplicative of other Requests under Schedule B, including Request Nos. 1 and 4. Somerset also objects to the extent that this Request seeks documents concerning any drug product that is unrelated to Mylan's proposed galantamine products under Mylan's ANDA No. 77-590.

Without waiving its objections, and subject to them, Somerset responds that it has no responsive, non-privileged documents in its possession, custody or control.

**Request No. 3.**

All documents concerning communications or discussions with Synaptech or Dr. Bonnie Davis regarding the '318 patent.

**RESPONSE:** Somerset objects on the grounds that this Request is overly broad, unduly burdensome and unlimited in time and/or scope. This Request seeks "all documents," without any limitation whatsoever to time or scope. Somerset further objects to the extent that this Request seeks documents not within its possession, custody or control. Somerset also objects to

the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. In addition, Somerset objects to the extent that this Request is cumulative and duplicative of other Requests under Schedule B, including Request No 6.

Without waiving its objections, and subject to them, Somerset responds that it has no responsive, non-privileged documents in its possession, custody or control.

**Request No. 4.**

All documents concerning communication with Synaptech or Dr. Bonnie Davis regarding galantamine as a treatment for Alzheimer's Disease.

**RESPONSE:** Somerset objects on the grounds that this Request is overly broad, unduly burdensome and unlimited in time and/or scope. This Request seeks "all documents," without any limitation whatsoever to time or scope. Somerset further objects to the extent that this Request seeks documents not within its possession, custody or control. Somerset also objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. In addition, Somerset objects to the extent that this Request is cumulative and duplicative of other Requests under Schedule B, including Request No. 2. Somerset further objects to the extent that this Request seeks documents concerning any drug product that is unrelated to Mylan's proposed galantamine products under Mylan's ANDA No. 77-590.

Without waiving its objections, and subject to them, Somerset responds that it has no responsive, non-privileged documents in its possession, custody or control.

**Request No. 5.**

All documents concerning communication by or on behalf of Mylan regarding galantamine as a treatment for Alzheimer's Disease.

**RESPONSE:** Somerset objects on the grounds that this Request seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Somerset further objects on the grounds that this Request is overly broad, unduly burdensome and unlimited in time and/or scope. This Request seeks "all documents," without any limitation whatsoever to time or scope. Somerset also objects to the extent that this Request seeks documents not within its possession, custody or control. In addition, Somerset objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. Somerset further objects to the extent that this Request is cumulative and duplicative of other Requests under Schedule B, including Request Nos. 2, 4 and 9. Somerset also objects to the extent that this Request calls for documents concerning any drug product that is unrelated to Mylan's proposed galantamine products under Mylan's ANDA No. 77-590.

Without waiving its objections, and subject to them, Somerset responds that it has no responsive, non-privileged documents in its possession, custody or control.

**Request No. 6.**

All documents concerning any communication or discussion by or on behalf of Mylan and any person concerning the '318 patent.

**RESPONSE:** Somerset objects on the grounds that this Request seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Somerset further objects on the grounds that this Request is overly broad, unduly burdensome and unlimited in time and/or scope. This Request seeks "all documents concerning any communication or discussion," without any limitation whatsoever to time or scope. Somerset also objects to the

extent that this Request seeks documents not within its possession, custody or control. In addition, Somerset objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. Somerset further objects to the extent that this Request seeks documents concerning any drug product that is unrelated to Mylan's proposed galantamine products under Mylan's ANDA No. 77-590. Somerset also objects to the extent that this Request is cumulative and duplicative of other Requests under Schedule B, including Request No. 3.

Without waiving its objections, and subject to them, Somerset responds that it has no responsive, non-privileged documents in its possession, custody or control.

### Request No. 7.

All documents concerning the October 3, 1989 Confidentiality Agreement executed by Mylan, attached hereto as Exhibit 2, including without limitation all documents concerning the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the Agreement that "Mylan wishes to receive said confidential trade secret information, data and know-how for the purpose of evaluating same to determine its commercial interest therein . . ."

**RESPONSE:** Somerset objects on the grounds that this Request is overly broad, unduly burdensome and unlimited in time and/or scope. This Request seeks "all documents" relating to "any evaluation or analysis," without any limitation whatsoever to time or scope. Somerset further objects to the extent that this Request seeks documents not within its possession, custody or control and/or to the extent that Plaintiffs are in possession of any documents sought under this Request. Somerset also objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. In addition, Somerset objects to this Request to the extent that it assumes facts not yet in evidence, in particular, that Mylan executed the referenced Confidentiality Agreement.

