IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | ) ) ) ) ) | C.A. No. 05-356 (KAJ) (consolidated) |

**MYLAN PHARMACEUTICALS INC.'S AND MYLAN LABORATORIES, INC.'S
RESPONSES AND OBJECTIONS TO PLAINTIFFS'
NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)**
(with noticed deposition date of March 16, 2006)

Defendants Mylan Pharmaceuticals Inc. and Mylan Laboratories Inc. (collectively, "Mylan"), pursuant to Federal Rules of Civil Procedure 26 and 30, hereby submit their Responses and Objections to the Notice of Deposition Under Fed. R. Civ. P. 30(b)(6) served by Plaintiffs, having a noticed deposition date of March 16, 2006.

OBJECTIONS APPLICABLE TO ALL DEPOSITION TOPICS

Mylan incorporates herein its Objections Applicable to All Deposition Topics set forth in Mylan's Responses and Objections to Plaintiffs' Notice of Deposition Under Fed. R. Civ. P. 30(b)(6), with a noticed deposition date of March 15, 2006, served contemporaneously herewith.

SPECIFIC OBJECTIONS AND RESPONSES

Topic No. 1.

Any consideration or evaluation to license the '318 patent conducted by or on behalf of Mylan, including but not limited to the names and responsibilities of all persons who were involved in any evaluation, consideration or discussion by or on behalf of Mylan to license the '318 patent or develop or market a product whose use would be covered by the '318 patent.

RESPONSE: Mylan objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this

litigation. Mylan further objects to this Topic on the grounds that it is overly broad, unduly burdensome and seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. This Topic seeks the identity of "all persons" who were involved in "any evaluation, consideration or discussion" to license the '318 patent or develop or market a product. Mylan also objects to the extent that this Topic seeks information not within the possession, custody or control of Mylan. In addition, Mylan objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. Mylan further objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Mylan's ANDA No. 77-590. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . . . ." (3/10/06 Letter from K. Calia at 1). Mylan also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Mylan, including Topics 2 and 4 of Plaintiffs' Notice of Deposition Under Fed. R. Civ. P. 30(b)(6) served by Plaintiffs, having a noticed deposition date of March 15, 2006.

### Topic No. 2.

All negotiations or communication between Mylan and Synaptech or Dr. Bonnie Davis regarding the '318 patent.

**RESPONSE:** Mylan objects to this Topic on the grounds that it is overly broad, unduly burdensome and unlimited in time and/or scope. This Topic seeks "all negotiations or communication," with no limitation whatsoever to time or scope. Mylan further objects to the

extent that this Topic seeks information not within its possession, custody or control. Mylan also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Mylan, including Topic 3 herein.

**Topic No. 3.**

All negotiations or communication between Mylan and Synaptech or Dr. Bonnie Davis regarding use of galantamine or a drug product containing galantamine as a possible treatment for Alzheimer's Disease.

**RESPONSE:** Mylan objects to this Topic on the grounds that it is overly broad, unduly burdensome and unlimited in time and/or scope. This Topic seeks "all negotiations or communication," with no limitation whatsoever to time or scope. Mylan further objects to the extent that this Topic seeks information not within its possession, custody or control. Mylan also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Mylan, including Topic 2 herein. In addition, Mylan objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Mylan's ANDA No. 77-590. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . . . ." (3/10/06 Letter from K. Calia at 1).

**Topic No. 4.**

The October 3, 1989 Confidentiality Agreement executed by Mylan, attached hereto as Exhibit 1, including without limitation the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the Agreement that "Mylan wishes to receive said confidential trade secret information, data and know-how for the purpose of evaluating same to determine its commercial interest therein...."

**RESPONSE:** Mylan objects to this Topic on the grounds that it is overly broad and unduly burdensome, particularly to the extent that this Topic seeks information concerning "any evaluation or analysis." Mylan further objects to this Topic to the extent that it assumes facts not yet in evidence, in particular, that Mylan executed the referenced Confidentiality Agreement. Mylan also objects to the extent that this Topic seeks information not within its possession, custody or control. In addition, Mylan objects to the extent that this Topic seeks testimony or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege.

