# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 31, 2006

The Honorable Kent A. Jordan
United States District Judge
J. Caleb Boggs Federal Building
844 North King Street, Room 6325
Wilmington, Delaware 19801

Re:   In re '318 Patent Infringement Litigation, Civil Action No.
      05-356-KAJ (consolidated)

Dear Judge Jordan:

Defendants' unwillingness to present witnesses to testify on topics identified in Rule 30(b)(6) deposition notices served over five weeks ago leaves Plaintiffs with no recourse but to enlist the Court's assistance. Plaintiffs respectfully submit this letter asking the Court to compel defendants to identify within two days of a teleconference on this matter (which we are in the process of trying to schedule) the dates and names of their designees on all deposition topics, such depositions to be completed by April 27. Defendants' unjustified refusal to do so voluntarily has prejudiced Plaintiffs' case development on the accelerated schedule (in which only three months of discovery remain) adopted at defendants' insistence.

*Current Deposition Status*

(1)   On February 21, 2006, Plaintiffs served three R. 30(b)(6) deposition notices (hereinafter "Plaintiffs' Notices") on each of the seven defendants, seeking testimony on approximately 34 subjects related to the objective considerations of nonobviousness of the '318 patent, and to the location of documents and identities of persons having knowledge of the noticed topics. Plaintiffs' Notices set a deposition schedule to begin on March 15 and end by April 27.

(2)   As of today's date, no defendant has presented a witness for deposition.

(3)   Despite repeated attempts by Plaintiffs to secure this discovery (summarized below), three defendants – Par, Purepac, and Teva – have offered no witnesses on any date for any topic.

(4)   Four defendants, Alphapharm, Barr, Dr. Reddy's, and Mylan, have each offered witnesses but only on a limited number of deposition topics.

The Honorable Kent A. Jordan
March 31, 2006
Page 2

(5) As to these defendants, Alphapharm has not specified with precision which topics it will provide testimony, and it has stated that its designee will not be available until May 9 – nearly three months after the notices were served and only about six weeks before the close of fact discovery. Mylan's offer specified that its designee would be available in Morgantown, WV, in conflict with the Court's directive from the October 12, 2005 scheduling conference.[1]

(6) While the defendants have served lengthy objections (and the parties conferred on March 24 to resolve them), even as to the 27 or so topics for which defendants have agreed to provide witnesses, no deposition has yet occurred.

*Plaintiffs' Efforts to Secure the Disputed Discovery*

Plaintiffs' inability to secure these depositions is not for want of trying. While Plaintiffs will not burden the Court with a lengthy description of the parties' blow-by-blow on this dispute, we provide the Court with the parties' correspondence to show Plaintiffs' diligent pursuit of this discovery.

Plaintiffs seek testimony on a variety of relevant subjects, including the defendants' marketing plans and strategies, the names and responsibilities of the persons knowledgeable of defendants' proposed generic copies of Reminyl®/Razadyne®, and communications between the inventor, Bonnie Davis, and the defendants about a potential license to the '318 patent. (*See, e.g.,* Plaintiffs' Notices for Mylan, Ex. A.)[2] About ten days before the first of these depositions (of Mylan) was to occur, Plaintiffs requested that defendants (a) identify their designees so that Plaintiffs could fairly prepare, and (b) complete their document productions in advance of the depositions so that the witnesses would not have to be re-deposed later. (*See, e.g.,* Calia 3/6/06 letter to Brody, Ex. B.)[3] Defendants rejected Plaintiffs' noticed dates, promised alternate dates,

---

[1] Plaintiffs accepted the April 6 and April 18 dates for Mylan and Barr, respectively, even though both fall weeks after the dates sought by Plaintiffs' Notices. The dates for Alphapharm and Dr. Reddy's were proposed just before this letter was filed with the Court, so Plaintiffs have not yet responded.

[2] Plaintiffs served similar notices on all defendants in this case, each containing topics concerning one or more of the objective considerations of non-obviousness – e.g., long-felt need, failure of others, skepticism in the relevant art, commercial success, commercial acquiescence (licensing), professional approval, and copying. *See, e.g., United States v. Adams*, 383 U.S. 39, 51 (1966); *Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 885 (Fed. Cir. 1998); *Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopedics, Inc.*, 976 F.2d 1559, 1574 (Fed. Cir. 1992); *Jenn-Air Corp. v. Modern Maid Co.*, 499 F.Supp. 320, 326-27 (D. Del. 1980); *Dow Chem. Co. v. American Cyanamid Co.*, 816 F.2d 617, 622 (Fed. Cir. 1987).

[3] Plaintiffs are justifiably concerned about the completeness of defendants' document productions. As of the date of this letter, Mylan, for example, has produced only about 7,100 pages of documents, consisting largely of its ANDA and copies of prior art references. In contrast, as of today's date, Plaintiffs have produced over 59,000 pages of documents.

The Honorable Kent A. Jordan
March 31, 2006
Page 3

and objected to virtually every deposition topic. (*See, e.g.,* Brody 3/7, 3/13, and 3/14/06 letters to Calia, Ex. C-E; Mylan's Objections and Responses, Ex. F; Calia 3/15 and 3/22/06 letters to Brody, Ex. G-H; Brody 3/22/06 letter to Calia, Ex. I; parties' 3/23/06 e-mail string, Ex. J.)[4] Indeed, it took Plaintiffs over a week to secure a teleconference to attempt to resolve this dispute,[5] and even then Plaintiffs provided defendants with additional time to finally provide dates and names of witnesses. (*See* Calia 3/29/06 letter to Rakoczy, Ex. L.)[6] While some (but not all) defendants responded by finally providing deposition dates, a significant number of topics remain in dispute. (Parties' 3/31/06 letters to Calia, collectively Ex. M.) Thus, as of the date of this letter brief, Plaintiffs are still without deposition dates for three defendants on any topic, and have not secured agreement for testimony on a significant number of topics as to the remaining defendants.

Accordingly, Plaintiffs respectfully request that within two days of a teleconference on this matter, the defendants be ordered to identify dates and names for designees on all deposition topics to be completed no later than April 27.

Respectfully submitted,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

Enclosures

cc: All defense counsel (via electronic mail, w/ encl.)
168214.1

---

[4] Plaintiffs withdrew topics related solely to issues of infringement (which is conceded) and to willful infringement in light of the Court's March 3 Order.

[5] Defendants had initially refused to even discuss the deposition dispute unless Plaintiffs agreed to discuss alleged document production deficiencies as well. Plaintiffs refused to permit Mylan to derail the resolution of the deposition dispute, and reminded defendants of the Court's statement during the February 7, 2006 discovery hearing in which the Court rejected as "gamesmanship" the notion of a party withholding discovery until it is provided by an opponent. (Feb. 7, 2006 Hearing Tr. at 25, Ex. K.)

[6] Because Plaintiffs have withdrawn the positions of the notices that relate to infringement and willful infringement, the remaining topics should not be controversial. Defendants prefer to delay "contention" discovery concerning the bases for defendants' Paragraph IV certifications, and their affirmative defenses and invalidity counterclaims, and they have refused to provide witnesses at this juncture. (Ex. L.) Notably, during the March 24 teleconference, defendants objected to the timing, not substance, of testimony on these topics. But the Court has already rejected this kind of gamesmanship. (Ex. K.) Defendants should timely present witnesses in response to Plaintiffs' Notices. If defendants have discovery concerns, the appropriate vehicle to address them is not the refusal to produce witnesses.