# EXHIBIT L

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW       WASHINGTON                                   KURT G. CALIA
WASHINGTON, DC 20004-2401          NEW YORK
TEL 202.662.6000                   SAN FRANCISCO                              TEL 202.662.5602
FAX 202.662.6291                   LONDON                                     FAX 202.778.5602
WWW.COV.COM                        BRUSSELS                                   KCALIA@COV.COM

March 29, 2006

**VIA E-MAIL and FIRST CLASS MAIL**

William A. Rakoczy, Esq.
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610

      Re:   In re: '318 Patent Infringement Litigation; Civil Action No.
           05-356-KAJ (consolidated)

Dear Bill:

      This is a follow-up to the parties' March 24, 2006 meet-and-confer session regarding Plaintiffs' February 21, 2006 R. 30(b)(6) deposition notices.

General Points

      Apart from disputes about the scope of discovery (and we have attempted to summarize the parties' respective positions below), we see no reason why all defendants – including Mylan – cannot provide dates for all of their witnesses right away. We noticed the depositions over a month ago now, and it should not take that long to schedule them (or conduct them, for that matter). Simply put, Plaintiffs are entitled to greater cooperation here, particularly in light of the accelerated schedule sought and obtained by the defendants and the Court's admonition that the parties "go the extra mile" to resolve disputes and conduct discovery. Accordingly, we request that all the defendants provide us with deposition dates and the identities of its designees – at least as to the topics for which defendants have agreed to provide a witness (27 of the 34 remaining topics in the Mylan notices) – by no later than 5:00 PM EST, Friday, March 31. Given that Mylan first represented to us that it was working to find witnesses and deposition dates over two weeks ago, this request should not present a problem. If the defendants do not do so, we will seek relief of Court.

      We have considered your proposal that the parties simultaneously exchange contention-related discovery at some unspecified late stage of discovery. (You raised this proposal in connection with Topic Nos. 1, 15, and 16 of our March 15 Notice to Mylan.) Notably, none of the defendants indicated that this discovery is

COVINGTON & BURLING

William A. Rakoczy, Esq.
March 29, 2006
Page 2

impermissible – but only that it is premature and should come after the parties have had a chance for fact development.

This approach is unacceptable to Plaintiffs. We noticed depositions over a month ago and had planned to begin them last week so that we can learn of the factual bases for the assertions in defendants' Paragraph IV Notices, affirmative defenses, and counterclaims for patent invalidity. As you reminded me on several occasions during our call, the only issue in the case that remains is patent validity. Accordingly, Plaintiffs are entitled to discovery on defendants' patent invalidity case now, not at the end of discovery. Delaying this discovery would be enormously wasteful and would prevent the parties from focusing remaining discovery on areas of genuine dispute. Moreover, as we have stated repeatedly, much of the discovery we now seek (e.g., concerning the location of relevant documents and identities of knowledgeable witnesses) is necessary to enable us to pursue future discovery.

The Court has already made clear that it will not tolerate "gamesmanship" associated with a party's demand that it will produce discovery only when its opponent produces discovery. *See* February 7, 2006 Hearing Tr. at 25. Accordingly, we request that by 5:00 PM EST Friday, March 31 you identify dates and witnesses for all topics or we will seek assistance from the Court.

Finally, with respect to the topics at the end of each of the deposition notices that seek the identity and location of documents and the identity of knowledgeable persons, we agree to subsume those subjects into each of the substantive topics, such that the designated witnesses for the substantive topics will provide this testimony.

Specific Topics

Timing and contentions aside, it appears that we made significant progress last Friday in narrowing the disputes as to Plaintiffs' R. 30(b)(6) Notices, including but not limited to excluding testimony regarding infringement and willful infringement to the extent they are implicated by any of the noticed topics. We have summarized below the results of the March 24 meet-and-confer.

*March 15 Notice*

1.    **Mylan's Paragraph IV notice including, without limitation, the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that the "'318 patent[] will not be infringed by the commercial manufacture, use or sale of the drug products described in Mylan's ANDA and/or such patents are invalid."**

COVINGTON & BURLING

William A. Rakoczy, Esq.
March 29, 2006
Page 3

As you know, Plaintiffs have withdrawn this topic to the extent it relates to the issue of infringement, leaving only the issue of alleged invalidity. We have also withdrawn this topic to the extent it seeks the legal – as opposed to the factual – bases for defendants' invalidity claim. With these qualifications, none of the defendants indicated that this discovery is objectionable. As stated above, we are not willing to delay testimony on this topic. Accordingly, Plaintiffs request that all defendants please provide dates and names for their designees by March 31.

**2.     Any evaluation, consideration or discussion conducted by Mylan to develop the Generic Product, including the names and responsibilities of all persons who were involved in the evaluation, consideration or discussion by Mylan to develop the Generic Product.**

As we discussed on Friday, Plaintiffs are looking for an identification of the persons involved in the consideration of developing the Generic Product (i.e., the subject of the ANDAs) and a brief overview of their responsibilities. Defendants have agreed to provide witnesses on this topic. We see no reason why we should have to obtain this information through the use of one of the limited number of interrogatories permitted in this case.

**3.     The decision to file an application with the FDA seeking approval to manufacture and sell a drug product containing galantamine.**

As with other topics, we agreed to limit this topic to the subject of defendants' ANDAs, and exclude infringement and willful infringement from its scope. During our call, you indicated that it seemed unlikely that defendants would have non-privileged information responsive to this topic. While this seems unlikely to us, defendants have nevertheless agreed to provide a witness to testify as to non-privileged information concerning this topic. We note that the Court expressed skepticism that defendants would not have non-privileged information related to its Paragraph IV certification (*see* February 7, 2006 Hearing Tr. at 17-18), and we are similarly dubious as to the privilege claim associated with the information related to this topic.

