# THE BAYARD FIRM
A T T O R N E Y S

222 Delaware Avenue, Suite 900
P.O Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395
Writer's Direct Access

FILED ELECTRONICALLY

(302) 429-4208
rkirk@bayardfirm.com

April 10, 2006

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10
Wilmington, DE 19801

        In re '318 Patent Infringement Litigation, C.A. No. 05-356-KAJ

Dear Judge Jordan:

        We represent defendants Actavis Group ("Actavis") and Purepac Pharmaceutical Co. ("Purepac"). This is in response to Plaintiffs' March 31, 2006 letter to the Court relating to the discovery dispute that will be addressed in the telephone conference with the Court scheduled for 2:00 p.m. on Wednesday, April 12, 2006. As an initial matter, we wish to advise the Court that Actavis, an Icelandic corporation, recently acquired the generic drug business of Alpharma Inc., including Alpharma's former subsidiary, Purepac. We refer herein to Actavis and Purepac collectively as "Purepac."

        <u>Janssen And Purepac Have Agreed Upon A Stay Which Limits the Scope of Discovery</u>

        In its March 31 letter, Janssen asserts that Purepac has offered no witnesses for any of the topics in Janssen's Rule 30(b)(6) deposition notices. The reason for this, which Janssen neglects to inform the Court, is that for the last several weeks, Purepac and Janssen have been negotiating the terms of a stay that would greatly reduce the scope of discovery from Purepac and which would entirely eliminate the need for Purepac to seek discovery from Janssen. Purepac and Janssen signed a stipulation embodying the proposed stay on March 28, 2006, and will be asking the Court to so order the stipulation shortly. The executed stay stipulation, a copy of which is attached as Exhibit A, essentially provides that Purepac will agree to be bound by the result in

622651v1

THE BAYARD FIRM

The Honorable Kent A. Jordan
April 10, 2006
Page 2

this litigation.[1]

The stay stipulation narrows the scope of discovery from Purepac to the following topic: objective considerations of non-obviousness, such as skepticism in the art, failure of others, and/or acquiescence in or licensing of the patented invention. (Ex. A) However, Janssen's Rule 30(b)(6) deposition notices, which were served before the parties began negotiating the stay, contain 35 subject areas, many of which are beyond the now-limited scope of discovery under the stay stipulation. (See Exs. D, E, F, without their exhibits and attachments) As a result, Purepac and Janssen need to meet and confer to determine which of the subject areas in Janssen's Rule 30(b)(6) notices are still applicable. Purepac contacted Janssen on April 5 to set up such a conference, but Janssen has not responded. (Ex. G).

In view of the stay stipulation, Purepac believes that the most appropriate way to proceed is for counsel for Janssen and Purepac to meet and confer to identify those Janssen document requests and Rule 30(b)(6) subject areas that are relevant to the remaining issue of objective considerations of non-obviousness. Purepac will then produce relevant documents, identify an appropriate witness or witnesses and work with Janssen to schedule a deposition or depositions. Given the sequence of events and Janssen's non-response to Purepac's efforts to meet and confer on these issues, Janssen's request for relief from the Court for an immediate identification of multiple witnesses is neither productive nor appropriate.

Respectfully submitted,

Richard D. Kirk (rk0922)

RDK
Enclosures
cc:     Clerk of Court, by hand
         All counsel of record as shown on attached service list

---

[1] Purepac had hoped to get the stay stipulation on file before the April 12, 2006 conference. However, Janssen has failed to cooperate in getting the stay on file. Purepac would like to file the stay stipulation along with a Stipulation For Substitution Of Party to avoid creating confusion as to Actavis, which is not currently a named party in the '318 Patent Litigation. Purepac has been trying to secure Janssen's cooperation to submit a substitution stipulation since January 27, 2006, as shown by the attached email. (Ex. B) All of the defendants have approved of this stipulation, but Purepac has had difficulty in getting cooperation from Janssen to get this stipulation on file, despite the parties' agreement that "it makes sense to take care of both the stipulation and the substitution papers together." (Ex. C)

622651v1