EXHIBIT A

# COVINGTON & BURLING

| | | |
|---|---|---|
| 1201 PENNSYLVANIA AVENUE NW<br>WASHINGTON, DC 20004-2401<br>TEL 202 662 6000<br>FAX 202 662 6291<br>WWW.COV.COM | WASHINGTON<br>NEW YORK<br>SAN FRANCISCO<br>LONDON<br>BRUSSELS | KURT G CALIA<br>TEL 202.662 5602<br>FAX 202.778 5602<br>KCALIA@ COV.COM |

March 28, 2006

**VIA E-MAIL and FEDERAL EXPRESS**

James P. Barbaras, Esq.
Latham & Watkins LLP
885 Third Avenue,
New York, NY 10022-4834

Re:    In re: '318 Patent Infringement Litigation; Civil Action No.
         05-356-KAJ (consolidated)

Dear Jim:

Enclosed please find an executed copy of the agreed-upon stay in the above-identified litigation matter.  We understand that you will sign it and send it along to your local counsel, who will reach out to Steve Balick for his signature before filing it.

Please let me know if you have any questions or concerns.

Sincerely,

Kurt G. Calia

Enclosure (via email and Federal Express)

cc:    Steven Balick, Esq. (via e-mail, w/ encl.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

)
IN RE: '318 PATENT INFRINGEMENT )
LITIGATION                                    )          Civil Action No. 05-356-KAJ
                                                   )                (Consolidated)
_____)

## STIPULATION AND ORDER

WHEREAS plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech,

Inc. (collectively "Janssen") and defendants Actavis Group and Purepac Pharmaceutical

Co. (collectively "Purepac") have been litigating the issues of alleged infringement and

validity of U.S. Patent No. 4,663,318 ("the '318 patent") predicated on Purepac's filing

of an Abbreviated New Drug Application, No. 77-585, to obtain approval for the

manufacture, use and sale of galantamine hydrobromide oral tablets equivalent to 4, 8

and 12 mg base, beginning in Civil Action No. 05-382-KAJ ("the Purepac Action"); and

WHEREAS the Purepac Action was consolidated with similar cases Janssen

commenced against several other defendants; all of which have been consolidated in this

Court under the above caption and in Civil Action No. 05-356-KAJ ("the '318 Action");

IT IS HEREBY STIPULATED AND AGREED, between Janssen and Purepac,

through their undersigned attorneys, that:

1.      This Purepac Action is STAYED with the exception of discovery from

        Purepac relating to objective considerations of non-obviousness, such as

        skepticism in the art, failure of others, and/or acquiescence in or licensing

        of the patented invention;

2.    If a judgment of invalidity or unenforceability is entered in the '318 Action and Purepac, at its option, renews its efforts to obtain FDA approval of ANDA 77-585, the stay shall be lifted and such a judgment shall be entered in the Purepac Action at the same time;

3.    If a judgment in favor of Janssen is entered in the '318 Action, the stay shall be lifted and such a judgment shall be entered in the Purepac Action at the same time;

4.    Any judgment entered in favor of Purepac herein as a result of a judgment in the '318 Action shall be subject to appeal by Janssen in that Action;

5.    Any judgment entered in favor of Janssen herein as a result of a judgment in the '318 Action may be appealed by Purepac on the record in the '318 Action;

6.    In the event that judgment in favor of Janssen with respect to the issues of validity, enforceability, or infringement is not appealed by Purepac, but is vacated, modified, affirmed or reversed on appeal in the '318 Action, then such judgment in the Purepac Action shall in like manner be vacated, modified, affirmed or reversed;

7.    In the event that any of the cases consolidated in the '318 Action is resolved by settlement under which a defendant is permitted to market either an authorized brand generic under Janssen's NDA or an Alzheimer's product described in such defendant's ANDA, Purepac may, at its option, renew its efforts to obtain FDA approval of ANDA 77-585, and Janssen may, at its option, reactivate this lawsuit;

2

8.    Purepac shall provide the FDA with a copy of this Order within ten days

of its entry, with a copy to Janssen's counsel in the '318 Action; and

9.    Notwithstanding the foregoing, either party may move to lift the stay for

good cause shown.


