## RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

April 11, 2006

**VIA HAND DELIVERY
& CM/ECF FILING**

The Honorable Kent A. Jordan
United States District Court
J. Caleb Boggs Federal Building
844 North King Street, Room 6325
Wilmington, DE 19801

      Re:    **In Re '318 Patent Infringement Litigation,
Civil Action No. 05-356-KAJ (consolidated)**

Dear Judge Jordan:

      This letter is written on behalf of Defendant Alphapharm Pty. Ltd. ("Alphapharm") in the above entitled case and is in response to Plaintiffs' letter to the Court of March 31, 2006. The matter is set for a telephonic hearing tomorrow, April 12, 2006 at 2:00 p.m.

      Plaintiffs mischaracterize Alphapharm's efforts in identifying and providing dates for its Rule 30(b)(6) designee. Plaintiffs primary complaint against Alphapharm is that (1) they want Alphapharm's Rule 30(b)(6) deposition to take place on or before April 27, 2006, rather than the offered date of May 9-10, 2006, and (2) they want Alphapharm to identify the topics for which its Rule 30(b)(6) designee will provide testimony. As explained below, Alphapharm's representative cannot be deposed earlier and Plaintiffs will not be prejudiced because the new date is only two weeks after the original noticed date. Alphapharm has already sent Plaintiffs a detailed letter identifying the topics for which its Rule 30(b)(6) designee will provide testimony. (*See* Exhibit A hereto)

      In the interest of brevity, to the extent that Alphapharm's arguments overlap with that of another co-Defendant, Alphapharm will not repeat the argument herein and, instead, will direct the Court to the appropriate co-Defendant's letter which contains the position that Alphapharm adopts.

RLF1-3001573-1

The Honorable Kent A. Jordan
April 11, 2006
Page 2

### Timing of Alphapharm's Rule 30(b)(6) Deposition

On February 21, 2006, Plaintiffs served Alphapharm with three Rule 30(b)(6) Deposition Notices for April 25-27, 2006. On March 16, 2006, Alphapharm provided its formal responses and objections to the Deposition Notices. (Exhibit B hereto). On March 31, 2006 (*see* letter in Exhibit C hereto), Alphapharm identified Barry Spencer as its Rule 30(b)(6) designee and offered him for a deposition on May 9-10, 2006 at the offices of Pryor, Cashman, Sherman & Flynn in New York. Alphapharm also explained that it would not be providing a Rule 30(b)(6) designee on the licensing topics since Alphapharm was not aware of any such information. At the time of its March 31st letter, Alphapharm could not identify the remaining topics for which Mr. Spencer would provide testimony because Plaintiffs had changed their position on several topics that they had agreed to either withdraw or limit at an earlier meet-and-confer among the parties. However, in that March 31st letter, Alphapharm clearly stated that it would identify the 30(b)(6) topics upon which Mr. Spencer could testify to and that it would do so well in advance of his deposition, a fact which Plaintiffs omitted in their letter to the Court. As explain further below, shortly after its March 31st letter, Alphapharm identified the 30(b)(6) topics for which Mr. Spencer was being offered to testify as Alphapharm's designee.

To date, Plaintiffs have not responded to Alphapharm's offer of May 9-10 for the deposition even though counsel for Alphapharm advised Plaintiffs at the March 24th meet-and-confer that they were looking into those dates. Then in letters dated March 31st, April 4th and 7th (attached hereto as Exhibits C, A and D, respectively), Alphapharm confirmed and continued to offer those dates with no response from Plaintiffs. Thus, in no way, as Plaintiffs allege, has Alphapharm been unwilling to present a witness to testify on fairly worded deposition topics.

Plaintiffs have no right to insist that Alphapharm's Rule 30(b)(6) deposition be completed by April 27th (a date unilaterally chosen by Plaintiffs), particularly since the May 9-10 dates on which Mr. Spencer has been offered is only two weeks after Plaintiffs' original noticed dates and approximately six weeks before the close of fact discovery. Furthermore, Mr. Spencer, Alphapharm's Rule 30(b)(6) designee, resides in Australia and has prior business commitments during the time-frame of the deposition that was originally, and unilaterally, noticed for by Plaintiffs. Indeed, the first date that Mr. Spencer is even available is the second week of May. As an additional matter, lead counsel for Alphapharm, Alan Bernstein, is scheduled to undergo a medical procedure on April 27th. Thus, providing Mr. Spencer, who will be traveling all the way from Australia to the United States, for a deposition only two weeks after the dates originally noticed for his deposition does not prejudice Plaintiffs in any way.

### Topics for Alphapharm's Rule 30(b)(6) Deposition

In its April 4th and 7th letters (attached hereto as Exhibits A and D, respectively), Alphapharm identified the scope of all of the topics for which Mr. Spencer will provide testimony. The topics for which Alphapharm has not designated a witness are topics 11-14 of the Rule 30(b)(6) deposition that was originally noticed for April 27th. Plaintiffs' topics 11-14 seek testimony on products other than the galantamine product at issue. Alphapharm has

RLF1-3001573-1

The Honorable Kent A. Jordan
April 11, 2006
Page 3

objected to these topics on several grounds and for the reasons stated in Teva's letter to the Court dated April 11th. Thus, Plaintiffs are not entitled to such testimony.

The remaining topic that is objectionable is topic 7 of the same April 27th Notice which seeks testimony on not only the filing/prosecution of Alphapharm's ANDA but also information relating to regulatory procedures. Alphapharm has agreed to designate Mr. Spencer for topic 7 insofar as it is subsumed in topics 2 and 3 of the same Notice regarding developing Alphapharm's ANDA product and filing an application with the FDA seeking approval to market the generic product. (*See* Exhibit A at 4-5). To the extent Plaintiffs seek testimony beyond what Alphapharm is offering for topic 7, Alphapharm objects and Plaintiffs are not entitled to such testimony for the reasons stated in Barr's letter to the Court dated April 11th.

In light of the foregoing, Alphapharm submits that it has complied with its discovery obligations. Alphapharm respectfully requests that the Court enter an order that would allow for Alphapharm's Rule 30(b)(6) deposition to take place on May 9-10 at the offices of Pryor, Cashman, Sherman & Flynn in New York on the deposition topics as described in Alphapharm's April 4th and 7th, 2006 letters (*See* Exhibits A and D hereto).

Respectfully submitted,

Anne Shea Gaza

ASG:csi
Enclosures
cc:   Attached Service List

RLF1-3001573-1