# PHILLIPS, GOLDMAN & SPENCE, P. A.

JOHN C. PHILLIPS, JR
STEPHEN W. SPENCE
ROBERT S. GOLDMAN
LISA C. McLAUGHLIN
JAMES P. HALL
JOSEPH J. FARNAN, III
BRIAN E. FARNAN
MELISSA E. CARGNINO

ATTORNEYS AT LAW
PENNSYLVANIA AVE AND BROOM ST
1200 N BROOM STREET
WILMINGTON DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)

SUSSEX COUNTY OFFICE
1509 HIGHWAY ONE
DEWEY BEACH, DE 19971
(302) 226-4200
(302) 226-1205 (F)

REPLY TO: _____

April 11, 2006

The Honorable Kent A. Jordan
United States District Judge
J. Caleb Boggs Federal Building
844 North King Street, Room 6325
Wilmington, Delaware 19801

Re:   In Re: '318 Patent Infringement Litigation
      C.A. No. 05-356 (KAJ) (D. Del.) (consolidated)

Your Honor:

My firm, along with Winston & Strawn LLP, represents Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively, "Barr"), in the captioned consolidated litigation. On behalf of Barr, we write in response to Plaintiffs' March 31, 2006, letter seeking an order compelling Defendants to produce witnesses in response to Plaintiffs' Rule 30(b)(6) deposition notices. A telephone conference with the Court is scheduled for Wednesday, April 12, 2006, at 2:00 p.m. EDT to discuss this matter.

Plaintiffs' motion to compel should be denied because Plaintiffs' claim that Defendants have unjustifiably refused to produce witnesses in response to Plaintiffs' Rule 30(b)(6) notices is a fiction, particularly as to the Barr Defendants. The truth is that before Plaintiffs submitted their March 31 letter to the Court, Barr already had identified witnesses and deposition dates for its witnesses for 22 of the 31 topics at issue in Plaintiffs' notices. (See Ex. A, March 29, 2006 letter from B. Franklin to K. Calia; Ex. B, March 31, 2006 letter from L. Ulrich to K. Calia)[1]. In fact, Plaintiffs are taking the deposition of Barr's 30(b)(6) witness on 19 of the 22 topics this Friday, and the deposition of Barr's other 30(b)(6) witness on the remaining 3 topics on Tuesday, April 18. Conveniently, Plaintiffs failed to include this fact in their March 31 letter.

As for the remaining 9 topics in the 30(b)(6) notices to Barr, 8 of the topics relate to contentions and unrelated products. Like the other Defendants, it is Barr's position that Plaintiffs

---

[1] Plaintiffs have subsumed 6 topics that relate to the identity of persons with knowledge and the location of documents into the remaining topics. Thus, by virtue of Barr's designations on particular topics, Barr has designated a witness with respect to the 6 subsumed topics too.

The Honorable Kent A. Jordan
April 11, 2006
Page 2

are not entitled to a witness on those topics because the topics are completely unrelated to any issue in this case. (*See* Exhs. C-E, Barr's objections to Plaintiffs' 30(b)(6) notices). In the interest of efficiency, Barr adopts and incorporates herein the arguments set forth in the April 11, 2006, letter submitted by Defendant Teva on "Unrelated Products" and "Contention Discovery."[2] While Barr adopts Teva's argument on "Unrelated Products", it also bears noting that Barr informed Plaintiffs last week that Barr is not aware of any information that would be responsive to Plaintiffs' request for a witness to testify about development efforts on unrelated products that pre-date the beginning of development of the ANDA product. Accordingly, for this additional reason, Barr requests that the Court order Plaintiffs to withdraw the "Unrelated Product" topics as to Barr.

Apart from the "Unrelated Product" topics, the only topic that Barr has not identified a witness for is Plaintiffs' topic 7 from Plaintiffs' March 30 Notice which seeks a witness to testify about "each and every contribution and/or input that Barr or any employee or agent of Barr, has made to the preparation, decision to file, filing and/or prosecution of Barr's ANDA." (Ex. C at 10). Barr has not identified a witness for this topic for three reasons. First, the topic violates Rule 30(b)(6)'s requirement that Plaintiffs "describe with reasonable particularity the matters on which examination is requested." Fed.R.Civ.P. 30(b)(6). Second, it would be impossible to prepare a witness to testify about "each and every contribution and/or input" of every person that had any involvement in the ANDA preparation and filing, a situation that could easily encompass hundreds of contributions. Third, as drafted, topic 7 duplicates information requested in other topics for which Barr already has designated a witness. Plaintiff agreed to attempt to narrow this topic during the meet and confer between counsel as confirmed in Barr's letter of March 31, 2006 (Exhibit B). Accordingly, Barr respectfully requests that the Court order Plaintiffs to eliminate topic 7 or substantially narrow the scope of the topic.

We look forward to speaking with your Honor regarding these matters on April 12. Thank you for your consideration.

Respectfully submitted,

John C. Phillips, Jr.

cc:   Counsel of Record (via e-mail)

---

[2] While Barr has designated a witness with respect to licensing of the '318 patent, Barr has informed Plaintiffs that it is not aware of any such information and Plaintiffs have not identified any basis for believing that Barr has such information. (*See* Ex. B at p. 2). Accordingly, Barr adopts Teva's argument on the licensing topics. Additionally, while Barr designated a witness on the contention topics, it did so subject to its objections that the contention topics are improper.