# EXHIBIT B

# WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W
WASHINGTON, D.C 20006-3817

LYNN MACDONALD ULRICH
(312) 558-7544
lulrich@winston.com

March 31, 2006

**VIA E-MAIL AND U.S. MAIL**

Kurt G. Calia, Esq.
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, D.C. 20004-2401

Re:   In Re: '318 Patent Infringement Litigation
      C.A. No. 05-356 (KAJ) (D. Del.) (consolidated)

Dear Kurt:

I write on behalf of Barr regarding Plaintiffs' 30(b)(6) deposition notices to Barr and in response to your letter from March 29 to Bill Rakoczy regarding such notices. In light of the parties' agreement last week about the scope of some of Plaintiffs' 30(b)(6) topics, Barr now is in a position to identify witnesses in response to those topics.

First, let me be clear that Barr has not waived any of its general or specific objections to any of the topics in Plaintiffs' 30(b)(6) notices to Barr. Accordingly, your statement in your March 29 letter that Defendants do not have objections to certain topics in Plaintiffs' notices is not accurate. Barr will produce its 30(b)(6) witnesses subject to and without waiving any of its objections.

Second, as we discussed at length last week, it is Barr's position that most of Plaintiffs' topics, particularly those topics regarding Barr's defenses, seek information that is privileged or work product. It should come as no surprise to you that apart from interrogatory responses, any material information that a witness at Barr has about Barr's legal defenses is most likely work product or attorney client privileged. It is wholly improper for Plaintiffs to attempt to invade such privileges under the guise of seeking "factual" contentions about invalidity defenses.

Third, pursuant to the Scheduling Order, Plaintiffs are entitled to no more than 7-hours with each of Barr's 30(b)(6) witnesses and we strongly suspect that Plaintiffs will not need a full 7-hours with these witnesses. If Barr believes that Plaintiffs are trying to prolong the deposition unnecessarily, Barr will take the issue to Judge Jordan immediately.

**WINSTON & STRAWN LLP**
Kurt G. Calia, Esq.
March 31, 2006
Page 2

Fourth, as for the location of Barr's depositions, Barr accommodated Plaintiffs' counsel and their deposition witnesses by taking the depositions of Dr. Bonnie Davis, Dr. Kenneth Davis and Mr. John Richards in New York rather than Delaware. (*See* 1/30/06 email from L. Ulrich to C. Sipes). We expect the same degree of cooperation from Plaintiffs. Therefore, Barr would like to proceed with the depositions of its designees in either Woodcliff Lake, New Jersey or at Covington's offices in NY. If Plaintiffs are serious about obtaining Barr's testimony as soon as possible, I strongly urge you to proceed with the depositions at the locations requested herein. Barr's witnesses have extremely demanding schedules and if the depositions do not proceed in NJ or NY, the witnesses may not be available to testify on the deposition dates offered in this letter.

**Barr's Designees on Undisputed Topics**

Subject to Barr's objections, Barr designates Mr. Timothy Sawyer to testify on Topics 5, 6 and 18 from Plaintiff's March 30 notice[1] on April 18 at Covington's office in NY. As for topic 18, it is highly unlikely that Barr will have information about document retention policies going back to 1986. You agreed during our meet-and-confer that you would be surprised if any of the Defendants (or Plaintiffs for that matter) would have such information. I understand from your letter yesterday that Plaintiffs can proceed with Mr. Sawyer's deposition on April 18. Please confirm the location.

Subject to Barr's objections, Barr designates Mr. Paul Bisaro to testify on topics 2-3 from Plaintiffs' March 28 Notice, topics 1-5 in Plaintiffs' March 29 Notice, and topics 2-4 and 8-10 from Plaintiffs' March 30 Notice. As for topics 2 and 3 from Plaintiff's March 28 notice, we explained that it is impossible to prepare a witness on these topics unless the communication about the '318 patent is in non-privileged documents produced in this case. You indicated that you understood that it would be difficult to prepare a witness on this unless the conversation about the '318 patent was reflected in such documents. Indeed, we collectively referred to these topics as the "chatty scientist" topics. Mr. Bisaro is available for his deposition on April 14 at the Hilton in Woodcliff Lake, NJ. Given Plaintiffs' claim that they need to proceed with these depositions as soon as possible, we assume that Plaintiffs will be able to proceed with Mr. Bisaro's deposition on April 14. If Plaintiffs are not able to do so, Mr. Bisaro may not be available again in April for his deposition due to his extremely demanding schedule as President and COO of Barr Labs.

To be clear, Barr is not aware of any information responsive to any of the topics in Plaintiffs' March 29 notice. Therefore, any testimony by Mr. Bisaro on these topics will be to confirm the non-existence of information.

---

[1] Barr has identified Plaintiffs' deposition notices according to the deposition date set forth in the notice.

WINSTON & STRAWN LLP
Kurt G. Calia, Esq.
March 31, 2006
Page 3

**Disputed Topics**

In your March 29 letter, you fundamentally changed the agreement that you made with Defendants' counsel during the March 24 meet-and-confer regarding topics 11-14 of Plaintiffs' March 30 Notice to Barr. During the meet-and-confer, you agreed to drop topics 11 and 12 and to limit topics 13 and 14 to non-galantamine products for Alzheimer's disease that failed. In view of Plaintiffs' shift in position, Barr will have to consider whether Plaintiffs are entitled to the scope of discovery that you are now seeking, and whether Barr has any such information. I will let you know early next week whether Barr will designate a witness on these topics.

Additionally, it appears from your letter that Plaintiffs will not agree to withdraw or reschedule the contention related topics in Plaintiffs' notices (*i.e.*, topics 1, and 15-16 from March 30 Notice). Plaintiffs' decision is unfortunate. As we explained last week, we fail to see what non-privileged or non-work product information a fact witness at Barr has about Barr's invalidity defenses that has not otherwise been provided (or will be provided) to Plaintiffs' counsel in the form of a discovery response. Plaintiffs' desire to question a Barr witness on these topics will elicit privilege and work product objections. Subject to these objections, I will let you know early next week whether Barr will designate a witness on these topics.

Please note that Barr is not able to designate a witness on topic 7 from the March 30 notice as written. As I explained last week, it is simply unreasonable to expect Barr to prepare a witness to testify about "each and every contribution" associated with the preparation, filing and decision to file Barr's ANDA. During the meet-and-confer you stated that you would attempt to narrow the scope of this overbroad topic. Please let me know if Plaintiffs intend to do so.

**Eliminated Topics**

Based on your March 29 letter, it is my understanding that Plaintiffs have eliminated the following topics as separate topics from Plaintiffs' notices to Barr: topics 4-7 from the March 28 Notice, topics 6-7 from the March 29 Notice, and topics 17 and 19 from the March 30 Notice.

Barr also requests that Plaintiffs withdraw topic 1 from the March 28 Notice because it relates solely to infringement. If you contend that it relates to invalidity, it is duplicative of Topic 1 of the March 30 Notice.

WINSTON & STRAWN LLP

Kurt G. Calia, Esq.
March 31, 2006
Page 4

        Please contact me if you would like to discuss these issues.

                    Very truly yours,

                    Lynn M. Ulrich

LMU/dg

cc:    Counsel of Record (via e-mail)