# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: '318 PATENT INFRINGEMENT LITIGATION   )   C.A. No. 05-356 (KAJ)
                                             )   (consolidated)

**BARR PHARMACEUTICALS INC.'S AND BARR LABORATORIES, INC.'S
RESPONSES AND OBJECTIONS TO PLAINTIFFS'
NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)**
(with noticed deposition date of March 28, 2006)

Defendants Barr Pharmaceuticals Inc. and Barr Laboratories Inc. (collectively, "Barr"), pursuant to Federal Rules of Civil Procedure 26 and 30, hereby submit their Responses and Objections to the Notice of Deposition Under Fed. R. Civ. P. 30(b)(6) served by Plaintiffs, having a noticed deposition date of March 28, 2006.

### OBJECTIONS APPLICABLE TO ALL DEPOSITION TOPICS

Barr incorporates herein its General Objections Applicable to All Deposition Topics set forth in Barr's Responses and Objections to Plaintiffs' Notice of Deposition Under Fed. R. Civ. P. 30(b)(6), with a noticed deposition date of March 30, 2006, served contemporaneously herewith.

### SPECIFIC OBJECTIONS AND RESPONSES

**Topic No. 1.**

Barr's Paragraph IV notice, including, without limitation, the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that "in Barr's opinion, and to the best of its knowledge, the '318...patent[] ... will not be infringed by the manufacture, use or sale of the drug product described in Barr's ANDA.

**RESPONSE:** Pursuant to Kurt Calia's letter of March 15, 2006, Plaintiffs have withdrawn this topic as it relates to infringement and willful infringement. To the extent this topic covers more than infringement, Barr objects to this Topic on the grounds that it lacks the

specificity required by the Federal Rules of Civil Procedure. Barr further objects to this Topic on the grounds that it is overly broad, unduly burdensome and seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. In addition, Barr objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Barr's ANDA No. 77-605. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . . . ." (3/10/06 Letter from K. Calia at 1). Barr also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr.

### Topic No. 2.

Any analysis, discussion, or evaluation of the '318 patent conducted by or on behalf of Barr, including, but not limited to, identification of all individuals involved.

**RESPONSE:** Barr objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." Barr further objects

-2-

to this Topic on the grounds that it is overly broad, unduly burdensome and seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. This Topic seeks testimony or information concerning "any analysis, discussion, or evaluation" with no limitation whatsoever in time or scope. Barr also objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. In addition, Barr objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Barr's ANDA No 77-605 Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . . ." (3/10/06 Letter from K. Calia at 1) Barr also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr.

### Topic No. 3.

Documents, laboratory notes, or minutes, of any analysis, discussion, or evaluation of the '318 patent conducted by or on behalf of Barr.

**RESPONSE:** Barr objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from

Defendants relating solely to the issue of infringement of the '318 patent." In addition, Barr objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Barr's ANDA No. 77-605. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . . . ." (3/10/06 Letter from K. Calia at 1) Barr further objects to this Topic on the grounds that it is overly broad, unduly burdensome and unlimited in time and/or scope. Plaintiffs have failed to state with specificity the areas of inquiry for this Topic. As such, it is unreasonably burdensome to attempt to prepare a witness to testify on such a broad and unbounded topic. This Topic seeks testimony on "any analysis, discussion, or evaluation," with no limitation whatsoever in time or scope. Barr also objects to the extent that this Topic seeks information not within its possession, custody or control. In addition, Barr objects to the extent that this Topic assumes facts not yet in evidence, including that any such "laboratory notes or minutes" exist. Barr further objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. Barr also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr.

### Topic No. 4.

The factual and legal bases for Barr's Affirmative Defense that one or more of its ANDA products do not infringe any valid and enforceable claims of the '318 patent.

**RESPONSE:** Barr objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Barr further objects to the extent that this Topic seeks testimony or information

concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." Barr also objects to the extent that this Topic is directed to contentions, which information should be sought through interrogatories. In addition, Barr objects to the extent that this Topic purports to seek expert discovery. Barr further objects to the extent any information sought is in the possession, custody or control of Plaintiffs. Barr also objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege.

### Topic No. 5.

The factual and legal bases for Barr's Second Counterclaim that its ANDA products do not and will not infringe upon the claims of the '318 patent according to its proof elements, including an element-by-element comparison of each asserted claim of the '318 patent to the use of the Generic Product.

**RESPONSE:** Pursuant to Kurt Calia's letter of March 15, 2006, Plaintiffs have withdrawn this topic as it relates to infringement and willful infringement. Given that this topic is directed to infringement, there is nothing left of this Topic. Subject to and without waiving those objections, Barr further states that it objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this

litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." Barr also objects to the extent that this Topic is directed to contentions, which information should be sought through interrogatories. In addition, Barr objects to the extent that this Topic purports to seek expert discovery. Barr further objects to the extent any information sought is in the possession, custody or control of Plaintiffs. Barr also objects on the grounds that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. Barr also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr.

**Topic No. 6.**

The identity and location of documents and things concerning the foregoing topics.

**RESPONSE:** Pursuant to Kurt Calia's letter of March 15, 2006, Plaintiffs have withdrawn this topic as it relates to infringement and willful infringement. Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." In addition, Barr objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Barr's ANDA No. 77-605. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants'

Abbreviated New Drug Applications . . . ." (3/10/06 Letter from K. Calia at 1). Barr objects to the extent that this Topic is overly broad and unduly burdensome. Barr has produced tens of thousands of pages of documents in this case. Additionally, Barr has responded to Plaintiffs letters and telephone calls regarding documents. It is impossible for Barr to prepare someone to testify about this vague and ambiguous topic. Barr further objects to the extent that this Topic seeks testimony, documents or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege and/or documents. Barr also objects to the extent that this Topic seeks testimony or information directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. In addition, Barr objects to the extent that such testimony, information or documents sought under these Topics are not in the possession, custody or control of Barr. Barr further incorporates herein any other objection asserted in response to Topics 1-5.

### Topic No. 7.

Persons knowledgeable about the foregoing topics.

**RESPONSE:** Pursuant to Kurt Calia's letter of March 15, 2006, Plaintiffs have withdrawn this topic as it relates to infringement and willful infringement. Barr objects to the extent that this Topic is overly broad and unduly burdensome. This Topic is nothing more than a catch-all and violates the standards for a Rule 30(b)(6) notice. Barr further incorporates herein its objections asserted in response to Topics 1-6.

Respectfully submitted,

BARR PHARMACEUTICALS INC. and
BARR LABORATORIES INC.

_____
John C. Phillips Jr. (#110)
Brian E. Farnan (#4089)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
Tele: (302) 655-4200
Fax: (302) 655-4210
*Attorneys for Defendants/Counterclaim-Plaintiffs
Barr Laboratories, Inc and Barr Pharmaceuticals,
Inc*

*Of Counsel (admitted pro hac vice):*

George C. Lombardi
Taras A. Gracey
Lynn M. Ulrich
Brian L. Franklin
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tele: (312) 558-5600
Fax: (312) 558-5700
*Attorneys for Defendants/Counterclaim-Plaintiffs
Barr Laboratories, Inc and Barr Pharmaceuticals,
Inc*

Dated: March 17, 2006

- 8 -