# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | ) | C.A. No. 05-356 (KAJ) |
| | ) | (consolidated) |
| | ) | |

**BARR PHARMACEUTICALS INC.'S AND BARR LABORATORIES, INC.'S
RESPONSES AND OBJECTIONS TO PLAINTIFFS'
<u>NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)</u>
(with noticed deposition date of March 29, 2006)**

Defendants Barr Pharmaceuticals Inc. and Barr Laboratories Inc. (collectively, "Barr"), pursuant to Federal Rules of Civil Procedure 26 and 30, hereby submit their Responses and Objections to the Notice of Deposition Under Fed. R. Civ. P. 30(b)(6) served by Plaintiffs, having a noticed deposition date of March 29, 2006 ("Plaintiffs' March 29, 2006 Notice").

### General Objections Applicable to All Deposition Topics

Barr incorporates herein its General Objections Applicable to All Deposition Topics set forth in Barr's Responses and Objections to Plaintiffs' Notice of Deposition Under Fed. R. Civ. P. 30(b)(6), with a noticed deposition date of March 30, 2006, served contemporaneously herewith.

Additionally, Barr objects to all of the Topics in Plaintiffs' March 29, 2006, Notice on the grounds that to the best of Barr's knowledge and belief, Barr did not license, consider licensing, or evaluate licensing the '318 patent or the product that is the subject of Plaintiffs' NDA 21-169 and therefore Barr does not have a corporate designee to testify about the licensing-related topics in the March 29 notice. If Plaintiffs have a basis to believe that Barr

has knowledge of the licensing-related topics in the March 29 Notice, please identify those bases for Barr's counsel.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Topic No. 1.**

Any consideration or evaluation to license the '318 patent conducted by or on behalf of Barr, including but not limited to the names and responsibilities of all persons who were involved in any evaluation, consideration or discussion by or on behalf of Barr to license the '318 patent or to develop or market a product whose use would be covered by the '318 patent.

**RESPONSE:** Subject to and without waiving the foregoing general objections, Barr objects to this topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." Barr further objects to this Topic on the grounds that it is overly broad, unduly burdensome and seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. This Topic seeks the identity of "all persons" who were involved in "any evaluation, consideration or discussion" to license the '318 patent or develop or market a product. Barr also objects to the extent that this Topic seeks information not within the possession, custody or control of Barr. In addition, Barr objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. Barr further objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is

not subject to Barr's ANDA No. 77-605. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . ." (3/10/06 Letter from K. Calia at 1). Barr also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr.

### Topic No. 2.

All negotiations or communication with Synaptech or Dr. Bonnie Davis regarding the '318 patent.

**RESPONSE:** Barr does not have anyone with knowledge of the foregoing topic for all the reasons stated above. Barr incorporates the other objections to this Notice herein.

### Topic No. 3.

All negotiations or communication between Barr and Synaptech or Dr. Bonnie Davis regarding use of galantamine or a drug product containing galantamine as a possible treatment for Alzheimer's Disease.

**RESPONSE:** See objection to Topic 2, incorporated herein.

### Topic No. 4.

Any meetings, discussions, or communications concerning the subject matter identified in Topics 1 through 3.

**RESPONSE:** See objections to Topics 1-3, incorporated herein. Additionally, Barr objects to this Topic on the grounds that it is overly broad, unduly burdensome and unlimited in time and/or scope. This Topic requests testimony on "any meetings, discussions or communications," without any limitation on time and/or scope. It is unreasonable to expect Barr to prepare a witness to testify on such a broad and unbounded topic. Barr incorporates all of its other objections to this Notice herein.

**Topic No. 5.**

Any documents related to Topics 1 through 3 that were either not produced in this case, and the circumstances under which the documents were withheld from production or destroyed, the identification of all persons with knowledge of the documents and/or their contents, and, in the case of the documents destroyed, the dates of destruction.

**RESPONSE:** See objections to Topics 1-3, incorporated herein. Subject to and without waiving the foregoing general objections, Barr further objects to the extent that this Topic seeks testimony or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege and/or documents. Barr also objects to the extent that this Topic seeks testimony or information directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." Barr further objects to this Topic on the grounds that it is overly broad, unduly burdensome and seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. This Topic seeks the identity of "all persons" and "any documents." Barr also objects to the extent that this Topic seeks information not within the possession, custody or control of Barr. In addition, Barr objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. Barr further objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Barr's ANDA No. 77-605. Plaintiffs have refused to provide similar information

concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . . . ." (3/10/06 Letter from K. Calia at 1). Barr also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr.

**Topic No. 6.**

The identity and location of documents and things concerning the foregoing topics.

**RESPONSE:** See objections to Topics 1-5, incorporated herein. Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." In addition, Barr objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Barr's ANDA No. 77-605. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . . ." (3/10/06 Letter from K. Calia at 1). Barr objects to the extent that this Topic is overly broad and unduly burdensome. Barr has produced tens of thousands of pages of documents in this case. Additionally, Barr has responded to Plaintiffs' letters and telephone calls regarding documents. It is impossible for Barr to prepare someone to

testify about this vague and ambiguous topic. Barr further objects to the extent that this Topic seeks testimony, documents or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege and/or documents. Barr also objects to the extent that this Topic seeks testimony or information directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. In addition, Barr objects to the extent that such testimony, information or documents sought under these Topics are not in the possession, custody or control of Barr.

**Topic No. 7.**

Persons knowledgeable about the subject matter of the foregoing topics.

**RESPONSE:** See objections to Topics 1-6, incorporated herein. Subject to and without waiving the foregoing general objections, Barr objects to the extent that this Topic is overly broad and unduly burdensome. This Topic is nothing more than a catch-all and violates the standards for a Rule 30(b)(6) notice.

Respectfully submitted,

BARR PHARMACEUTICALS INC. and
BARR LABORATORIES INC.

_____
John C. Phillips Jr. (#110)
Brian E. Farnan (#4089)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
Tele: (302) 655-4200
Fax: (302) 655-4210
*Attorneys for Defendants/Counterclaim-Plaintiffs
Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc*

*Of Counsel (admitted pro hac vice):*

George C. Lombardi
Taras A. Gracey
Lynn M. Ulrich
Brian L. Franklin
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tele: (312) 558-5600
Fax: (312) 558-5700
*Attorneys for Defendants/Counterclaim-Plaintiffs
Barr Laboratories, Inc. and Barr Pharmaceuticals,
Inc.*

Dated: March 17, 2006