# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | )<br>)<br>)<br>) | C.A. No. 05-356 (KAJ)<br>(consolidated) |

**BARR PHARMACEUTICALS INC.'S AND BARR LABORATORIES INC.'S
RESPONSES AND OBJECTIONS TO PLAINTIFFS'
NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)
(with noticed deposition date of March 30, 2006)**

Defendants Barr Pharmaceuticals Inc. and Barr Laboratories Inc. (collectively, "Barr"), pursuant to Federal Rules of Civil Procedure 26 and 30, hereby submit their Responses and Objections to the Notice of Deposition Under Fed. R. Civ. P. 30(b)(6) served by Plaintiffs, having a noticed deposition date of March 30, 2006.

GENERAL OBJECTIONS APPLICABLE TO ALL DEPOSITION TOPICS

1.    Barr objects to Plaintiffs' Notices because they violate Federal Rule of Civil Procedure 30(b)(6), which requires a party to "describe with reasonable particularity the matters on which examination is requested." Fed.R.Civ.P. 30(b)(6). Plaintiffs' Notices fail to provide the required level of particularity. For instance, in 5 topics, Plaintiffs broaden the scope of the topic by indicating that the areas of inquiry include but are not limited to certain subjects. Such notices are improper. *See Reed v. Nellcor Puritan Bennett & Mallinckrodt Inc*, 193 F.R.D. 689, 692 (D. Kan. 2000) (Plaintiff's 30(b)(6) notice was overbroad because plaintiff broadened the scope of the designated topics by indicating that the areas of inquiry included, but were not limited to, the areas specifically enumerated.) Barr cannot meaningfully identify and prepare a witness on such unbounded topics. If Plaintiffs want to narrow the scope of their improper topics, Barr will be happy to consider any such narrowing amendment with Plaintiffs.

2.      Barr objects to the multiple Notices of Deposition Under Fed. R. Civ. P. 30(b)(6) served by Plaintiffs to Barr

3.      As identified in response to individual Topics, Barr has no meaningful, non-privileged information about topics 1, 15, and 16 from the March 30 Notice or Topics 1, 2, 4, and 5 from the March 28 Notice which generally call for someone to testify about infringement/noninfringement issues, invalidity issues, Barr's legal opinions, and Barr's decision to challenge the '318 patent. On the grounds of the attorney-client and work-product privileges, Barr does not intend to permit Plaintiffs to inquire about the substance of any of these subjects. The information that Barr is willing to provide on such privileged topics is supplied in Barr's privilege log. Under these circumstances, Barr does not believe that it makes sense to incur the unnecessary expense of producing a witness merely to assert privilege instructions and objections. If Plaintiffs disagree, please explain why and Barr will be happy to discuss the issue with Plaintiffs' counsel.

4.      Barr objects to the extent any Topic is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Similarly, Barr objects to the extent that the Topics seek testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." At a minimum, Plaintiffs should re-issue any Notice of Deposition to Barr under Fed. R. Civ. P. 30(b)(6) pursuant to the Court's recent ruling on willfulness and the parties' Stipulation. Accordingly,

Barr will not produce a witness to testify about issues of infringement or willful infringement. Similarly, Barr will not produce a witness to testify about Barr products other than the Barr products covered by Barr ANDA No. 77-605.

     5.     Barr objects to the Topics to the extent that they require testimony on claims other than Claim 1 and 4 of the '318 patent on the grounds that those are the only two claims asserted by Plaintiffs in this litigation.

     6.     Barr objects to the Topics set forth by Plaintiffs on the grounds that certain Topics seek testimony or information protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

     7.     Barr objects to Plaintiffs' Topics to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Civil Rules of this Court.

     8.     Barr objects to Plaintiffs' Topics to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See* FED. R. CIV. P. 26(b)(2)(iii).

