**ASHBY & GEDDES**

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

April 10, 2006

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

**REDACTED PUBLIC VERSION**

Re:  In re '318 Patent Infringement Litigation,
      Civil Action No. 05-356-KAJ (consolidated)

Dear Judge Jordan:

In anticipation of the April 12 discovery hearing, Plaintiffs hereby inform the Court of new developments that have occurred since Plaintiffs filed their letter brief on March 31, 2006. We are sensitive to the fact that by submitting a second letter we have cumulatively exceeded the Court's usual three-page limit for such letters. It was not our intention to evade the Court's usual limitation, but given the number of parties in this consolidated litigation, and the resulting difficulty in finding an opening on the Court's calendar when all parties' counsel are available, we thought Your Honor would prefer to receive this second letter about the new problem that has arisen, rather than have to convene a second teleconference right on the heels of this one. We therefore respectfully request the Court's indulgence in connection with this supplemental submission.

As the Court is aware, Plaintiffs filed their March 31 letter because of the difficulties they have faced in obtaining timely Rule 30(b)(6) deposition testimony, which has prejudiced Plaintiffs' ability to prepare their case. On April 4, 2006, Plaintiffs took the first R. 30(b)(6) deposition (of Mylan) but were unsuccessful in obtaining important discovery due to Mylan's obstructionist conduct consisting of constant objections and interruptions, instructions not to answer on grounds other than privilege, and "I don't know" responses to questions within the noticed topics by Mylan's designee.

Specifically, Plaintiffs' April 4 examination of Mylan,[1] was met by recurrent objections and interruptions by Mylan's counsel. The rough transcript, relevant portions of which are attached as Exhibit A, reveals that Mylan's counsel objected 256 times during the 6 hour, 37 minute deposition, or about once every 90 seconds. On no fewer than 19 occasions, Mylan's

---

[1] Mylan's April 4 designee was supposed to testify about Mylan's marketing strategies and plans, sales forecasts, the anticipated benefits of its proposed generic copy of Plaintiffs' Razadyne® product, as well as persons with knowledge of these topics and the location of documents concerning these topics.

The Honorable Kent A. Jordan
April 10, 2006
Page 2

counsel permitted the witness to testify only as to his personal recollection or as to information related directly to his responsibilities, even though the witness was offered to provide testimony on behalf of Mylan.

Worse, Mylan's counsel improperly instructed its designee not to answer several questions on grounds other than privilege or the enforcement of a Court order. Plaintiffs provide a few examples:

**REDACTED**

- Even though one of the noticed topics includes the benefit to Mylan of its proposed generic copy of Plaintiffs' Razadyne® product, Mylan's counsel refused to let its designee explain whether Mylan would create marketing forecasts or subsequently launch a product that it did not believe had therapeutic benefit. (Ex. A, Rough Dep. Tr. at 102:21-106:8.)

**REDACTED**

And in other instances, Mylan's designee was unprepared to answer questions concerning the noticed topics. Here again, Plaintiffs provide a few examples:

**REDACTED**

The Honorable Kent A. Jordan
April 10, 2006
Page 3

- On several occasions, the witness testified that although he was the person within Mylan who would know the answer to certain questions

**REDACTED**

he could not do so. (Ex. A, Rough Dep. Tr. at 189:12-20; 77:21-79:7: 139:1-141:13.)

**REDACTED**

Having fought just to obtain deposition dates for some (but not all) of the noticed topics for some (but not all) of the defendants, the prejudice resulting from having to do so is now greatly compounded by this deposition misconduct. It is clear that in light of these events, additional relief beyond that requested in Plaintiffs' March 31 letter brief will be required, and Plaintiffs look forward to discussing this further with the Court during the April 12, 2006 discovery teleconference.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick

SJB/nml
Attachment
168394.1

cc: All defense counsel (via electronic mail; w/ attachment)

# EXHIBIT A

Case 1:05-cv-00356-SLR    Document 173    Filed 04/18/2006    Page 4 of 5

**REDACTED**