**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| )<br>)<br>IN RE: '318 PATENT INFRINGEMENT   )<br>LITIGATION                    )<br>)<br>) | Civil Action No. 05-356-KAJ<br>(Consolidated) |

**PLAINTIFFS' UNOPPOSED MOTION TO ISSUE LETTERS OF**
**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Plaintiffs Janssen Pharmaceutica NV, Janssen L.P., and Synaptech, Inc., by its

undersigned counsel, hereby respectfully moves the Court to issue the attached Order and Letters

of Request (Exhibit 1) requesting international judicial assistance in Germany to enable Plaintiffs

to seek the production of documents and take the deposition of a certain witnesses located in

Ingelheim, Germany, pursuant to Fed.R.Civ.P. 28(b). Plaintiffs have met and conferred with

Defendants in compliance with D. Del. L.R. 7.1.1. Defendants do not oppose this motion to

issue letters of request, but reserve the right to oppose any attempt by plaintiffs to extend the

discovery schedule in connection with this foreign discovery.

I.    **Background**

Plaintiffs filed suit alleging infringement of the United States Patent No. 4,663,318 (the

"'318 patent") by certain foreign and domestic generic pharmaceutical manufacturers

("Defendants"). Plaintiffs currently assert two claims against Defendants: claims 1 and 4. On

December 2, 2005, the parties entered into a Stipulation Not to Contest Infringement of these

claims. Defendants have asserted, among their affirmative defenses and counterclaims, and in

their Paragraph 4 notices, that claims 1 and 4 of the '318 patent are invalid. Among the grounds

for invalidity, Defendants assert that the invention described in asserted claims 1 and 4 of the

'318 patent were obvious to one skilled in the art at the time the patent application was filed. Plaintiffs dispute these claims, and maintain that claims 1 and 4 of the '318 patent are valid.

To combat Defendants' claims that claims 1 and 4 of the '318 patent are invalid, Plaintiffs intend to offer at trial objective evidence of the nonobviousness of the '318 patent. This objective evidence includes evidence of skepticism of those skilled in the art about the likelihood of success of the invention described in the asserted claims of the '318 patent, such as the evaluation of whether to license the '318 patent by those skilled in the art. As explained below, Plaintiffs have reason to believe that Boehringer-Ingelheim KG ("Boehringer") evaluated whether to develop a galantamine-based treatment for Alzheimer's disease, considered an opportunity to license the '318 patent from Synaptech, but decided to do neither. Thus, Boehringer has unique information relating to nonobviousness, and a just disposition of this case requires the discovery of documents and testimony from a representative of Boehringer.

## II.    Standard of Review

A party which seeks the application of the Hague Evidence Convention procedures rather than the Federal Rules of Civil Procedure bears the burden of persuading the trial court of the necessity of proceeding pursuant to the Hague Evidence Convention. *See Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F.Supp.2d 469, 474 (D. Del. 2003). As this court has already recognized, "that burden is not great, however, since the 'Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention.'" *Id.* (citing *Societe Nationale Industrielle Aerospatiale v. United States District Court for the District of Iowa*, 482 U.S. 522, 538, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987)).

## III.    Discussion

Plaintiffs' motion is made in conformity with the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature, Mar. 18, 1970, 23

U.S.T. 2555, T.I.A.S. No. 7444, *reprinted following* 28 U.S.C.A. § 1781 ("the Hague

Convention").

**A.   Plaintiffs have Complied with the Requirements of Article 3(d) of the Hague Convention.**

Pursuant to the Hague Convention, a Letter of Request must provide the contracting state

with certain information regarding the lawsuit and the information sought. Article 3(d)

specifically states that a Letter of Request shall specify "the evidence to be obtained or other

judicial act to be performed." Hague Evidence Convention, 23 U.S.T. 2555, Art. 3(d) (1972).

*Abbot Laboratories, Inc. v. Impax*, 2004 WL 1622223 at 2 (D. Del). The attached letter of

request does just that.

As a preliminary matter, the Plaintiffs note that it does not seek these discovery of these

documents or deposition merely as evidence in the nature of pre-trial discovery, but rather as

evidence in the nature of proof to be used at trial. Plaintiffs have carefully crafted the proposed

Letter of Request to address specific issues for trial. Moreover, the information that the

Plaintiffs seek to obtain from Boehringer is neither wide-ranging nor speculative, but precisely

targeted to obtain testimony important to the resolution of this case.

The proposed Letter of Request sets forth in detail the documents to be obtained from

Boehringer and the topics to be discussed with Prof. E. Muller or any other appropriate

Boehringer representative. The requests are limited in scope to the '318 patent and the treatment

of Alzheimer's disease through galanthamine for the purpose of establishing the validity of the

'318 patent. Plaintiffs additionally provide further detail to their request by referencing and

attaching the particular documents and quotations from the documents to which they will seek

additional discovery and to which they request the opportunity to ask questions of the deponents.

