# PHILLIPS, GOLDMAN & SPENCE, P. A.

JOHN C PHILLIPS JR
STEPHEN W SPENCE
ROBERT S GOLDMAN
LISA C McLAUGHLIN
JAMES P HALL
JOSEPH J FARNAN III
BRIAN E FARNAN
MELISSA E CARGNINO

ATTORNEYS AT LAW
PENNSYLVANIA AVE AND BROOM ST
1200 N BROOM STREET
WILMINGTON DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)

SUSSEX COUNTY OFFICE
1509 HIGHWAY ONE
DEWEY BEACH DE 19971
(302) 226-4200
(302) 226-1205 (F)

REPLY TO: _____

May 8, 2006

The Hon. Kent A. Jordan
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

Re: In Re: '318 Patent Infringement Litigation
No. 05-356 (KAJ) (Consolidated) (D. Del.)

Your Honor:

My firm, along with Winston & Strawn, LLP, represents Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. in the above-captioned litigation. We submit the following letter on behalf of all Defendants to this case.

Pursuant to Paragraph 8 of the Revised Scheduling Order (D.I. 81), the Court ordered the parties to submit a joint interim status report by today. After hearing nothing from Plaintiffs regarding the preparation of such a report, Defendants informed Plaintiffs that Defendants would prepare the first draft of the report for Plaintiffs' comment. Defendants prepared a report that was a neutral recitation of the status of discovery in this case because that is the type of report Defendants understood the Court expected from the parties.

At 11:45 am EST today, Plaintiffs sent Defendants a revised version of the joint status report. In direct contravention of this Court's rules, Plaintiffs revised the report into a one-sided, biased and factually inaccurate piece of advocacy in Plaintiffs' favor. Shocked and disappointed by Plaintiffs' eleventh-hour revisions, Defendants immediately advised Plaintiffs that Defendants would not consent to the draft proposed by Plaintiffs because it was inaccurate and improper. Defendants told Plaintiffs that unless they deleted the improper advocacy, Defendants would have no other viable option but to submit their own status report. Plaintiffs' responded that they would not remove the improper argument or factual misstatement from their revisions. Thus, in spite of Defendants' best efforts to submit a joint status report to the Court, Plaintiffs' actions have made that impossible. Accordingly, Defendants hereby submit Defendants' interim status report to the Court. Despite the inappropriate report that Defendants anticipate Plaintiffs will file today, the report herein is the identical report Defendants sent to Plaintiffs last week.

Pursuant to Section 9 of the Revised Scheduling Order, a telephone conference with the Court is scheduled for Monday, May 15, 2006, at 4:30 p.m. EDT to discuss this matter. At that

The Hon. Kent A. Jordan
USDC for the District of Delaware
May 8, 2006
Page 2

time, Defendants reserve their right to respond to any of the baseless and factually inaccurate allegations Plaintiffs' submit today by virtue of their own status report.

**Nature of Matters in Issue**

As the Court knows, this Hatch-Waxman patent case concerns two claims of a single method-of-use patent, U.S. Patent No. 4,663,318 ("the '318 patent"), which expires on December 14, 2008. Plaintiffs originally filed seven separate patent infringement lawsuits against thirteen individual Defendants alleging infringement of the '318 patent. These cases were consolidated in October 2005. (D.I. 29). In response to Plaintiffs' complaint, Defendants asserted counterclaims for invalidity. Defendants filed a Stipulation Not to Contest Infringement in December 2005, (D.I. 49), and as such only Defendants' invalidity claims are currently pending. The Court further dismissed Plaintiffs' claim for willful infringement in March 2006. (D.I. 132). Just recently, Defendant Par filed a Stipulation of Dismissal as a Defendant to this litigation, while Defendant Purepac filed a joint Stipulation to stay the litigation as to Purepac. (D.I. 174; D.I. 177).

**Status on Discovery**

According to the Revised Scheduling Order, party fact discovery closes on June 30, 2006, and non-party fact discovery closes on July 7, 2006. The scope of discovery in this case has been narrowed by Court Order and the parties' agreement on certain issues. Specifically, Plaintiffs have agreed not to pursue discovery (including written and oral) on the issues of infringement (in light of the Stipulation Not to Contest Infringement), willfulness (in light of the Court's Order of March 3, 2006), and products outside the scope of the galantamine products that are the subject of each particular Defendants' Abbreviated New Drug Application (see 4/17/06 email from K. Calia to E. Donovan). In turn, Defendants have agreed not to pursue discovery from Plaintiffs concerning Plaintiffs' products other than the Razadyne®/Reminyl® product that is the subject of Plaintiffs' New Drug Application at issue here. The parties also are negotiating various proposed stipulations recently offered by Plaintiffs concerning discovery issues.

In sum, to date, the parties have propounded and responded to written discovery, including interrogatories, requests for production of documents and requests for admission, and have produced documents in response to document requests. The parties also have conducted depositions. Specifics about each of these issues follows:

Written Discovery and Document Production

Both sides have exchanged written discovery requests (including interrogatories, requests for admission and document requests) and objections and responses thereto. On April 17, 2006, Plaintiffs issued a second set of interrogatories to Defendants. Defendants' objections to those interrogatories are due on May 17, 2006. Defendants Teva and Dr. Reddy's served additional interrogatories on Plaintiffs on April 21, and April 24, 2006. Plaintiffs' responses to those interrogatories are due on May 22, and May 25, 2006, respectively.

