IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | ) ) ) ) ) ) ) ) ) | C.A. No. 05-356-KAJ (consolidated) |

**PLAINTIFFS JANSSEN PHARMACEUTICA N.V.'S, JANSSEN, L.P.'S, AND SYNAPTECH, INC.'S OBJECTIONS AND RESPONSE TO DEFENDANTS TEVA PHARMACEUTICALS, USA, INC.'S AND TEVA PHARMACEUTICAL INDUSTRIES LTD'S NOTICE OF 30(b)(6) DEPOSITION**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Janssen Pharmaceutica N.V. Janssen Pharmaceutica N.V. and Janssen L.P., (collectively, "Plaintiffs") hereby respond to Defendants Teva Pharmaceuticals, USA, Inc.'s and Teva Pharmaceutical Industries Ltd's (collectively, "Defendants" or "Teva") May 10, 2006 Notice of 30(b)(6) Deposition to Plaintiffs Janssen Pharmaceutica N.V. and Janssen L.P.

**General Objections**

Pursuant to the Court's Revised Scheduling Order, Plaintiffs object to the location for which this deposition has been noticed. Plaintiffs will make its witness or witnesses designated under Rule 30(b)(6) available at a location convenient to the witness or witnesses. Plaintiffs also object to the date for which the deposition was noticed, May 23, 2006, because the notice served on May 10, 2006 did not afford "reasonable" notice to Plaintiffs under Rule 30(b)(1), and because Plaintiffs and Plaintiffs' counsel are not available on that date, as Plaintiffs have previously advised Defendants. Plaintiffs will propose alternative dates and work out mutually agreeable timing with Teva.

## Specific Objections and Responses

### Topic No. 1:

The facts and circumstances under Janssen first became aware of the article, P.A. Bhasker, *Medical Management of Dementia*, THE ANTISEPTIC, 71(1): 45-47 (1974), including how Janssen learned of it, who was involved in this first awareness, and any evaluation of it conducted by or on behalf of Janssen, then or subsequent to the time Janssen became aware of it.

### Response:

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify on this topic at an appropriate time and location.

### Topic No. 2:

Any evaluation, consideration, or discussion conducted by Janssen to market a galantamine drug product for the treatment of Alzheimer's disease and/or related dementias, including the names and responsibilities of all persons who were involved in the evaluation, consideration, or discussion.

### Response:

Plaintiffs object to this topic as overly broad and unduly burdensome to the extent it seeks the names and responsibilities of "all persons" and "any evaluation, consideration, or discussion conducted by Janssen." Plaintiffs also object to this interrogatory to the degree it calls for information related to galantamine products other than the products that are the subject of Janssen's approved NDA No. 21-169, consistent with the parties' agreement concerning the scope of discovery. Subject to and without

waiving the foregoing general and specific objections, Plaintiffs will provide a witness to

provide general information on this topic as it relates to the products that are the subject

of NDA No. 21-169 at an appropriate time and location.

### Topic No. 3:

The decision to file an application with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a galantamine drug product for the treatment of Alzheimer's disease and/or related dementias.

### Response:

Plaintiffs object to the extent this topic calls for information protected by

the attorney-client privilege and/or work product doctrine.  Plaintiffs also object that the

topic seeks testimony on a subject matter that is not relevant to the matters involved in

this action, and the topic is not reasonably calculated to lead to the discovery of

admissible evidence.  Plaintiffs also object to this interrogatory to the degree it calls for

information related to galantamine products other than the products that are the subject of

Janssen's approved NDA No. 21-169, consistent with the parties' agreement concerning

the scope of discovery.  Subject to and without waiving the foregoing general and

specific objections, Plaintiffs will provide a witness on this topic as it relates to the

products that are the subject of NDA No. 21-169 at an appropriate time and location.

### Topic No. 4:

Each and every contribution and/or input that Janssen, or any employee or agent of Janssen has made to the preparation, decision to file, filing and/or prosecution of Janssen's IND and/or NDA, including without limitation any information relating to regulatory procedures and strategies for obtaining regulatory approval of a galantamine product for the treatment of mild to moderate Alzheimer's disease and/or related dementias.

**Response:**

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague, because, among other reasons, it seeks testimony concerning "each and every contribution and/or input that Janssen, or any employee or agent of Janssen has made to the preparation, decision to file, filing and/or prosecution of Janssen's IND and/or NDA." Plaintiffs interpret "Janssen's IND and/or NDA" as meaning Plaintiffs' NDA No. 21-169 and the corresponding IND, consistent with the parties' agreement concerning the scope of discovery. Plaintiffs further object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, and consistent with the agreement reached by the parties, Plaintiffs will offer a witness at an appropriate time and location to generally identify the people involved in the filing and prosecution of NDA 21-169 and related IND.

