IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: '318 PATENT<br>INFRINGEMENT LITIGATION | )<br>)<br>)<br>) | C.A. No. 05-356-KAJ<br>(consolidated) |

**NOTICE OF DEPOSITION AND SUBPOENA OF
IVAX PHARMACEUTICALS, INC. PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 45</u>**

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc. (collectively, "Janssen") will take the deposition upon oral examination of IVAX Pharmaceuticals, Inc. at the offices of Esquire Deposition Services, 44 West Flager Street, 14th Floor, Miami, Florida, 33130, beginning at 9:00 A.M. on June 13, 2006.

NOTICE IS FURTHER GIVEN THAT the deposition will be recorded stenographically through instant visual display of testimony (real-time), by certified shorthand reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. This deposition will be videotaped.

NOTICE IS FURTHER GIVEN THAT pursuant to the Federal Rules of Civil Procedure, Janssen will serve upon IVAX Pharmaceuticals, Inc. a Subpoena in a Civil Case. Attached hereto as Exhibit A is a true and correct copy of that Subpoena.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc.*

Dated:  May 26, 2006

169927.1

# EXHIBIT A

AO88 Subpoena in a Civil Case

Issued by the
# United States District Court

SOUTHERN DISTRICT OF FLORIDA

| IN RE: '318 PATENT INFRINGEMENT LITIGATION | SUBPOENA IN A CIVIL CASE |
|---|---|
| | Case Number:[1] C.A. No. 05-356-KAJ (consolidated) (District of Delaware) |

TO: IVAX Pharmaceuticals, Inc.
Corporate Creations Network, Inc.
11380 Prosperity Farms Road
#221E
Palm Beach Gardens, FL 33410

☐ YOU ARE COMMANDED to appear in the Unites States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.          Please See Schedule A Attached

| PLACE OF DEPOSITION   Recording Method: By stenographer and videotape | DATE AND TIME |
|---|---|
| Esquire Deposition Services, 44 West Flager Street, 14th Floor, Miami, Florida, 33130 | June 13, 2006 9:00 AM EST |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):          Please See Schedule B Attached

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiffs Janssen Pharmaceutica N.V., Janssen L.P., and Synaptech, Inc. *[signature]* | DATE AND TIME May 26, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Tiffany Geyer Lydon Ashby & Geddes, 222 Delaware Avenue, 17th Floor Wilmington, DE  19899 Tel: 302-654-1888 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

DC: 2160035-1

A088 Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C&D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden
(3)(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

DC: 2160035-1

## SCHEDULE A

## DEFINITIONS

1. As used herein, "the '318 patent" shall mean United States Patent No. 4,663,318.

2. As used herein, "ANDA" shall mean Abbreviated New Drug Application Number 77-609.

3. As used herein, "Plaintiffs" refers to Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc., either individually or collectively.

4. As used herein, "You," "Your," or "Yours," shall mean IVAX Pharmaceuticals, Inc., IVAX Pharmaceuticals, Inc.'s corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents, employees and any individuals or entities that at any time have acted or purported to act on behalf of IVAX Pharmaceuticals, Inc. or its successors.

## TOPICS

1. The notice You sent to Plaintiffs on April 29, 2005, attached hereto as Exhibit 1.

2. Your patent certification regarding the '318 patent in connection with ANDA No. 77-609.

# EXHIBIT 1



140 Legrand Avenue
Northvale, New Jersey • 07647
Telephone: 201-767-1700
www.IVAXPharmaceuticals.com

April 29, 2005

Janssen Pharmaceutica Products, L.P.
1125 Trenton-Harbourton Rd.
Titusville, NJ 08560-0200

Janssen Pharmaceutica
Turnhoutseweg 30
B-2340 Beerse
Belgium

Dear Sir or Madam:

IVAX Pharmaceuticals, Inc. ("IVAX") has filed an Abbreviated New Drug Application (ANDA No. 77-609, pursuant to Section 355(j), Title 21, of the Federal Food, Drug & Cosmetic Act in order to obtain approval to engage in the commercial manufacture, use and sale of galantamine hydrobromide before the expiration of U.S. Patents Nos. 6,099,863 ("the '863 patent") and 6,358,527 ("the '527 patent"). Accompanying this document, IVAX has provided Notice pursuant to 21 U.S.C. § 355(j)(2)(B).

In accordance with 21 U.S.C. §§ 355(j)(5)(C)(i)(I)(cc) and (III), IVAX is hereby providing to Janssen Pharmaceutica N. V. ("Janssen") an offer of confidential access to the aforementioned application. Access shall not be given to any persons other than outside attorneys retained by Janssen (including their employees and clerical assistants) and outside experts and consultants (including their employees and clerical assistants) who are employed, retained or otherwise consulted by outside attorneys, for the purpose of determining whether an action should be brought.

Any of the aforementioned persons provided an offer of confidential access shall review the application for the sole and limited purpose of evaluating possible infringement of the patent that is the subject of the certification under § 355(j) (2)(A)(vii)(IV) and for no other purpose, and may not disclose information of relevance to any issue of patent infringement to any person other than a person provided an offer of confidential access hereunder. Further, the application may be redacted by IVAX to remove any information of no relevance to any issue of patent infringement.

If any questions remain, please contact us.

galantamineofferof access.DOC                           1

IVAX PHARMACEUTICALS, INC.

*[signature]*

Lee Banks
Patent Counsel
(201) 767-7068

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2006, the attached **NOTICE OF DEPOSITION AND SUBPOENA OF IVAX PHARMACEUTICALS, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Daniel F. Attridge, P.C.<br>Kirkland & Ellis LLP<br>655 15th Street, N.W.<br>Washington, DC 20005-5793 | VIA FEDERAL EXPRESS |
| Mary B. Matterer, Esquire<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| William A. Rakoczy, Esquire<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60601 | VIA FEDERAL EXPRESS |
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899 | HAND DELIVERY |
| Stuart D. Sender, Esquire<br>Budd Larner, P.C.<br>150 John F. Kennedy Parkway<br>Short Hills, NJ 07078 | VIA FEDERAL EXPRESS |

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806 | **HAND DELIVERY** |
| Lynn M. Ulrich, Esquire<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 | **VIA FEDERAL EXPRESS** |
| Frederick L. Cottrell, III, Esquire<br>Richards, Layton & Finger<br>One Rodney Square<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Alan H. Bernstein, Esquire<br>Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.<br>1635 Market Street, 12th Floor<br>Philadelphia, PA 19103 | **VIA FEDERAL EXPRESS** |

/s/ *Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon