**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | )<br>)<br>)<br>) | C.A. No. 05-356 (KAJ)<br>(consolidated) |

**BARR PHARMACEUTICALS INC.'S AND BARR LABORATORIES INC.'S
RESPONSES AND OBJECTIONS TO PLAINTIFFS'
<u>NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)</u>
(with noticed deposition date of June 13, 2006)**

Defendants Barr Pharmaceuticals Inc. and Barr Laboratories Inc. (collectively, "Barr"), pursuant to Federal Rules of Civil Procedure 26 and 30, hereby submit their Responses and Objections to the Notice of Deposition Under Fed. R. Civ. P. 30(b)(6) served by Plaintiffs, having a noticed deposition date of June 13, 2006.

**GENERAL OBJECTIONS APPLICABLE TO ALL DEPOSITION TOPICS**

1.       Barr objects to Plaintiffs' Notice because it violates Federal Rule of Civil Procedure 30(b)(6), which requires a party to "describe with reasonable particularity the matters on which examination is requested." Fed.R.Civ.P. 30(b)(6). Plaintiffs' Notice fails to provide the required level of particularity and as such makes it difficult to prepare a witness to testify on the topics. As the Court indicated during an earlier discovery conference, Plaintiffs should indicate exactly the information they want the 30(b)(6) witness to provide in the deposition. Plaintiffs have not done that. Barr encourages Plaintiffs to identify in writing any particular information Plaintiffs want the witness to provide about the 4 broad topics in Plaintiffs' notice so that Barr's witness can provide such information.

2.       Barr objects to the extent any Topic is directed to willful infringement, which claim the Court dismissed and, therefore, which is no longer at issue in this litigation. Similarly,

Barr objects to the extent that the Topics seek testimony or information concerning infringement/non-infringement. The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation. Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent." Accordingly, Barr will not allow its 30(b)(6) witness to provide testimony about issues of infringement or willful infringement. Similarly, Barr will not allow its 30(b)(6) witness to testify about Barr products other than the Barr products covered by Barr's ANDA No. 77-605.

3.     Barr objects to the Topics to the extent that they require testimony on claims other than Claims 1 and 4 of the '318 patent on the grounds that those are the only two claims asserted by Plaintiffs in this litigation.

4.     Barr objects to the Topics set forth by Plaintiffs on the grounds that certain Topics seek testimony or information protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

5.     Barr objects to Plaintiffs' Topics to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Civil Rules of this Court.

6.     Barr objects to Plaintiffs' Topics to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See* FED. R. CIV. P. 26(b)(2)(iii).

7.      Barr objects to Plaintiffs' definitions and instructions to the extent that they (i) change the common meaning of the English language with regard to any word or phrase; (ii) alter the scope of discovery, and purport to impose obligations beyond those imposed, under the Federal Rules of Civil Procedure and/or the Local Civil Rules of this Court; and/or (iii) define terms differently than such terms are defined under the Federal Rules of Civil Procedure and/or the common law. Barr also objects to the definition that Plaintiffs have provided for terms used in these Topics to the extent that they are overly broad, argumentative, prejudicial, improper, incorrect, vague and/or ambiguous. Specific explanations of the objections will be provided.

8.      Barr objects to Plaintiffs' definition of "Barr" as overly broad and unduly burdensome. For purposes of these Topics, "Barr" shall refer solely to Barr Pharmaceutical Inc. and Barr Laboratories Inc., named Defendants to this litigation.

9.      Barr objects to Plaintiffs' Topics to the extent that they impose an obligation on Barr to provide testimony or information that is in the public domain and, therefore, equally accessible to Plaintiffs.

10.     Barr objects to Plaintiffs' Topics to the extent that they call for testimony or information concerning any legal conclusion.

11.     Barr objects to Plaintiffs' Topics as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that they seek testimony or information concerning galantamine and/or galantamine products unrelated to Barr's proposed generic galantamine products under Abbreviated New Drug Application No. 77-605. Requiring Barr to testify on such Topics would be unduly burdensome on Barr and completely irrelevant to this litigation.

12.    Barr objects to the location for the 30(b)(6) depositions.   According to the Scheduling Order in this case, all depositions are to occur in Delaware unless otherwise agreed to between the parties.   The parties have agreed that this 30(b)(6) deposition will take place at Covington's New York office.

13.    Barr objects to Plaintiffs' notices to the extent that they call for testimony on a topic that Barr does not possess any knowledge about (*e.g.*, communications between Barr and Dr. Mary Sano).   In such circumstances, it is a waste of resources to produce a designee to testify that Barr does not have any information.

SPECIFIC OBJECTIONS AND RESPONSES

**Topic No. 1.**

Any and all documents that were distributed in anticipation of and/or in preparation for the June 2004 Galantamine Hydrobromide Tablets Kickoff Meeting.

**RESPONSE:**   Barr objects to this Topic as an improper topic for a 30(b)(6) deposition. The topic is directed to documents distributed at the June 2004 Kick-Off Meeting, a subject more properly presented in a document request.   Barr also notes that it has produced the documents distributed in anticipation of the June 2004 Kick-Off Meeting to Plaintiffs.   Barr further objects to the extent that the topic is directed to willful infringement, a claim which the Court dismissed and, therefore, is no longer at issue in this litigation.   Barr further objects to the extent that this Topic seeks testimony or information concerning infringement/non-infringement.   The Defendants have stipulated to infringement of claims 1 and 4, the only claims at issue in this litigation, in the event that those claims are found valid and enforceable, and therefore infringement/non-infringement is no longer at issue in this litigation.   Plaintiffs furthermore agreed in the Stipulation that they "will not seek discovery from Defendants relating solely to the issue of infringement of the '318 patent."   Barr also objects on the ground that the referenced

4

statement involves patents and claims not at issue in this litigation. In addition, Barr objects to this Topic on the grounds that it is overly broad, unduly burdensome and seeks testimony or information that is not reasonably calculated to lead to the discovery of admissible evidence. Barr further objects on the ground that this Topic seeks testimony or information protected by the attorney-client privilege, attorney work product and/or any other applicable privilege. Barr also objects to the extent that this Topic is cumulative and duplicative of other Topics in the Rule 30(b)(6) notices served to Barr. Subject to and without waiving Barr's foregoing objections, Barr designates Charlie DiLiberti as its 30(b)(6) witness for topic 1. If Plaintiffs have specific questions about the documents distributed at the June 2004 Kick-Off Meeting, Barr requests that Plaintiffs identify those questions for Barr so that Mr. DiLiberti is prepared to provide Plaintiffs with the information that they seek. Absent such clarification, it is impossible to know what Plaintiffs expect the witness to know about the documents distributed for the Kick-Off Meeting.

**Topic No. 2.**

The June 2004 Galantamine Hydrobromide Tablets Kickoff Meeting.

**RESPONSE:** Barr incorporates its objections to Topic 1 as though set forth herein. Subject to Barr's objections, Barr designates Mr. Charlie DiLiberti for topic 2. As for Topic 1, Barr requests that Plaintiffs identify with particularity what they would like to know about the Kick-Off Meeting that is the subject of Topic 2 so that Barr's designee is prepared to provide that information to Plaintiffs. It is impossible to know from Plaintiff's broad topic exactly what Plaintiffs want to know about the Kick-Off Meeting, particularly when the issues relate to product formulation and not any of the invalidity issues remaining in this case.

**Topic No. 3.**

Any and all documents related to or that refer to "Galantamind."

**RESPONSE:** Barr incorporates its objections to Topics 1 and 2 as though set forth herein. As with Topics 1 and 2, Barr requests that Plaintiffs identify with particularity what they would like to know about the documents in Barr's possession that refer to Galantamind. Barr already has produced to Plaintiffs the documents that Barr has that refer to Galantamind and Plaintiffs questioned Barr's President about such documents. Subject to and without waiving the foregoing objections, Barr designates Mr. Charlie DiLiberti for topic 3.

**Topic No. 4.**

Any and all communications between Barr and Dr. May Sano, and any and all documents relating to or reflecting such communications.

**RESPONSE:** Barr incorporates its objections to Topics 1-3 as though set forth herein. Barr further objects to the extent that Topic 4 pertains to communications about drugs other than galantamine. Barr further objects to this topic to the extent that Plaintiffs are asking for testimony in that such a request is more properly presented in a document request. In further answering, Barr states that it is not aware of any communications between Barr and Dr. May Sano. Accordingly, Barr's designee on this topic will not be able to provide testimony on this topic beyond confirming that Barr has not had any communications with a Dr. May Sano. If Plaintiffs believe that Barr has had communications with Dr. May Sano, Barr requests that Plaintiffs so notify Barr's counsel so that Barr may investigate such allegations. To the extent that topic 4 is directed to communications between Barr and a Dr. Mary Sano, Barr again states that it is not aware of any such communications. Subject to and without waiving the foregoing objections, Barr designates Mr. Charlie DiLiberti for topic 4.

Respectfully submitted,

BARR PHARMACEUTICALS INC. and
BARR LABORATORIES INC.

John C. Phillips Jr. (Bar No. 110)
Brian E. Farnan  (Bar No. 4089)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
Tele: (302) 655-4200
Fax: (302) 655-4210
*Attorneys for Defendants/Counterclaim-Plaintiffs*
*Barr Laboratories, Inc. and Barr Pharmaceuticals,*
*Inc.*

*Of Counsel (admitted pro hac vice):*

George C. Lombardi
Taras A. Gracey
Lynn M. Ulrich
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tele: (312) 558-5600
Fax: (312) 558-5700
*Attorneys for Defendants/Counterclaim-Plaintiffs*
*Barr Laboratories, Inc. and Barr Pharmaceuticals,*
*Inc.*

Dated:  June 9, 2006