IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: '318 PATENT<br>INFRINGEMENT LITIGATION | )<br>)<br>) | C.A. No. 05-356-KAJ<br>(consolidated) |

**PLAINTIFFS JANSSEN PHARMACEUTICA N.V.'S AND JANSSEN, L.P.'S OBJECTIONS AND RESPONSE TO DEFENDANTS TEVA PHARMACEUTICALS, USA, INC.'S AND TEVA PHARMACEUTICAL INDUSTRIES LTD'S SECOND NOTICE OF 30(b)(6) DEPOSITION**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Janssen Pharmaceutica N.V. and Janssen L.P., (collectively, "Plaintiffs") hereby respond to Defendants Teva Pharmaceuticals, USA, Inc.'s and Teva Pharmaceutical Industries Ltd's (collectively, "Defendants" or "Teva") May 31, 2006 Notice of 30(b)(6) Deposition to Plaintiffs Janssen Pharmaceutica N.V. and Janssen L.P.

**General Objections**

Pursuant to the Court's Revised Scheduling Order, Plaintiffs object to the location for which this deposition has been noticed. Plaintiffs will make its witness or witnesses designated under Rule 30(b)(6) available at a location convenient to the witness or witnesses. Plaintiffs also object to the date for which the deposition was noticed, June 13, 2006, because the notice served on May 31, 2006 did not afford "reasonable" notice to Plaintiffs under Rule 30(b)(1), and because Plaintiffs and Plaintiffs' counsel are not available on that date, as Plaintiffs have previously advised Defendants. Plaintiffs will propose alternative dates and work out mutually agreeable timing with Teva. Plaintiffs further object to the interrogatories and the 30(b)(6) notice to the extent they are vague and might be interpreted to seek testimony concerning information that is in the

possession and control of third parties; Plaintiffs understand and respond to the interrogatories and the 30(b)(6) notice as being directed solely to them.

## Specific Objections and Responses

### Topic No. 1:

The factual basis for Plaintiffs' contentions related to any secondary considerations of non-obviousness including the factual basis for the statements set forth in Plaintiffs' response to Teva's Interrogatory No. 15.

### Response:

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object to the extent the topic seeks testimony on subjects properly within the scope of expert discovery, and to the extent the topic is directed to contentions that are more appropriately addressed through the use of interrogatories. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness or witnesses to testify on this topic at an appropriate time and location.

### Topic No. 2:

Information known to Plaintiffs regarding secondary considerations of non-obviousness.

### Response:

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness or witnesses to provide general information on this topic at an appropriate time and location.

**Topic No. 3:**

Information known to Plaintiffs related to the basis for customer demand of Razadyne tablets.

**Response:**

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague, because, among other reasons, it seeks "information . . . related to the basis for customer demand." Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness on this topic at an appropriate time and location.

**Topic No. 4:**

Information known to Plaintiffs related to uses for galantamine tablets.

**Response:**

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague, because, among other reasons, it seeks "information . . . related to uses." Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will offer a witness at an appropriate time and location.

**Topic No. 5:**

All drug products that compete with Razadyne tablets from launch of the Razadyne drug product through present and their respective market shares in that time frame.

**Response:**

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague, and the topic seeks testimony that is in the possession and control of third parties and is as easily obtainable by defendants as by Plaintiffs. Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify on this topic at an appropriate time and location.

**Topic No. 6:**

Revenues and profits from sales of Razadyne tablets from launch of the Razadyne drug product until present.

**Response:**

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to this topic at an appropriate time and location.

**Topic No. 7:**

Costs related to sales of Razadyne tablets including cost of goods sold, marketing of the product, and any other cost or expense related to the sale of Razadyne tablets from launch until present.

**Response:**

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague. Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to this topic at an appropriate time and location.

**Topic No. 8:**

Marketing and advertising related to Razadyne tablets from launch of the Razadyne drug product until present, including the types and costs of marketing and advertising.

**Response:**

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague. Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to this topic at an appropriate time and location.

**Topic No. 9:**

Marketing and business plans or strategies related to sales of Razadyne tablets from launch the Razadyne drug product until present, including any plans or strategies related to expected generic competition.

**Response:**

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague. Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will produce a witness to

testify with regard to marketing and business plans related to sales of Razadyne tablets at an appropriate time and location.

**Topic No. 10:**

Sales, costs, and profits forecasts related to Razadyne tablets including any forecasts or projections related to expected generic competition.

**Response:**

      Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence.

**Topic No. 11:**

Plans or strategies intended to switch Razadyne tablet customers to other drug products.

**Response:**

      Plaintiffs object that this topic is overly broad, unduly burdensome, and vague, and the topic seeks information that it is not within the possession and control of Plaintiffs and that is contrary to the parties' agreement concerning other products. Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence.

**Topic No. 12:**

Plaintiffs' investigation into prior art related to the '318 Patent.

**Response:**

      Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object that

the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location with regard to non-privileged information concerning this topic.

**Topic No. 13:**

Communications with third parties related to licensing the '318 Patent, or infringement, validity, or enforceability of the '318 Patent.

**Response:**

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location with regard to non-privileged information concerning this topic.

**Topic No. 14:**

Licensing of and assignment of rights in of the '318 Patent including actual, proposed, or considered licenses and assignments.

**Response:**

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location with regard to non-privileged information concerning this topic.

**Topic No. 15:**

    Communications, licensing discussions, and any actual or considered litigation between Plaintiffs and Waldheim Pharmazeutika GmbH regarding any United States or foreign patent(s) for the use of galantamine for the treatment of Alzheimer's disease or related dementia, including any arguments set forth by Waldheim Pharmazeutika GmbH regarding any asserted invalidity of such patent(s), any actual or proposed settlement agreements, and any litigation outcomes.

**Response:**

    Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location with regard to non-privileged information concerning this topic.

**Topic No. 16:**

    Information known to Plaintiffs regarding the following documents: JAN RAZ-0010903-15; JAN RAZ-0010949-50; JAN RAZ-0010965-80; JAN RAZ-0011208-22; JAN RAZ-0011228-34; JAN RAZ-0011244-46; JAN RAZ-0011250-52; SYN RAZ-0000270; SYN RAZ-0000594-595; SYN RAZ-0000721; SYN RAZ-0001076; SYN RAZ-0017576; SYN RAZ-0018791-804; SYN RAZ-0019713; SYN RAZ-0020089-103.

**Response:**

    Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object that the documents referenced in the topic speak for

themselves. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to non-privileged information concerning this topic.

**Topic No. 17:**

The factual basis for Plaintiffs' allegations of standing to bring suit.

**Response:**

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to non-privileged information concerning this topic.

**Topic No. 18:**

> Any documents related to the foregoing topics that were either not produced in this case or destroyed and the circumstances under which the documents were withheld from production or destroyed, the identification of all persons with knowledge of the documents and/or their contents, and, in the case of documents destroyed, the dates of the destruction.

**Response:**

Plaintiffs object that the topic is over broad and unduly burdensome, the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the separation of this topic from the substantive topics noticed in Teva's Second Notice of 30(b)(6) Deposition. Subject to

9

and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to non-privileged information concerning this topic.

**Topic No. 19:**

The identity and location of documents and things concerning the foregoing topics.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Plaintiffs further object to the separation of this topic from the substantive topics noticed in Teva's Second Notice of 30(b)(6) Deposition. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to non-privileged information concerning this topic.

**Topic No. 20:**

Persons knowledgeable regarding subject matter of the foregoing topics.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Plaintiffs further object to the separation of this topic from the substantive topics noticed in Teva's Second Notice of 30(b)(6) Deposition. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to non-privileged information concerning this topic.

ASHBY & GEDDES

/s/ Lauren E. Maguire
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany G. Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc.*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Kurt G. Calia
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202-662-6000

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
Tel: 732-524-2805

Dated: June 13, 2006
170393.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2006, the attached **PLAINTIFFS JANSSEN PHARMACEUTICA N.V.'S AND JANSSEN, L.P.'S OBJECTIONS AND RESPONSE TO DEFENDANTS TEVA PHARMACEUTICALS, USA, INC.'S AND TEVA PHARMACEUTICAL INDUSTRIES LTD'S SECOND NOTICE OF 30(b)(6) DEPOSITION** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Daniel F. Attridge, P.C.<br>Kirkland & Ellis LLP<br>655 15th Street, N.W.<br>Washington, DC 20005-5793 | **VIA FEDERAL EXPRESS** |
| Mary B. Matterer, Esquire<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| William A. Rakoczy, Esquire<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60601 | **VIA FEDERAL EXPRESS** |
| John C. Phillips, Jr., Esquire<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806 | **HAND DELIVERY** |
| Lynn M. Ulrich, Esquire<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 | **VIA FEDERAL EXPRESS** |

Frederick L. Cottrell, III, Esquire　　　　　　　　　　　　　**HAND DELIVERY**
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

Alan H. Bernstein, Esquire　　　　　　　　　　　　　　　**VIA FEDERAL EXPRESS**
Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.
1635 Market Street, 12th Floor
Philadelphia, PA  19103


　　　　　　　　　　　　　　　　　　　　　　*/s/ Lauren E. Maguire*
　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Lauren E. Maguire