IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: '318 PATENT | ) | C.A. No. 05-356-KAJ |
| INFRINGEMENT LITIGATION | ) | (consolidated) |
| | ) | |

## PLAINTIFF SYNAPTECH, INC.'S OBJECTIONS AND RESPONSE TO DEFENDANTS BARR LABORATORIES, INC.'S AND BARR PHARMACEUTICALS, INC.'S NOTICE OF 30(b)(6) DEPOSITION

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure,

Plaintiff Synaptech, Inc. hereby responds to Defendants Barr Laboratories, Inc.'s and

Barr Pharmaceuticals, Inc.'s (collectively, "Defendants" or "Barr") June 6, 2006 Notice

of 30(b)(6) Deposition to Plaintiff Synaptech, Inc.

### General Objections

Plaintiff objects to the notice of deposition as violating the Court's

Scheduling Order, which requires that Defendants use their "best efforts to avoid

deposing any person more than once" and stipulates that "no person shall be deposed

more than once without consent of the parties or order of the Court." As Defendants

know, for all intents and purposes Dr. Bonnie Davis, the individual, and Plaintiff

Synaptech, Inc., the entity, are one and the same. Synaptech operates out of Dr. Davis'

personal residence and maintains all of its corporate files and records there. Dr. Davis is

Synaptech's only employee. Dr. Davis' and Synaptech's knowledge of relevant events

and information are identical. Defendants deposed Dr. Davis for fourteen hours over the

course of two days more than four months ago and were provided ample opportunity to

question Dr. Davis in a corporate capacity at that time. Dr. Davis' previous testimony

was comprehensive; nothing useful can be added to the record by recalling her for an

additional seven-hour deposition. Defendants should not be rewarded for manipulating discovery procedures in an obvious attempt to circumvent the Court-imposed fourteen-hour fact deposition limitation.

In a similar vein, Plaintiff objects to the notice as untimely and unduly burdensome. Again, Defendants deposed Dr. Davis for fourteen hours over the course of two days in February, more than four months ago. Plaintiffs apprised Defendants in mid-January, well in advance of Dr. Davis' deposition, of their position that questioning a 30(b)(6) witness for seven hours in excess of the time periods set forth in the Court's order was not permitted by the order. The proper time for dealing with this issue would have been in mid-January when, in the event Defendants' contrary view prevailed, Dr. Davis could have been made available on additional consecutive days in February. Instead, Defendants waited until the eleventh hour, mere weeks before the close of fact discovery, to press the issue. This can only be viewed as a conscious effort by Defendants to impose on Plaintiff as onerous a burden as possible, and Plaintiff will not acquiesce to such harassment.

Plaintiff objects to the date for which this deposition has been noticed, June 27, 2006, because the notice served on June 6, 2006 does not afford "reasonable" notice to Plaintiffs as required by Rule 30(b)(1). Plaintiff also objects to the noticed topics to the extent they might be interpreted to seek testimony concerning information that is in the possession and control of other parties. Plaintiff further objects to the extent the noticed topics call for information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects that the noticed topics seek testimony on subject matters that are not relevant to the matters involved in this action, and that the

topics are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the noticed topics as overly broad, unduly burdensome, vague, and on the grounds that they fail to describe the subject matters for which testimony is sought with reasonable particularity. Plaintiff further objects to the extent the noticed topics seek testimony on subjects properly within the scope of expert discovery, and to the extent they are directed to contentions that are more appropriately addressed through the use of interrogatories, as the Court has ruled.

### Specific Objections and Responses

#### Topic No. 1:

Synaptech's knowledge of P.A. Bhasker's article *Medical Management of Dementia*, THE ANTISEPTIC, 71(1): 45-47 (1974) ("Bhasker") being cited by any United States or foreign patent office or other tribunal in connection with the prosecution of the '318 patent or any foreign equivalent of the '318 patent and Synaptech's knowledge of any statements or arguments made to explain Bhasker.

#### Response:

Plaintiff objects to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects that this topic is overly broad, unduly burdensome, and vague, because, among other reasons, it seeks information relating to "any statements or arguments made to explain Bhasker." Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about Bhasker over the course of her two-day, fourteen-hour deposition last February.

#### Topic No. 2:

Synaptech's knowledge of D. Dashlov's article *Nivalin: Application and Rehabilitation Treatment of Cerebral Diseases with Aphasic Syndromes*, MBI MEDICO-BIOLOGIC INFORMATION, 3: 9-11 (1980) ("Dashlov") being cited by any United States or foreign patent office or other tribunal in connection with

the prosecution of the '318 patent or any foreign equivalent of the '318 patent and Synaptech's knowledge of any statements or arguments made to explain Dashlov.

**Response:**

Plaintiff objects to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects that this topic is overly broad, unduly burdensome, and vague, because, among other reasons, it seeks information relating to "any statements or arguments made to explain Dashlov." Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about Dashlov over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 3:**

Synaptech's knowledge of K.L. Rathmann's article *Alzheimer's Disease: Clinical Features, Pathogenesis, and Treatment*, DRUG INTELL. CLIN. PHARM., 18: 684-91 (1984) ("Rathmann") and/or D.A. Cozanitis' article *L'hydrobromide de Galanthamine: Un Substitut du Sulfate D'eserine (physostigmine) pour le Traitement des Effects Cerebraux des Substances Anti-Cholinergiques*, NOUV PRESSE MED., 7(45): 4152 (1978) ("Cozanitis") being cited by any United States or foreign patent office or other tribunal in connection with the prosecution of the '318 patent or any foreign equivalent of the '318 patent and Synaptech's knowledge of any statements or arguments made to explain Rathmann and/or Cozanitis.

**Response:**

Plaintiff objects to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects that this topic is overly broad, unduly burdensome, and vague, because, among other reasons, it seeks information relating to "any statements or arguments made to explain Rathmann and/or Cozanitis." Plaintiff further objects that Defendants were provided ample

4

opportunity to question Dr. Davis about Rathmann and Cozanitis over the course of her

two-day, fourteen-hour deposition last February.

**Topic No. 4:**

The factual basis for Synaptech's belief that the Teva Defendants engaged in any licensing activity with Dr. Bonnie Davis or Synaptech.

**Response:**

Plaintiff objects that this topic calls for information protected by the

attorney-client privilege and/or work-product doctrine.  Plaintiff also objects to the extent

this topic is directed to contentions that are more appropriately addressed through the use

of interrogatories, as the Court has ruled.  Plaintiff further objects to the extent the topic

calls for information within the custody and control of other parties.  Plaintiff further

objects that Defendants – including the Teva defendants – were provided ample

opportunity to question Dr. Davis about the subject matter covered by this topic over the

course of her two-day, fourteen-hour deposition last February.

**Topic No. 5:**

The facts and circumstances related to Synaptech's efforts to license the subject matter of the '318 patent, including the identity of all companies or individuals contacted regarding licensing the '318 patent and the reasons or explanations given by each company or individual for licensing or not licensing the '318 patent.

**Response:**

Plaintiff objects to the extent this topic calls for information protected by

the attorney-client privilege and/or work-product doctrine.  Plaintiff also objects to the

extent this topic is directed to contentions that are more appropriately addressed through

the use of interrogatories, as the Court has ruled.  Plaintiff further objects to the extent the

topic calls for information within the custody and control of other parties.  Plaintiff

further objects that Defendants were provided ample opportunity to question Dr. Davis

about the subject matter covered by this topic over the course of her two-day, fourteen-

hour deposition last February.

### Topic No. 6:

The facts and circumstances for Ciba Geigy's decision to abandon the
galantamine project as known to Synaptech, or pertaining to the explanation that
Ciba Geigy gave to Synaptech for its decision to abandon its galantamine project.

### Response:

Plaintiff objects to the extent this topic calls for information protected by

the attorney-client privilege and/or work-product doctrine, and to the extent it seeks

information in the possession of a third party. Plaintiff objects to this topic as overly

broad, unduly burdensome, and vague, because, among other reasons, it seeks

information about "[t]he facts and circumstances...pertaining to the explanation."

Plaintiff further objects that Defendants were provided ample opportunity to question Dr.

Davis about the subject matter covered by this topic over the course of her two-day,

fourteen-hour deposition last February.

### Topic No. 7:

The total amount of royalties received by Synaptech in connection with the
subject matter of the '318 patent or resulting from licensing of the '318 patent.

### Response:

Plaintiff objects to this topic as overly broad, unduly burdensome, and

vague. Plaintiff also objects that this topic seeks testimony on subject matter that is not

relevant to the matters involved in this action, and the topic is not reasonably calculated

to lead to the discovery of admissible evidence. Plaintiff further objects that Defendants

were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 8:**

The total amount of royalties received by Synaptech in connection with chemical derivatives of galantamine.

**Response:**

Plaintiff objects that this topic is overly broad, unduly burdensome, and vague. Plaintiff also objects that the topic seeks testimony on subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence – particularly in view of the parties' agreement to forego discovery related to subjects other than the subject matter of Janssen's NDA and Defendants' ANDAs at the heart of the dispute in this matter. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 9:**

The identity of experts or consultants who have worked or who are working with Synaptech with respect to the subject matter of the '318 patent excluding consulting experts Synaptech has retained for this litigation.

**Response:**

Plaintiff objects that the topic seeks testimony on subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 10:**

The financial effect on Synaptech, including lost revenues and profits, that Synaptech projects, anticipates, expects, or forecasts should one or more of the Defendants' ANDAs for galantamine hydrobromide receive approval from the FDA.

**Response:**

Plaintiff objects to the extent this topic calls for information protected by the attorney-client privilege and/or work-product doctrine. Plaintiff also objects that this topic is overly broad, unduly burdensome, vague, and inconsistent with the parties' agreement to forego discovery related to subjects other than the subject matter of Janssen's NDA and Defendants' ANDAs at the heart of the dispute in this matter. Plaintiff further objects that the topic seeks testimony on subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 11:**

The factual basis for Synaptech's disagreement, if any, with the positions set forth in any of the Defendants' responses to Plaintiffs' Interrogatories concerning invalidity and secondary considerations of non-obviousness.

**Response:**

Plaintiff objects that this topic calls for information protected by the attorney-client privilege and/or work-product doctrine. Plaintiff also objects to the extent this topic seeks testimony on subjects properly within the scope of expert discovery, and to the extent the topic is directed to contentions that are more appropriately addressed through the use of interrogatories, as the Court has ruled. Plaintiff further objects that

Defendants were provided ample opportunity to question Dr. Davis about the subject
matter covered by this topic over the course of her two-day, fourteen-hour deposition last
February.

**Topic No. 12:**

The facts and circumstances known to Synaptech related to Plaintiffs' claim that
the invention(s) claimed in claims 1 and 4 of the '318 patent are non-obvious
based on their "commercial success" as defined in *Graham v. John Deere Co.*,
383 U.S. 1 (1966), in particular, Synaptech's knowledge of Plaintiffs' claim that
Razadyne has been a "tremendous commercial success, whether measured by
prescriptions, total sales, or overall profitability" and identify the documents that
Synaptech is aware of that Plaintiffs rely on for this claim.

**Response:**

Plaintiff objects that this topic calls for information protected by the
attorney-client privilege and/or work-product doctrine. Plaintiff also objects to the extent
this topic is directed to contentions that are more appropriately addressed through the use
of interrogatories, as the Court has ruled. Plaintiff further objects that Defendants were
provided ample opportunity to question Dr. Davis about the subject matter covered by
this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 13:**

The facts and circumstances known to Synaptech related to any assertion by
Plaintiffs that secondary considerations of non-obviousness as defined in *Graham
v. John Deere Co.*, 383 U.S. 1 (1966), other than commercial success, render the
'318 patent non-obvious.

**Response:**

Plaintiff objects that this topic calls for information protected by the
attorney-client privilege and/or work-product doctrine. Plaintiff also objects to the extent
this topic is directed to contentions that are more appropriately addressed through the use
of interrogatories, as the Court has ruled. Plaintiff further objects that Defendants were

provided ample opportunity to question Dr. Davis about the subject matter covered by

this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 14:**

Marketing strategies, marketing plans, and projected sales of Synaptech's
galantamine drug product for the treatment of mild to moderate Alzheimer's
disease.

**Response:**

Plaintiff objects that this topic is overly broad, unduly burdensome, and

vague. Plaintiff also objects that the topic seeks testimony on subject matter that is not

relevant to the matters involved in this action, not reasonably calculated to lead to the

discovery of admissible evidence, and is otherwise inconsistent with the parties'

agreement to forego discovery related to subjects other than the subject matter of

Janssen's NDA and Defendants' ANDAs at the heart of the dispute in this matter.

Plaintiff further objects that Defendants were provided ample opportunity to question Dr.

Davis about the subject matter covered by this topic over the course of her two-day,

fourteen-hour deposition last February.

**Topic No. 15:**

Synaptech's knowledge of dosage studies, performed by or on behalf of
Synaptech, relating to the use of galantamine for the treatment of Alzheimer's
disease and related dementias.

**Response:**

Plaintiff objects that the topic seeks testimony on subject matter that is not

relevant to the matters involved in this action, not reasonably calculated to lead to the

discovery of admissible evidence, and is otherwise inconsistent with the parties'

agreement to forego discovery related to subjects other than the subject matter of

Janssen's NDA and Defendants' ANDAs at the heart of the dispute in this matter.

Plaintiff further objects that Defendants were provided ample opportunity to question Dr.

Davis about the subject matter covered by this topic over the course of her two-day,

fourteen-hour deposition last February.

### Topic No. 16:

Synaptech's knowledge of the minimum and maximum therapeutically effective dose of galantamine hydrobromide that can be administered orally for the treatment of Alzheimer's disease and related dementias and the basis for Synaptech's knowledge of such dosage limitations.

### Response:

Plaintiff objects that the topic seeks testimony on subject matter that is not

relevant to the matters involved in this action, not reasonably calculated to lead to the

discovery of admissible evidence, and is otherwise inconsistent with the parties'

agreement to forego discovery related to subjects other than the subject matter of

Janssen's NDA and Defendants' ANDAs at the heart of the dispute in this matter.

Plaintiff further objects that Defendants were provided ample opportunity to question Dr.

Davis about the subject matter covered by this topic over the course of her two-day,

fourteen-hour deposition last February.

### Topic No. 17:

Synaptech's knowledge of how Dr. Bonnie Davis arrived at the dosage range of 10-2000 mg in claim 4 and Synaptech's knowledge of whether there is any published literature that discloses that doses of galantamine hydrobromide of greater than 32 mg are therapeutically effective for the treatment of Alzheimer's disease and related dementias.

### Response:

Plaintiff objects to the extent this topic calls for information protected by

the attorney-client privilege and/or work-product doctrine. Plaintiff further objects that

11

the topic seeks testimony on subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 18:**

Customers, revenues, and profits related to sales of galantamine for treating Alzheimer's disease.

**Response:**

Plaintiff objects that this topic is overly broad, unduly burdensome, and vague. Plaintiff also objects that the topic seeks testimony on subject matter that is not relevant to the matters involved in this action, not reasonably calculated to lead to the discovery of admissible evidence, and is otherwise inconsistent with the parties' agreement to forego discovery related to subjects other than the subject matter of Janssen's NDA and Defendants' ANDAs at the heart of the dispute in this matter. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 19:**

Expenses and costs related to sales of galantamine for treating Alzheimer's disease.

**Response:**

Plaintiff objects that this topic is overly broad, unduly burdensome, and vague. Plaintiff also objects that the topic seeks testimony on subject matter that is not

relevant to the matters involved in this action, not reasonably calculated to lead to the discovery of admissible evidence, and is otherwise inconsistent with the parties' agreement to forego discovery related to subjects other than the subject matter of Janssen's NDA and Defendants' ANDAs at the heart of the dispute in this matter. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 20:**

Information related to customer purchase decisions related to galantamine for treating Alzheimer's disease including any survey data.

**Response:**

Plaintiff objects that this topic is overly broad, unduly burdensome, and vague, because, among other things, it seeks "[i]nformation related to customer purchase decisions." Plaintiff also objects that the topic seeks testimony on subject matter that is not relevant to the matters involved in this action, not reasonably calculated to lead to the discovery of admissible evidence, and is otherwise inconsistent with the parties' agreement to forego discovery related to subjects other than the subject matter of Janssen's NDA and Defendants' ANDAs at the heart of the dispute in this matter. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 21:**

The uses for which Reminyl®/Razadyne® drug product, is prescribed, used, and/or taken, including but not limited to National Drug and Therapeutic Index data.

**Response:**

Plaintiff objects that this topic is overly broad, unduly burdensome, and vague, and to the extent the topic calls for information within the custody and control of other parties. Plaintiff also objects that the topic seeks testimony on subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 22:**

Facts and circumstances surrounding any "experiments underway using animal models," as referenced in the Amendment of April 10, 1986, submitted on behalf of Bonnie Davis during the prosecution of the '318 patent, including without limitation the person(s) or entity(ies) performing any experiments and the person(s) or entity(ies) funding any experiments, including the identity of all individuals knowledgeable regarding same and the identity and location of all documents referring or relating to same.

**Response:**

Plaintiff objects to the extent this topic calls for information protected by the attorney-client privilege and/or work-product doctrine. Plaintiff further objects to this topic as overly broad, unduly burdensome, and vague. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 23:**

Facts and circumstances surrounding the statement in the Amendment of April 10, 1986, submitted on behalf of Dr. Bonnie Davis during the prosecution of the '318 patent, that "[g]alanthamine and its properties have been known for many years."

**Response:**

Plaintiff objects to the extent this topic calls for information protected by the attorney-client privilege and/or work-product doctrine. Plaintiff further objects to this topic as overly broad, unduly burdensome, and vague. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 24:**

Synaptech's explanation of the problems in the field of galantamine hydrobromide, and acetylcholinesterase inhibitors, including but not limited to physostigmine, and/or any drugs used for the treatment of mild to moderate dementia of the Alzheimer's type that were existing before January 15, 1986, including any attempted solutions to those problems, whether such attempts succeeded or failed, and including the identity of all individuals knowledgeable regarding same and the identity and location of all documents referring or relating to same.

**Response:**

Plaintiff objects to the extent this topic calls for information protected by the attorney-client privilege and/or work-product doctrine. Plaintiff also objects to the extent this topic is directed to contentions that are more appropriately addressed through the use of interrogatories, as the Court has ruled. Plaintiff further objects to this topic as overly broad, unduly burdensome, vague, and inconsistent with the parties' agreement to forego discovery related to subjects other than the subject matter of Janssen's NDA and

Defendants' ANDAs at the heart of the dispute in this matter. Plaintiff further objects

that Defendants were provided ample opportunity to question Dr. Davis about the subject

matter covered by this topic over the course of her two-day, fourteen-hour deposition last

February.

### Topic No. 25:

Any documents related to the foregoing topics that were either not produced in this case or destroyed and the circumstances under which the documents were withheld from production or destroyed, the identification of all persons with knowledge of the documents and/or their contents, and, in the case of documents destroyed, the dates of the destruction.

### Response:

Plaintiff objects that this topic is overly broad and unduly burdensome,

seeks testimony on a subject matter that is not relevant to the matters involved in this

action, and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff also objects to the separation of this topic from the substantive topics noticed in

Barr's Notice of 30(b)(6) Deposition and to the extent the topic calls for information

protected by the attorney-client privilege and/or work product doctrine. Plaintiff further

objects that Defendants were provided ample opportunity to question Dr. Davis about the

subject matter covered by this topic over the course of her two-day, fourteen-hour

deposition last February.

### Topic No. 26:

Synaptech's knowledge of any head-to-head clinical trials comparing Razadyne to any other drug used for the treatment of Alzheimer's disease and the outcome of such studies.

**Response:**

Plaintiff objects to this topic as overly broad, unduly burdensome, and vague. Plaintiff also objects that this topic seeks testimony on subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 27:**

Synaptech's knowledge of the FDA-reviewed pivotal trial involving galantamine referenced in Plaintiffs' interrogatory responses.

**Response:**

Plaintiff objects to the extent this topic calls for information protected by the attorney-client privilege and/or work-product doctrine. Plaintiff also objects to the extent this topic is directed to contentions that are more appropriately addressed through the use of interrogatories, as the Court has ruled. Plaintiff further objects to this topic as overly broad, unduly burdensome, and vague. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 28:**

Synaptech's knowledge of Dr. Mary Sano, including any relationship between Plaintiffs and Dr. Sano and monies paid by Plaintiffs to Dr. Sano related to Razadyne or the subject matter of the '318 patent.

**Response:**

Plaintiff objects that this topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 29:**

The identity and location of documents and things concerning the foregoing topics.

**Response:**

Plaintiff objects to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Plaintiff also objects to the separation of this topic from the substantive topics noticed in Barr's Notice of 30(b)(6) Deposition, consistent with Defendants' objection to similar topics on the same grounds. Plaintiff further objects that Defendants were provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

**Topic No. 30:**

Persons knowledgeable regarding subject matter of the foregoing topics.

**Response:**

Plaintiff objects to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Plaintiff also objects to the separation of this topic from the substantive topics noticed in Barr's Notice of 30(b)(6) Deposition, consistent with Defendants' objection to similar topics on the same grounds. Plaintiff further objects that Defendants were

provided ample opportunity to question Dr. Davis about the subject matter covered by this topic over the course of her two-day, fourteen-hour deposition last February.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany G. Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Janssen Pharmaceutica N.V.,
Janssen, L.P., and Synaptech, Inc.*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Kurt G. Calia
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 662-6000

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ  08933
(732) 524-2805

Dated:  June 16, 2006

170521.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2006, the attached **PLAINTIFF**

**SYNAPTECH, INC.'S OBJECTIONS AND RESPONSE TO DEFENDANTS BARR**

**LABORATORIES, INC.'S AND BARR PHARMACEUTICALS, INC.'S NOTICE OF**

**30(b)(6) DEPOSITION** was served upon the below-named counsel of record at the address and

in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| Daniel F. Attridge, P.C.<br>Kirkland & Ellis LLP<br>655 15th Street, N.W.<br>Washington, DC 20005-5793 | <u>VIA FEDERAL EXPRESS</u> |
| Mary B. Matterer, Esquire<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| William A. Rakoczy, Esquire<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60601 | <u>VIA FEDERAL EXPRESS</u> |
| John C. Phillips, Jr., Esquire<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806 | <u>HAND DELIVERY</u> |
| Lynn M. Ulrich, Esquire<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 | <u>VIA FEDERAL EXPRESS</u> |

Frederick L. Cottrell, III, Esquire                    HAND DELIVERY
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

Alan H. Bernstein, Esquire                    VIA FEDERAL EXPRESS
Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.
1635 Market Street, 12th Floor
Philadelphia, PA  19103


                              /s/ John G. Day
                              _____
                              John G. Day