# RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

July 6, 2006

**VIA ELECTRONIC FILING &
HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Judge
for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   In re '318 Patent Infringement Litigation
      Civil Action No. 05-356 (KAJ)

Dear Judge Jordan:

We write this letter on behalf of Defendant Alphapharm Pty, Ltd in anticipation of the call with the Court on July 10, 2006 at 10:00 a.m. This letter relates to Plaintiffs' refusal to allow Defendants to inspect 1350 boxes of documents that are in the possession and/or under the control of Plaintiffs. Plaintiffs have advised that these 1350 boxes contain marketing related documents (e.g., adverse event reports, case report forms and voluminous raw clinical data) for the Razadyne® drug product. (See Ex. A – Calia 3/10/06 ltr. at 3). For months, Defendants have attempted to work with Plaintiffs on the details for beginning the inspection but Plaintiffs have been uncooperative as explained below.

In September 2005, the Mylan Defendants served on Plaintiffs their first set of requests for documents which asked for documents concerning the secondary considerations of non-obviousness and marketing related materials concerning Razadyne®. (Ex. I – Mylan Doc. Reqs. 6-15). Approximately 6 months later, in March 2006, Plaintiffs advised for the first time that they would make available for inspection 1200 boxes or more of marketing related materials without identifying the location or potential dates for the inspection. (Ex. A). Defendants asked Plaintiffs repeatedly to identify potential dates for the inspection and the location of the documents. (See Ex. B – Brody 4/3/06 ltr. at 2, Ex. C – Brody 5/15/06 e-mail, Ex. D – Brody 6/12/06 ltr. at 1). Plaintiffs, however, repeatedly refused to provide this simple information and stated at times that they needed to know how many Defendants would conduct the inspection and other logistical details of the inspection. (See Ex. E – Calia 4/5/06 ltr., Ex. C – Calia 5/15/06 e-mail, Ex. F – Calia 6/12/06 ltr.). There is no valid reason why Plaintiffs needed Defendants' logistical inspection details to identify potential dates and location for the inspection. Although Plaintiffs indicated a need for a telephone conference to discuss the inspection (see id.), they did

not initiate one. Defendants reiterated Plaintiffs' delay in allowing Defendants to inspect the documents:

> For instance, Plaintiffs repeatedly have refused to make available 1,200 boxes of documents - documents purportedly related to defendants' request for discovery on Plaintiffs' secondary considerations defense. <u>Defendants have been asking for these documents for months.</u> So far Plaintiffs only have offered to discuss with Defendants where and under what conditions such documents might be made available for inspection. (Emphasis added).

(Ex. G – Siwik 5/31/06 ltr. at 2).

Finally, it was not until June 15, 2006, and several months after Defendants made a simple request, that Plaintiffs for the first time advised that the documents are located in Titusville and Somerset, New Jersey and the total number of boxes was 1350, not 1200 as Plaintiffs had stated before. (Ex. H – Calia 6/15/06 ltr. at 3). When Defendants approached Plaintiffs again about the inspection, Defendants also inquired into whether Plaintiffs had any indices for the 1350 boxes which would facilitate the inspection process. Plaintiffs refused to produce the indices claiming that it was prepared by outside counsel and therefore the work product privilege applied. It is hard to imagine that a company would box-up its documents for storage and not have an index or some other type of log prepared so that such documents could be retrieved at a later date if needed.

Plaintiffs also claim that Defendants delayed the inspection process since it was close to the end of fact discovery, June 30, 2006. However, that is not the case since the above correspondence demonstrates that Plaintiffs delayed in responding as to the location of the documents and potential dates for the inspection. Now Plaintiffs are taking the position that since fact discovery is closed, Defendants are not entitled to the inspection. However, the above correspondence shows that Defendants did not delay and as soon as they learned about these 1350 boxes, Defendants sought relevant information to coordinate the inspection, but Plaintiffs refused. Furthermore, Defendants advised Plaintiffs before the close of fact discovery that they would raise this dispute with the Court. Therefore, this dispute is timely raised.[1]

---

[1] Defendants also would like to discuss with Your Honor Plaintiffs' attempt to take a non-party deposition in Germany on July 24, 2006 in direct violation of the Court's revised scheduling order and this Court's admonition to Plaintiffs last year that they should initiate foreign discovery promptly and have it completed by July 7, 2006. Plaintiffs waited until May to serve its discovery in Germany and are now seeking to take a deposition after the close of non-party fact discovery and during the time set aside for expert reports. It is will be highly prejudicial to Defendants to have to travel to Germany in the middle of expert discovery. Accordingly, Defendants request that Plaintiffs either be prohibited from taking the deposition or from using the deposition at trial.

-2-

-3-

      Defendants respectfully request that the Court order Plaintiffs to produce all indices and other search aids available for the 1350 boxes of documents and permit Defendants to inspect these boxes within a reasonable time-frame after review of the indices and/or logs.

                                                Respectfully,

                                                Frederick L. Cottrell, III

FLC:csi
cc:   Clerk of Court (by hand)
       All Counsel of Record (by e-mail)