# PHILLIPS, GOLDMAN & SPENCE, P. A.

ATTORNEYS AT LAW
PENNSYLVANIA AVE AND BROOM ST
1200 N BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)

JOHN C PHILLIPS JR
STEPHEN W SPENCE
ROBERT S GOLDMAN
LISA C McLAUGHLIN
JAMES P HALL
JOSEPH J FARNAN III
BRIAN E FARNAN
MELISSA E CARGNINO

SUSSEX COUNTY OFFICE
1509 HIGHWAY ONE
DEWEY BEACH, DE 19971
(302) 226-4200
(302) 226-1205 (F)

REPLY TO: _____

July 6, 2006

**VIA E-FILING AND HAND DELIVERY**
The Honorable Kent A. Jordan
United States District Judge
J. Caleb Boggs Federal Building
844 North King Street, Room 6325
Wilmington, Delaware 19801

  Re: In re: '318 Patent Infringement Litigation
     C.A. No. 05-356 (KAJ) (D. Del.) (consolidated)

Your Honor:

  We, along with Winston & Strawn LLP, represent Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively, "Barr"), in the captioned consolidated litigation. On behalf of Barr, we write seeking an order compelling Plaintiff Synaptech, Inc. to produce a witness in response to Barr's Rule 30(b)(6) deposition notice. At a meet and confer on June 19, 2006, Synaptech continued to refuse to produce a witness. A discovery conference with the Court is scheduled for Monday, July 10, 2006 at 10:00 a.m. EST to discuss this and other matters.

**Synaptech, Inc. Should Be Compelled to Produce a Witness In Response to Barr's Notice**

  On June 6, 2006, Barr served a timely Rule 30(b)(6) deposition notice on Plaintiff Synaptech, Inc. (*See* Ex. A). Barr asked Synaptech to designate a witness to provide binding corporate testimony on specific, narrowly-circumscribed topics related to the invalidity issues in this case, including obviousness, enablement, and secondary considerations of non-obviousness. Barr served its Rule 30(b)(6) notice nearly one month before the deadline for completing fact discovery, yet Synaptech refused to designate a single witness to testify on its behalf. Synaptech has taken the position that it does not have to produce a witness in response to Barr's notice because: (1) Dr. Davis, the inventor of the '318 patent and purportedly the only employee of Synaptech, was deposed in February in her individual capacity, and Barr cannot depose Dr. Davis twice, and (2) Barr's notice was untimely. Synaptech's arguments are meritless and are clearly designed to delay the speedy resolution of this case. As it now stands, because Synaptech did not produce a witness in response to Barr's 30(b)(6) notice, Synaptech has successfully

The Honorable Kent A. Jordan
July 6, 2006
Page 2

pushed a fact discovery issue into the time-period for expert discovery prejudicing Barr's ability to prepare its defense in this case.

**Synaptech Has to Designate a 30(b)(6) Witness Notwithstanding Dr. Davis' Testimony**

Synaptech takes the position that it does not have to produce a witness in response to Barr's 30(b)(6) notice because Dr. Bonnie Davis, the inventor of the patent at issue and the only employee of Synaptech, was deposed in her individual capacity in February. Synaptech is wrong. Barr is not seeking to depose Dr. Bonnie Davis for a second time in her individual capacity. Barr is seeking testimony of a distinct corporate entity from Plaintiff, Synaptech, Inc., on the specific topics in Barr's notice. Barr does not lose its right to a 30(b)(6) deposition simply because Synaptech has 1 employee and that employee was previously deposed. Courts routinely allow a party to depose the same person as an individual and a 30(b)(6) witness in these circumstances. *See, e.g., LaSalle Nat. Ass'n v. Nomura Asset Capital Corp.*, No. 03 C 4065, 2003 WL 21688225, at *1 (N.D. Ill. July 16, 2003) (allowing 30(b)(6) deposition of corporation owned by person already deposed in his individual capacity).

Courts allow depositions of the same witness in both an individual and 30(b)(6) capacity because Rule 30(b)(6) depositions are substantially different from individual depositions. "A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *See Sabre v. First Dominion Capital, LLC*, 01 Civ. 2145BSJHBP, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) (citations omitted); *see also, Hilton Hotels Corp. v. Dunnet*, No. 00-2852-GV, 2002 WL 1482543, at *2 (W.D. Tenn. Mar. 15, 2002); *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). An individual witness, however, "testifies as to his individual knowledge and gives his personal opinions." *Hilton*, 2002 WL 1482543, at *2; *Taylor*, 166 F.R.D. at 361. Notably, when Dr. Bonnie Davis was deposed in her individual capacity, she did not have any obligation to educate herself about particular topics, present the knowledge of individuals other than herself, or review documents to provide testimony. Indeed, she answered many of the questions at her individual deposition by stating that she did not know the answer or could not recall the answer. The corporate designee for Synaptech, on the other hand, must educate himself/herself about the noticed topics, be prepared to provide the corporation's opinion and position on issues, provide the knowledge of persons who worked for the corporation throughout its life, and know the meaning and content of documents. *See Taylor*, 166 F.R.D. at 361.[1]

That Barr is entitled to corporate testimony from Synaptech in response to Barr's 30(b)(6) notice is particularly necessary, where as here, Synaptech produced over 3,000 pages of documents and answered written discovery pertaining to the very issues in Barr's 30(b)(6) notice *after* Dr. Davis' individual deposition. Specifically, Synaptech made three separate document productions after Dr. Davis' deposition, two of which were made during the last two weeks of

---

[1] An independent 7-hour time limit, separate and apart from any 7-hour time limit that applies to an individual deposition, applies to a 30(b)(6) deposition. *See Sabre*, 2001 WL 1590544 at *1.

The Honorable Kent A. Jordan
July 6, 2006
Page 3

fact discovery. Synaptech even produced documents on the last day of fact discovery. Moreover, Synaptech provided its substantive responses to Barr's interrogatory concerning secondary considerations of non-obviousness for the first time on May 12, 2006, nearly 8 months after Barr served the interrogatory and 3 months *after* Dr. Davis' deposition. Additionally, Synaptech provided its response to Defendants' invalidity interrogatories for the first time in late May. Thus, Barr had no opportunity to question Dr. Davis on these discovery responses at her individual deposition and she certainly did not provide binding corporate testimony relating to the noticed topics. *See Williams v. Sprint/United Management Co.*, 2006 WL 334643,*1 (D. Kan. February 8, 2006) (allowing person to be deposed twice where second deposition concerned documents not produced at time of earlier deposition); *LaSalle*, 2003 WL 21688225, at *1 (permitting second 30(b)(6) deposition where deponent was not questioned on specified 30(b)(6) topics at individual deposition).

In sum, Synaptech cannot advance any legitimate grounds to avoid producing a 30(b)(6) witness in response to Barr's notice. As shown above, the testimony Barr seeks will not be duplicative of Dr. Davis' individual testimony. Moreover, Synaptech will not be unduly burdened by having to produce a corporate designee. On the other hand, if Synaptech is not required to produce a witness, Barr will be severely prejudiced because Barr will not have an opportunity to inquire into Synaptech's contentions in this case.

**Barr's Notice Was Not Untimely**

Synaptech's contention that Barr's 30(b)(6) notice was untimely because Barr should have taken a 30(b)(6) deposition of Synaptech in February 2006 also is disingenuous. Synaptech produced over 3,000 pages of documents after Dr. Davis' deposition and did not serve its invalidity contentions in this case until fairly recently.

Additionally, Synaptech's contention that Barr did not provide Synaptech with sufficient time to designate a witness in response to Barr's notice is not only untrue, but also directly contradicts its own deposition conduct in this case. Barr gave Synaptech three weeks to designate a witness in response to Barr's notice, which is deemed more than sufficient under D. Del. LR 30.1. *See also FAA v. Landy*, 705 F.2d 624, 634-35 (2nd Cir. 1983), *cert. denied*, 464 U.S. 895 (1983); *Ranger Transp., Inc. v. Wal-Mart Stores*, 903 F.2d 1185, 1188 n. 6 (8th Cir. 1990). Synaptech's accusations are particularly meritless given that Synaptech served a 30(b)(6) notice on Barr that demanded a witness within 2 weeks. Unlike Synaptech, Barr produced a 30(b)(6) witness on the day requested by Synaptech.

We look forward to speaking with your Honor regarding these matters on July 10. Thank you for your consideration.

Respectfully submitted,

/s/ Brian E. Farnan
Brian E. Farnan

The Honorable Kent A. Jordan
July 6, 2006
Page 4

cc:     Counsel of Record (via e-mail)