# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 7, 2006

The Honorable Kent A. Jordan  
United States District Court  
844 North King Street  
Wilmington, Delaware 19801

**VIA ELECTRONIC FILING**

Re:   In re '318 Patent Infringement Litigation,  
      Civil Action No. 05-356-KAJ (consolidated)

Dear Judge Jordan:

In anticipation of the discovery teleconference set for July 10, 2006, Plaintiffs Janssen Pharmaceutica N.V., Janssen L.P., and Synaptech, Inc. (collectively "Plaintiffs") respectfully respond to Defendant Teva's July 6, 2006 letter to the Court.

### Teva's "Unavailability" to Depose Janssen During Fact Discovery

On May 9 and May 26, 2006, Teva served 30(b)(6) deposition notices to Janssen. (*See* Exs. 1 and 2, Teva's R. 30(b)(6) Notices.) Despite receiving deposition notices on 33 topics only weeks before the close of fact discovery, Plaintiffs endeavored to make witnesses available in a timely manner (in contrast, Teva's designees took nearly four months to appear). On June 9, 14, and 15, Plaintiffs indicated to Teva that Plaintiffs' designees would be available on June 23, 2006 for deposition on certain topics. (*See* Calia 6/9/06 email to Donovan and Robinson, Ex. 3; Calia 6/14/06 letter to Donovan, Ex. 4, and Calia 6/15/06 email to Robinson, Ex. 5.) Shortly thereafter, Plaintiffs further specified the topics for their designees. (*See* Calia 6/19/06 letter to Donovan, Ex. 6.) Plaintiffs designated Messrs. Luc Truyen and Matthew Zisk to testify on June 23, and Ms. Tina Kaufman to testify on June 28.

Contrary to its assertion that it "made clear from the outset" that the June 23 date was impossible, Teva did *not* notify Plaintiffs of its "unavailability" until June 20 – 11 days after Plaintiffs proposed that date, 3 days before the deposition, and only 10 days before the close of fact discovery.[1] Teva's only explanation at that time was that given the number of topics and the alleged lack of notice regarding Mr. Truyen, Teva was "unavailable" to take the deposition on June 23. (*See* Robinson 6/20/06 email to Calia, Ex. 7.) Plaintiffs responded immediately that the

---

[1] Teva misleadingly excludes key correspondence about this dispute, including Plaintiffs' June 9 identification of the June 23 deposition date (*see* Ex. 3) and Plaintiffs' June 30 response to Teva's after-the-fact excuse for foregoing the Truyen deposition during the discovery period (*see* Calia 6/30/06 letter to Robinson, Ex. 9).

June 23 date was the only day that Mr. Truyen was available to testify before the end of fact discovery (as he was planning to leave the country for a month). (*See* Calia 6/20/06 email to Robinson, Ex. 8.) Witnesses senior enough to be well suited to testify on behalf of a company are very busy, and thus the lawyers should be flexible. Although Plaintiffs repeatedly told Teva that the only day Mr. Truyen was available was June 23 (until well after the discovery period – indeed, after initial expert reports), Teva refused to be available or explain why it could not.

Hoping to cast this dispute as about Plaintiffs' inflexibility, Teva remains silent as to why not one of the nine attorneys who have appeared on its pleadings could appear on June 23. As to its claim that the number of topics slated for Mr. Truyen rendered Teva "unavailable," Teva's belated notices with so many topics are to blame. During the May 15 status conference, Teva's counsel indicated that while Teva might be in a "pinch" to complete discovery before June 30, it would "work hard [and] get it done." (*See* 5/15/06 Hearing Tr. at 10-11, Ex. 10.) But Teva has not, ignoring the Court's admonition that "there ought to be nothing going on now but trying to get discovery done." *Id.* at 22.

Teva offers four excuses for its "unavailability." *First*, Teva argues that Plaintiffs have been inflexible despite promises to work out a schedule. But as noted, witnesses' schedules sometimes leave few options, and since Teva waited until the end of discovery to pursue a staggering 33 topics' worth of testimony, it should have expected to need to work around the schedules of multiple designees.[2] *Second*, Teva blames Plaintiffs for designating a witness with limited June availability. But Plaintiffs may designate whomever they consider best qualified: Mr. Truyen is VP of Program Review at Pharmaceutical Research and Development LLC and was extensively involved in the development of Janssen's Razadyne® product, including clinical programs and the submission of its NDA.[3] *Third*, Teva points to Plaintiffs' supplemental document production as a need for delay. But Teva neither mentions that it refused the June 23 date *before* it received the documents about which it complains, nor identifies a single document that it needed in advance of that deposition. (*See* Ex. 9 – explaining that this production amounts to less than one box and less than 1% of Plaintiffs' overall production, and was provided in connection with a review of Plaintiffs' privilege log.) *Fourth*, Teva dismisses the June 30 cutoff as no obstacle. But parties cannot ignore the Court's deadlines (accelerated deadlines sought and obtained by defendants), and the reality is that Mr. Truyen is not available until late July or early August – long after the cutoff and initial expert reports. Thus, the entire schedule is implicated.[4]

---

[2] Any comparison by Teva to Plaintiffs' 30(b)(1) deposition of Teva's Ann Payne is misplaced. Plaintiffs served the notice and took the deposition well within the timeframe for fact discovery, and at a location convenient to the witness, not to counsel.

[3] Notably, when Teva's R. 30(b)(6) designee, Deborah Jaskot, did not show for her deposition before the Court-ordered date of May 12 (and did not appear until June 8), Teva did not simply designate someone else.

[4] Teva's reliance on the Rosenberg (Alphapharm) deposition is misplaced. Dr. Rosenberg substituted for another witness who was in an auto accident, and no parallel extreme circumstances exist here. Dr. Rosenberg's deposition was on July 6 – before expert reports in this case, and so it has no practical effect on the schedule.

**Plaintiffs Adequately Responded to Teva's Interrogatories**

Plaintiffs' responses to Teva Interrogatories 15 and 16 satisfy their obligations under Rule 33 to make a bona fide attempt to fully respond. (*See* Plaintiffs' Responses, Ex. 11.) Because Teva's boilerplate assertions do not establish Plaintiffs' responses to be deficient, or what further information it seeks to compel, its motion must be denied. *Washington v. Thurgood Marshall Academy*, 232 F.R.D. 6, 9-10 (D.D.C. 2005) (moving party's failure to explain how responses were "evasive, incomplete or non-responsive" required denial of party's motion to compel).

*Interrogatory 15:* Plaintiffs' 8-page response to this Interrogatory provides detailed facts concerning the objective indicia of non-obviousness of the '318 patent. Teva apparently wants Plaintiffs to identify every document in Plaintiffs' approximately 250,000 page document production that bears upon one more or more of those indicia (and, possibly, organize Defendants' document productions in the same manner), but Teva cites no authority that would require such a result. Plaintiffs' bona fide and detailed answer to Teva's Interrogatory 15 satisfies the requirements of Fed. R. Civ. P. 33. *See e.g. Maddox v. Wright*, 11 F.R.D. 170, 171 (D.D.C. 1951) (interrogatory answers are sufficient if after "a reading of the interrogatories and answers as a whole [it is clear] that the [respondent] made a conscientious endeavor to understand the questions and to answer fully such questions as were proper.").

*Interrogatory 16:* In Interrogatory 16, Teva inquired about "actual or considered" litigation involving Waldheim Pharmazeutica GmbH ("Waldheim"). Plaintiffs responded under Fed. R. Civ. P. 33 by directing Teva to the subset of documents from which responsive facts can be distilled. *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 82 (D.D.C. 1999) (party's answer to interrogatory was adequate where it directed opposing party to narrow subgroup of documents where information could be found); *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 385 (W.D. Tenn. 1999) (party may respond to interrogatory by directing opposing party to appropriate Bates-stamped documents); *Nestle Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101, 108 (D. N.J 1990) ("[A] party may answer interrogatory by specific reference to a document where the answer may be found."). Moreover, Interrogatory 16 – particularly its request for facts surrounding "considered" litigation – potentially seeks information that is protected by the attorney-client privilege. Accordingly, Plaintiffs' response to this sensitive interrogatory was a bona fide attempt to direct Teva to all of the non-privileged facts to which Teva is entitled. Therefore, Teva's motion should be denied.

Respectfully,

/s/ Steven J. Balick

Steven J. Balick

SJB/dmf
171053.1

cc:   All defense counsel (via electronic mail, w/ encl.)