# EXHIBIT A

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON DC 20004-2401
TEL 202 662 6000
FAX 202 662 6291
WWW COV COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

KURT G CALIA
TEL 202 662 5602
FAX 202 778 5602
KCALIA@COV COM

March 10, 2006

**VIA E-MAIL and FIRST CLASS MAIL**

Defense Counsel
Attached Service List

> Re:   In re: '318 Patent Infringement Litigation; Civil Action No.
>       05-356-KAJ (consolidated)

Dear Counsel:

The purpose of this letter is to follow-up on the parties' February 13, 2006 telephonic conference about discovery in this matter. To date, we have not received any additional information from the defendants, with the exception of a letter from Mylan's counsel which we received earlier this week (and to which we will respond under separate cover). We would appreciate responses from the remaining defendants as to the various issues we raised about defendants' document production efforts, detailed in my earlier correspondence from January and February.

While each defendant has different document requests served on Plaintiffs, there is a great deal of overlap, and so we will address production issues with respect to categories of documents rather than attempt a request-by-request recitation of Plaintiffs' positions with respect to each of the defendants' individual requests. To the extent that any defendant has a concern with respect to a particular request not covered by the points set forth below (which we endeavored to make as comprehensive as possible), please let us know.

**Limitation to NDA/ANDA Products.** As you will recall, during the February 13 call, it was suggested by defendants that the parties limit their respective production of documents to only documents that relate to the specific products that are the subject of Janssen's New Drug Application ("NDA") 21-169 and the defendants' Abbreviated New Drug Applications ("ANDAs"). You will recall that defendants raised this in the context of our correspondence in which Plaintiffs requested the production of documents related to other Alzheimer's treatment products (actual or proposed) and other products containing galantamine – requests to which each of the defendants objected as overly broad, among other objections. Plaintiffs are willing to agree to the limitation proposed by defendants. However, as we have made clear, we reserve our

COVINGTON & BURLING

Defense Counsel
March 10, 2006
Page 2

right to introduce evidence of other products that relates to objective considerations of nonobviousness. Accordingly, Plaintiffs will produce documents related to the Reminyl®/Razadyne® product that is the subject of NDA 21-169 (subject to the other limitations set forth in this letter) and not to other products. To date, we have produced over 35,000 pages of responsive documents that relate to the Reminyl®/Razadyne® product and to the '318 patent, and we anticipate producing additional documents. We hope to complete our paper production by the end of March.

**Exclusion of Galantamine Synthesis/Product Formulation.** During the February 13 telephone conference, we also discussed the possibility of excluding from discovery information related to galantamine synthesis and product formulation as not relevant to the present dispute. Lynn Ulrich suggested that the parties exchange the Table of Contents for the NDA and ANDAs, respectively, and identify the portions of those respective filings that will not be produced consistent with this limitation. To that end, we have enclosed with this letter the Index for NDA 21-169, and we state that Plaintiffs will exclude from their production of this NDA Sections 3.4 and the entirety of Section 4, with the exception of Section 4.6.3 entitled "Draft Labeling." We request that defendants send us the indexes for their respective ANDAs and identify the sections that will not be produced in a manner consistent with this agreed-upon limitation.

**Regulatory Documents.** During our call, counsel for certain defendants raised questions concerning the scope of Plaintiffs' production of regulatory documents. Consistent with the position set forth above, we will produce NDA 21-169, as well as Janssen's Investigational New Drug application ("IND") 51,538, except as to any portions that relate to synthesis or formulation information, to the extent they exist. Plaintiffs will also produce any other documents provided to or received from FDA related to the NDA or IND, to the extent such documents exist and can be located by means of a reasonably diligent search. Plaintiffs will not, however, produce any documents related to efforts to obtain regulatory approval outside of the United States. Such information is not reasonably calculated to lead to the discovery of admissible evidence, and the production of it would be quite burdensome to Plaintiffs.

**Foreign Patents/Licenses/Disputes.** We have also been asked to produce documents related to Plaintiffs' foreign patents and patent applications, licenses regarding such patents and applications, and disputes related to them. Plaintiffs have produced and will produce non-privileged documents related to foreign counterparts to the '318 patent, as well as other documents related to the licensing of the '318 patent and any disputes related to that patent. Plaintiffs also agree to produce, to the extent not already produced, the pleadings in the Waldheim matter in Austria. But Plaintiffs believe that a production of documents beyond these document categories would be overly burdensome and not reasonably calculated to lead to the discovery of

COVINGTON & BURLING

Defense Counsel
March 10, 2006
Page 3

admissible evidence in this case. We will look again to make sure that all such documents have been either produced or identified on a privilege log, as appropriate.

**Marketing Information.** Plaintiffs agree to produce the master marketing file for the Reminyl®/Razadyne® product – i.e., the official file that contains the marketing material for this product maintained by Janssen to address any inquiries from FDA, in the event that they were to arise. This amounts to a substantial amount of material – on the order of approximately 20-30 boxes' worth – and should contain all information that is reasonably calculated to lead to the discovery of admissible evidence in this case. Janssen also has voluminous files that contain information that could be fairly characterized as related to marketing (e.g., adverse event reports, case report forms, and voluminous raw clinical data). While we do not believe that these documents are relevant to this case, we are willing to make them available for inspection should defendants wish to look at them. Because the volume is extraordinary – on the order of 1200 boxes or more – we will make these materials available for inspection should the defendants be interested in reviewing this material.

**Documents Relating to Physician Prescribing Factors.** During our February 13 call, we identified this category of documents as related to the objective considerations of nonobviousness and reiterated our request that defendants produce responsive documents. Plaintiffs will produce documents located by means of a reasonably diligent search and expect defendants to do the same.

**Bioequivalence Information.** I raised the production of bioequivalence-related information by defendants during the February 13 call, as has been requested in Plaintiffs' document requests. Plaintiffs are willing to withdraw its demand for the production of such documents by defendants upon confirmation that you will not rely on any bioequivalence-related information at trial.

**Miscellaneous Requests from Defendants.** During our call, defendants raised a number of additional requests, to which we respond as follows:

- We will supplement our interrogatory answers identifying the applicable objective considerations of nonobviousness. In so doing, we are hampered by the lack of production of related information by defendants, but we will nevertheless provide a supplemental response at this time while reserving the right to supplement further once defendants have complied with their discovery obligations in this matter.

- We will also supplement our interrogatory answers concerning Plaintiffs' claim construction position.

COVINGTON & BURLING

Defense Counsel
March 10, 2006
Page 4

- While we believe we already provided you with the Bates ranges for the documents produced from the Ladas & Perry files, we identify them again as: SYN RAZ 0000806-0004318; SYN RAZ 0015198-0018866; and, SYN RAZ 0024999-0025308.

- We believe that we have produced all non-privileged communications between Janssen and Dr. Bonnie Davis related to the document categories for which we have indicated we will produce responsive documents. If Plaintiffs identify additional such documents, we will produce them promptly.

- We are not entirely clear as to the nature of the request that we produce an "internal copy" of the file history. Nevertheless, we confirm that we have produced a copy of the file history as it currently exists in the files of Ladas & Perry.

- We have produced or will produce any non-privileged documents (or log on a privilege log any privileged documents) related to Janssen's listing of the '318 patent in the Orange Book that we can locate by means of a reasonably diligent search.

- You have asked that we produce Synaptech's SEC filings from 1986 to the present. Because Synaptech is not a publicly traded company, we do not have any documents to produce.

- Except as to documents created in relation to this litigation, we will produce or log on a privilege log documents related to any analyses of the '318 patent and to any analyses of whether the Reminyl®/Razadyne® product is covered by it to the extent they exist and can be located by means of a reasonably diligent search.

- To the extent they exist and can be located by means of a reasonably diligent search, we will produce any employment agreements that Dr. Bonnie Davis had at the time of the conception or reduction to practice of the invention.

    If you have any questions or concerns, please do not hesitate to contact me.

COVINGTON & BURLING

Defense Counsel
March 10, 2006
Page 5

Sincerely,

*Kurt Calia* cls

Kurt G. Calia

Enclosure (via e-mail only)

cc:    Steven Balick, Esq. (via email only)

## SERVICE LIST

| By Electronic Mail: | By Electronic Mail: |
|---|---|
| William A. Rakoczy (wrakoczy@rmmslegal.com) <br> Christine J. Siwik (csiwik@rmmslegal.com) <br> Amy D. Brody (abrody@rmmslegal.com) <br> Lara Monroe-Sampson (lmonroe-sampson@rmmslegal.com) <br> **Rakoczy, Molino, Mazzochi, Siwik LLP** <br> 6 West Hubbard Street, Suite 500 <br> Chicago, IL 60610 <br> 312.527.2157/phone; 312.527.4205/fax | Mary B. Matterer (mmatterer@morrisjames.com) <br> **Morris James Hitchens & Williams LLP** <br> 222 Delaware Avenue <br> 10th Floor <br> P.O. Box 2306 <br> Wilmington, DE 19899-2306 <br> 302.888.6800/phone; 302.571.1750/fax |
| *Counsel for Defendants Mylan Pharmaceuticals Inc. & Mylan Laboratories Inc.* | |

| By Electronic Mail and First Class Mail: | By Electronic Mail: |
|---|---|
| Edward C. Donovan (edonovan@kirkland.com) <br> Karen M. Robinson (krobinson@kirkland.com) <br> Corey J. Manley (cmanley@kirkland.com) <br> **Kirkland & Ellis LLP** <br> 655 Fifteenth Street, NW <br> Suite 1200 <br> Washington, DC 20005-5793 <br> 202.879.5000/phone; 202.879.5200/fax | Josy W. Ingersoll (jingersoll@ycst.com) <br> John W. Shaw (jshaw@ycst.com) <br> **Young Conaway Stargatt & Taylor LLP** <br> The Brandywine Building <br> 1000 West Street <br> 17th Floor <br> Wilmington, DE 19899-0391 <br> 302.571.6600/phone; 302.571.1253/fax |
| *Counsel for Defendants Teva Pharmaceuticals USA, Inc. & Teva Pharmaceuticals Industries Ltd.* | |

| | |
|---|---|
| Taras A. Gracey (tgracey@winston.com) <br> Lynn M. Ulrich (lulrich@winston.com) <br> Brian L. Franklin (bfranklin@winston.com) <br> **Winston & Strawn LLP** <br> 35 West Wacker Drive <br> Chicago, IL 60601 <br> 312.558.5600/phone; 312.558.5700/fax | |
| *Counsel for Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.* | |

| | |
|---|---|
| Barbara S. Wahl (wahl.barbara@arentfox.com) <br> Richard J. Berman (berman.richard@arentfox.com) <br> D. Jacques Smith (smith.jacques@arentfox.com) <br> Janine A. Carlan (carlan.janine@arentfox.com) <br> John K. Hsu (hsu.john@arentfox.com) <br> **Arent Fox PLLC** <br> 1050 Connecticut Avenue, NW <br> Washington, DC 20036-5339 <br> 202.857.6000/phone; 202.857.6395/fax | Philip A. Rovner (provner@potteranderson.com) <br> **Potter Anderson & Corroon LLP** <br> 1313 N. Market Street <br> Hercules Plaza, 6th Floor <br> P.O. Box 951 <br> Wilmington, DE 19899-0951 <br> 302.984.6000/phone; 302.658.1192/fax |
| *Counsel for Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.* | |

| | |
|---|---|
| Robert J. Gunther, Jr. (robert.gunther@lw.com) <br> James P. Barabas (james.barabas@lw.com) <br> **Latham & Watkins LLP** <br> 885 Third Avenue, Suite 1000 <br> New York, NY 10022-4834 <br> 212.906.1200/phone; 212.751.4864/fax | Richard D. Kirk (rkirk@bayardfirm.com) <br> **The Bayard Firm** <br> 222 Delaware Avenue, Suite 900 <br> P.O. Box 25130 <br> Wilmington, DE 19899 <br> 302.655.5000/phone; 302.658.6395/fax |
| *Counsel for Defendants Purepac Pharmaceutical Co. & Alpharma, Inc.* | |

| | |
|---|---|
| Stuart Sender *(ssender@budd-larner.com)*<br>**Budd Larner, P.C.**<br>150 John F. Kennedy Parkway<br>Short Hills, NJ 07078-0999<br>973.315.4462/phone; 973.379.7734/fax | Richard L. Horwitz<br>David E. Moore<br>**Potter Anderson & Corroon LLP**<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899<br>302.984.6000/phone; 302.658.1192/fax |

*Counsel for Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd.*

| | |
|---|---|
| Alan Bernstein    *(abernstein@crbcp.com)*<br>Mona Gupta    *(mgupta@crbcp.com)*<br>**Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.**<br>1635 Market Street, 11th floor<br>Philadelphia, PA 19103-2212<br>215.567.2010/phone; 215.751.1142/fax | Frederick L. Cottrell, III    *(cottrell@rlf.com)*<br>Anne Shea Gaza *(gaza@rlf.com)*<br>**Richards, Layton & Finger, P.A.**<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>302.651.7700/phone; 302.651.7701/fax |

*Counsel for Defendant Alphapharm Pty Ltd.*

| | |
|---|---|
| Steven J. Balick *(sbalick@ashby-geddes.com)*<br>John G. Day    *(jday@ashby-geddes.com)*<br>**Ashby & Geddes**<br>222 Delaware Ave., 17th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>302.654.1888/phone; 302.654.2067/fax | |

*Counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc.*

# EXHIBIT B



RAKOCZY
MOLINO
MAZZOCHI
SIWIK LLP

6 WEST HUBBARD STREET
SUITE 500
CHICAGO, IL 60610
www.rmmslegal.com

312-527-2157 main phone
312-527-4205 main fax

Amy D. Brody

312.222.6344 telephone
312.222.6345 facsimile
abrody@rmmslegal.com

April 3, 2006

**VIA Facsimile and E-mail**

Kurt G. Calia, Esq.
COVINGTON & BURLING
1201 Pennsylvania Avenue, NW
Washington, D.C. 20004-2401

Re:    *In Re: '318 Patent Infringement Litigation*
       **C.A. No. 05-356 (KAJ) (D. Del.) (consolidated)**

Dear Kurt:

As you know, Defendants have followed up numerous times over the course of the last several months requesting that Plaintiffs immediately produce, among others, documents concerning the marketing of galantamine, secondary considerations of non-obviousness and commercial success—documents that clearly are relevant to the pending issues in this litigation. Despite Defendants' endless efforts to obtain such information, to date, Plaintiffs have failed and/or refused to produce these and other categories of documents. You finally advised in your March 10 letter that Plaintiffs intend to produce the master marketing file for the Reminyl®/Razadyne® product, which amounts to approximately 20-30 boxes. Notwithstanding this "substantial amount of material," you then advised in that same letter that Plaintiffs planned to make available for inspection to Defendants another 1,200 boxes of marketing-related materials. Based on Plaintiffs' statements, Defendants fully expected that Plaintiffs would produce such documents within a short time frame, and/or that Plaintiffs would make such documents immediately available to Defendants for inspection.

Over three weeks have now passed, and Defendants are still left only with Plaintiffs' empty promise that the 20-30 boxes of documents "will be produced soon." It is now clear that Plaintiffs' actions in this connection were solely intended to mislead Defendants and procure more time for Plaintiffs to evade complying with their discovery obligations. These documents are highly relevant and likely critical to the narrowed issues that remain pending in this

Kurt G. Calia, Esq.
COVINGTON & BURLING
April 3, 2006
Page 2

litigation, which you have not denied.  As such, Plaintiffs' continued failure to produce the documents or otherwise make the documents available for inspection is severely prejudicing Defendants' litigation efforts.  We request that Plaintiffs immediately produce the 20-30 boxes of marketing-related documents that Plaintiffs have previously referenced, and by no later than the close of business, Wednesday, April 5, 2006.  Moreover, please advise by that time when Defendants may inspect the 1,200 additional boxes of documents. Given the multiple requests for these documents and that more than six (6) months have passed since Defendants served their initial document requests on Plaintiffs seeking such documents, Plaintiffs have no excuse for further delay.

Moreover, we requested in our March 16, 2006 letter that Plaintiffs immediately produce certain documents from the files of Bonnie Davis, which were addressed during Dr. Davis' deposition conducted on February 8-9, 2006. Consistent with past conduct, Plaintiffs apparently have chosen to ignore this correspondence from Defendants as well.   Again, we ask that all such documents referenced in our March 16 letter be produced immediately, and by no later than the close of business, Wednesday, April 5, 2006.

At this stage of discovery, if Plaintiffs fail to provide such documents, Defendants will have no choice but to present these matters to the Court for resolution.  We look forward to hearing from you.

Very truly yours,

RAKOCZY MOLINO MAZZOCHI SIWIK LLP

Amy D. Brody

cc:    Attached service list

## SERVICE LIST

**Via Facsimile and E-mail:**

| | |
|---|---|
| George F. Pappas (*gpappas@cov.com*)<br>Roderick R. McKelvie (*mckelvie@cov.com*)<br>Christopher N. Sipes (*csipes@cov.com*)<br>Jeffrey B. Elikan (*jelikan@cov.com*)<br>Laura H. McNeill (*lmcneill@cov.com*)<br>Kurt G. Calia (*kcalia@cov.com*)<br>COVINGTON & BURLING<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2401<br>Telephone: (202) 662-6000<br>Facsimile: (202) 662-6291 | John G. Day (*jday@ashby-geddes.com*)<br>Steven J. Balick (*sbalick@ashby-geddes.com*)<br>ASHBY & GEDDES<br>222 Delaware Ave., 17th Fl.<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888<br>Facsimile: (302) 654-2067 |
| Steven P. Berman (*sberman@corus.jnj.com*)<br>Office of General Counsel<br>JOHNSON & JOHNSON<br>One Johnson & Johnson Plaza<br>New Brunswick, NJ 08933<br>Telephone: (732) 524-2805<br>Facsimile: (732) 524-5866 | |
| *Counsel for Plaintiffs Janssen Pharmaceutica N.V.,*<br>*Janssen, L.P. and Synaptech, Inc.* ||

**Via E-mail:**

| | |
|---|---|
| Alan Bernstein (*abernstein@crbcp.com*) (x124)<br>Mona Gupta (*mgupta@crbcp.com*) (x160)<br>CAESAR, RIVISE, BERNSTEIN, COHEN &<br>POKOTILOW, LTD.<br>1635 Market Street, 11th Floor<br>Philadelphia, PA 19103-2212<br>Telephone: (215) 567-2010<br>Facsimile: (215) 751-1142 | Frederick L. Cottrell, III (*cottrell@rlf.com*)<br>Anne Shea Gaza (*gaza@rlf.com*)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19801<br>Telephone: (302) 651-7509<br>Facsimile: (302) 651-7701 |
| *Counsel for Defendant Alphapharm Pty Ltd.* ||

| | |
|---|---|
| Daniel F. Attridge, P.C. (*dattridge@kirkland.com*)<br>Edward C. Donovan (*edonovan@kirkland.com*)<br>Karen M. Robinson (*krobinson@kirkland.com*)<br>Corey J. Manley (*cmanley@kirkland.com*)<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005-5793<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200 | Josy W. Ingersoll (*jingersoll@ycst.com*)<br>John W. Shaw (*jshaw@ycst.com*)<br>Adam W. Poff (*apoff@ycst.com*)<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 |
| *Counsel for Defendants Teva Pharmaceuticals USA*<br>*and Teva Pharmaceuticals Industries Ltd.* ||

| | |
|---|---|
| Mary B. Matterer *(mmatterer@morrisjames.com)*<br>**MORRIS JAMES HITCHENS & WILLIAMS LLP**<br>222 Delaware Ave., 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750 | |
| *Counsel for Defendants Mylan Pharmaceuticals Inc.<br>and Mylan Laboratories Inc.* | |

| | |
|---|---|
| George C. Lombardi *(glombardi@winston.com)*<br>Taras A. Gracey *(tgracey@winston.com)*<br>Lynn M. Ulrich *(lulrich@winston.com)*<br>Brian L. Franklin *(bfranklin@winston.com)*<br>**WINSTON & STRAWN LLP**<br>35 West Wacker Dr.<br>Chicago, IL 60601<br>Telephone: (312) 558-5000<br>Facsimile: (312) 558-5700 | John C. Phillips. Jr. *(jcp@pgslaw.com)*<br>Brian E. Farnan *(bef@pgslaw.com)*<br>**PHILLIPS, GOLDMAN & SPENCE, P.A.**<br>1200 N. Broom St.<br>Wilmington, DE 19806<br>Telephone: (302) 655-4200<br>Facsimile: (302) 655-4210 |
| *Counsel for Defendants Barr Laboratories, Inc.<br>and Barr Pharmaceuticals, Inc.* | |

| | |
|---|---|
| Robert J. Gunther, Jr. *(robert.gunther@lw.com)*<br>James P. Barabas *(james.barabas@lw.com)*<br>**LATHAM & WATKINS LLP**<br>885 Third Ave., Suite 1000<br>New York, NY 10022-4802<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864 | Richard D. Kirk *(rkirk@bayardfirm.com)*<br>**THE BAYARD FIRM**<br>222 Delaware Ave., Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395 |
| *Counsel for Defendants Purepac Pharmaceutical Co.<br>and Alpharma Inc.* | |

| | |
|---|---|
| Stuart Sender *(ssender@budd-larner.com)*<br>**BUDD LARNER**<br>150 John F. Kennedy Parkway<br>Short Hills, NY 07078-0999<br>Telephone: (973) 315-4462<br>Facsimile: (973) 379-7734 | Richard L. Horwitz (rhorwitz@potteranderson.com)<br>**POTTER ANDERSON & CORROON LLP**<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>Telephone: (302) 984-6027<br>Facsimile: (302) 658-1192 |
| *Counsel for Defendants Dr. Reddy's Laboratories, Inc.<br>and Dr. Reddy's Laboratories, Ltd.* | |

# EXHIBIT C

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202 662 6000
FAX 202 662 6291
WWW COV COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

KURT G CALIA

TEL 202 662 5602
FAX 202 778 5602
KCALIA@ COV COM

April 5, 2006

**VIA E-MAIL and FIRST CLASS MAIL**

Amy D. Brody, Esq.
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, IL  60610

      Re:    In re: '318 Patent Infringement Litigation; Civil Action No.
            05-356-KAJ (consolidated)

Dear Amy:

      This is in response to your letter from Monday evening regarding Plaintiffs'
document production in this matter.  We are surprised by the tone and content of your
letter given the parties' respective discovery efforts to date, and we otherwise respond
as follows.

      First, we have in fact produced the master marketing materials for
Reminyl®/Razadyne® as I indicated that we intended to do by the end of March.  On
Friday, we produced over 17,000 pages of documents, which comprise the printed
material from that master file, and we supplemented that production yesterday with a
series of marketing-related videos, DVDs, and CDs.

      Second, we produced yesterday Janssen NDA 21-169 and other
publications and research-related information concerning galantamine, which comprises
another 133,000 pages of documents, bringing Plaintiffs' total production to over
190,000 pages in this case.  The production of this material took slightly longer than
expected because we needed to redact patient-identifying information from the NDA in
order to comply with HIPAA.  *See* Pub. L. No. 104-191.

      Third, we are in the process of reviewing for production Janssen's IND
R113675, which we believe will comprise an additional and very substantial production,
and which we hope to produce within the next several days (we are again reviewing it
for patient-identifying information).  And as you know, we have offered to make
available for inspection still additional documents -- an offer that until receipt of your
April 3 letter, defendants have ignored although I made it nearly a month ago.

COVINGTON & BURLING

Amy D. Brody, Esq.
April 5, 2006
Page 2

As to the inspection of these materials, I suggest that we have a teleconference to discuss the mechanics, which are complicated by the fact that the boxes contain some information that is privileged and/or that is patient-sensitive information which raises similar concerns to those set forth above concerning our NDA and IND productions. Also, not all of the approximately 1,200 boxes of material are in the same location, and so we would need to coordinate on where the inspection should take place. Please let us know when you are available for such a discussion.

While we would not see fit to dictate how defendants conduct discovery in this case, we ask you to consider whether you wish to conduct this inspection before you have completed a review of the materials produced to date so that the parties do not expend resources unnecessarily.

Lastly, it is entirely inaccurate for you to state in the face of this substantial discovery effort that "Plaintiffs' actions in this connection [with earlier correspondence] were solely intended to mislead Defendants and procure more time for Plaintiffs to evade complying with discovery obligations." It is difficult to take seriously this statement from Mylan – which has produced a mere 7,100 pages of documents, has proved unable to present a Rule 30(b)(6) deposition witness within seven weeks' time, and has still refused to provide dates concerning deposition topics noticed on February 21. In any event, we ask that you refrain from such unproductive rhetoric in the future which does nothing to promote the resolution of discovery disputes.

Please let me know if you have any questions or concerns.

Sincerely,

Kurt G. Calia

cc:     All defense counsel (via email; see attached service list)
        Steven Balick, Esq. (via email)

## SERVICE LIST

| By Electronic Mail and First Class Mail: | By Electronic Mail: |
|---|---|
| William A. Rakoczy (wrakoczy@rmmslegal.com)<br>Christine J. Siwik (csiwik@rmmslegal.com)<br>Amy D. Brody (abrody@rmmslegal.com)<br>Lara Monroe-Sampson (lmonroe-sampson@rmmslegal.com)<br>**Rakoczy, Molino, Mazzochi, Siwik LLP**<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60610<br>312.527.2157/phone; 312.527.4205/fax | Mary B. Matterer (mmatterer@morrisjames.com)<br>**Morris James Hitchens & Williams LLP**<br>222 Delaware Avenue<br>10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>302.888.6800/phone; 302.571.1750/fax |
| **_Counsel for Defendants Mylan Pharmaceuticals Inc. & Mylan Laboratories Inc._** | |

| By Electronic Mail and First Class Mail: | By Electronic Mail: |
|---|---|
| Edward C. Donovan (edonovan@kirkland.com)<br>Karen M. Robinson (krobinson@kirkland.com)<br>Corey J. Manley (cmanley@kirkland.com)<br>**Kirkland & Ellis LLP**<br>655 Fifteenth Street, NW<br>Suite 1200<br>Washington, DC 20005-5793<br>202.879.5000/phone; 202.879.5200/fax | Josy W. Ingersoll (jingersoll@ycst.com)<br>John W. Shaw (jshaw@ycst.com)<br>**Young Conaway Stargatt & Taylor LLP**<br>The Brandywine Building<br>1000 West Street<br>17th Floor<br>Wilmington, DE 19899-0391<br>302.571.6600/phone; 302.571.1253/fax |
| **_Counsel for Defendants Teva Pharmaceuticals USA, Inc. & Teva Pharmaceuticals Industries Ltd._** | |

| | |
|---|---|
| Taras A. Gracey (tgracey@winston.com)<br>Lynn M. Ulrich (lulrich@winston.com)<br>Brian L. Franklin (bfranklin@winston.com)<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, IL 60601<br>312.558.5600/phone; 312.558.5700/fax | |
| **_Counsel for Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc._** | |

| | |
|---|---|
| Barbara S. Wahl (wahl.barbara@arentfox.com)<br>Richard J. Berman (berman.richard@arentfox.com)<br>D. Jacques Smith (smith.jacques@arentfox.com)<br>Janine A. Carlan (carlan.janine@arentfox.com)<br>John K. Hsu (hsu.john@arentfox.com)<br>**Arent Fox PLLC**<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5339<br>202.857.6000/phone; 202.857.6395/fax | Philip A. Rovner (provner@potteranderson.com)<br>**Potter Anderson & Corroon LLP**<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>302.984.6000/phone; 302.658.1192/fax |
| **_Counsel for Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc._** | |

| | |
|---|---|
| Robert J. Gunther, Jr. (robert.gunther@lw.com)<br>James P. Barabas (james.barabas@lw.com)<br>**Latham & Watkins LLP**<br>885 Third Avenue, Suite 1000<br>New York, NY 10022-4834<br>212.906.1200/phone; 212.751.4864/fax | Richard D. Kirk (rkirk@bayardfirm.com)<br>**The Bayard Firm**<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>302.655.5000/phone; 302.658.6395/fax |
| **_Counsel for Defendants Purepac Pharmaceutical Co. & Alpharma, Inc._** | |

| Stuart Sender  (ssender@budd-larner.com)<br>**Budd Larner, P.C.**<br>150 John F. Kennedy Parkway<br>Short Hills, NJ  07078-0999<br>973.315.4462/phone; 973.379.7734/fax | Richard L. Horwitz<br>David E. Moore<br>**Potter Anderson & Corroon LLP**<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P. O. Box 951<br>Wilmington, DE  19899<br>302.984.6000/phone; 302.658.1192/fax |
|---|---|

*Counsel for Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd.*

| Alan Bernstein   (abernstein@crbcp.com)<br>Mona Gupta    (mgupta@crbcp.com)<br>**Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.**<br>1635 Market Street, 11th floor<br>Philadelphia, PA  19103-2212<br>215.567.2010/phone; 215.751.1142/fax | Frederick L. Cottrell, III   (cottrell@rlf.com)<br>Anne Shea Gaza       (gaza@rlf.com)<br>**Richards, Layton & Finger, P.A.**<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE  19899<br>302.651.7700/phone; 302.651.7701/fax |
|---|---|

*Counsel for Defendant Alphapharm Pty Ltd.*

| Steven J. Balick (sbalick@ashby-geddes.com)<br>John G. Day    (jday@ashby-geddes.com)<br>**Ashby & Geddes**<br>222 Delaware Ave., 17th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>302.654.1888/phone; 302.654.2067/fax | |
|---|---|

*Counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc.*

# EXHIBIT D

From: Calia, Kurt [mailto:kcalia@cov.com]
Sent: Monday, May 15, 2006 3:16 PM
To: Amy D. Brody
Cc: William A. Rakoczy; Christine Siwik
Subject: RE: In re '318 Patent Infringement Litigation -- Documents


Amy

As you know, Plaintiffs first offered to make this material available for inspection to
defendants on March 10, and today's is the first request we have received asking to review
this material.  When you last inquired as to the status of these documents on April 3, I
responded on April 5 suggesting that because the logistics associated with these
voluminous materials is complicated (which is the case both in terms of location and
content -- some of the documents are likely privileged and/or contain patient-sensitive
information, and they exist in multiple locations), and I suggested that the parties have
a teleconference to discuss the mechanics of such an inspection.  I did not hear back from
you.

Nevertheless, we are prepared to discuss with this matter with you this week.  In
preparation for such a discussion, it would be important for us to know whether one
defendant will conduct the review on behalf of all defendants, whether you anticipate
inspecting documents at one location before moving to another location or whether you hope
to inspect documents at multiple locations in parallel, and when you would be available to
begin and how many people will be involved.  Once we have this information, we will be in
a position to confer with our client about how to make these materials available and what
kinds of pre-review procedures are appropriate so as to safeguard privileged and patient-
specific information.

We look forward to hearing from you.

Sincerely,
Kurt G. Calia
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2401
202.662.5602 (v); 202.778.5602 (f)
kcalia@cov.com; www.cov.com
This message is from a law firm and may contain information that is confidential or
legally privileged. If you are not the intended recipient, please immediately advise the
sender by reply e-mail that this message has been inadvertently transmitted to you and
delete this e-mail and any attachments from your system. Thank you for your cooperation.

_____

        From: Amy D. Brody [mailto:ABrody@rmmslegal.com]
        Sent: Monday, May 15, 2006 3:07 PM
        To: Calia, Kurt
        Cc: William A. Rakoczy; Christine Siwik
        Subject: In re '318 Patent Infringement Litigation -- Documents


        Kurt:

        As a follow up to our prior correspondence on this matter, it is my understanding
that the approximate 1,200 boxes of documents Plaintiffs are making available for
Defendants' review and inspection in this discovery are located in various locations.  So

that Defendants may make appropriate arrangements to review these documents, could you please advise at what location(s) Plaintiffs intend to make the documents available for Defendants' review, and when Defendants may review those documents.  Thanks much.

    Regards,

    Amy


    Amy D. Brody
    RAKOCZY MOLINO MAZZOCHI SIWIK LLP
    6 W. Hubbard Street, Suite 500
    Chicago, IL 60610
    Telephone:  312.222.6344
    Facsimile:  312.222.6345
    abrody@rmmslegal.com


    This message may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.  Thank you.

# EXHIBIT E



RAKOCZY
MOLINO
MAZZOCHI
SIWIK LLP

6 WEST HUBBARD STREET
SUITE 500
CHICAGO, IL 60610
www.rmmslegal.com

312-527-2157 main phone
312-527-4205 main fax

Amy D. Brody

312.222.6344 telephone
312.222.6345 facsimile
abrody@rmmslegal.com

June 12, 2006

**VIA Facsimile and E-mail**

Kurt G. Calia, Esq.
COVINGTON & BURLING
1201 Pennsylvania Avenue, NW
Washington, D.C. 20004-2401

Re:    *In Re: '318 Patent Infringement Litigation*
       C.A. No. 05-356 (KAJ) (D. Del.) (consolidated)

Dear Kurt:

As you know, Plaintiffs first disclosed to Defendants in March that Plaintiffs had approximately 1,200 boxes of documents responsive to Defendants' discovery requests—requests that were served as early as September 2005. Since then, we have followed up multiple times concerning these documents. In an effort to facilitate Defendants' review and inspection, we have requested, among other things, that you advise as to the locations of the documents since you originally advised the documents were located in various locations. Plaintiffs have, however, failed to provide any substantive information about these documents, including information as straightforward as their location. Rather, you have responded with questions such as how many Defendants will conduct the review and where Defendants will conduct their review. Plaintiffs do not need this information in order to tell us where the documents are located. Quite plainly, Plaintiffs are just stalling.

Please give us a straight answer in response to the following: (a) where are these 1,200 boxes of documents located; and (b) if in multiple locations, (i) identify what types or categories of documents are at each particular location and (ii) the approximate number of boxes of documents at each particular location. Upon receiving this information, we can then advise you concerning Defendants' proposed review of the documents, including when and where we will begin such review. If we do not receive this information from you, Plaintiffs will have left us with no choice but to ask the Court to compel production of same. We sincerely hope, however, that Plaintiffs will not force us to waste the Court's time for such basic information.

Kurt G. Calia, Esq.
COVINGTON & BURLING
June 12, 2006
Page 2

We look forward to your prompt response.

Very truly yours,

RAKOCZY MOLINO MAZZOCHI SIWIK LLP

Amy D. Brody

cc:    Attached service list

## SERVICE LIST

**Via Facsimile and E-mail:**

| | |
|---|---|
| George F. Pappas (*gpappas@cov.com*)<br>Roderick R. McKelvie (*mckelvie@cov.com*)<br>Christopher N. Sipes (*csipes@cov.com*)<br>Jeffrey B. Elikan (*jelikan@cov.com*)<br>Laura H. McNeill (*lmcneill@cov.com*)<br>**Kurt G. Calia** (*kcalia@cov.com*)<br>COVINGTON & BURLING<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2401<br>Telephone: (202) 662-6000<br>Facsimile: (202) 662-6291 | John G. Day (*jday@ashby-geddes.com*)<br>**Steven J. Balick** (*sbalick@ashby-geddes.com*)<br>ASHBY & GEDDES<br>222 Delaware Ave., 17th Fl.<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888<br>Facsimile: (302) 654-2067 |
| Steven P. Berman (*sberman@corus.jnj.com*)<br>Office of General Counsel<br>JOHNSON & JOHNSON<br>One Johnson & Johnson Plaza<br>New Brunswick, NJ 08933<br>Telephone: (732) 524-2805<br>Facsimile: (732) 524-5866 | |
| *Counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc.* | |

**Via E-mail:**

| | |
|---|---|
| Alan Bernstein (*abernstein@crbcp.com*) (x124)<br>Mona Gupta (*mgupta@crbcp.com*) (x160)<br>CAESAR, RIVISE, BERNSTEIN, COHEN &<br>POKOTILOW, LTD.<br>1635 Market Street, 11th Floor<br>Philadelphia, PA 19103-2212<br>Telephone: (215) 567-2010<br>Facsimile: (215) 751-1142 | Frederick L. Cottrell, III (*cottrell@rlf.com*)<br>Anne Shea Gaza (*gaza@rlf.com*)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19801<br>Telephone: (302) 651-7509<br>Facsimile: (302) 651-7701 |
| *Counsel for Defendant Alphapharm Pty Ltd.* | |

| | |
|---|---|
| Daniel F. Attridge, P.C. (*dattridge@kirkland.com*)<br>Edward C. Donovan (*edonovan@kirkland.com*)<br>Karen M. Robinson (*krobinson@kirkland.com*)<br>Corey J. Manley (*cmanley@kirkland.com*)<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005-5793<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200 | Josy W. Ingersoll (*jingersoll@ycst.com*)<br>John W. Shaw (*jshaw@ycst.com*)<br>Adam W. Poff (*apoff@ycst.com*)<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 |
| *Counsel for Defendants Teva Pharmaceuticals USA and Teva Pharmaceuticals Industries Ltd.* | |

| | |
|---|---|
| Mary B. Matterer *(mmatterer@morrisjames.com)*<br>**MORRIS JAMES HITCHENS & WILLIAMS LLP**<br>222 Delaware Ave , 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750 | |
| *Counsel for Defendants Mylan Pharmaceuticals Inc.*<br>*and Mylan Laboratories Inc.* ||

| | |
|---|---|
| George C. Lombardi *(glombardi@winston.com)*<br>Taras A. Gracey *(tgracey@winston.com)*<br>Lynn M. Ulrich *(lulrich@winston.com)*<br>Mustafa Hersi *(mhersi@winston.com)*<br>**WINSTON & STRAWN LLP**<br>35 West Wacker Dr.<br>Chicago, IL 60601<br>Telephone: (312) 558-5000<br>Facsimile: (312) 558-5700 | John C. Phillips, Jr. *(jcp@pgslaw.com)*<br>Brian E. Farnan *(bef@pgslaw.com)*<br>**PHILLIPS, GOLDMAN & SPENCE, P.A.**<br>1200 N. Broom St.<br>Wilmington, DE 19806<br>Telephone: (302) 655-4200<br>Facsimile: (302) 655-4210 |
| *Counsel for Defendants Barr Laboratories, Inc.*<br>*and Barr Pharmaceuticals, Inc.* ||

- 2 -

# EXHIBIT F

# COVINGTON & BURLING

| | | |
|---|---|---|
| 1201 PENNSYLVANIA AVENUE NW<br>WASHINGTON DC 20004-2401<br>TEL 202 662 6000<br>FAX 202 662 6291<br>WWW COV COM | WASHINGTON<br>NEW YORK<br>SAN FRANCISCO<br>LONDON<br>BRUSSELS | KURT G CALIA<br>TEL 202 662 5602<br>FAX 202 778 5602<br>KCALIA@COV COM |

June 15, 2006

**VIA E-MAIL and FIRST CLASS MAIL**

Amy D. Brody, Esq.
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, IL  60610

> Re:   In re: '318 Patent Infringement Litigation; Civil Action No.
>         05-356-KAJ (consolidated) _____

Dear Amy:

This is in response to your June 12, 2006 letter concerning Plaintiffs' document production in this case.  Your accusation that Plaintiffs have been "stalling" the inspection of the approximately 1,200 boxes of material that was first identified many months ago is disproved by the record, summarized below:

| | |
|---|---|
| *March 10, 2006* | Plaintiffs wrote to defendants' counsel about our February 13 teleconference, reiterating that Plaintiffs have approximately 1,200 boxes of marketing-related information.  While we stated our belief that this information is not relevant to this case (a view reinforced by our production to date of thousands of pages of pertinent marketing-related information), we nevertheless indicated that we would be willing to permit inspection of the materials. |
| *April 3, 2006* | We heard nothing for nearly a month until you wrote on April 3 to inquire about these documents (along with other document production issues).  Your letter merely asked when you might inspect the documents; you did not explain the delay in responding to my March 10 letter. |
| *April 5, 2006* | I promptly responded to your April 3 letter, suggesting that the parties conduct a teleconference to discuss how to conduct any inspection – which is necessary because the 1,200 boxes of materials contain some information that is privileged and/or patient sensitive, and because the materials are not all in the |

COVINGTON & BURLING

Amy D. Brody, Esq.
June 15, 2006
Page 2

|  | same location. In my letter, I asked you when you would be available for such a discussion. |
|---|---|
| *May 15, 2006* | I heard nothing from you for more than a month, until I received an email on May 15, when, ignoring my request for a teleconference, you asked where the documents are located and when defendants may inspect them. Your email did not acknowledge in any way the concerns set forth in my April 5 letter, nor did it explain why you had failed to respond to my April 5 letter for more than 5 weeks. |
| *May 15, 2006* | I responded to your email approximately one hour later, reminding you of my April 5 suggestion for a conference call, and stating that we would be available to discuss the matter later that week (May 15 was a Monday). I further requested information from you about which of the defendants intended to inspect the documents, whether you hoped to inspect a multiple locations at once, when you hoped to begin, and how many people you anticipated would be involved. |
| *May 31, 2006* | We received Christine Siwik's May 31, 2006 letter concerning a variety of discovery issues, in which she stated (falsely) that "Plaintiffs repeatedly have refused to make available 1,200 boxes of documents...." This letter did not respond to my May 15 email to you at all. The transparent purpose of Ms. Siwik's letter was to obfuscate defendants' dilatory conduct by mischaracterizing the documented history of discovery in this matter. Ms. Siwik's letter did not seek to facilitate the inspection of the documents nor did it seek a response from Plaintiffs about the inspection (or any other discovery issue). |
| *June 12, 2006* | We responded to Ms. Siwik's May 31 letter, pointing out our repeated efforts to confer with you on an inspection of the documents, among other things, as proof of Plaintiffs' diligent discovery efforts. |
| *June 12, 2006* | For the first time in a month (since May 15), you wrote about conducting an inspection. You again ignored our request (made months earlier) for a call to discuss the logistics of any inspection and our how the parties might address our concerns about privileged and/or patient-sensitive information in these documents. Instead, you asked for (a) an identification of |

COVINGTON & BURLING

Amy D. Brody, Esq.
June 15, 2006
Page 3

where the boxes are, and (b) the numbers of such boxes at each location and a description of their content so that you could advise us of your "proposed review" of these materials, suggesting that you are still considering whether to conduct an inspection.

\*        \*        \*

Given the history set forth above, it is disingenuous for you to claim in your June 12 letter that "Plaintiffs are just stalling" as to these documents (or as to anything else in discovery, for that matter). How can you make such a statement in light of the delays caused by your unwillingness to place a simple phone call to discuss the inspection? We have met in person for depositions in this case on many occasions since my March 10 letter, and not once did you utter a word about any continuing desire to inspect documents, nor have you raised this issue in the literally dozens of telephone calls we have had in the last four months on various discovery matters. And I have heard nothing from the other defendants concerning a teleconference to discuss an inspection. In short, the clear history – as set forth in the correspondence – reveals that defendants have simply neglected to pursue this discovery offered by Plaintiffs over four months ago.

It is apparent that defendants are not interested in reviewing these documents, but instead wish to concoct a claim that Plaintiffs have somehow impeded defendants' discovery efforts for some other purpose. There simply is no other explanation for your refusal to make a simple phone call to coordinate on the inspection, which we invited you to do many months ago.

In any event, we respond to the two questions of your June 12 letter as follows:

(a)    The approximately 1,350 boxes (it is more than the 1,200 initially estimated) are located in two locations – about 150 of them are at a Janssen facility in Titusville, NJ, and about 1,200 of them are at an Iron Mountain storage facility in Somerset, NJ.

(b)    As stated in prior correspondence, these documents relate to marketing of Razadyne®, and include information such as adverse event reports, case report forms, and raw clinical data. As we understand it, documents of these various types exist at both locations identified above.

We continue to believe that a conference call to discuss the mechanics of any inspection is required should defendants wish to inspect this material. Given the

COVINGTON & BURLING

Amy D. Brody, Esq.
June 15, 2006
Page 4

volume and sensitivity of the material (and the sensitivity of the location of some of it at Janssen), defendants cannot simply show up, inspect the documents, and identify those to be photocopied. We will need to make arrangements as to the number of people to conduct the inspection, limits on access to these facilities (in terms of the number of days and time of day), pre-review by Plaintiffs so as to safeguard privileged and patient-sensitive information, and costs associated with photocopying, among other things.

        We look forward to your response. Please do not hesitate to contact me if you have any questions.

                                Sincerely,

                                Kurt G. Calia

cc:     All defense counsel (via email)
        Steven Balick, Esq. (via email)

## SERVICE LIST

| By Electronic Mail and First Class Mail: | By Electronic Mail: |
|---|---|
| William A. Rakoczy (wrakoczy@rmmslegal.com)<br>Christine J. Siwik (csiwik@rmmslegal.com)<br>Amy D. Brody (abrody@rmmslegal.com)<br>Lara Monroe-Sampson (lmonroe-sampson@rmmslegal.com)<br>**Rakoczy, Molino, Mazzochi, Siwik LLP**<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60610<br>312.527.2157/phone; 312.527.4205/fax | Mary B. Matterer (mmatterer@morrisjames.com)<br>**Morris James Hitchens & Williams LLP**<br>222 Delaware Avenue<br>10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>302.888.6800/phone; 302.571.1750/fax |
| *Counsel for Defendants Mylan Pharmaceuticals Inc. & Mylan Laboratories Inc.* | |

| By Electronic Mail and First Class Mail: | By Electronic Mail: |
|---|---|
| Edward C. Donovan (edonovan@kirkland.com)<br>Karen M. Robinson (krobinson@kirkland.com)<br>Corey J. Manley (cmanley@kirkland.com)<br>**Kirkland & Ellis LLP**<br>655 Fifteenth Street, NW<br>Suite 1200<br>Washington, DC 20005-5793<br>202.879.5000/phone; 202.879.5200/fax | Josy W. Ingersoll (jingersoll@ycst.com)<br>John W. Shaw (jshaw@ycst.com)<br>**Young Conaway Stargatt & Taylor LLP**<br>The Brandywine Building<br>1000 West Street<br>17th Floor<br>Wilmington, DE 19899-0391<br>302.571.6600/phone; 302.571.1253/fax |
| *Counsel for Defendants Teva Pharmaceuticals USA, Inc. & Teva Pharmaceuticals Industries Ltd.* | |

| | |
|---|---|
| Taras A. Gracey (tgracey@winston.com)<br>Lynn M. Ulrich (lulrich@winston.com)<br>Brian L. Franklin (bfranklin@winston.com)<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, IL 60601<br>312.558.5600/phone; 312.558.5700/fax | |
| *Counsel for Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.* | |

| | |
|---|---|
| Alan Bernstein (abernstein@crbcp.com)<br>Mona Gupta (mgupta@crbcp.com)<br>**Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.**<br>1635 Market Street, 11th floor<br>Philadelphia, PA 19103-2212<br>215.567.2010/phone; 215.751.1142/fax | Frederick L. Cottrell, III (cottrell@rlf.com)<br>Anne Shea Gaza (gaza@rlf.com)<br>**Richards, Layton & Finger, P.A.**<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>302.651.7700/phone; 302.651.7701/fax |
| *Counsel for Defendant Alphapharm Pty Ltd.* | |

| | |
|---|---|
| Steven J. Balick (sbalick@ashby-geddes.com)<br>John G. Day (jday@ashby-geddes.com)<br>**Ashby & Geddes**<br>222 Delaware Ave., 17th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>302.654.1888/phone; 302.654.2067/fax | |
| *Counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc.* | |

# EXHIBIT G

-----Original Message-----
From: Bernstein, Alan H. <abernstein@crbcp.com>
To: Calia, Kurt; gaza@rlf.com <gaza@rlf.com>; bfranklin@winston.com
<bfranklin@winston.com>; cmanley@kirkland.com <cmanley@kirkland.com>;
edonovan@kirkland.com <edonovan@kirkland.com>; cottrell@rlf.com <cottrell@rlf.com>;
james.barabas@lw.com <james.barabas@lw.com>; jday@ashby-geddes.com <jday@ashby-
geddes.com>; jshaw@ycst.com <jshaw@ycst.com>; jingersoll@ycst.com <jingersoll@ycst.com>;
krobinson@kirkland.com <krobinson@kirkland.com>; lulrich@winston.com
<lulrich@winston.com>; mmatterer@morrisjames.com <mmatterer@morrisjames.com>; Gupta, Mona
<monagupta@crbcp.com>; rkirk@bayardfirm.com <rkirk@bayardfirm.com>; robert.gunther@lw.com
<robert.gunther@lw.com>; sbalick@ashby-geddes.com <sbalick@ashby-geddes.com>;
tgracey@winston.com <tgracey@winston.com>
Sent: Thu Jun 22 14:09:10 2006
Subject: In re '318 Patent Infringement Litigation

Dear Kurt:  I am following up on your letter of June 15, 2006 to Amy Brody.  I would like
to know if the boxes at the two locations mentioned in your letter are labeled so that we
can identify marketing as distinguished from adverse event reports, case report forms and
raw clinical data. Also, would the non-marketing boxes contain a marking so we can tell
them apart from boxes containing other categories of documents. After I have your
response, we could have a phone call to discuss the timing and other aspects of our
intended searches.

Please let me hear from you.   On another subject, I believe the starting time for the BMS
deposition to be taken on Monday, June 23, 2006 in Lawrenceville, New Jersey is 9:30 a.m.
I had asked you for the information via email but I never heard from you.

Sincerely,

Alan H. Bernstein
Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.
1635 Market Street, 11th Floor
Philadelphia, PA  19103
215/567-2010

THE INFORMATION CONTAINED IN THIS ELECTRONIC MESSAGE (E-MAIL) AND ANY ATTACHMENT(S) TO IT
IS/ARE INTENDED FOR THE EXCLUSIVE USE OF THE ADDRESSEE(S) AND MAY CONTAIN INFORMATION THAT
IS CONFIDENTIAL AND/OR PRIVILEGED AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IT IS
INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED. IF YOU
ARE NOT THE INTENDED RECIPIENT(S), YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION OR
COPYING OF THIS COMMUNICATION AND ITS ATTACHMENT(S) IS STRICTLY PROHIBITED.  THUS, PLEASE
DO NOT DISTRIBUTE IT.  INSTEAD, PLEASE NOTIFY CAESAR, RIVISE, BERNSTEIN, COHEN &
POKOTILOW, LTD. IMMEDIATELY BY TELEPHONE (COLLECT) AT 215-567-2010 OR BY E-MAIL AT
GATEKEEPER@CRBCP.COM, AND DESTROY ALL COPIES OF THIS MESSAGE AND ANY ATTACHMENTS.  THANK
YOU FOR YOUR COOPERATION!