Without waiving its objections, and subject to them, Somerset responds that it has no responsive, non-privileged documents in its possession, custody or control.

**Topic No. 8.**

All documents concerning the April 13, 1990, letter from Mylan, attached hereto as Exhibit 3, including without limitation all documents concerning the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "we find this project is not consistent with our current research program and capabilities."

**RESPONSE:** Somerset objects on the grounds that this Request is overly broad, unduly burdensome and unlimited in time and/or scope. This Request seeks "all documents" relating to "any evaluation or analysis," without any limitation whatsoever to time or scope. Somerset further objects to the extent that this Request seeks documents not within its possession, custody or control and/or to the extent that Plaintiffs are in possession of any documents sought under this Request. Somerset also objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. In addition, Somerset objects to this Request to the extent that it assumes facts not yet in evidence, in particular, that the referenced April 13, 1990 letter is from Mylan.

Without waiving its objections, and subject to them, Somerset responds that it has no responsive, non-privileged documents in its possession, custody or control.

**Topic No. 9.**

All documents concerning any communication or discussion between you or any person concerning galantamine as a treatment for Alzheimer's Disease.

**RESPONSE:** Somerset objects on the grounds that this Request seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Somerset further objects on the grounds that this Request is overly broad, unduly burdensome and unlimited in time and/or scope. This Request seeks "all documents concerning any communication or discussion," without any limitation whatsoever to time or scope. Somerset also objects to the

extent that this Request seeks documents not within its possession, custody or control. In addition, Somerset objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. Somerset further objects to the extent that this Request is cumulative and duplicative of other Requests under Schedule B, including Request Nos. 2, 4 and 5. Somerset also objects to the extent that this Request calls for documents concerning any drug product that is unrelated to Mylan's proposed galantamine products under Mylan's ANDA No. 77-590.

Without waiving its objections, and subject to them, Somerset responds that it has no responsive, non-privileged documents in its possession, custody or control.

*/s/ Mary B. Matterer*
Mary B. Matterer # 2696
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
mmatterer@morrisjames.com

*Of Counsel (admitted pro hac vice)*:
William A. Rakoczy
Christine J. Siwik
Amy D. Brody
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610
Telephone: (312) 527-2157
Facsimile: (312) 222-6321
wrakoczy@rmmslegal.com

*Attorneys for Third-Party
Somerset Pharmaceuticals*

Dated: March 13, 2006

# CERTIFICATE OF SERVICE

It is hereby certified this 13th day of March, 2006 that copies of the foregoing document, **THIRD-PARTY SOMERSET PHARMACEUTICALS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA FOR DEPOSITION AND PRODUCTION OF DOCUMENTS,** were served on counsel as indicated:

| **Via Fed Ex® and E-mail:**<br>George F. Pappas *(gpappas@cov.com)*<br>Christopher N. Sipes *(csipes@cov.com)*<br>Jeffrey B. Elikan *(jelikan@cov.com)*<br>Laura H. McNeill *(lmcneill@cov.com)*<br>Joseph H. Huynh *(jhuynh@cov.com)*<br>Uma N. Everett *(ueverett@cov.com)*<br>Michael E. Paulhus *(mpaulhus@cov.com)*<br>William D.A. Zerhouni *(wzerhouni@cov.com)*<br>**COVINGTON & BURLING**<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2401<br>Telephone: (202) 662-6000<br>Facsimile: (202) 662-6291 | **Via Hand Delivery and Email:**<br>John G. Day *(jday@ashby-geddes.com)*<br>Steven J. Balick *(sbalick@ashby-geddes.com)*<br>**ASHBY & GEDDES**<br>222 Delaware Ave., 17th Fl.<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888<br>Facsimile: (302) 654-2067 |
|---|---|
| *Counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc.* ||
| **Via Email:**<br>Frederick L. Cottrell, III *(cottrell@rlf.com)*<br>Anne Shea Gaza *(gaza@rlf.com)*<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19801<br>Telephone: (302) 651-7509<br>Facsimile: (302) 651-7701 | **Via Email:**<br>Alan Bernstein *(abernstein@crbcp.com)*<br>Mona Gupta *(mgupta@crbcp.com)*<br>**CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.**<br>1635 Market Street, 11th Floor<br>Philadelphia, PA 19103-2212<br>Telephone: (215) 567-2010<br>Facsimile: (215) 751-1142 |
| *Counsel for Defendant Alphapharm Pty Ltd.* ||

| | |
|---|---|
| **Via Email:**<br>Josy W. Ingersoll *(jingersoll@ycst.com)*<br>John W. Shaw *(jshaw@ycst.com)*<br>Adam W. Poff *(apoff@ycst.com)*<br>**YOUNG CONAWAY STARGATT & TAYLOR LLP**<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 | **Via Email:**<br>Daniel F. Attridge, P.C. *(dattridge@kirkland.com)*<br>Edward C. Donovan *(edonovan@kirkland.com)*<br>Karen M. Robinson *(krobinson@kirkland.com)*<br>Corey J. Manley *(cmanley@kirkland.com)*<br>**KIRKLAND & ELLIS LLP**<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005-5793<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200 |
| *Counsel for Defendants Teva Pharmaceuticals USA and Teva Pharmaceuticals Industries Ltd.* | |
| **Via Email:**<br>Philip A. Rovner<br>*(provner@potteranderson.com)*<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192 | **Via Email:**<br>Barbara S. Wahl *(wahl.barbara@arentfox.com)*<br>Richard J. Berman *(berman.richard@arentfox.com)*<br>D. Jacques Smith *(smith.jacques@arentfox.com)*<br>Janine A. Carlan *(carlan.janine@arentfox.com)*<br>John K. Hsu *(hsu.john@arentfox.com)*<br>**ARENT FOX PLLC**<br>1050 Connecticut Ave., N.W.<br>Washington, D.C. 20036-5339<br>Telephone: (202) 857-6000<br>Facsimile: (202) 857-6395 |
| *Counsel for Defendants Par Pharmaceutical, Inc.<br>and Par Pharmaceutical Companies, Inc.* | |
| **Via Email:**<br>Richard L. Horwitz<br>*(rhorwitz@potteranderson.com)*<br>David Ellis Moore<br>*(dmoore@potteranderson.com)*<br>**POTTER ANDERSON & CORROON LLP**<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>Telephone: (302) 984-6027<br>Facsimile: (302) 658-1192 | **Via Email:**<br>Stuart Sender *(ssender@budd-larner.com)*<br>**BUDD LARNER**<br>150 John F. Kennedy Parkway<br>Short Hills, NY 07078-0999<br>Telephone: (973) 315-4462<br>Facsimile: (973) 379-7734 |
| *Counsel for Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd.* | |
| **Via Email:**<br>Richard D. Kirk *(rkirk@bayardfirm.com)*<br>**THE BAYARD FIRM**<br>222 Delaware Ave., Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395 | **Via Email:**<br>Robert J. Gunther, Jr. *(robert.gunther@lw.com)*<br>James P. Barabas *(james.barabas@lw.com)*<br>**LATHAM & WATKINS LLP**<br>885 Third Ave., Suite 1000<br>New York, NY 10022-4802<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864 |
| *Counsel for Defendants Purepac Pharmaceutical Co. and Alpharma Inc.* | |

| **Via Email:**<br>John C. Phillips. Jr. *(jcp@pgslaw.com)*<br>Brian E. Farnan *(bef@pgslaw.com)*<br>**PHILLIPS, GOLDMAN & SPENCE, P.A.**<br>1200 N. Broom St.<br>Wilmington, DE 19806<br>Telephone: (302) 655-4200<br>Facsimile: (302) 655-4210 | **Via Email:**<br>George C. Lombardi *(glombardi@winston.com)*<br>Taras A. Gracey *(tgracey@winston.com)*<br>Lynn M. Ulrich *(lulrich@winston.com)*<br>Brian L. Franklin *(bfranklin@winston.com)*<br>**WINSTON & STRAWN LLP**<br>35 West Wacker Dr.<br>Chicago, IL 60601<br>Telephone: (312) 558-5000<br>Facsimile: (312) 558-5700 |
|---|---|
| *Counsel for Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.* ||

/s/ Mary B. Matterer
Mary B. Matterer # 2696
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com