**Topic No. 5.**

The April 13, 1990 letter from Mylan, attached hereto as Exhibit 2, including without limitation the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "we find this project is not consistent with our current research program and capabilities."

**RESPONSE:** Mylan objects to this Topic on the grounds that it is overly broad and unduly burdensome, particularly to the extent that this Topic seeks information concerning "any evaluation or analysis." Mylan further objects to this Topic to the extent that it assumes facts not yet in evidence, in particular, that the referenced April 13, 1990 letter is from Mylan. Mylan also objects to the extent that this Topic seeks information not within its possession, custody or control. In addition, Mylan objects to the extent that this Topic seeks testimony or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege.

**Topic No. 6.**

Mylan's Executive Committee identified in its April 13, 1990 letter from Mylan, attached hereto as Exhibit 2, including but not limited to, identification of all members of the committee and all documents, notes, or minutes kept by Mylan's Executive Committee regarding any discussion, analysis, or evaluation of a drug product containing galantamine or the licensing of the '318 patent.

**RESPONSE:** Mylan objects to this Topic on the grounds that it is overly broad and unduly burdensome, particularly to the extent that this Topic seeks the identities of "all members" and "all documents, notes or minutes," regarding "any discussion, analysis, or evaluation." Mylan further objects to this Topic to the extent that it assumes facts not yet in evidence, in particular, that the referenced April 13, 1990 letter is from Mylan and that any such "documents, notes, or minutes" exist. Mylan also objects to the extent that this Topic seeks information not within its possession, custody or control. In addition, Mylan objects to the extent that this Topic seeks testimony or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. Mylan further objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Mylan's ANDA No. 77-590. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . . . ." (3/10/06 Letter from K. Calia at 1). Mylan also objects to the extent that this Topic seeks testimony or information directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation.

**Topic No. 7.**

Mylan's New Product Development Team identified in its April 13, 1990 letter from Mylan, attached hereto as Exhibit 2, including but not limited to, identification of all members of the New Product Development Team members and all documents, notes, or minutes kept by Mylan's New Product Development Team regarding any discussion, analysis, or evaluation of a drug product containing galantamine or the licensing of the '318 patent.

**RESPONSE:** Mylan objects to this Topic on the grounds that it is overly broad and unduly burdensome, particularly to the extent that this Topic seeks the identities of "all members" and "all documents, notes or minutes," regarding "any discussion, analysis, or evaluation." Mylan further objects to this Topic to the extent that it assumes facts not yet in evidence, in particular, that the referenced April 13, 1990 letter is from Mylan and that any such "documents, notes, or minutes" exist. Mylan also objects to the extent that this Topic seeks information not within its possession, custody or control. In addition, Mylan objects to the extent that this Topic seeks testimony or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege. Mylan further objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Mylan's ANDA No. 77-590. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . . . ." (3/10/06 Letter from K. Calia at 1). Mylan also objects to the extent that this Topic seeks testimony or information directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation.

**Topic No. 8.**

Any meetings, discussions, or communications concerning the subject matter identified in Topics 1 through 7.

**RESPONSE:** Mylan objects to the extent that this Topic is overly broad, unduly burdensome and unlimited in time and/or scope. This Topic requests testimony on "any meetings, discussions or communications," without any limitation on time and/or scope. Mylan further objects on the ground that this Topic seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. Mylan also objects to the extent that this Topic seeks testimony or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege and/or documents. In addition, Mylan objects to the extent that this Topic seeks testimony or information directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Mylan further objects to the extent that such testimony or information sought under these Topics is not in the possession, custody or control of Mylan. Mylan also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Mylan, including Topics 1-7 herein. Mylan further incorporates herein any other objections asserted in response to Topics 1-7.

**Topic No. 9.**

Any documents related to Topics 1 through 7 that were either not produced or destroyed in this case and the circumstances under which the documents were withheld from production or destroyed, the identification of all person[s] with knowledge of the documents and/or their content, and, in the case of documents destroyed, the dates of the destruction.

**RESPONSE:** Mylan objects to the extent that this Topic is overly broad and unduly burdensome. This Topic requests the identity of "all person[s] with knowledge." Mylan further

objects to the extent that this Topic seeks testimony or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege and/or documents. Mylan also objects to the extent that this Topic seeks testimony or information directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation.

**Topic No. 10.**

The identity and location of documents and things concerning the foregoing topics.

**RESPONSE:** Mylan objects to the extent that this Topic is overly broad and unduly burdensome. Mylan further objects on the ground that this Topic seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. Mylan also objects to the extent that this Topic seeks testimony, documents or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege and/or documents. In addition, Mylan objects to the extent that this Topic seeks testimony or information directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Mylan further objects to the extent that such testimony, information or documents sought under these Topics are not in the possession, custody or control of Mylan. Mylan further incorporates herein any other objections asserted in response to Topics 1-9.

**Topic No. 11.**

Persons knowledgeable about the subject matter of the foregoing topics.

**RESPONSE:** Mylan objects to the extent that this Topic is overly broad and unduly burdensome. Mylan further incorporates herein any other objection asserted in response to Topics 1-10.

/s/ Mary B. Matterer
———————————————————
Mary B. Matterer # 2696
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
mmatterer@morrisjames.com

*Of Counsel (admitted pro hac vice)*:
William A. Rakoczy
Christine J. Siwik
Amy D. Brody
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610
Telephone: (312) 527-2157
Facsimile: (312) 222-6321
wrakoczy@rmmslegal.com

*Attorneys for Mylan Pharmaceuticals Inc.*
*and Mylan Laboratories Inc.*

Dated: March 13, 2006

## CERTIFICATE OF SERVICE

It is hereby certified this 13th day of March, 2006 that copies of the foregoing document, **MYLAN PHARMACEUTICALS INC.'S AND MYLAN LABORATORIES INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6) (with noticed deposition date of March 16, 2006)**, were served on counsel as indicated:

| | |
|---|---|
| <u>Via Fed Ex® and E-mail</u>:<br>George F. Pappas *(gpappas@cov.com)*<br>Christopher N. Sipes *(csipes@cov.com)*<br>Jeffrey B. Elikan *(jelikan@cov.com)*<br>Laura H. McNeill *(lmcneill@cov.com)*<br>Joseph H. Huynh *(jhuynh@cov.com)*<br>Uma N. Everett *(ueverett@cov.com)*<br>Michael E. Paulhus *(mpaulhus@cov.com)*<br>William D.A. Zerhouni *(wzerhouni@cov.com)*<br>**COVINGTON & BURLING**<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2401<br>Telephone: (202) 662-6000<br>Facsimile: (202) 662-6291 | <u>Via Hand Delivery and Email</u>:<br>John G. Day *(jday@ashby-geddes.com)*<br>Steven J. Balick *(sbalick@ashby-geddes.com)*<br>**ASHBY & GEDDES**<br>222 Delaware Ave., 17th Fl.<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888<br>Facsimile: (302) 654-2067 |
| *Counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc.* ||
| <u>Via Email</u>:<br>Frederick L. Cottrell, III *(cottrell@rlf.com)*<br>Anne Shea Gaza *(gaza@rlf.com)*<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19801<br>Telephone: (302) 651-7509<br>Facsimile: (302) 651-7701 | <u>Via Email</u>:<br>Alan Bernstein *(abernstein@crbcp.com)*<br>Mona Gupta *(mgupta@crbcp.com)*<br>**CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.**<br>1635 Market Street, 11th Floor<br>Philadelphia, PA 19103-2212<br>Telephone: (215) 567-2010<br>Facsimile: (215) 751-1142 |
| *Counsel for Defendant Alphapharm Pty Ltd.* ||

- 10 -

| | |
|---|---|
| **Via Email:**<br>Josy W. Ingersoll *(jingersoll@ycst.com)*<br>John W. Shaw *(jshaw@ycst.com)*<br>Adam W. Poff *(apoff@ycst.com)*<br>**YOUNG CONAWAY STARGATT & TAYLOR LLP**<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 | **Via Email:**<br>Daniel F. Attridge, P.C. *(dattridge@kirkland.com)*<br>Edward C. Donovan *(edonovan@kirkland.com)*<br>Karen M. Robinson *(krobinson@kirkland.com)*<br>Corey J. Manley *(cmanley@kirkland.com)*<br>**KIRKLAND & ELLIS LLP**<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005-5793<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200 |
| *Counsel for Defendants Teva Pharmaceuticals USA and Teva Pharmaceuticals Industries Ltd.* ||
| **Via Email:**<br>Philip A. Rovner<br>*(provner@potteranderson.com)*<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192 | **Via Email:**<br>Barbara S. Wahl *(wahl.barbara@arentfox.com)*<br>Richard J. Berman *(berman.richard@arentfox.com)*<br>D. Jacques Smith *(smith.jacques@arentfox.com)*<br>Janine A. Carlan *(carlan.janine@arentfox.com)*<br>John K. Hsu *(hsu.john@arentfox.com)*<br>**ARENT FOX PLLC**<br>1050 Connecticut Ave., N.W.<br>Washington, D.C. 20036-5339<br>Telephone: (202) 857-6000<br>Facsimile: (202) 857-6395 |
| *Counsel for Defendants Par Pharmaceutical, Inc.*<br>*and Par Pharmaceutical Companies, Inc.* ||
| **Via Email:**<br>Richard L. Horwitz<br>*(rhorwitz@potteranderson.com)*<br>David Ellis Moore<br>*(dmoore@potteranderson.com)*<br>**POTTER ANDERSON & CORROON LLP**<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>Telephone: (302) 984-6027<br>Facsimile: (302) 658-1192 | **Via Email:**<br>Stuart Sender *(ssender@budd-larner.com)*<br>**BUDD LARNER**<br>150 John F. Kennedy Parkway<br>Short Hills, NY 07078-0999<br>Telephone: (973) 315-4462<br>Facsimile: (973) 379-7734 |
| *Counsel for Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd.* ||
| **Via Email:**<br>Richard D. Kirk *(rkirk@bayardfirm.com)*<br>**THE BAYARD FIRM**<br>222 Delaware Ave., Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395 | **Via Email:**<br>Robert J. Gunther, Jr. *(robert.gunther@lw.com)*<br>James P. Barabas *(james.barabas@lw.com)*<br>**LATHAM & WATKINS LLP**<br>885 Third Ave., Suite 1000<br>New York, NY 10022-4802<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864 |
| *Counsel for Defendants Purepac Pharmaceutical Co. and Alpharma Inc.* ||

| Via Email:<br>John C. Phillips. Jr. *(jcp@pgslaw.com)*<br>Brian E. Farnan *(bef@pgslaw.com)*<br>**PHILLIPS, GOLDMAN & SPENCE, P.A.**<br>1200 N. Broom St.<br>Wilmington, DE 19806<br>Telephone: (302) 655-4200<br>Facsimile: (302) 655-4210 | Via Email:<br>George C. Lombardi *(glombardi@winston.com)*<br>Taras A. Gracey *(tgracey@winston.com)*<br>Lynn M. Ulrich *(lulrich@winston.com)*<br>Brian L. Franklin *(bfranklin@winston.com)*<br>**WINSTON & STRAWN LLP**<br>35 West Wacker Dr.<br>Chicago, IL 60601<br>Telephone: (312) 558-5000<br>Facsimile: (312) 558-5700 |
|---|---|
| *Counsel for Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.* ||

/s/ Mary B. Matterer

Mary B. Matterer # 2696
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com