**4.     Any evaluation, consideration or discussion conducted by Mylan to market the Generic Product, including the names and responsibilities of all persons who were involved in the evaluation, consideration or discussion by Mylan to market the Generic Product.**

During our call, defendants provided the same response concerning Topic No. 3 above.

COVINGTON & BURLING

William A. Rakoczy, Esq.
March 29, 2006
Page 4

**5.    The benefits, including revenues and profits, that Mylan projects, anticipates, expects, or forecasts it will obtain should Mylan's ANDA receive approval from the U.S. Food and Drug Administration.**

Defendants have no objection to this topic.

**6.    Marketing strategies, marketing plans, and projected sales for Mylan's Generic Product.**

Defendants have no objection to this topic.

**7.    Each and every contribution and/or input that Mylan, or any employee or agent of Mylan, has made to the preparation, decision to file, filing and/or prosecution of Mylan's ANDA, including:   (a) any information relating to regulatory procedures and strategies for obtaining regulatory approval of the Generic Product of Mylan's ANDA; (b) any information comprising, relating to or contained in the 21 U.S.C. § 355(j)(2)(A)(vii)(IV) certifications submitted in connection with Mylan's ANDA; and (c) any information comprising, relating to or contained in the statements of factual and legal basis for invalidity, unenforceability, and/or noninfringement included with the notice of these certifications.**

During our call, in response to my statement that this subject relates at least to the nonobviousness objective consideration of copying, you asked us whether we would withdraw this topic in light of the defendants' stipulation on infringement. But other objective considerations – such as long felt need or unexpected results – may be reflected in documentation concerning the defendants' ANDA submissions. To the extent that subsections (b) and (c) overlap with other topics (e.g., Topic 1), we would not expect to obtain duplicate testimony. But we do require testimony on this topic without limitation. Please identify deposition dates and witnesses by March 31.

**8.    The factual basis for Mylan's proposed assertion that its ANDA is indicated for the treatment of mild to moderate Alzheimer's disease.**

You have asked us to withdraw this topic if Mylan stipulates that the factual basis for its proposed assertion that Mylan's ANDA is indicated for the treatment of mild to moderate Alzheimer's disease is found only in its label. While I indicated that that your proposal may be acceptable, we see no reason why a witness cannot be prepared to provide sworn testimony along the lines you describe. Please identify deposition dates and witnesses by March 31.

COVINGTON & BURLING

William A. Rakoczy, Esq.
March 29, 2006
Page 5

9.     The circumstances in which Mylan first became aware of galantamine as a treatment for Alzheimer's disease, including but not limited to the date in which this occurred and the people involved.

Defendants do not object to this topic, although certain defendants anticipate that the testimony on this subject will be no different from that related to the topics related to possible licensing of the '318 patent.

10.     The circumstances in which Mylan first became aware of the '318 patent, including but not limited to the date in which this occurred and the people involved.

Defendants do not object to this topic, although some expressed difficulty in finding witnesses with knowledge of this subject.

11.     Any consideration or evaluation to develop a drug product containing galantamine for the treatment of Alzheimer's disease conducted by or on behalf of Mylan.

We discussed whether we would be withdraw this topic on the grounds that if it were to be limited to the subject of the defendants' ANDAs, it would be duplicative of Topic No. 2.  But we believe that we are entitled to discovery related to defendants' efforts to development Alzheimer's drugs, including those containing galantamine, that predate the ANDAs.  Such testimony would be probative of the objective considerations of long-felt need, recognition in the industry, and unexpected results.  While we are willing to forego testimony concerning post-ANDA activities, the pre-ANDA information is of clear relevance (and Plaintiffs would agree to provide similar information related to its pre-IND activities).  Accordingly, we request deposition dates and witness names by March 31.  Parenthetically, this explanation should also address the questions raised in Ed Donovan's correspondence on behalf of Teva.

12.     Identification of all individuals, whether employees of Mylan or third parties, having a role in the consideration or evaluation by Mylan of developing a drug product containing galantamine for the treatment of Alzheimer's disease that is the subject of Topic 10.

This topic contains a typographical error – it should refer to Topic 11.  In any event, we have agreed to give it the same treatment as Topic No. 11.

13.     Any effort to develop any drug product other than the Generic Product set forth in Mylan's ANDA for the treatment of Alzheimer's disease conducted by or on behalf of Mylan.

COVINGTON & BURLING

William A. Rakoczy, Esq.
March 29, 2006
Page 6

          As we discussed during the call, you requested that Plaintiffs re-cast this topic to read as follows: "Any failed effort to develop any non-galantamine drug product other than the Generic Product set forth in Mylan's ANDA for the treatment of Alzheimer's disease conducted by or on behalf of Mylan," and that you would consider whether that would be acceptable to the defendants. (The additions are underlined.) However, please note that the addition of "failed" is not acceptable to Plaintiffs. While failed efforts would be probative of the objective consideration of "failure of others," successful efforts to develop treatments for Alzheimer's disease are also relevant. If in light of such successes defendants nevertheless decided to pursue sales of generic versions of Reminyl®/Razadyne®, this would be relevant to at least the objective indicia of copying and commercial success. Accordingly, we request that you provide deposition dates and witnesses on this topic by March 31 or we will seek the Court's assistance to obtain testimony on this topic as revised.

14.    **Identification of all individuals, whether employees of Mylan or third parties, having a role in the research, development or testing of such a treatment responsive to Topic 12 and a description of those roles.**

          As we discussed on Friday, this topic contains a typographical error – it should refer to Topic 13. In any event, defendants agree to provide witnesses for this topic subject to the conditions set forth with respect to Topic 13. Counsel for Dr. Reddy's stated that it did not have responsive information, and so we would expect it to prepare a witness providing testimony on other topics to so state under oath.

15.    **The factual and legal bases for Mylan's Second Defense (invalidity).**

          We refer to the response on Topic No. 1 above.

16.    **The factual and legal bases for Mylan's Second Claim for Relief (declaratory judgment of invalidity) according to its proof elements, including an element-by-element comparison of each asserted claim of the '318 patent to the prior art Mylan relies upon and the motivation of one of skill in the art to combine any references under 35 U.S.C. §103, as well as a description of any non-prior art defenses such as lack of enablement, insufficient written description, failure to disclose best mode, or claim indefiniteness under 35 U.S.C. § 112.**

          We refer to the response on Topic No. 1 above.

17.    **The identity and location of documents and things concerning the foregoing topics.**

COVINGTON & BURLING

William A. Rakoczy, Esq.
March 29, 2006
Page 7

We refer to the last paragraph in the General Points section above.

**18.    Mylan's document retention policies from 1986 to the present.**

While certain of the defendants indicated that they were having difficulty finding witnesses on this topic, none objected to it as improper.  Accordingly, we request dates and the identification of witnesses by March 31.

**19.    Persons knowledgeable about the subject matter of the foregoing topics.**

We refer to the last paragraph in the General Points section above.

*March 16 Notice*

**1.    Any consideration or evaluation to license the '318 patent conducted by or on behalf of Mylan, including but not limited to the names and responsibilities of all persons who were involved in any evaluation, consideration or discussion by or on behalf of Mylan to license the '318 patent or develop or market a product whose use would be covered by the '318 patent.**

**2.    All negotiations or communication between Mylan and Synaptech or Dr. Bonnie Davis regarding the '318 patent.**

**3.    All negotiations or communication between Mylan and Synaptech or Dr. Bonnie Davis regarding use of galantamine or a drug product containing galantamine as a possible treatment for Alzheimer's Disease.**

**4.    The October 3, 1989 Confidentiality Agreement executed by Mylan, attached hereto as Exhibit 1, including without limitation the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the Agreement that "Mylan wishes to receive said confidential trade secret information, data and know-how for the purpose of evaluating same to determine its commercial interest therein ...."**

**5.    The April 13, 1990, letter from Mylan, attached hereto as Exhibit 2, including without limitation the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "we find this project is not consistent with our current research program and capabilities."**

**6.    Mylan's Executive Committee  identified in its April 13, 1990 letter from Mylan, attached hereto as Exhibit 2, including but not limited to, identification of all members of the committee and all documents, notes, or minutes kept by**

COVINGTON & BURLING

William A. Rakoczy, Esq.
March 29, 2006
Page 8

**Mylan's Executive Committee regarding any discussion, analysis, or evaluation of a drug product containing galantamine or the licensing of the '318 patent.**

**7.      Mylan's New Product Development Team identified in its April 13, 1990, letter from Mylan, attached hereto as Exhibit 2, including but not limited to, identification of all members of the New Product Development Team members and all documents, notes, or minutes kept by Mylan's Executive Committee regarding any discussion, analysis, or evaluation of a drug product containing galantamine or the licensing of the '318 patent.**

**8.      Any meetings, discussions, or communications concerning the subject matter identified in Topics 1 through 7.**

**9.      Any documents related to Topics 1 through 7 that were either not produced or destroyed in this case and the circumstances under which the documents were withheld from production or destroyed, the identification of all person with knowledge of the documents and/or their content, and, in the case of documents destroyed, the dates of the destruction.**

**10.    The identity and location of documents and things concerning the foregoing topics.**

**11.    Persons knowledgeable about the subject matter of the foregoing.**

Defendants did not object to producing witnesses on any of the March 16 topics.  Counsel for Teva indicated that there were no such communications and thus it had no witness to offer.  That being the case, there's no reason why a witness designated to provide testimony on another topic cannot be prepared to so state under oath (and we see no reason to pursue this through another discovery vehicle).  Thus, we request deposition dates and the names of defendants' witnesses by March 31.

*March 17 Notice*

**1.      The dates and circumstances of any analysis, discussion, or evaluation of the '318 patent conducted by or on behalf of Mylan, including but not limited to identification of all individuals involved.**

As with all other topics, Plaintiffs have withdrawn this topic to the extent it relates to the issue of infringement, leaving only the issue of alleged invalidity.  With this qualification, none of the defendants indicated that this discovery is objectionable, although counsel for Mylan and Barr seemed to think that their clients have no non-privileged information to offer (a claim that we find dubious).  In any event, Plaintiffs

COVINGTON & BURLING

William A. Rakoczy, Esq.
March 29, 2006
Page 9

request that all defendants please provide dates and names for their designees by March 31.

**2.      Documents, laboratory notes, or minutes, of any analysis, discussion, or evaluation of the '318 patent conducted by or on behalf of Mylan.**

        During our call, defendants expressed the same position as to this topic as it did for Topic No. 1 above.

**3.      The factual and legal bases for Mylan's First Defense (noninfringement).**

        We have withdrawn our request for testimony on this topic.

**4.      The factual and legal bases for Mylan's Sixth Defense (failure to state a willful infringement claim).**

        We have withdrawn our request for testimony on this topic.

**5.      The factual and legal bases for Mylan's First Claim for Relief (declaratory judgment of patent non-infringement) according to its proof elements, including an element-by-element comparison of each asserted claim of the '318 patent to the use of the Generic Product.**

        We have withdrawn our request for testimony on this topic.

**6.      The identity and location of documents and things concerning the foregoing topics.**

        We refer to the last paragraph in the General Points section above.

**7.      Persons knowledgeable about the subject matter of the foregoing topics.**

        We refer to the last paragraph in the General Points section above.

Issues Particular to Specific Defendants

        During the March 24 call, counsel for Dr. Reddy's indicated that he wished to discuss Topic Nos. 15-20 from the April 19 Notice, and counsel for Teva indicated that she wished to discuss issues related to Teva commercial products identified in the topics of the Teva Notices. I had understood that counsel was to call me on Monday to discuss these matters, but I have not heard from anyone. Please let me know what issues need to be resolved in light of the foregoing. And in any event, please provide us

**COVINGTON & BURLING**

William A. Rakoczy, Esq.
March 29, 2006
Page 10

with the deposition dates and names of the witnesses concerning topics that are not in dispute by March 31.

*    *    *    *

Please let me know if you have any questions or concerns. We look forward to your prompt response.

Sincerely,

Kurt G. Calia

cc:    All defense counsel (via email; see attached service list)
Steven Balick, Esq. (via email)

## SERVICE LIST

| By Electronic Mail and First Class Mail: | By Electronic Mail: |
|---|---|
| William A. Rakoczy (*wrakoczy@rmmslegal.com*)<br>Christine J. Siwik (*csiwik@rmmslegal.com*)<br>Amy D. Brody (*abrody@rmmslegal.com*)<br>Lara Monroe-Sampson (*lmonroe-sampson@rmmslegal.com*)<br>**Rakoczy, Molino, Mazzochi, Siwik LLP**<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60610<br>312.527.2157/phone; 312.527.4205/fax | Mary B. Matterer (*mmatterer@morrisjames.com*)<br>**Morris James Hitchens & Williams LLP**<br>222 Delaware Avenue<br>10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>302.888.6800/phone; 302.571.1750/fax |
| *Counsel for Defendants Mylan Pharmaceuticals Inc. & Mylan Laboratories Inc.* | |

| By Electronic Mail and First Class Mail: | By Electronic Mail: |
|---|---|
| Edward C. Donovan (*edonovan@kirkland.com*)<br>Karen M. Robinson (*krobinson@kirkland.com*)<br>Corey J. Manley (*cmanley@kirkland.com*)<br>**Kirkland & Ellis LLP**<br>655 Fifteenth Street, NW<br>Suite 1200<br>Washington, DC 20005-5793<br>202.879.5000/phone; 202.879.5200/fax | Josy W. Ingersoll (*jingersoll@ycst.com*)<br>John W. Shaw (*jshaw@ycst.com*)<br>**Young Conaway Stargatt & Taylor LLP**<br>The Brandywine Building<br>1000 West Street<br>17th Floor<br>Wilmington, DE 19899-0391<br>302.571.6600/phone; 302.571.1253/fax |
| *Counsel for Defendants Teva Pharmaceuticals USA, Inc. & Teva Pharmaceuticals Industries Ltd.* | |

| | |
|---|---|
| Taras A. Gracey (*tgracey@winston.com*)<br>Lynn M. Ulrich (*lulrich @winston.com*)<br>Brian L. Franklin (*bfranklin@winston.com*)<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, IL 60601<br>312.558.5600/phone; 312.558.5700/fax | |
| *Counsel for Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.* | |

| | |
|---|---|
| Barbara S. Wahl (*wahl.barbara@arentfox.com*)<br>Richard J. Berman (*berman.richard@arentfox.com*)<br>D. Jacques Smith (*smith.jacques@arentfox.com*)<br>Janine A. Carlan (*carlan.janine@arentfox.com*)<br>John K. Hsu (*hsu.john@arentfox.com*)<br>**Arent Fox PLLC**<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5339<br>202.857.6000/phone; 202.857.6395/fax | Philip A. Rovner (*provner@potteranderson.com*)<br>**Potter Anderson & Corroon LLP**<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>302.984.6000/phone; 302.658.1192/fax |
| *Counsel for Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.* | |

| | |
|---|---|
| Robert J. Gunther, Jr. (*robert.gunther@lw.com*)<br>James P. Barabas (*james.barabas@lw.com*)<br>**Latham & Watkins LLP**<br>885 Third Avenue, Suite 1000<br>New York, NY 10022-4834<br>212.906.1200/phone; 212.751.4864/fax | Richard D. Kirk (*rkirk@bayardfirm.com*)<br>**The Bayard Firm**<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>302.655.5000/phone; 302.658.6395/fax |
| *Counsel for Defendants Purepac Pharmaceutical Co. & Alpharma, Inc.* | |

| Stuart Sender (ssender@budd-larner.com)<br>**Budd Larner, P.C.**<br>150 John F. Kennedy Parkway<br>Short Hills, NJ  07078-0999<br>973.315.4462/phone; 973.379.7734/fax | Richard L. Horwitz<br>David E. Moore<br>**Potter Anderson & Corroon LLP**<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P. O. Box 951<br>Wilmington, DE  19899<br>302.984.6000/phone; 302.658.1192/fax |
|---|---|
| **Counsel for Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd.** ||

| Alan Bernstein   (abernstein@crbcp.com)<br>Mona Gupta     (mgupta@crbcp.com)<br>**Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.**<br>1635 Market Street, 11th floor<br>Philadelphia, PA  19103-2212<br>215.567.2010/phone; 215.751.1142/fax | Frederick L. Cottrell, III   (cottrell@rlf.com)<br>Anne Shea Gaza       (gaza@rlf.com)<br>**Richards, Layton & Finger, P.A.**<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE  19899<br>302.651.7700/phone; 302.651.7701/fax |
|---|---|
| **Counsel for Defendant Alphapharm Pty Ltd.** ||

| Steven J. Balick (sbalick@ashby-geddes.com)<br>John G. Day     (jday@ashby-geddes.com)<br>**Ashby & Geddes**<br>222 Delaware Ave., 17th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>302.654.1888/phone; 302.654.2067/fax | |
|---|---|
| **Counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc.** ||

# EXHIBIT M



LAW OFFICES

# CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.

PATENTS, TRADEMARKS, COPYRIGHTS

| | | | | |
|---|---|---|---|---|
| ALAN H. BERNSTEIN | MICHAEL J. BERKOWITZ | FRANK M. LINGUITI | WILLIAM C. YOUNGBLOOD* | A.D. CAESAR (1901-1995) |
| STANLEY H. COHEN | SCOTT M. SLOMOWITZ* | GARY A. GREENE | DAVID B. GORNISH* | CHARLES RIVISE (1900-1951) |
| MANNY D. POKOTILOW | MONA GUPTA | MICHAEL J. CORNELISON | NICHOLAS M. TINARI, JR.* | COUNSEL |
| BARRY A. STEIN | DAVID M. TENER | BRUCE J. CHASAN | | ALLAN H. FRIED, PH.D. |
| MARTIN L. FAIGUS | SALVATORE R. GUERRIERO* | MARINA E. VOLIN* | PATENT AGENT | |
| ERIC S. MARZLUF | JAMES J. KOZUCH | LYNN M. TERREBONNE, PH.D. | JOSEPH F. MURPHY, PH.D. | * ALSO ADMITTED TO PRACTICE IN NJ |
| ROBERT S. SILVER | WILLIAM J. CASTILLO*† | MARC B. BASSLER | | † ALSO ADMITTED TO PRACTICE IN NY |

March 31, 2006

Kurt G. Calia, Esquire
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401

> Re:    **In re: '318 Patent Infringement Litigation;**
> **Civil Action No. 05-356-KAJ (consolidated)**
> **Our Reference No.:  M1260/40001**

Dear Kurt:

This letter is in response to your letter dated March 29, 2006 to Bill Rakoczy regarding last Friday's meet and confer for Plaintiffs' Rule 30(b)(6) deposition notices.

As a preliminary matter, we disagree with some of your characterizations of last Friday's telephone conference. However, to move things forward we are providing dates for Alphapharm's Rule 30(b)(6) deposition. As I had advised you last Friday we were looking into the second week of May and now I confirm that subject to our objections Barry Spencer will be the Rule 30(b)(6) designee for Alphapharm. Mr. Spencer is available for depositions on May 9 and 10, 2006 in New York City at the law firm of Pryor, Cashman, Sherman and Flynn located at 410 Park Avenue. Please advise whether these dates and location are acceptable to Plaintiffs. I will send you early next week a detailed letter specifying the topics for which Mr. Spencer will provide testimony.

As stated in my March 16, 2006 letter to you, Alphapharm is not aware of any licensing efforts with respect to the '318 patent. Nor is Alphapharm aware of any communications with Dr. Bonnie Davis or Synaptech. Therefore, there is no designee for the Rule 30(b)(6) deposition of Alphapharm that Plaintiffs noticed for April 26, 2006.

---

Kurt G. Calia, Esquire
Covington & Burling
March 31, 2006
Page – 2 –

We look forward to an early response to our letter since you can appreciate that Mr. Spencer has to make travel plans from Australia and he needs sufficient notice. Should you want to discuss this matter further, we are available for a telephone conference on Monday, April 3rd.

Cordially yours,

CAESAR, RIVISE, BERNSTEIN,
COHEN & POKOTILOW, LTD.

MG/tc                                By _____
                                        Mona Gupta

*SENT VIA EMAIL AND FEDERAL EXPRESS*

cc:    All Defense Counsel (see attached service list)
       Fred L. Cottrell, Esquire (via e-mail)
       Anne S. Gaza, Esquire (via e-mail)

Kurt G. Calia, Esquire
Covington & Burling
March 31, 2006
Page – 3 –

## SERVICE LIST

| By E-mail and Federal Express | |
|---|---|
| **Counsel for Plaintiffs Janssen Pharmceutica N.V., Janssen, L.P. and Synaptech, Inc.** | |
| George F, Pappas (gpappas@cov.com)<br>Roderick R.McKelvie (mckelvie@cov.com)<br>Christopher N. Sipes (csipes@cov.com)<br>Jeffrey B. Elikan (jelikan@cov.com)<br>Laura H. McNeill (lmcneill@cov.com)<br>Uma N. Everett (ueverett@cov.com)<br>**Covington & Burling**<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2401<br>Phone: (202) 662-6000<br>Fax: (202) 662-6291 | John G. Day (jday@ashby-geddes.com)<br>Steven J. Balick (sbalick@ashby-geddes.com)<br>**Ashby & Geddes**<br>222 Delaware Ave., 17 Fl.<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Phone: (302) 654-1888<br>Fax: (302) 654-2067 |

| By E-mail | |
|---|---|
| **Counsel for Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.** | |
| George C. Lombardi (glombardi@winston.com)<br>Taras A. Gracey (tgracey@winston.com)<br>Lynn M. Ulrich (lulrich@winston.com)<br>Brian L. Franklin (bfranklin@winston.com)<br>**Winston & Strawn LLP**<br>35 West Wacker Dr.<br>Chicago, IL 60601<br>Phone: (312) 558-5000<br>Fax: (312) 558-5700 | John C. Phillips. Jr. (jcp@pgslaw.com)<br>Brian E. Farnan (bef@pgslaw.com)<br>**Phillips, Goldman & Spence, P.A.**<br>1200 N. Broom St.<br>Wilmington, DE 19806<br>Phone: (302) 655-4200<br>Fax: (302) 655-4210 |
| **Counsel for Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd.** | |
| Stuart D. Sender (ssender@budd-larner.com)<br>**Budd Larner, P.C.**<br>150 John F. Kennedy Parkway<br>Short Hills, New Jersey 07078-2703<br>Phone: (973) 315-4462<br>Fax: (973) 379-7734 | Richard Horwitz (rhorwitz@potteranderson.com)<br>**Potter Anderson & Corroon LLP**<br>1313 N. Market Street, Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Phone: (302) 984-6000<br>Fax: (302) 658-1192 |

Kurt G. Calia, Esquire
Covington & Burling
March 31, 2006
Page – 4 –

| Counsel for Defendants Mylan Pharmaceuticals Inc. and Mylan Laboratories Inc. ||
|---|---|
| William A. Rakoczy (*wrakoczy@rmmslegal.com*) <br> Christine J. Siwik (*csiwik@rmmslegal.com*) <br> Amy D. Brody (*abrody@rmmslegal.com*) <br> **Rakoczy Molino Mazzochi Siwik LLP** <br> 6 W. Hubbard St., Suite 500 <br> Chicago, IL 60610 <br> Phone:  (312) 527-2157 <br> Fax:  (312) 222-6345 | Mary B. Matterer (*mmatterer@morrisjames.com*) <br> **Morris James Hitchens & Williams LLP** <br> 222 Delaware Ave., l0thFloor <br> P.O. Box 2306 <br> Wilmington, DE 19899-2306 <br> Phone:  (302) 888-6800 <br> Fax:  (302) 571-1750 |
| Counsel for Defendants Par Pharmaceuticals, Inc. and Par Pharmaceutical Companies, Inc. ||
| Barbara S. Wahl (*wahl.barbara@arentfox.com*) <br> Richard J. Berman (*berman.richard@arentfox.com*) <br> D. Jacques Smith (*smith.jacques@arentfox.com*) <br> Janine A. Carlan (*carlanjanine@arentfox.com*) <br> John K. Hsu (*hsu.john@arentfox.com*) <br> **Arent Fox PLLC** <br> 1050 Connecticut Ave., N.W. <br> Washington, D.C. 20036-5339 <br> Phone:  (202) 857-6000 <br> Fax:  (202) 857-6359 | Philip A. Rovner (*provner@potteranderson.com*) <br> **Potter Anderson & Corroon LLP** <br> 1313 N. Market Street, Hercules Plaza, 6th Floor <br> P.O. Box 951 <br> Wilmington, DE 19899-0951 <br> Phone:  (302) 984-6000 <br> Fax:  (302) 658-1192 |
| Counsel for Defendants Purepac Pharmaceutical Co. and Alpharma Inc. ||
| Robert J. Gunther, Jr. (*robert.gunther@lw.com*) <br> James P. Barabas (*james.barabas@lw.com*) <br> **Latham & Watkins LLP** <br> 885 Third Ave., Suite 1000 <br> New York, N.Y. 10022-4802 <br> Phone:  (212) 906-1200 <br> Fax:  (212) 751-4864 | Richard D. Kirk (*rkirk@bayardfirm.com*) <br> **The Bayard Firm** <br> 222 Delaware Ave. - Suite 900 <br> P.O. Box 25130 <br> Wilmington, DE 19899 <br> Phone:  (302) 655-5000 <br> Fax:  (302) 658-6395 |
| Counsel for Defendants Teva Pharmaceuticals USA and Teva Pharmaceuticals Industries Ltd. ||
| Daniel F. Attridge, P.C. (*dattridge@kirkland.com*) <br> Edward C. Donovan (*edonovan@kirkland.com*) <br> Karen M. Robinson (*krobinson@kirkland.com*) <br> Corey J. Manley (*cmanley@kirkland.com*) <br> **Kirkland & Ellis LLP** <br> 655 Fifteenth Street, N.W. – Suite 1200 <br> Washington, D.C. 20005-5793 <br> Phone:  (202) 879-5000 <br> Fax:  (202) 879-5200 | Josy W. Ingersoll (*jingersoll@ycst.com*) <br> John W. Shaw (*jshaw@ycst.com*) <br> Adam W. Poff (*apoff@ycst.com*) <br> **Young Conaway Stargatt & Taylor LLP** <br> The Brandywine Building <br> 1000 West St., 17th Floor <br> P.O. Box 391 <br> Wilmington. DE 19899-0391 <br> Phone:  (302) 571-6600 <br> Fax:  (302) 571-1253 |

## Calia, Kurt

| | |
|---|---|
| **From:** | Calia, Kurt |
| **Sent:** | Friday, March 31, 2006 4:42 PM |
| **To:** | 'Gupta, Mona' |
| **Cc:** | Alan Bernstein (abernstein@crbcp.com); Amy D. Brody (abrody@rmmslegal.com); Anne Shea Gaza (gaza@rlf.com); Barbara S. Wahl (wahl.barbara@arentfox.com); Brian L. Franklin (bfranklin@winston.com); Christine J. Siwik (csiwik@rmmslegal.com); Corey J. Manley (cmanley@kirkland.com); D. Jacques Smith (smith.jacques@arentfox.com); Edward C. Donovan (edonovan@kirkland.com); Frederick L. Cottrell III (cottrell@rlf.com); James P. Barabas (james.barabas@lw.com); Janine A. Carlan (carlan.janine@arentfox.com); John G. Day (jday@ashby-geddes.com); John K. Hsu (hsu.john@arentfox.com); John W. Shaw (jshaw@ycst.com); Josy W. Ingersoll (jingersoll@ycst.com); Karen M. Robinson (krobinson@kirkland.com); Lara Monroe-Sampson (lmonroe-sampson@rmmslegal.com); Lynn M. Ulrich (lulrich@winston.com); Mary B. Matterer (mmatterer@morrisjames.com); Mona Gupta (mgupta@crbcp.com); Philip A. Rovner (provner@potteranderson.com); Richard D. Kirk (rkirk@bayardfirm.com); Richard J. Berman (berman.richard@arentfox.com); Robert J. Gunther Jr. (robert.gunther@lw.com); Steven J. Balick (sbalick@ashby-geddes.com); Stuart Sender (ssender@budd-larner.com); Taras A. Gracey (tgracey@winston.com); William A. Rakoczy (wrakoczy@rmmslegal.com) |
| **Subject:** | In re: '318 Patent Litigation |

Mona

Your letter from this afternoon does not specify which topics Mr. Spenser will testify to and which he will not. Your letter that he will testify "subject to [Alpharpharm's] objections" is not informative because your objections and responses do not identify any non-objectionable subjects. During last Friday's meet and confer, you did not raise specific objections with us, nor do my notes reflect that you commented on the concerns raised by other defendants. We need to know right away which subjects are disputed and which are not (beyond your statement about licensing discussions, regarding which we would simply expect Mr. Spenser to testify that there's no responsive information). As you know, we have been seeking this information for some time.

While we will consider the May 9-10 dates you have proposed, we find it hard to believe that Mr. Spenser can appear for deposition earlier. We would be willing to accept dates before the noticed dates if that works for Alphapharm. Please advise.

Sincerely,
Kurt G. Calia
**Covington & Burling**
1201 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2401
202.662.5602 (v); 202.778.5602 (f)
kcalia@cov.com; www.cov.com
*This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail and any attachments from your system. Thank you for your cooperation.*

# WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

LYNN MACDONALD ULRICH
(312) 558-7544
lulrich@winston.com

March 31, 2006

**VIA E-MAIL AND U.S. MAIL**

Kurt G. Calia, Esq.
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, D.C. 20004-2401

Re:    **In Re: '318 Patent Infringement Litigation**
       **C.A. No. 05-356 (KAJ) (D. Del.) (consolidated)**

Dear Kurt:

I write on behalf of Barr regarding Plaintiffs' 30(b)(6) deposition notices to Barr and in response to your letter from March 29 to Bill Rakoczy regarding such notices. In light of the parties' agreement last week about the scope of some of Plaintiffs' 30(b)(6) topics, Barr now is in a position to identify witnesses in response to those topics.

First, let me be clear that Barr has not waived any of its general or specific objections to any of the topics in Plaintiffs' 30(b)(6) notices to Barr. Accordingly, your statement in your March 29 letter that Defendants do not have objections to certain topics in Plaintiffs' notices is not accurate. Barr will produce its 30(b)(6) witnesses subject to and without waiving any of its objections.

Second, as we discussed at length last week, it is Barr's position that most of Plaintiffs' topics, particularly those topics regarding Barr's defenses, seek information that is privileged or work product. It should come as no surprise to you that apart from interrogatory responses, any material information that a witness at Barr has about Barr's legal defenses is most likely work product or attorney client privileged. It is wholly improper for Plaintiffs to attempt to invade such privileges under the guise of seeking "factual" contentions about invalidity defenses.

Third, pursuant to the Scheduling Order, Plaintiffs are entitled to no more than 7-hours with each of Barr's 30(b)(6) witnesses and we strongly suspect that Plaintiffs will not need a full 7-hours with these witnesses. If Barr believes that Plaintiffs are trying to prolong the deposition unnecessarily, Barr will take the issue to Judge Jordan immediately.

WINSTON & STRAWN LLP

Kurt G. Calia, Esq.
March 31, 2006
Page 2

Fourth, as for the location of Barr's depositions, Barr accommodated Plaintiffs' counsel and their deposition witnesses by taking the depositions of Dr. Bonnie Davis, Dr. Kenneth Davis and Mr. John Richards in New York rather than Delaware. (*See* 1/30/06 email from L. Ulrich to C. Sipes). We expect the same degree of cooperation from Plaintiffs. Therefore, Barr would like to proceed with the depositions of its designees in either Woodcliff Lake, New Jersey or at Covington's offices in NY. If Plaintiffs are serious about obtaining Barr's testimony as soon as possible, I strongly urge you to proceed with the depositions at the locations requested herein. Barr's witnesses have extremely demanding schedules and if the depositions do not proceed in NJ or NY, the witnesses may not be available to testify on the deposition dates offered in this letter.

**Barr's Designees on Undisputed Topics**

Subject to Barr's objections, Barr designates Mr. Timothy Sawyer to testify on Topics 5, 6 and 18 from Plaintiff's March 30 notice[1] on April 18 at Covington's office in NY. As for topic 18, it is highly unlikely that Barr will have information about document retention policies going back to 1986. You agreed during our meet-and-confer that you would be surprised if any of the Defendants (or Plaintiffs for that matter) would have such information. I understand from your letter yesterday that Plaintiffs can proceed with Mr. Sawyer's deposition on April 18. Please confirm the location.

Subject to Barr's objections, Barr designates Mr. Paul Bisaro to testify on topics 2-3 from Plaintiffs' March 28 Notice, topics 1-5 in Plaintiffs' March 29 Notice, and topics 2-4 and 8-10 from Plaintiffs' March 30 Notice. As for topics 2 and 3 from Plaintiff's March 28 notice, we explained that it is impossible to prepare a witness on these topics unless the communication about the '318 patent is in non-privileged documents produced in this case. You indicated that you understood that it would be difficult to prepare a witness on this unless the conversation about the '318 patent was reflected in such documents. Indeed, we collectively referred to these topics as the "chatty scientist" topics. Mr. Bisaro is available for his deposition on April 14 at the Hilton in Woodcliff Lake, NJ. Given Plaintiffs' claim that they need to proceed with these depositions as soon as possible, we assume that Plaintiffs will be able to proceed with Mr. Bisaro's deposition on April 14. If Plaintiffs are not able to do so, Mr. Bisaro may not be available again in April for his deposition due to his extremely demanding schedule as President and COO of Barr Labs.

To be clear, Barr is not aware of any information responsive to any of the topics in Plaintiffs' March 29 notice. Therefore, any testimony by Mr. Bisaro on these topics will be to confirm the non-existence of information.

---

[1] Barr has identified Plaintiffs' deposition notices according to the deposition date set forth in the notice.

WINSTON & STRAWN LLP

Kurt G. Calia, Esq.
March 31, 2006
Page 3

### Disputed Topics

In your March 29 letter, you fundamentally changed the agreement that you made with Defendants' counsel during the March 24 meet-and-confer regarding topics 11-14 of Plaintiffs' March 30 Notice to Barr. During the meet-and-confer, you agreed to drop topics 11 and 12 and to limit topics 13 and 14 to non-galantamine products for Alzheimer's disease that failed. In view of Plaintiffs' shift in position, Barr will have to consider whether Plaintiffs are entitled to the scope of discovery that you are now seeking, and whether Barr has any such information. I will let you know early next week whether Barr will designate a witness on these topics.

Additionally, it appears from your letter that Plaintiffs will not agree to withdraw or reschedule the contention related topics in Plaintiffs' notices (*i.e.*, topics 1, and 15-16 from March 30 Notice). Plaintiffs' decision is unfortunate. As we explained last week, we fail to see what non-privileged or non-work product information a fact witness at Barr has about Barr's invalidity defenses that has not otherwise been provided (or will be provided) to Plaintiffs' counsel in the form of a discovery response. Plaintiffs' desire to question a Barr witness on these topics will elicit privilege and work product objections. Subject to these objections, I will let you know early next week whether Barr will designate a witness on these topics.

Please note that Barr is not able to designate a witness on topic 7 from the March 30 notice as written. As I explained last week, it is simply unreasonable to expect Barr to prepare a witness to testify about "each and every contribution" associated with the preparation, filing and decision to file Barr's ANDA. During the meet-and-confer you stated that you would attempt to narrow the scope of this overbroad topic. Please let me know if Plaintiffs intend to do so.

### Eliminated Topics

Based on your March 29 letter, it is my understanding that Plaintiffs have eliminated the following topics as separate topics from Plaintiffs' notices to Barr: topics 4-7 from the March 28 Notice, topics 6 -7 from the March 29 Notice, and topics 17 and 19 from the March 30 Notice.

Barr also requests that Plaintiffs withdraw topic 1 from the March 28 Notice because it relates solely to infringement. If you contend that it relates to invalidity, it is duplicative of Topic 1 of the March 30 Notice.

**WINSTON & STRAWN** LLP
Kurt G. Calia, Esq.
March 31, 2006
Page 4

Please contact me if you would like to discuss these issues.

Very truly yours,

Lynn M. Ulrich

LMU/dg

cc:    Counsel of Record (via e-mail)

**Calia, Kurt**

| | |
|---|---|
| **From:** | Dmitry Sheluho [dsheluho@budd-larner.com] |
| **Sent:** | Friday, March 31, 2006 4:57 PM |
| **To:** | Calia, Kurt |
| **Cc:** | sbalick@ashby-geddes.com |
| **Subject:** | Re: In re: '318 Patent Litigation |

Kurt,

We appreciate your response to our request for clarification of topics 15-20 of the April 19, 2006 notice, which we discussed during today's morning teleconference and were awaiting. DRL designates Seshu Akula as its 30(b)(6) witness, who will be presented for the deposition on May 19, 2006, for all topics, except topics 15-20 and subject to DRL's objections.

We will study your clarification of topics 15-20 sent to us today and let you know shortly our position on those topics. As you know and acknowleged during the teleconference, these topics are subject to at least timing contention with other Defendants, DRL including.

Thank you.
Dmitry


>>> "Calia, Kurt" <kcalia@cov.com> >>>
Counsel

Please see the attached letter to Dmitry Sheluho, counsel for DRL.

Sincerely,
Kurt G. Calia
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
202.662.5602 (v); 202.778.5602 (f)
kcalia@cov.com; www.cov.com
This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail and any attachments from your system. Thank you for your cooperation.

<<033106 Sheluho ltr.pdf>>