Dated: March  , 2006

*Jame P. Barabas*

Robert J. Gunther, Jr.
James P. Barabas
LATHAM & WATKINS, LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
Telephone: (212) 906-1200

*Richard D. Kirk*

Richard D. Kirk (Delaware Bar No. 922)
THE BAYARD FIRM
222 Delaware Ave., Suite 900
P.O. Box 25130
Wilmington, DE 19899
Telephone: (302) 655-5000
Attorneys for Defendants
*Actavis Group and Purepac Pharmaceutical Co.*

*Christopher Sipes / KGC*

George F. Pappas
Christopher N. Sipes
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-6000

_____

Steven J. Balick (Delaware Bar
No. 2114)
ASHBY & GEDDES
222 Delaware Avenue, 17th floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Attorneys for Plaintiffs
*Janssen Pharmaceutica, N. V.*
*Janssen, L.P. and Synaptech, Inc.*


**SO ORDERED:**


_____

United States District Judge

Dated:

EXHIBIT B

**Barabas, James (NY)**

| | |
|---|---|
| **From:** | Barabas, James (NY) |
| **Sent:** | Friday, January 27, 2006 1:23 PM |
| **To:** | lmcneill@cov.com |
| **Cc:** | Gunther, Robert (NY) |
| **Subject:** | Stipulation For Substitution Of A Party |

**Attachments:**    Scan001.PDF

Laura,

Thanks for getting back to me.  As we discussed, attached for your review and comment please find a "Stipulation For Substitution Of A Party."  I've also attached a press release to give you some background.  We look forward to your comments.  Thanks, Jim



Scan001.PDF (57 KB)

http://biz.yahoo.com/prnews/051219/nym139.html?.v=29

**James Barabas**

**LATHAM & WATKINS** LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
Direct Dial: (212) 906-1679
Fax: (212) 751-4864
Email: james.barabas@lw.com
www.lw.com

EXHIBIT C

## Barabas, James (NY)

**From:**  Calia, Kurt [kcalia@cov.com]
**Sent:**  Monday, April 03, 2006 7:46 PM
**To:**  Barabas, James (NY)
**Cc:**  Gunther, Robert (NY)
**Subject:** RE: Stipulation For Substitution Of Party

Jim

I agree that it makes sense to take care of both the stipulation and the substitution papers together.  I think that this substitution is fine, with one caveat.  Even though Purepac remains as a defendant, we want to be clear that Actavais and Purepac are both obligated to comply with discovery (as limited by the agreed-upon stipulation) and that Actavais submits to the jurisdiction of the Court in Delaware.  If that is acceptable to you, please make the appropriate modification to this stipulation, and we will sign it and get it back to you.

Thanks, and let me know if you have any questions or if you need to discuss this.

Best,
Kurt

---

**From:** James.Barabas@lw.com [mailto:James.Barabas@lw.com]
**Sent:** Thursday, March 30, 2006 9:19 PM
**To:** Calia, Kurt
**Cc:** ROBERT.GUNTHER@lw.com
**Subject:** Stipulation For Substitution Of Party

Kurt,

Our local counsel pointed out that we should submit a "stipulation for substitution of party" before filing the stay.  The attached stipulation, which has been approved by our co-defendants, would bring to the Court's attention that Actavis has taken over Alpharma's generic drug business.  The Actavis-Alpharma transaction is described on this website: http://www.alpharma.com/pages/getpage.aspx?id=9D5AC6C8-1CAA-44DC-9EFA-84F7D187B5C5  Please let me know if you have any questions, comments, or changes.  If this stipulation for substitution is acceptable to Janssen, I'll coordinate with our co-defendants so that our respective local counsel can sign off on it.  We look forward to getting both the stipulation for substitution and the stay on file.  Thanks for your cooperation.  Regards, Jim

<<1107566_1.DOC>>

*********************************************************************************

To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

For more information please go to http://www.lw.com/resource/Publications/_pdf/pub1289_1.pdf
*********************************************************************************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding

without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

4/7/2006

# EXHIBIT D
## (without exhibits or attachments)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: '318 PATENT ) C.A. No. 05-356-KAJ
INFRINGEMENT LITIGATION ) (consolidated)
)
)

## NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)
## TO PUREPAC PHARMACEUTICAL CO. AND ALPHARMA, INC.

**PLEASE TAKE NOTICE** that on April 11, 2006 commencing at 9:00 a.m.,

at the offices of Covington & Burling, 1201 Pennsylvania Avenue, N.W., Washington, D.C.

20004, Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc. (collectively,

"Plaintiffs" or "Janssen") will take the deposition upon oral examination of Defendants

Purepac Pharmaceutical Co. and Alpharma, Inc. (collectively, "Purepac") pursuant to Rule

30(b)(6) of the Federal Rules of Civil Procedure. This deposition upon oral examination will

be conducted before an officer authorized to administer oaths and will be recorded by

stenographic and videographic means.

Plaintiffs serve this Notice without waiver of its objections to the deficiencies

in Purepac's document production and other discovery responses concerning the subject

matter of the instant Notice, and reserve the right to continue this deposition as necessary in

light of any subsequent document production by Purepac.

Plaintiffs will take this deposition upon oral examination through one or more

officers, directors, managing agents or other persons designated by Purepac pursuant to Rule

30(b)(6) of the Federal Rules of Civil Procedure as the person(s) knowledgeable to testify on

Purepac's behalf concerning the topics identified in Schedule A. Purepac is requested to

provide counsel for Plaintiffs with the identity of the individual(s) who will testify regarding

each topic at least one week in advance of the deposition. The deposition will continue from

day to day until completed with such adjournments as to time and place as may be necessary.

You are invited to attend and examine the witness(es).

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Janssen Pharmaceutica N.V.,*
*Janssen, L.P., and Synaptech, Inc.*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Jeffrey B. Elikan
Laura H. McNeill
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202-662-6000
Fax: 202-662-6291

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
Tel: 732-524-2805
Fax: 732-524-5866

Dated: February 21, 2006

166734.1

2

## SCHEDULE A

### Definitions

1.      As used herein, "Purepac" shall mean Defendants Purepac

Pharmaceutical Co. and Alpharma, Inc. and all of Purepac Pharmaceutical Co.'s corporate

parents, corporate predecessors and past or present subsidiaries, affiliates, divisions,

departments, officers, directors, principals, agents and employees.

2.      As used herein, "Purepac's ANDA" shall mean Purepac's Abbreviated

New Drug Application Number 77-585.

3.      As used herein, "the Generic Product" shall mean the proposed generic

galantamine product that is the subject of Purepac's ANDA.

4.      As used herein, "the '318 patent" shall mean United States Patent No.

4,663,318.

5.      As used herein, "document" shall have the full meaning ascribed to it

by the Federal Rules of Civil Procedure and shall include any means for retaining

information.

6.      As used herein, "FDA" shall mean the United States Food and Drug

Administration.

7.      As used herein, "Paragraph IV notice" refers to Purepac's April 29,

2005 letter to Plaintiffs attached hereto as Exhibit 1.

8.      "Person" and "persons" mean any natural person and any business,

legal, corporate, or governmental entity, association, or organization.

9.      "Alzheimer's Disease" means any diagnosis, illness, or ailment described as being of the Alzheimer's type, including without limitation Senile Dementia of the Alzheimer's Type, and/or Alzheimer's Dementia.

10.     "Galantamine" includes without limitation galantamine, galanthamine, and any salt of galatamine, such as galantamine hydrobromide.

4

**Topics of Examination**

1.     Purepac's Paragraph IV notice including, without limitation, the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "claims 1 and 4 of the '318 patent, when properly interpreted, are invalid for a variety of reasons."

2.     Purepac's Paragraph IV notice including, without limitation, the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "[a] summary of a talk given by P.A. Bhasker, M.D., D.M. entitled "Medical Management of Dementia" published in the journal *The Antiseptic*, Vol. 71, No. 1, pp 45-47 (January 1974)("Bhasker")(Ex.1) anticipates claim 1 of the '318 patent."

3.     The circumstances under which Purepac first became aware of the P.A. Bhasker article cited in Purepac's Paragraph IV notice, *Medical Management of Dementia*, including how Purepac learned of it, who was involved in this first awareness, and any evaluation conducted of it by or on behalf of Purepac, then or subsequent to the time Purepac became aware of it.

4.     Any evaluation, consideration or discussion conducted by Purepac to develop the Generic Product, including the names and responsibilities of all persons who were involved in the evaluation, consideration or discussion by Purepac to develop the Generic Product.

5.     The decision to file an application with the FDA seeking approval to manufacture and sell a drug product containing galantamine.

6.     Any evaluation, consideration or discussion conducted by Purepac to market the Generic Product, including the names and responsibilities of all persons who were

involved in the evaluation, consideration or discussion by Purepac to market the Generic Product.

       7.     The benefits, including revenues and profits, that Purepac projects, anticipates, expects, or forecasts it will obtain should Purepac's ANDA receive approval from the U.S. Food and Drug Administration.

       8.     Marketing strategies, marketing plans, and projected sales for Purepac's Generic Product.

       9.     Each and every contribution and/or input that Purepac, or any employee or agent of Purepac, has made to the preparation, decision to file, filing and/or prosecution of Purepac's ANDA, including: (a) any information relating to regulatory procedures and strategies for obtaining regulatory approval of the Generic Product of Purepac's ANDA; (b) any information comprising, relating to or contained in the 21 U.S.C. § 355(j)(2)(A)(vii)(IV) certifications submitted in connection with Purepac's ANDA; and (c) any information comprising, relating to or contained in the statements of factual and legal basis for invalidity, unenforceability, and/or noninfringement included with the notice of these certifications.

      10.    The factual basis for Purepac's proposed assertion that Purepac's ANDA is indicated for the treatment of mild to moderate Alzheimer's disease.

      11.    The circumstances in which Purepac first became aware of galantamine as a treatment for Alzheimer's disease, including but not limited to the date on which this occurred and the people involved.

      12.    The circumstances in which Purepac first became aware of the '318 patent, including but not limited to the date on which this occurred and the people involved.

13.    Any consideration or evaluation by Purepac of developing a drug product containing galantamine for the treatment of Alzheimer's Disease.

14.    Identification of all individuals, whether employees of Purepac or third parties, having a role in the consideration or evaluation by Purepac of developing a drug product containing galantamine for the treatment of Alzheimer's disease that is the subject of Topic 13, and a description of those roles.

15.    Any effort by Purepac to develop any drug product other than the Generic Product set forth in Purepac's ANDA.

16.    Identification of all individuals, whether employees of Purepac or third parties, having a role in the research, development or testing of such a treatment responsive to Topic 15, and a description of those roles.

17.    The factual and legal bases for Purepac's Second Defense that each claim of the '318 patent is invalid for failure to satisfy one or more of sections 101, 102, 103, 112 and 116 of Title 35 of the United States Code.

18.    The factual and legal bases for Purepac's Second Counterclaim that each claim of the '318 patent is invalid for failure to satisfy one or more of sections 101, 102, 103, 112 and 116 of Title 35 of the United States Code according to its proof elements, including an element-by-element comparison of each asserted claim of the '318 patent to the prior art Purepac relies upon and the motivation of one of skill in the art to combine any references under 35 U.S.C. §103, as well as a description of any non-prior art defenses such as lack of enablement, insufficient written description, failure to disclose best mode, or claim indefiniteness under 35 U.S.C. § 112.

7

19.     The identity and location of documents and things concerning the

foregoing topics.

20.     Purepac's document retention policies from 1986 to the present.

21.     Persons knowledgeable about the subject matter of the foregoing

topics.

166734.1

8

.

# EXHIBIT E
## (without exhibits or attachments)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: '318 PATENT                )    C.A. No. 05-356-KAJ
INFRINGEMENT LITIGATION           )    (consolidated)
                                  )
                                  )

### NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)
### TO PUREPAC PHARMACEUTICAL CO. AND ALPHARMA, INC.

**PLEASE TAKE NOTICE** that on April 12, 2006 commencing at 9:00 a.m.,

at the offices of Covington & Burling, 1201 Pennsylvania Avenue, N.W., Washington, D.C.

20004, Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc. (collectively,

"Plaintiffs" or "Janssen") will take the deposition upon oral examination of Defendants

Purepac Pharmaceutical Co. and Alpharma, Inc. (collectively, "Purepac") pursuant to Rule

30(b)(6) of the Federal Rules of Civil Procedure. This deposition upon oral examination will

be conducted before an officer authorized to administer oaths and will be recorded by

stenographic and videographic means.

Plaintiffs serve this Notice without waiver of its objections to the deficiencies

in Purepac's document production and other discovery responses concerning the subject

matter of the instant Notice, and reserve the right to continue this deposition as necessary in

light of any subsequent document production by Purepac.

Plaintiffs will take this deposition upon oral examination through one or more

officers, directors, managing agents or other persons designated by Purepac pursuant to Rule

30(b)(6) of the Federal Rules of Civil Procedure as the person(s) knowledgeable to testify on

Purepac's behalf concerning the topics identified in Schedule A. Purepac is requested to

provide counsel for Plaintiffs with the identity of the individual(s) who will testify regarding

each topic at least one week in advance of the deposition.  The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary.

You are invited to attend and examine the witness(es).

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for Janssen Pharmaceutica N.V.,
Janssen, L.P., and Synaptech, Inc.*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Jeffrey B. Elikan
Laura H. McNeill
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel:  202-662-6000
Fax: 202-662-6291

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
Tel:  732-524-2805
Fax: 732-524-5866

Dated:  February 21, 2006
166736.1

2

## SCHEDULE A

### Definitions

1.    As used herein, "Purepac" shall mean Defendants Purepac

Pharmaceutical Co. and Alpharma, Inc. and all of Purepac Pharmaceutical Co.'s corporate

parents, corporate predecessors and past or present subsidiaries, affiliates, divisions,

departments, officers, directors, principals, agents and employees.

2.    As used herein, "Purepac's ANDA" shall mean Purepac's Abbreviated

New Drug Application Number 77-585.

3.    As used herein, "the Generic Product" shall mean the proposed generic

galantamine product that is the subject of Purepac's ANDA.

4.    As used herein, "the '318 patent" shall mean United States Patent No.

4,663,318.

5.    As used herein, "document" shall have the full meaning ascribed to it

by the Federal Rules of Civil Procedure and shall include any means for retaining

information.

6.    As used herein, "FDA" shall mean the United States Food and Drug

Administration.

7.    "Person" and "persons" mean any natural person and any business,

legal, corporate, or governmental entity, association, or organization.

8.    "Alzheimer's Disease" means any diagnosis, illness, or ailment

described as being of the Alzheimer's type, including without limitation Senile Dementia of

the Alzheimer's Type, and/or Alzheimer's Dementia.

9.    "Galantamine" includes without limitation galantamine, galanthamine,

and any salt of galatamine, such as galantamine hydrobromide.

3

**Topics of Examination**

1.    Any consideration or evaluation to license the '318 patent conducted by or on behalf of Purepac, including but not limited to the names and responsibilities of all persons who were involved in any evaluation, consideration or discussion by or on behalf of Purepac to license the '318 patent or to develop or market a product whose use would be covered by the '318 patent.

2.    All negotiations or communication with Synaptech or Dr. Bonnie Davis regarding the '318 patent.

3.    All negotiations or communication with Synaptech or Dr. Bonnie Davis regarding the use of galantamine or a drug product containing galantamine as a possible treatment for Alzheimer's Disease.

4.    Any meetings, discussions, or communications concerning the subject matter identified in Topics 1 through 3.

5.    Any documents related to Topics 1 through 3 that were either not produced in this case or destroyed, and the circumstances under which the documents were withheld for production or destroyed, the identification of all persons with knowledge of the documents and/or their contents, and, in the case of documents destroyed, the dates of the destruction.

6.    The identity and location of documents and things concerning the foregoing topics.

7.    Persons knowledgeable about the subject matter of the foregoing topics.

166736.1

4

# EXHIBIT F
## (without exhibits or attachments)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: '318 PATENT | ) | C.A. No. 05-356-KAJ |
| INFRINGEMENT LITIGATION | ) | (consolidated) |
|  | ) |  |

## NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)
## TO PUREPAC PHARMACEUTICAL CO. AND ALPHARMA, INC.

**PLEASE TAKE NOTICE** that on April 13, 2006 commencing at 9:00 a.m.,

at the offices of Covington & Burling, 1201 Pennsylvania Avenue, N.W., Washington, D.C.

20004, Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc. (collectively,

"Plaintiffs" or "Janssen") will take the deposition upon oral examination of Defendants

Purepac Pharmaceutical Co. and Alpharma, Inc. (collectively, "Purepac") pursuant to Rule

30(b)(6) of the Federal Rules of Civil Procedure. This deposition upon oral examination will

be conducted before an officer authorized to administer oaths and will be recorded by

stenographic and videographic means.

Plaintiffs serve this Notice without waiver of its objections to the deficiencies

in Purepac's document production and other discovery responses concerning the subject

matter of the instant Notice, and reserve the right to continue this deposition as necessary in

light of any subsequent document production by Purepac.

Plaintiffs will take this deposition upon oral examination through one or more

officers, directors, managing agents or other persons designated by Purepac pursuant to Rule

30(b)(6) of the Federal Rules of Civil Procedure as the person(s) knowledgeable to testify on

Purepac's behalf concerning the topics identified in Schedule A. Purepac is requested to

provide counsel for Plaintiffs with the identity of the individual(s) who will testify regarding

each topic at least one week in advance of the deposition. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary. You are invited to attend and examine the witness(es).

<div style="margin-left: 40%;">

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Janssen Pharmaceutica N.V.,*
*Janssen, L.P., and Synaptech, Inc.*

</div>

Of Counsel:

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Jeffrey B. Elikan
Laura H. McNeill
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202-662-6000
Fax: 202-662-6291

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
Tel: 732-524-2805
Fax: 732-524-5866

Dated: February 21, 2006

166735.1

2

## SCHEDULE A

### Definitions

1.    As used herein, "Purepac" shall mean Defendants Purepac
Pharmaceutical Co. and Alpharma, Inc. and all of Purepac Pharmaceutical Co.'s corporate
parents, corporate predecessors and past or present subsidiaries, affiliates, divisions,
departments, officers, directors, principals, agents and employees.

2.    As used herein, "Purepac's ANDA" shall mean Purepac's Abbreviated
New Drug Application Number 77-585.

3.    As used herein, "the Generic Product" shall mean the proposed generic
galantamine product that is the subject of Purepac's ANDA.

4.    As used herein, "the '318 patent" shall mean United States Patent No.
4,663,318.

5.    As used herein, "document" shall have the full meaning ascribed to it
by the Federal Rules of Civil Procedure and shall include any means for retaining
information.

6.    As used herein, "FDA" shall mean the United States Food and Drug
Administration.

7.    As used herein, "Paragraph IV notice" refers to Purepac's April 29,
2005 letter to Plaintiffs attached hereto as Exhibit 1.

8.    "Person" and "persons" mean any natural person and any business,
legal, corporate, or governmental entity, association, or organization.

3

9.      "Alzheimer's Disease" means any diagnosis, illness, or ailment described as being of the Alzheimer's type, including without limitation Senile Dementia of the Alzheimer's Type, and/or Alzheimer's Dementia.

10.     "Galantamine" includes without limitation galantamine, galanthamine, and any salt of galatamine, such as galantamine hydrobromide.

4

## Topics of Examination

1.    Purepac's Paragraph IV notice including, without limitation, the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "the claims of the '318 patent are ... not infringed."

2.    Any analysis, discussion, or evaluation of the '318 patent conducted by or on behalf of Purepac, including but not limited to, identification of all individuals involved.

3.    Documents, laboratory notes, or minutes, of any analysis, discussion, or evaluation of the '318 patent conducted by or on behalf of Purepac.

4.    The factual and legal bases for Purepac's First Defense that the manufacture, use, offering for sale or importation of the galantamine hydrobromide tablets that are the subject of Purepac's ANDA will not infringe directly or indirectly any valid claim of the '318 patent.

5.    The factual and legal bases for Purepac's First Counterclaim that the manufacture, use, offering for sale or importation of the galantamine hydrobromide tablets that are the subject of Purepac's ANDA will not infringe directly or indirectly any valid claim of the '318 patent according to its proof elements, including an element-by-element comparison of each asserted claim of the '318 patent to the use of the Generic Product.

6.    The identity and location of documents and things concerning the foregoing topics.

7.    Persons knowledgeable about the subject matter of the foregoing topics.

166735.1

EXHIBIT G

## Barabas, James (NY)

| | |
|---|---|
| **From:** | Barabas, James (NY) |
| **Sent:** | Wednesday, April 05, 2006 2:55 PM |
| **To:** | 'Calia, Kurt'; Sipes, Christopher; sbalick@ashby-geddes.com |
| **Cc:** | Gunther, Robert (NY); 'Dick Kirk' |
| **Subject:** | Call In Advance Of Call With Court |

| | |
|---|---|
| **Attachments:** | Scan001.PDF; Acatvis_Alpharma_stipulation.doc |

Kurt, Chris, and Steve,

In advance of our call with the Court Wednesday, we would like to have a call with you to discuss the following issues:

- Getting the stipulation for substitution of party finalized so that we can file it along with the attached stay, which the parties have already signed.  With respect to the stipulation for substitution, we believe the attached draft incorporates all of the changes you have requested.

- Addressing remaining discovery issues as set forth in paragraph 1 of the stay.  As a result of the stay, discovery of Actavis/Purepac is now limited to objective considerations of non-obviousness.  Therefore, we will need to walk through the document requests and 30(b)(6) topics with you to identify the areas that deal with this subject matter.

We are available for a call on Friday and suggest 11:00 am, but we are flexible as to the time.  Please let us know if this time is acceptable or, if not, what time would work.

Thanks, Jim

Scan001.PDF (53      Acatvis_Alpharma_
        KB)              stipulation.d...