     9.     Barr objects to Plaintiffs' definitions and instructions to the extent that they (i) change the common meaning of the English language with regard to any word or phrase; (ii) alter the scope of discovery, and purport to impose obligations beyond those imposed, under the Federal Rules of Civil Procedure and/or the Local Civil Rules of this Court; and/or (iii) define terms differently than such terms are defined under the Federal Rules of Civil Procedure and/or the common law. Barr also objects to the definition that Plaintiffs have provided for terms used in these Topics to the extent that they are overly broad, argumentative, prejudicial,

improper, incorrect, vague and/or ambiguous. Specific explanations of the objections will be provided.

10.    Barr objects to Plaintiffs' definition of "Barr" as overly broad and unduly burdensome. For purposes of these Topics, "Barr" shall refer solely to Barr Pharmaceutical Inc. and Barr Laboratories Inc., named Defendants to this litigation.

11    Barr objects to Plaintiffs' Topics to the extent that they impose an obligation on Barr to provide testimony or information that is in the public domain and, therefore, equally accessible to Plaintiffs.

12.    Barr objects to Plaintiffs' Topics to the extent that they call for testimony or information concerning any legal conclusion.

13.    Barr objects to Plaintiffs' Topics as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that they seek testimony or information concerning galantamine and/or galantamine products unrelated to Barr's proposed generic galantamine products under Abbreviated New Drug Application No. 77-605. Requiring Barr to testify on such Topics would be unduly burdensome on Barr.

14.    Barr objects to the location for the 30(b)(6) depositions. According to the Scheduling Order in this case, all depositions are to occur in Delaware unless otherwise agreed to between the parties. Counsel for Plaintiffs should contact counsel for Barr to discuss the location of the 30(b)(6) depositions for Barr.

15.    Barr further objects to the multiple notices served on Barr on the grounds that most of the topics overlap and/or are duplicative. Barr also objects to Plaintiffs' notices to the extent they circumvent the Scheduling Order's restriction on the time limit for depositions.

16.    Barr objects to Plaintiffs' notices to the extent that they call for testimony on a topic that Barr does not possess any knowledge about (e.g., licensing of the '318 patent). In such circumstances, Barr cannot produce a corporate designee because the corporation does not have information about the topic.

SPECIFIC OBJECTIONS AND RESPONSES

**Topic No. 1.**

Barr's Paragraph IV notice including, without limitation, the meaning of, basis for, and any evaluation or analysis concerning the statement set forth in the letter that Claims 1, 4 and 5 are obvious over Rathmann and Cozanitis.

**RESPONSE:**    Barr objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." Barr also objects on the ground that the referenced statement involves patents and claims not at issue in this litigation. In addition, Barr objects to this Topic on the grounds that it is overly broad, unduly burdensome and seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other

5

applicable privilege. Barr also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr.

### Topic No. 2.

The names and responsibilities of all persons who were involved in any evaluation, consideration, or discussion to develop the Generic Product conducted by or on behalf of Barr.

**RESPONSE:** Barr objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." Barr further objects to this Topic on the grounds that it is overly broad, unduly burdensome and seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. This Topic seeks testimony or information on "any evaluation, consideration or discussion," including the identities of "all persons" who were involved. Barr also objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. Barr further objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr. Barr further objects on the grounds that the information requested in this topic is more properly presented in an interrogatory.

**Topic No. 3.**

The decision to file an application with the FDA seeking approval to manufacture and sell a drug product containing galantamine.

**RESPONSE:**  Barr objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation.  Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement.  The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation.  Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent."  Barr further objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Barr's ANDA No. 77-605.  Plaintiffs have refused to provide similar information concerning other drug products containing galantamine.  Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . . ." (3/10/06 Letter from K. Calia at 1). Barr will not produce a witness to testify about products not covered by ANDA No. 77-605. Barr also objects to this Topic on the grounds that it is overly broad, unduly burdensome and seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence.  In addition, Barr objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege.  Barr further objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr, including Topic 2 herein.

## Topic No. 4.

The names and responsibilities of all persons who were involved in any evaluation, consideration, or discussion to license or market the Generic Product conducted by or on behalf of Barr.

**RESPONSE:**    Barr objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." Barr further objects to this Topic on the grounds that it is overly broad, unduly burdensome and unlimited in time and/or scope. This Topic seeks testimony or information on "all persons" involved in the "evaluation, consideration or discussion." Barr also objects to this Topic as premature to the extent that FDA has not yet approved Barr's ANDA 77-605, and therefore Barr has not started marketing the galantamine product that is the subject of that ANDA. Barr further objects to the extent that this Topic relates to the licensing of the '318 patent because to the best of Barr's knowledge and belief, Barr does not have any information about that Topic. In addition, Barr objects to the extent that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. Barr further objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr, including Topic 6 herein.

8

<u>Topic No. 5.</u>

The benefits, including revenues and profits, that Barr projects, anticipates, expects, or forecasts it will obtain should Barr's ANDA receive approval from the U.S Food and Drug Administration.

**RESPONSE:**  Barr objects to this Topic on the grounds that it seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to this Topic on the grounds that it is overly broad and unduly burdensome. Barr also objects to this Topic as premature to the extent that FDA has not yet approved Barr's ANDA 77-605, and therefore Barr has not started marketing the galantamine product that is the subject of that ANDA. In addition, Barr objects to the extent that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege.

<u>Topic No. 6.</u>

Marketing strategies, marketing plans, and projected sales for Barr's Generic Product.

**RESPONSE:**  Barr objects to this Topic on the grounds that it seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects to this Topic on the grounds that it is overly broad and unduly burdensome. Barr also objects to this Topic as premature to the extent that FDA has not yet approved Barr's ANDA 77-605, and therefore Barr has not started marketing the galantamine product that is the subject of that ANDA. In addition, Barr objects to the extent that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. Barr further objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr.

**Topic No. 7.**

Each and every contribution and/or input that Barr, or any employee or agent of Barr, has made to the preparation, decision to file, filing and/or prosecution of Barr's ANDA, including:    (a) any information relating to regulatory procedures and strategies for obtaining regulatory approval of the Generic Product of Barr's ANDA; (b) any information comprising, relating to or contained in the 21 U.S.C. § 355(j)(2)(A)(vii)(IV) certifications submitted in connection with Barr's ANDA; and (c) any information comprising, relating to or contained in the statements of factual and legal basis for invalidity, unenforceability, and/or noninfringement included with the notice of these certifications.

**RESPONSE:**    Barr objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation.    Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement.    The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent."    Barr also objects on the ground that this Topic seeks testimony and information not reasonably calculated to lead to the discovery of admissible evidence.    In addition, Barr objects to this Topic as overly broad, unduly burdensome and unlimited in time and/or scope.    Plaintiffs seek testimony or information concerning "each and every contribution and/or input" by "any" employee or agent of Barr    It is unreasonable to expect Barr to prepare a witness to testify about such broad, unbounded topics. Barr further objects to the extent that this Topic is directed to contentions, which information should be sought through interrogatories.    Barr also objects to the extent that this Topic purports to seek expert discovery.    Barr also objects on the grounds that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege.    Barr objects on the ground that this Topic seeks testimony or information

concerning patents not at issue in this litigation. Barr objects to the extent that this Topic is

cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr.

### Topic No. 8.

The factual basis for Barr's proposed assertion that its ANDA is indicated for the treatment of mild to moderate Alzheimer's disease.

**RESPONSE:** Barr objects to the extent that this Topic seeks testimony or information

concerning willful infringement which is not in the case. Barr further objects to the extent that

this Topic seeks testimony or information concerning infringement/non-infringement. The

Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this

litigation, in the event that those claims are found valid and enforceable, and therefore

infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore

agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the

issue of infringement of the '318 patent." Barr further objects to the extent that this Topic seeks

testimony or information not reasonably calculated to lead to the discovery of admissible

evidence. Barr also objects to the extent this Topic seeks testimony or information protected by

the attorney-client privilege, attorney work product and/or any other applicable privilege.

### Topic No. 9.

The circumstances in which Barr first became aware of galantamine as a treatment for Alzheimer's disease, including but not limited to the date on which this occurred and the people involved.

**RESPONSE:** Barr objects to this Topic to the extent that it is directed to willful

infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this

litigation. Barr further objects to the extent that this Topic seeks testimony or information

concerning infringement/non-infringement. The Defendants have stipulated to infringement of

claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found

valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." Barr further objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Barr's ANDA No. 77-605. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . 21-169 and the defendants' Abbreviated New Drug Applications . . . ." (3/10/06 Letter from K. Calia at 1). Barr further objects to this Topic on the grounds that it is vague and ambiguous, particularly to the extent that it seeks testimony or information on "the people involved," and not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects on the grounds that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege.

### Topic No. 10.

The circumstances in which Barr first became aware of the '318 patent, including but not limited to the date on which this occurred and the people involved.

**RESPONSE:** Barr objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Barr further objects to this Topic on the grounds that it is vague and ambiguous, particularly to the extent that it seeks testimony or information on "the people involved," and not reasonably calculated to lead to the discovery of admissible evidence. Barr also objects on the grounds that this Topic seeks testimony and information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege

**Topic No. 11.**

Any consideration or evaluation by Barr to develop a drug product containing galantamine for the treatment of Alzheimer's disease.

**RESPONSE:** Barr objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Barr's ANDA No 77-605. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . 21-169 and the defendants' Abbreviated New Drug Applications . . " (3/10/06 Letter from K. Calia at 1). Barr will not produce a witness to testify about products not covered by ANDA No. 77-605. To the extent this Topic relates to the products covered by Barr's ANDA 77-605, this same information has already been requested in other topics in Plaintiffs notices and Barr incorporates all of its objections to Topics 1-10 herein.

**Topic No. 12.**

Identification of all individuals, whether employees of Barr or third parties, having a role in the consideration or evaluation by Barr to develop a drug product containing galantamine for the treatment of Alzheimer's disease that is the subject of Topic 11, and a description of those roles.

**RESPONSE:** Barr further objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Barr's ANDA No 77-605 Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . ." (3/10/06 Letter from K. Calia at 1). Barr will not produce a witness to testify about this Topic To the extent this Topic relates to the product covered by Barr's ANDA 77-

605, this same information has already been requested in other topics in Plaintiffs notices and

Barr incorporates all of its objections to Topics 1-11 herein.

**Topic No. 13.**

Any effort by Barr to develop any drug product other than the Generic Product set forth
in Barr's ANDA

**RESPONSE:**   Barr further objects to the extent that this Topic seeks testimony or

information concerning any galantamine product that is not subject to Barr's ANDA No. 77-605.

Plaintiffs have refused to provide similar information concerning other drug products containing

galantamine  Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to

limit discovery only to that which relates "to the specific products that are the subject of

Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug

Applications . . . " (3/10/06 Letter from K. Calia at 1).  Barr will not produce a witness to testify

about this Topic.  To the extent this Topic relates to the product covered by Barr's ANDA 77-

605, this same information has already been requested in other topics in Plaintiffs notices and

Barr incorporates all of its objections to Topics 1-12 herein.

**Topic No. 14.**

Identification of all individuals, whether employees of Barr or third parties, having a role
in the research, development or testing of such a treatment responsive to Topic 13 and a
description of those roles.

**RESPONSE:**   Barr objects to this Topic on the grounds that it is seeking information

about products other than products covered by ANDA No. 77-605.  Barr will not produce a

witness to testify about this Topic.  To the extent this Topic relates to the product covered by

Barr's ANDA 77-605, this same information has already been requested in other topics in

Plaintiffs notices and Barr incorporates all of its objections to Topics 1-13 herein.

**Topic No. 15.**

The factual and legal bases for Barr's Affirmative Defense that all the claims of the '318 patent are invalid under one or more of 35 U.S.C. §101, 102, 103, and 112.

**RESPONSE:**   Barr objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation.  Barr objects to this Topic to the extent that it covers claims other than Claims 1 and 4 because no other claims are at issue in this litigation.  Barr further objects to the extent that this Topic is directed to contentions, which information should be sought through interrogatories.  Barr also objects to the extent that this Topic purports to seek expert discovery.  In addition, Barr objects to the extent any information sought is in the possession, custody or control of Plaintiffs.  Barr further objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege.  Barr also objects to the extent that this Topic is cumulative and duplicative of other Topics, including Topic 16 herein.

**Topic No. 16.**

The factual and legal bases for Barr's First Claim for Relief that the claims of the '318 patent are invalid, according to its proof elements, including an element-by-element comparison of each asserted claim of the '318 patent to the prior art Barr relies upon and the motivation of one of skill in the art to combine any references under 35 U.S.C. § 103, as well as a description of any non-prior art defenses such as lack of enablement, insufficient written description, failure to disclose best mode, or claim indefiniteness under 35 U.S.C. § 112.

**RESPONSE:**   Barr objects to this Topic to the extent that it is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation.  Barr objects to this Topic to the extent that it covers claims other than Claims 1 and 4 because no other claims are at issue in this litigation.  Barr further objects to the extent that this Topic is directed to contentions, which information should be sought through interrogatories.

Barr also objects to the extent that this Topic purports to seek expert discovery. In addition, Barr objects to the extent any information sought is in the possession, custody or control of Plaintiffs. Barr further objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. Barr also objects to the extent that this Topic is cumulative and duplicative of other Topics, including Topic 15 herein.

### Topic No. 17.

The identity and location of documents and things concerning the foregoing topics.

**RESPONSE:** Barr objects to the extent that this Topic seeks testimony or information directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." In addition, Barr objects to the extent that this Topic seeks testimony or information concerning any galantamine product that is not subject to Barr's ANDA No. 77-605. Plaintiffs have refused to provide similar information concerning other drug products containing galantamine. Also, based on Plaintiffs' letter dated March 10, 2006, Plaintiffs have agreed to limit discovery only to that which relates "to the specific products that are the subject of Janssen's New Drug Application . . . 21-169 and the defendants' Abbreviated New Drug Applications . . . " (3/10/06 Letter from K. Calia at 1). Barr objects to the extent that this Topic is overly broad and unduly burdensome. Barr has produced tens of thousands of pages of documents in this case. Additionally, Barr has

responded to Plaintiffs' letters and telephone calls regarding documents. It is impossible for Barr to prepare someone to testify about this vague and ambiguous topic. Barr further objects to the extent that this Topic seeks testimony, documents or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege and/or documents. In addition, Barr objects to the extent that such testimony, information or documents sought under these Topics are not in the possession, custody or control of Barr.

### Topic No. 18.

Barr's document retention policies from 1986 to the present.

**RESPONSE:** Barr objects to the extent that this Topic seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this Topic is overly broad and unduly burdensome.

### Topic No. 19.

Persons knowledgeable about the subject matter of the foregoing topics.

**RESPONSE:** Barr objects to the extent that this Topic is overly broad and unduly burdensome. This Topic is nothing more than a catch-all and violates the standards for a 30(b)(6) notice. Barr further incorporates in its Response to Topic 19 its objections to the other Topics herein.

Respectfully submitted,

BARR PHARMACEUTICALS INC. and
BARR LABORATORIES INC.

John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
Tele: (302) 655-4200
Fax: (302) 655-4210
*Attorneys for Defendants/Counterclaim-Plaintiffs
Barr Laboratories, Inc. and Barr Pharmaceuticals,
Inc.*

*Of Counsel (admitted pro hac vice):*

George C. Lombardi
Taras A. Gracey
Lynn M. Ulrich
Brian L. Franklin
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tele: (312) 558-5600
Fax: (312) 558-5700
*Attorneys for Defendants/Counterclaim-Plaintiffs
Barr Laboratories, Inc. and Barr Pharmaceuticals,
Inc.*

Dated:  March 17, 2006