Thus, Plaintiffs have complied with Article 3 of the Hague Convention for issuance of a letter of

request.

**B.**     **The Request is Necessary to Obtain Relevant Discovery and Trial Evidence.**

These documents and this testimony would be a important component to Plaintiffs proof of the validity of the asserted claims of the '318 patent.  Based on their investigation, Plaintiffs have learned that Prof. E. Muller and Boehringer have information relevant to this litigation.  On November 8, 1989, Muller and Boehringer considered and rejected the opportunity to develop a galantamine product for the treatment of Alzheimer's disease.  *See* Attachment 2 to Exhibit 1.  In particular, they gave "serious consideration" to the proposal to develop galantamine for an Alzheimer's indication and evaluated "preclinical research data available" to conclude that galanthamine "does not have the biochemical and pharmacological profile … essential for its potential use in the treatment of Alzheimer's disease."  Furthermore, Muller and Boerhinger entered into a Confidentiality Agreement on November 10, 1989, with Dr. Bonnie Davis, the inventor of the '318 patent, to evaluate and analyze the prospect of using galantamine to treat Alzheimer's disease.  *See* Attachment 3 to Exhibit 2.  Accordingly, Muller and Boehringer possess an abundance of information relevant to the issues this case.

**IV.**     **Conclusion**

Thus, because Boehringer is a non-party not within the jurisdiction of this court or any US district court and is located overseas, Plaintiffs seek a letter of request so that they may procure evidence and testimony for use at trial.  As such the Hague Convention is appropriate here, as the witnesses are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of Germany, and are not otherwise subject to the jurisdiction of this court. *See Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F.Supp.2d 469, 474 (D.Del. 2003). Accordingly, Plaintiffs request that this Court issue the attached Letters of Request, and that the executed Letters be returned to counsel for Plaintiffs for delivery to the proper authority.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D.# 2114)
John G. Day (I.D.# 2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
Tel: 302-654-1888
Fax: 302-654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Jeffrey B. Elikan
Laura H. McNeill
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel:  202-662-6000

Dated: April 28, 2006
169032.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| IN RE: '318 PATENT INFRINGEMENT | ) | Civil Action |
| LITIGATION | ) | No. 05-356-KAJ |
| | ) | (Consolidated) |
| _____ | ) | |

## ORDER

This matter comes before the Court upon Plaintiffs' Motion to Issue Letter of Request for International Judicial Assistance. Having reviewed the notice, and being fully advised in the premises, the Court grants Plaintiffs application for Letter of Request requesting assistance from the appropriate judicial authority of Germany for the obtaining of documents and the taking of depositions of Prof. E. Muller and Boehringer Ingelheim KG. The executed Letters of Request with the Seal of the Court are attached. Plaintiffs shall forward the Letters of Request and any and all necessary translations and copies to the appropriate authorities.

SO ORDERED this _____ day of _____, 2006.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2006, the attached **PLAINTIFFS'**

**UNOPPOSED MOTION TO ISSUE LETTERS OF REQUEST FOR INTERNATIONAL**

**JUDICIAL ASSISTANCE** was served upon the below-named counsel of record at the address

and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Daniel F. Attridge, P.C.<br>Kirkland & Ellis LLP<br>655 15th Street, N.W.<br>Washington, DC 20005-5793 | VIA FEDERAL EXPRESS |
| Mary B. Matterer, Esquire<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| William A. Rakoczy, Esquire<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60601 | VIA FEDERAL EXPRESS |
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899 | HAND DELIVERY |
| Stuart D. Sender, Esquire<br>Budd Larner, P.C.<br>150 John F. Kennedy Parkway<br>Short Hills, NJ 07078 | VIA FEDERAL EXPRESS |

John C. Phillips, Jr., Esquire                                  HAND DELIVERY
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806


Lynn M. Ulrich, Esquire                                  VIA FEDERAL EXPRESS
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601


Richard D. Kirk, Esquire                                  HAND DELIVERY
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19899


Robert J. Gunther, Jr., Esquire                          VIA FEDERAL EXPRESS
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4802


Frederick L. Cottrell, III, Esquire                       HAND DELIVERY
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801


Alan H. Bernstein, Esquire                               VIA FEDERAL EXPRESS
Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.
1635 Market Street, 12th Floor
Philadelphia, PA  19103


Philip A. Rovner, Esquire                                 HAND DELIVERY
Potter Anderson & Corroon LLP
Hercules Plaza
Wilmington, DE  19801


Barbara S. Wahl, Esquire                                 VIA FEDERAL EXPRESS
Arent Fox PLLC
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5339



                                          /s/ *John G. Day*
                                          _____
                                          John G. Day