The Hon. Kent A. Jordan
USDC for the District of Delaware
May 8, 2006
Page 3

In mid-April, Defendants Barr, Teva and Mylan supplemented their answers to Plaintiffs' first set of interrogatories on the issue of the bases for Defendants' invalidity claims. Defendant Alphapharm supplemented its interrogatory answer on invalidity on May 5, 2006. Defendants Barr, Dr. Reddy's, Mylan and Alphapharm have completed their document productions, although additional documents might be produced dependent upon the outcome of the stipulations recently offered by Plaintiffs concerning discovery issues.[1] Defendants and Plaintiffs also have exchanged privilege logs. Defendants anticipate discussing Plaintiffs' privilege logs in upcoming correspondence.

In March 2006, Plaintiffs informed Defendants that they intended to supplement their interrogatory answers (i) to "identify and provide definitions for claim terms that may be in dispute," (ii) identify the "applicable objective considerations of non-obviousness," and (iii) in connection with interrogatories propounded by Defendants concerning conception, reduction to practice and first offer for sale, publication and public use issues. To date, Plaintiffs have not supplemented their interrogatories on any topic. Plaintiffs also have refused to produce certain categories of documents, in particular call notes, in response to specific documents requests served by Defendants. It is Defendants' position that such documents should be produced. Defendants will endeavor to work with Plaintiffs to resolve any disputes in this regard.

Depositions

Plaintiffs and Defendants have taken several depositions and have noticed several other depositions. The parties expect to be able to complete all party depositions by June 30, 2006, and non-party depositions by July 7, 2006.

In late December 2005-early January 2006, Defendants noticed the depositions of the '318 patent inventor, Dr. Bonnie Davis, the inventor's husband, Dr. Kenneth Davis, and the prosecuting attorney for the '318 patent, Mr. John Richards, and a 30(b)(6) deposition of Ladas & Parry, Mr. John Richards' law firm. Defendants took those depositions in early February 2006. In early April 2006, Defendants took the deposition of Dr. Joseph Coyle. Defendants have issued subpoenas to third-parties Mt. Sinai and Dr. Berger-Sweeney, all of whom have some relationship to the invention claimed in the '318 patent. Plaintiffs have advised that they are representing Dr. Berger-Sweeney, and indicated that she is not available for a deposition until June 6, 2006. Plaintiffs informed Defendants on May 4, 2006, that they anticipate producing Dr. Berger-Sweeney's documents on May 5 or May 8. At a minimum, Defendants intend to take Rule 30(b)(6) depositions and individual depositions of Plaintiffs as soon as Plaintiffs' complete their document production. Plaintiffs have not advised Defendants when Plaintiffs' production will be complete. Additionally, Defendants are considering pursuing one or two additional third-party depositions, including Shire Pharmaceuticals, before the close of non-party discovery on July 7, 2006.

---

[1] Alphapharm and Plaintiffs also are discussing the status of Alphapharm's production.

The Hon. Kent A. Jordan
USDC for the District of Delaware
May 8, 2006
Page 4

In mid-April, Plaintiffs took three Rule 30(b)(6) depositions of Defendants. Plaintiffs are taking the remaining Rule 30(b)(6) depositions of Defendants on or before May 19, 2006.[2] Plaintiffs also are pursuing depositions of third-parties Cheryl Blume, Pharmaceutical Development Group ("PDG") and Somerset. The depositions of Dr. Blume and PDG are currently scheduled for May 10, 2006. The parties are working to schedule a mutually convenient date for third-party Somerset. On April 28, 2006, Plaintiffs filed a motion to issue letters of request for international judicial assistance seeking the deposition and documents of Boehringer Ingelheim GMBH and Co. KG in Germany.

Defendants look forward to discussing these issues and any of the issues raised by Plaintiffs' submission with Your Honor on May 15, 2006.

Respectfully Submitted,

JOHN C. PHILLIPS, JR., ESQUIRE
On behalf of all Defendants.

cc:    *See* attached service list

---

[2] In addition, Mylan will present its Rule 30(b)(6) witness, previously presented on April 6, 2006, for a limited deposition as instructed by the Court on April 17, 2006. The parties intend to confer in an effort to reach some agreement on the scope of the deposition based on the Court's instructions on April 17.

SERVICE LIST

Steven J. Balick, Esquire
George F. Pappas, Esquire
Josy W. Ingersoll, Esquire
Edward C. Donovan, Esquire
Mary B. Matterer, Esquire
William A. Rakoczy, Esquire
Richard L. Horwitz, Esquire
Stuart D. Sender, Esquire
Lynn M. Ulrich, Esquire
Richard D. Kirk, Esquire
Robert J. Gunther, Jr., Esquire
Frederick L. Cottrell, III, Esquire
Alan H. Bernstein, Esquire
Philip A. Rovner, Esquire
Barbara S. Wahl, Esquire