**Topic No. 5:**

The facts and circumstances regarding Janssen first becoming aware of galantamine as a treatment for Alzheimer's disease, including without limitation the date on which this occurred and the people involved.

**Response:**

Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify on this topic at an appropriate time and location.

4

**Topic No. 6:**

The facts and circumstances regarding Janssen first becoming aware of U.S. Patent No. 4,663,318 ("the '318 patent"), including without limitation the date on which this occurred and the people involved.

**Response:**

        Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify on this topic at an appropriate time and location.

**Topic No. 7:**

Any consideration or evaluation by Janssen of licensing the '318 patent to any unlicensed party.

**Response:**

        Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery. Plaintiff's further object that this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to this topic at an appropriate time and location.

**Topic No. 8:**

The factual basis for Janssen's belief that the Teva Defendants engaged in any licensing activity with Dr. Bonnie Davis or Synaptech.

**Response:**

      Plaintiffs object that this topic calls for information protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs further object to the extent this topic is directed to contentions and to the extent it calls for information within the custody and control of Defendants.

**Topic No. 9:**

Any documents related to the foregoing topics that were either not produced in this case or destroyed and the circumstances under which the documents were withheld from production or destroyed, the identification of all persons with knowledge of the documents and/or their contents, and, in the case of documents destroyed, the dates of the destruction.

**Response:**

      Plaintiffs object to this topic as overly broad and unduly burdensome. Plaintiffs further object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine.

**Topic No. 10:**

Janssen Pharmaceutica N.V.'s document retention policies from 1986 to the present.

**Response:**

      Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action.  Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location to testify about Janssen Pharmaceutica N.V.'s document retention policies from 1986 to the present.

**Topic No. 11:**

Janssen L.P.'s document retention policies from 1986 to the present.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location to testify about Janssen L.P.'s document retention policies from 1986 to the present.

**Topic No. 12:**

The identity and location of documents and things concerning the foregoing topics.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Plaintiffs further object to the separation of this topic from the substantive topics noticed in Teva's Notice of 30(b)(6) Deposition.

**Topic No. 13:**

Persons knowledgeable regarding subject matter of the foregoing topics.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Plaintiffs further object to the separation of this topic from the substantive topics noticed in Teva's Notice of 30(b)(6) Deposition.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel:  302-654-1888
Fax:  302-654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Kurt G. Calia
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  202-662-6000
Fax:  202-662-6291

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ  08933
Tel:  732-524-2805
Fax:  732-524-5866

Dated:  May 23, 2006

169770.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2006, the attached **PLAINTIFFS**

**JANSSEN PHARMACEUTICA N.V.'S, JANSSEN, L.P.'S, AND SYNAPTECH, INC.'S**

**OBJECTIONS AND RESPONSE TO DEFENDANTS TEVA PHARMACEUTICALS,**

**USA, INC.'S AND TEVA PHARMACEUTICAL INDUSTRIES LTD'S NOTICE OF**

**30(b)(6) DEPOSITION** was served upon the below-named counsel of record at the address and

in the manner indicated:

John W. Shaw, Esquire                                    <ins>HAND DELIVERY</ins>
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Daniel F. Attridge, P.C.                                 <ins>VIA FEDERAL EXPRESS</ins>
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC  20005-5793

Mary B. Matterer, Esquire                                <ins>HAND DELIVERY</ins>
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

William A. Rakoczy, Esquire                              <ins>VIA FEDERAL EXPRESS</ins>
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, IL  60601

Richard L. Horwitz, Esquire                              <ins>HAND DELIVERY</ins>
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

Stuart D. Sender, Esquire                                <ins>VIA FEDERAL EXPRESS</ins>
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ  07078

John C. Phillips, Jr., Esquire                          <u>HAND DELIVERY</u>
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

Lynn M. Ulrich, Esquire                          <u>VIA FEDERAL EXPRESS</u>
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601

Frederick L. Cottrell, III, Esquire                          <u>HAND DELIVERY</u>
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

Alan H. Bernstein, Esquire                          <u>VIA FEDERAL EXPRESS</u>
Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.
1635 Market Street, 12th Floor
Philadelphia, PA  19103


*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon