# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 7, 2006

The Honorable Kent A. Jordan
United States District Judge
844 North King Street
Wilmington, Delaware  19801

**REDACTED PUBLIC
VERSION**

Re:    *In re '318 Patent Infringement Litigation,*
        Civil Action No. 05-356-KAJ (consolidated)

Dear Judge Jordan,

This letter responds to Barr's July 6, 2006 motion to compel a R. 30(b)(6) deposition of Synaptech, Inc., and is submitted in advance of the telephone conference with the Court scheduled for July 10, 2006.  Not only does Barr's Notice violate the Court's Revised Scheduling Order, it is unduly burdensome, unnecessarily cumulative, and seeks information that Barr long ago had ample opportunity to discover.

Barr's Notice violates the fact deposition limitations set by the Court.  Section 4(a) of the current Scheduling Order requires that Defendants use their "best efforts to avoid deposing any person more than once" and stipulates that "no person shall be deposed more than once without consent of the parties or order of the Court." (*See* Revised Scheduling Order at 2, Ex. A.)  The parties discussed but could not reach agreement on these provisions when negotiating the R. 16 Scheduling Order in October 2005.  While Defendants sought to depose the inventor of the patent-in-suit, Dr. Bonnie Davis, for up to twenty-one hours, Plaintiffs countered that fourteen hours would be sufficient. (*See* [Proposed] Rule 16 Scheduling Order at 4-5, Ex. B; 10/11/05 S. Balick letter to the Court at 4, Ex. C.)  Plaintiffs also sought a prohibition on deposing witnesses more than once. (*See* [Proposed] Rule 16 Scheduling Order at 4, Ex. B.)  The Court adopted Plaintiffs' proposals, and Defendants chose to depose Dr. Davis for two days in February 2006.

Seeking a second bite at the apple, Barr issued a R. 30(b)(6) deposition notice for Plaintiff Synaptech, Inc. three weeks before the close of discovery.  .

## REDACTED

Dr. Davis' and Synaptech's knowledge of

relevant events and information are, for all intents and purposes, identical. Because Defendants are well aware of these facts, Barr's Notice of Synaptech really targets Dr. Davis, and as such it can only be viewed as an effort to evade the limits of the Scheduling Order that Defendants unsuccessfully contested in the first instance. Barr should not be permitted to succeed in its back-door, eleventh-hour attempt to sidestep the Court-imposed fourteen-hour limit on Dr. Davis' deposition and re-depose her at the close of (indeed, after) discovery.

Denial of Barr's motion to compel is appropriate even absent the limitations of the Scheduling Order. Under the Federal Rules, district courts have wide discretion to limit discovery (including the duration of depositions) where the discovery sought is unreasonably cumulative or duplicative, the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought, or the burden of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2); *see also Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 162 (D. Del. 2001). Barr asserts that courts "routinely" permit depositions of the same witness as an individual and 30(b)(6) designee, and that an independent seven-hour time limit applies to individual and 30(b)(6) depositions.[1] While sometimes true, even the primary case cited by Barr in support explains that "[t]his is not to say…that the inquiring party has *carte blanche* to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness." *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544, at *2 (S.D.N.Y. Dec. 12, 2001); Ex. G. Indeed, courts have found that R. 30(b)(6) depositions are unnecessary in circumstances involving "small, closely-held entities" where there is "no difference between the knowledge of the entity and the knowledge of the principals" and the "principals" of the entity in question have already been deposed in their individual capacities. *See, e.g., A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002), Ex. H. Other courts have concluded that 30(b)(6) depositions are unnecessary in circumstances where the anticipated designee is the most knowledgeable corporate witness and has already provided extensive individual deposition testimony. *See, e.g., Novartis Pharms. Corp.*, 203 F.R.D. at 163. These circumstances exist here.

Plaintiffs thus further object to the notice as untimely, unduly burdensome, unnecessarily cumulative, and as seeking information that Barr has already had ample opportunity to discover. The proper time to resolve the dispute would have been prior to Dr. Davis' February deposition rather than after the close of fact discovery.[2] Plaintiffs apprised Defendants in mid-January, well in advance of Dr. Davis' deposition, of their position that Defendants cannot circumvent the seven hour deposition limit by seeking seven hours of individual *and* seven hours of 30(b)(6) testimony (for Dr. Davis the limit was fourteen hours). (*See* 1/19/06 letter from C. Sipes to L.

---

[1]     Notably, Barr relies nearly exclusively on unpublished decisions from other jurisdictions in support of this "routine" practice.

[2]     Barr argues that Synaptech's response to its Notice (served three weeks before the close of fact discovery) has unreasonably delayed fact discovery and caused unspecified prejudice to Barr. Barr's dubious prejudice aside, it has only itself to blame, as it could (and should) have been raised this issue five months ago when it deposed Dr. Davis.

Ulrich, Ex. I.)[3] Had Barr wished to challenge this view, it should have done so prior to Dr. Davis' deposition when, in the event Barr's contrary view prevailed, Dr. Davis could have been made available on additional consecutive days in February.[4] Instead, Barr waited until three weeks before the close of fact discovery to press the issue. In any event, Defendants had every chance to question Dr. Davis in a corporate capacity during her fourteen-hour, two-day deposition in February.[5] Finally, Dr. Davis' previous testimony (totaling 646 pages) was comprehensive, which explains why Barr provides not one specific example of what information it believes it must add to the record if permitted to modify the Scheduling Order and re-depose Dr. Davis for seven more hours.[6] For these additional reasons, Barr's motion to compel should be denied.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick

SJB/dmf
Enclosures
171052.1

cc:    All defense counsel (via electronic mail, w/ encl.)

---

[3]    Defendants – including Barr – have adopted the same approach as to Plaintiffs' deposition efforts, stating that witnesses were being offered in a 30(b)(6) *and* individual capacity for a total of seven hours so that deponents appear only once. (*See, e.g.,* Brody 3/22/06 letter to Calia, Ex. J; L. Ulrich 4/12/06 e-mail to Calia, Ex. K.)

[4]    Barr had an affirmative obligation to raise this issue earlier since the Scheduling Order requires Defendants to use their "best efforts to avoid deposing any person more than once." (*See* Revised Scheduling Order at 2, Ex. A.)

[5]    In an effort to comply both with the Federal Rules and the Scheduling Order, and to avoid just the sort of discovery dispute at issue here, Plaintiffs informed Defendants in mid-April (prior to the depositions of the Defendants) of their intention to question witnesses in their individual *and* 30(b)(6) capacities. (*See* Calia 4/17/06 letter to all defense counsel, Ex. L.)

[6]    Barr claims entitlement to re-depose Dr. Davis because of a supplemental Synaptech document production since her first deposition. However, Barr neglects to inform the Court that the majority of these pages consist of non-substantive cover-sheet documents (inadvertently initially included on Synaptech's privilege logs along with their privileged attachments) or publicly available materials that are equally available to Defendants.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: '318 PATENT INFRINGEMENT )
LITIGATION                       )        Civil Action No. 05-356-KAJ
                                 )        (consolidated)
                                 )

## REVISED SCHEDULING ORDER

This 12ᵗʰ day of January, 2006, the Court having conducted an initial Rule 16 scheduling

and planning conference pursuant to Local Rule 16.2(a) on October 12, 2005 and a telephonic

hearing on December 20, 2005, and having entered a scheduling order on October 21, 2005,

hereby orders the following revised schedule:

IT IS ORDERED that:

1.    **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.**  Unless

otherwise agreed to by the parties, the parties shall have made their initial disclosures pursuant to

Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of the Court's original

Scheduling Order.   The parties have conferred and reached an agreement, based on the

parameters of their anticipated discovery, on how to conduct e-discovery for purposes of this

action.

2.    **Joinder of Other Parties and Amendments of Pleadings.**

All motions to join other parties, and to amend the pleadings, shall be filed on or

before February 10, 2006.

3.    **Bifurcation of discovery and trial on willfulness.**

The Court will not bifurcate and stay discovery on Plaintiffs' willful infringement claim at this time. This is without prejudice of any party raising dismissal and/or bifurcation at a later date.

4.    **Discovery.**

a.    **Limitation on Hours for Fact Deposition Discovery.**

Each side[1] is limited to a total of two hundred fifty (250) hours of taking testimony by deposition upon oral examination (excluding expert depositions). Each side represents that it will make all reasonable efforts to conclude a deposition within seven (7) hours as provided for in Federal Rule of Civil Procedure 30(d)(2). However, each side may depose one (1) witness for more than seven (7) hours so long as the deposing party gives reasonable notice of its intent to exceed seven (7) hours and the deposition does not exceed fourteen (14) hours. With the exception of experts submitting more than one report, each side shall use its best efforts to avoid deposing any person more than once, and no person shall be deposed more than once without consent of the parties or order of the Court.

b.    **Location of Depositions.**

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court ordinarily must be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

---

[1] For purposes of this Order, "side" shall refer to all the defendants as a group and all the plaintiffs as a group.

c.    **Limitation on Interrogatories.**

The Federal Rules of Civil Procedure shall govern the limitation on interrogatories; provided that, related companies who are named as either plaintiffs or defendants to this litigation shall be one (1) party for purposes of the "per party" limitation for interrogatories (*e g.*, Janssen Pharmaceutica N.V. and Janssen, L.P. are considered one party for purposes of this provision only).

d    **Discovery Cut Off.**

All discovery shall be completed by October 27, 2006. Party fact discovery shall be initiated so that it will be completed by June 30, 2006. Non-party fact discovery shall be initiated so that it will be completed by July 7, 2006. Expert discovery shall commence on or by July 14, 2006, and be completed by October 27, 2006. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

e.    **Disclosure of Expert Testimony.**

Unless otherwise agreed, the parties shall file their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on all issues for which a party bears the burden of proof on or before July 14, 2006. Without prejudice to either side's respective position on burden of proof, the parties have agreed that on July 14, 2006, Plaintiffs will file their opening expert report on objective (or secondary) considerations of non-obviousness and Defendants will file their opening expert report on invalidity (and unenforceability, if pleaded). The parties shall file their answering expert reports on or before August 28, 2006. The parties shall submit their reply expert reports on or before September 18, 2006. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,*

3

509 U.S. 579 (1993), such objection shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court  Any party wishing to depose an expert witness shall give reasonable notice and complete said deposition within seven (7) hours (and by the close of discovery), unless some other time and date is otherwise agreed to by counsel and/or ordered by the Court.

      f.    **Discovery Disputes.**  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this Paragraph.

      5.    **Application to Court for Protective Order.**  The Court entered, on November 7, 2005, a Stipulated Protective Order to govern the terms and conditions for the disclosure of confidential information in this action.

      The Stipulated Protective Order entered by the Court includes the substance of the following required paragraph:

            Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to

4

preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6.    **Papers Filed Under Seal.** When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers. In addition, under the Electronic Case Filing CM/ECF rules of this Court, the party filing a sealed document with the Court shall file electronically a public version of any sealed document within five (5) business days of the filing of the sealed document, redacting only the protected information.

7.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter has been referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. A settlement conference was held with counsel and their clients on November 8, 2005, but settlement was not reached. An additional settlement conference with the Magistrate Judge is scheduled for September 6, 2006, at 9:00 a.m.

8.    **Interim Status Reports.**

On May 8, 2006, counsel for all parties shall jointly submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

9.    **Status Conferences.** On May 15, 2006, the Court will hold a conference under Federal Rule of Civil Procedure 16(a), (b) and (c) by telephone with counsel beginning at 4:30 p.m. Plaintiffs' counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status reports provided for under Paragraph 8 above or to this Order, they may so notify

the Court in writing before the related conference is scheduled to occur, and the conference will be taken off the Court's calendar.

    10.    <u>**Tutorial Describing the Technology and Matters in Issue.**</u>

        The parties shall provide the Court with a tutorial on the technology at issue in person on March 3, 2006 at 9:30 a.m. The tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions.

        If the parties agree that in person presentation of tutorials is not necessary, they may so notify the Court prior to the time of the scheduled hearing, and the hearing will be taken off the Court's calendar.

        If, in the alternative, the parties choose to file videotaped tutorials, they should be provided to the Court by March 3, 2006. Each party may submit a videotape of not more than 30 minutes. The tutorials should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than five pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

    11.    <u>**Case Dispositive Motions.**</u>

        All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before November 17, 2006. Answering briefs will be served and filed on or before December 11, 2006. Reply briefs will be served on or before December 22, 2006.

12.  **Joint Claim Construction.**

Upon the close of expert discovery, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Fourteen (14) days subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to Paragraph 13 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue, as well as those portions of the intrinsic record relied upon, are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13.  **Claim Construction Briefs.**

Issues of claim construction shall be submitted to the Court no later than November 17, 2006.

14.  **Hearing on Case Dispositive Motions/*Markman* Hearing.**

Beginning at 9:30 a.m. on January 18, 2007, the Court will hear evidence and argument on summary judgment and/or claim construction.

15  **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

7

16.   **Pretrial Conference.**

On May 7, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order, as Exhibit A, on or before April 9, 2007.

17.   **Motions *in Limine*.**

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18.   **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three (3) full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format), which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

19.     **Trial.**

This matter is scheduled for a ten (10) day bench trial beginning at 9:00 a.m. on

June 4, 2007 and continuing through June 15, 2007.

UNITED STATES DISTRICT JUDGE

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JANSSEN PHARMACEUTICA N.V.,   )
JANSSEN, L.P., and SYNAPTECH, INC.,  )
                            )
        Plaintiffs,      )
                            )
         v.         )    Civil Action No. 05-356-KAJ
                            )
TEVA PHARMACEUTICALS USA, INC. )
and TEVA PHARMACEUTICAL     )
INDUSTRIES, LTD.,          )
                            )
        Defendants.     )

JANSSEN PHARMACEUTICA N.V.,   )
JANSSEN, L.P., and SYNAPTECH, INC.,  )
                            )
        Plaintiffs,      )
                            )
         v.         )    Civil Action No. 05-371-KAJ
                            )
MYLAN PHARMACEUTICALS, INC.   )
and MYLAN LABORATORIES, INC.,   )
                            )
        Defendants.     )

JANSSEN PHARMACEUTICA N.V.,   )
JANSSEN, L.P., and SYNAPTECH, INC.,  )
                            )
        Plaintiffs,      )
                            )
         v.         )    Civil Action No. 05-380-KAJ
                            )
DR. REDDY'S LABORATORIES, INC.,  )
and DR. REDDY'S LABORATORIES,   )
LTD.,                            )
                            )
        Defendants.     )

| | |
|---|---|
| JANSSEN PHARMACEUTICA N.V., <br> JANSSEN, L.P., and SYNAPTECH, INC., <br><br>         Plaintiffs, <br><br>         v. <br><br> BARR LABORATORIES, INC., and BARR <br> PHARMACEUTICALS INC., <br><br>         Defendants. | Civil Action No. 05-381-KAJ |
| JANSSEN PHARMACEUTICA N.V., <br> JANSSEN, L.P., and SYNAPTECH, INC., <br><br>         Plaintiffs, <br><br>         v. <br><br> PUREPAC PHARMACEUTICAL CO. and <br> ALPHARMA, INC., <br><br>         Defendants. | Civil Action No. 05-382-KAJ |
| JANSSEN PHARMACEUTICA N.V., <br> JANSSEN, L.P., and SYNAPTECH, INC., <br><br>         Plaintiffs, <br><br>         v. <br><br> ALPHAPHARM PTY., LTD., <br><br>         Defendant. | Civil Action No. 05-420-KAJ |

| JANSSEN PHARMACEUTICA N.V., | ) |
|---|---|
| JANSSEN, L.P., and SYNAPTECH, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| PAR PHARMACEUTICAL, INC. and PAR | ) |
| PHARMACEUTICAL COMPANIES, INC., | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 05-451-KAJ

## [PROPOSED] RULE 16 SCHEDULING ORDER

This ___ day of October, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on October 12, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, and the Court finding that these matters should be consolidated for discovery;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order. The parties have conferred and reached an agreement, based on the parameters of their anticipated discovery, on how to conduct e-discovery for purposes of this action.

2. **Joinder of Other Parties and Amendment of Pleadings.**

**PLAINTIFFS' PROPOSAL:** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before six (6) months before the close of fact discovery.

3

**DEFENDANTS' PROPOSAL:** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before thirty (30) days before the close of fact discovery.

3. <u>Bifurcation of discovery and trial on willfulness.</u>

**PLAINTIFFS' PROPOSAL:** Discovery and trial on willfulness shall not be bifurcated.

**DEFENDANTS' PROPOSAL:** If not dismissed on Federal Rule of Civil Procedure 12(c) grounds, discovery and trial on willfulness shall be bifurcated until after discovery and trial on infringement, invalidity and any inequitable conduct claim.

4. <u>Discovery.</u>

a. <u>Limitation on Hours for Fact Deposition Discovery.</u>

**PLAINTIFFS' PROPOSAL:** Each side[1] is limited to a total of two hundred fifty (250) hours of taking testimony by deposition upon oral examination (excluding expert depositions). Each side represents that it will make all reasonable efforts to conclude a deposition within seven (7) hours as provided for in Federal Rule of Civil Procedure 30(d)(2). However, each side may depose one (1) witness for more than seven (7) hours so long as the deposing party gives reasonable notice of its intent to exceed seven (7) hours and the deposition does not exceed fourteen (14) hours. With the exception of experts submitting more than one report, each side shall use its best efforts to avoid deposing any person more than once, and no person shall be deposed more than once without consent of the parties or order of the Court.

**DEFENDANTS' PROPOSAL:** Each side is limited to a total of one hundred forty (140) hours of taking testimony by deposition upon oral examination (excluding expert

---

[1] For purposes of this Order, "side" shall refer to all the defendants as a group and all the plaintiffs as a group.

depositions). Each side represents that it will make all reasonable efforts to conclude a deposition within seven (7) hours as provided for in Federal Rule of Civil Procedure 30(d)(2). However, the parties recognize that circumstances may require a deposition to exceed seven (7) hours. Each side may depose the inventor of the patent-in-suit in an individual capacity for more than seven (7) hours so long as the deposing party gives reasonable notice of its intent to exceed seven (7) hours and the deposition does not exceed twenty-one (21) hours. Moreover, each side may depose up to two (2) additional witnesses for more than seven (7) hours so long as the deposing party gives reasonable notice of its intent to exceed seven (7) hours and each deposition does not exceed fourteen (14) hours.

b.    **Location of Depositions.**

PLAINTIFFS' PROPOSAL: All witnesses within the control of a party will be produced for deposition in the offices of the producing party's local or non-local counsel, unless otherwise agreed by the parties.

DEFENDANTS' PROPOSAL: Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court ordinarily must be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c.    **Limitation on Interrogatories.**

**PLAINTIFFS' PROPOSAL:** The parties shall be limited to no more than fifty (50) interrogatories per side. A substantially similar interrogatory that is propounded on more than one (1) party shall be treated as one (1) interrogatory for purposes of the limitation.

Unless otherwise ordered by the Court, the form of and limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

**DEFENDANTS' PROPOSAL:** The Federal Rules of Civil Procedure shall govern the limitation on interrogatories; provided that, related companies who are named as either plaintiffs or defendants to this litigation shall be one (1) party for purposes of the "per party" limitation for interrogatories (*e.g.*, Janssen Pharmaceutica N.V. and Janssen, L.P. are considered one party for purposes of this provision only).

d.    **Discovery Cut Off.**

**PLAINTIFFS' PROPOSAL:** All discovery shall be completed by March 15, 2007. Fact discovery shall be initiated so that it will be completed by September 8, 2006. Expert discovery shall commence on or by October 9, 2006, and be completed by March 15, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

**DEFENDANTS' PROPOSAL:** All discovery shall be completed by October 20, 2006. Fact discovery shall be initiated so that it will be completed by June 16, 2006. Expert discovery shall commence on or by June 19, 2006, and be completed by October 20, 2006. The Court encourages the parties to serve and respond to contention interrogatories early in the case.

Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      e.    **Disclosure of Expert Testimony.**

      **PLAINTIFFS' PROPOSAL:** Unless otherwise agreed, the parties shall file their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on all issues for which a party bears the burden of proof on or before one hundred and thirty-five (135) days before the date for the completion of all discovery. The parties shall file answering expert reports on or before seventy-five (75) days before the date for the completion of discovery. The parties shall submit reply expert reports on or before forty-five (45) days before the date for the completion of all discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), such objection shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Any party wishing to depose an expert witness shall give reasonable notice and complete said deposition within seven (7) hours (and by the close of discovery), unless some other time and date is otherwise agreed to by counsel and/or ordered by the Court.

      **DEFENDANTS' PROPOSAL:** Unless otherwise agreed, the parties shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on all issues for which a party bears the burden of proof on or before ninety (90) days before the date of the completion of all discovery (*i.e.*, October 20, 2006). The parties shall file rebuttal expert reports on or before sixty (60) days before the date for the completion of all discovery. The parties shall submit reply expert reports on or before thirty (30) days before the date for the completion of all discovery. To the extent any objection to expert testimony is made pursuant to the principles

7

announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), such objection shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Any party wishing to depose an expert witness shall give reasonable notice and complete said deposition within seven (7) hours (and by the close of discovery, *i.e.*, October 20, 2006), unless some other time and date is otherwise agreed to by counsel and/or ordered by the Court.

   f. **Discovery Disputes.** Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this Paragraph.

   5. **Application to Court for Protective Order.** The parties have conferred for the purpose of reaching an agreement on a proposed form of a protective order specifying the terms and conditions for the disclosure of confidential information. Negotiations over the terms of a proposed form of a protective order are on-going. If the parties cannot reach agreement on the

terms of a protective order by October 19, 2005, the parties will submit their respective proposals

to the Court by October 20, 2005.

The parties' proposed protective order includes the substance of the following

required paragraph:

> **Other Proceedings.** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. **Papers Filed Under Seal.** When filing papers under seal, counsel should deliver

to the Clerk an original and one (1) copy of the papers. In addition, under the Electronic Case

Filing CM/ECF rules of this Court, the party filing a sealed document with the Court shall file

electronically a public version of any sealed document within five (5) business days of the filing

of the sealed document, redacting only the protected information.

7. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to

the United States Magistrate for the purpose of exploring the possibility of a settlement. The

Magistrate Judge will schedule a settlement conference with counsel and their clients to be held

within ninety (90) days from the date of this Order.

8. **Interim Status Report.**

**PLAINTIFFS' PROPOSAL:** On [date], counsel for all parties shall jointly

submit a letter to the Court with an interim report on the nature of the matters in issue and the

progress of discovery to date.

9

**DEFENDANTS' PROPOSAL:** On April 21, 2006, counsel for all parties shall jointly submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

9.    **Status Conference.** On [date], 2006, the Court will hold a conference under Federal Rule of Civil Procedure 16(a), (b) and (c) by telephone with counsel beginning at [time]. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report provided for under Paragraph 8 above or to this Order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

10.    **Tutorial Describing the Technology and Matters in Issue.**

**PLAINTIFFS' PROPOSAL:** The parties shall provide the Court by May 1, 2006, a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than five pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

**DEFENDANTS' PROPOSAL:** The parties shall provide the Court by August 1, 2006, a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the

10

parties' claim construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than five pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

11.   **Case Dispositive Motions.**

**PLAINTIFFS' PROPOSAL:** All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before April 16, 2007. Answering briefs will be served and filed on or before June 1, 2007. Reply briefs will be served on or before July 2, 2007.

**DEFENDANTS' PROPOSAL:** All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before November 24, 2006. Briefing will be presented pursuant to the Court's Local Rules.

12.   **Joint Claim Construction.**

**PLAINTIFFS' PROPOSAL:** Upon the close of expert discovery, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Fourteen (14) days subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to Paragraph 13 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue, as well as those portions of

11

the intrinsic record relied upon, are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

**DEFENDANTS' PROPOSAL:** Defendants anticipate that limited claim construction proceedings will be necessary in this case in advance of expert disclosures. Accordingly, one hundred eighty days (180) before the start of expert discovery, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Fourteen (14) days subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to Paragraph 13 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue, as well as those portions of the intrinsic record relied upon, are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13.   **Claim Construction Briefs.**

**PLAINTIFFS' PROPOSAL:** Issues of claim construction shall be submitted to the Court no later than July 2, 2007.

**DEFENDANTS' PROPOSAL:** Thirty (30) days subsequent to the parties' meet and confer and as outlined in Paragraph 12 above, the parties shall submit their Joint Claim Construction Chart and the parties' opening claim construction briefs to be considered by the Court in advance of expert disclosures and the parties' filing of summary judgment motions. Thirty (30) days thereafter, the parties shall submit their response claim construction briefs.

Fifteen (15) days thereafter, the parties shall submit their reply briefs. If necessary, the Court will hear evidence and argument on claim construction at **[time]** and **[date]**.

14. <u>**Hearing on Case Dispositive Motions.**</u>

**PLAINTIFFS' PROPOSAL:** Beginning at **[time]** on **[date]**, the Court will hear evidence and argument on summary judgment and/or claim construction.

**DEFENDANTS' PROPOSAL:** Beginning at **[time]** on **[date]**, the Court will hear evidence and argument on summary judgment.

15. <u>**Applications by Motion.**</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. <u>**Pretrial Conference.**</u>

**PLAINTIFFS' PROPOSAL:** On October ___, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **[time]**. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order, as Exhibit A, on or before October ___, 2007.

**DEFENDANTS' PROPOSAL:** On February 16, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **[time]**. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of

13

Final Pretrial Order which accompanies this Scheduling Order, as Exhibit A, on or before February 2, 2007.

17.  **Motions *in Limine*.**

PLAINTIFFS' PROPOSAL:  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to ten (10) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

DEFENDANTS' PROPOSAL:  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18.  **Jury Instructions, Voir Dire, and Special Verdict Forms.**  Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three (3) full business days before the final pretrial conference. That submission shall be accompanied by a

14

computer diskette (in WordPerfect format), which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

19. **Trial.**

**PLAINTIFFS' PROPOSAL:** This matter is scheduled for a ___ day trial beginning at 9:30 a.m. on November ___, 2007. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ___ hours to present their case.

**DEFENDANTS' PROPOSAL:** This matter is scheduled for a ___ day trial beginning at 9:30 a.m. on March 5, 2007. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ___ hours to present their case.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 11, 2005

The Honorable Kent A. Jordan
United States District Judge
J. Caleb Boggs Federal Building
844 North King Street, Room 6325
Wilmington, Delaware  19801

<u>VIA ELECTRONIC FILING</u>

Re:     <u>Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc. Razadyne®
Litigation:</u> Civil Action Nos. 05-356-KAJ, 05-371-KAJ, 05-380-KAJ, 05-381-
KAJ, 05-382-KAJ, 05-420-KAJ, and 05-451-KAJ

Dear Judge Jordan:

        I am writing in advance of the Rule 16 conference scheduled for 9:00 a.m. tomorrow in
the above seven cases to provide a brief explanation of plaintiffs' positions on the disputed
points in the joint proposed scheduling order submitted to the Court on October 6, 2005.
Although plaintiffs recognize that the Court has not requested such a submission, it was our hope
that given the sheer number of parties and cases, Your Honor would find it helpful to receive
some advance explanation of our point of view rather than hear it for the first time upon taking
the bench tomorrow morning.

        These seven actions involve essentially the same operative facts, claims and defenses.
Plaintiffs are the owner and licensee of a patent (the '318 patent) claiming the use of the
chemical compound galantamine hydrobromide for the treatment of Alzheimer's disease.
Galantamine hydrobromide is the active ingredient in Janssen's Razadyne® drug product, which
is approved for the treatment of Alzheimer's.  Defendants in the seven cases are generic
pharmaceutical firms (or their parent corporations) that each filed an Amended New Drug
Application ("ANDA") with FDA in April or May, 2005, to market generic versions of
Razadyne®.

        The principal defense asserted by each defendant is the same – namely, the alleged
invalidity of the '318 patent.[1]  Accordingly, although each defendant also alleges that it does not
infringe the patent, plaintiffs anticipate that the main issue in each case will be the same issue of
the validity *vel non* of the '318 patent.

---

[1] By statute, each generic manufacturer filing an ANDA must provide to the brand name manufacturer
and the patent owner a detailed statement, the so-called paragraph IV notice, of the generic
manufacturer's allegations as to why the patent(s) covering the brand name drug are invalid or not
infringed.  *See* 21 U.S.C. § 355(j)(2)(B)(iv)(II).

The Honorable Kent A. Jordan
October 11, 2005
Page 2


*Consolidation*

   Plaintiffs propose that these seven cases be consolidated, and we are prepared to move
formally for consolidation of the actions if needed. However, we believe that a formal motion
may not be necessary, as defendants may well decide to stipulate to consolidation. These cases
all involve the same patent, the same alleged infringing actions, and will involve mainly common
issues of law and fact. Pursuant to Federal Rule 42(a), these cases should be consolidated in
order to avoid unnecessary costs or delay, and in the interest of judicial economy. *See, e.g.,
Hooker Chem. & Plastics Corp. v. Diamond Shamrock Corp.,* 96 F.R.D. 46, 49 (W.D.N.Y.
1982) (consolidating patent infringement actions on such grounds). *See also United Mine
Workers of America v. Gibbs,* 383 U.S. 715, 724, 86 S. Ct. 1130, 1138 (1066) ("Under the Rules,
the impulse is toward entertaining the broadest possible scope of action consistent with fairness
to the parties; joinder of claims, parties and remedies is strongly encouraged."). In any event,
where reference is made herein to each "side," we refer to the defendants from all seven cases
collectively as one side, and to plaintiffs collectively as the other.

*Overall Schedule*

   Plaintiffs believe that discovery and pretrial motions in these cases will take
approximately 24 months to complete. Defendants assert that 17 months will suffice for fact and
expert discovery and pretrial motions.

   Plaintiffs' proposed schedule is based on several factors.

- Plaintiffs seek to set a realistic, attainable schedule at the outset, thereby avoiding the
  need for later requests to the Court for extensions of time.

- There are seven actions pending, and although they are similar in many fundamental
  ways, the defendant-specific discovery will impose a substantial and unequal fact and
  expert discovery burden on plaintiffs.

- As to fact discovery, plaintiffs bear the burden of providing fact discovery as to each
  of the seven defendants, and hence will need to conduct infringement discovery as to
  each one, as well as discovery as to the facts and contentions of each defendant
  concerning its allegations of invalidity.

- Plaintiffs anticipate that some foreign country discovery – always a lengthy process –
  will be necessary in these cases. Plaintiffs' proposed schedule accounts for the fact
  that some of the anticipated foreign discovery requests cannot properly be made until
  after plaintiffs have had the benefit of some basic discovery from defendants.
  Plaintiffs will not be able to make multiple requests for discovery from any foreign
  entity, and are thus effectively required to wait to issue foreign discovery requests
  until we can make those requests with proper specificity and completeness.

- As to expert discovery, the salient fact is that defendants have refused to commit to use of any common experts. From a scheduling standpoint, Plaintiffs therefore must allocate sufficient time to allow for the possibility that they may be faced with as many as seven separate expert reports on each scientific or technical issue and with the need to take depositions of a large number of expert witnesses.

For these reasons, plaintiffs believe that the overall schedule proposed by them is more realistic than that proposed by defendants.

*Joinder of Other Parties and Amendment of Pleadings (para. 2)*

Plaintiffs propose that other parties be joined, and that pleadings be amended or supplemented, no later than 6 months prior to the close of fact discovery. Defendants' proposal provides only 30 days. Thirty days is simply too short to permit adequate discovery of newly added parties or claims, particularly where seven defendant groups are involved. Given that final discovery requests must also be served at least 30 days in advance of the discovery cutoff to provide time for completion, defendants' proposal provides no time at all between receipt at the deadline of new pleadings and drafting and service of discovery regarding those new pleadings.

*Bifurcation of Discovery and Trial on Willfulness (para. 3)*

Plaintiffs do not believe that bifurcation of discovery or trial on willfulness is appropriate in these cases. "Bifurcation in patent cases, as in others, is the exception, not the rule," *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000), and the party seeking bifurcation has the burden of proving that it is justified. *Belmont Textile Machinery Co. v. Superba, S.A.*, 48 F. Supp. 2d 521, 526 (W.D.N.C. 1999). For the probable adverse effects of bifurcation to be overcome – e.g., additional discovery, more pretrial disputes and motion practice, deposing twice or recalling some of the same witnesses, and potentially engendering more trial and post-trial motions and appeals – "the circumstances justifying bifurcation should be particularly compelling and [should] prevail only in exceptional cases." *Kos Pharm., Inc. v. Barr Labs., Inc.*, 218 F.R.D. 387, 390-91 (S.D.N.Y. 2003); *see also Bunn-O-Matic Corp.*, 195 F.R.D. at 620 ("[t]he piecemeal trial of separate issues in a single lawsuit is not to be the usual course"); *Keyes Fibre Co. v. Packaging Corp. of America*, 763 F. Supp. 374 (N.D. Ill. 1991) (bifurcation rejected as needlessly duplicative because of overlap in evidence, simplicity of damages issues, and lack of prejudice to defendants). "[D]ividing the ultimate resolution of a dispute into separate trials equates to a formula that inevitably works against some or all of the very values of convenience, expedition, economy and avoidance of prejudice that Rule 42(b) prescribes as grounds to warrant bifurcation." *Kos Pharm., Inc.*, 218 F.R.D. at 390.

Bifurcation of these cases would be highly inefficient, requiring two (if not multiple) trials and two separate periods of discovery. Additionally, in Hatch-Waxman cases, which involve bench trials, any argument that defendants would be required to waive attorney-client privilege if discovery or trial is not bifurcated is diminished. *See, e.g., Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992) (finding attorney-client privilege waiver concerns to be potentially unfounded in light of the fact that trial would be a bench trial);

The Honorable Kent A. Jordan
October 11, 2005
Page 4

see also *Johns Hopkins Univ. v. CellPro*, 160 F.R.D. 30 (D. Del. 1995) ("[s]taying discovery on the advice of counsel defense and ordering a separate trial on willfulness or damages . . . until after liability has been established builds difficult delays and complications into the case"). Finally, unlike in many patent cases, here there are no complex damages issues to be resolved, and thus that potential reason for bifurcation does not exist. *See, e.g., Kos Pharm., Inc.*, 218 F.R.D. at 390 (ruling against bifurcation in ANDA litigation wherein there were no damages issues implicated because defendant's accused infringing product had not yet reached the market).[2]  Simply put, there is no compelling justification for bifurcation of liability and willfulness in these cases.

*Discovery (para. 4)*

The parties have been unable to reach agreement on several substantive provisions regulating discovery, including the hours and locations for fact depositions (paras. 4(a) and (b)), the number of interrogatories (para. 4(c)), and time frames for expert discovery (para. 4(e)).

Given the large number of defendants, plaintiffs seek a total of 250 hours for fact depositions. This is equivalent to only about five 7-hour depositions of each of the seven defendants. Plaintiffs here bear the burden of proving infringement against all of the defendants and consequently need to undertake independent discovery against each one. Hence, in contrast to the defendants' need for common discovery from plaintiffs, plaintiffs need individual discovery from each defendant. Defendants' proposal of a total of 140 hours unfairly limits plaintiffs' opportunity to undertake such individualized discovery.

Although the parties agree that most depositions should be limited to the 7 hour limit specified in the rules, the parties disagree on the number of depositions that should be permitted to exceed this limit, and by how much (para. 4(a)). Defendants assert that they will need to depose the '318 patent's inventor, Dr. Bonnie Davis, for up to 21 hours, and that two additional depositions should be permitted to run up to 14 hours. Plaintiffs believe that a 14-hour deposition of the inventor is sufficient. With adequate preparation and some minimal coordination by defense counsel, plaintiffs believe that the other depositions can effectively be conducted within the 7-hour limit.

Regarding the location of depositions, plaintiffs propose that the party who controls a witness should bring that witness to their local or non-local counsel's office for deposition (para. 4(b)). Defendants' proposal requires the production of parties and their representatives in Delaware. Our more flexible proposal should result in decreased costs.

Plaintiffs propose that interrogatories be limited to 50 per side (para. 4(c)). Plaintiffs believe this is a fair compromise between individual parties' needs to pursue their own discovery

---

[2] As the *Kos* court aptly noted: "[M]ost of the cases in which bifurcation of the willfulness issue has been found warranted have also entailed claims of damages and a finding by the court of a factual overlap between issues regarding willfulness and those pertaining to damages, which provided a distinct ground supporting a separate trial." *Kos Pharm., Inc.*, 218 F.R.D. at 392.

The Honorable Kent A. Jordan
October 11, 2005
Page 5

strategies, and the goal of efficiency given the fundamental similarity of these actions –
including that the primary defense asserted by each defendant is the same, invalidity.
Defendants' proposal, on the other hand, would permit service of 175 interrogatories by
defendants collectively – an excessive number given the similarity of the claims and defenses in
each case – while limiting plaintiffs interrogatories to the seven defendant groups to 50 total.
Plaintiffs' proposed limit on interrogatories merely requires defendants in these similar cases to
coordinate amongst themselves to avoid duplication of requests.

*Disclosure of Expert Discovery (para. 4(e))*

        The principal difference between the parties' expert discovery provisions is the length of
time needed for the exchange of expert reports and the taking of expert discovery:  plaintiffs
believe that 135 days is required; defendants contend that 90 days will suffice.

        Of significance, defendants have not been willing to agree to coordinate any of their
experts, raising the risk that plaintiffs will need to respond to as many as seven defense expert
reports on each of the several scientific or technical issues, and that there will be a great number
of expert depositions to be taken in these cases.  In light of that possibility, defendants' timetable
is unrealistic.  If defendants' timetable for expert discovery is adopted, one of two things will
result:  defendants will be encouraged not to coordinate their use of experts because of the
plaintiffs' difficulty in conducting adequate discovery in such a short period of time; and/or one
or more parties will have to seek an extension of expert discovery deadlines (and, therefore, all
pretrial deadlines and the trial itself).

*Tutorial Describing the Technology and Matters in Issue (para. 10)*

        Plaintiffs believe that the Court will benefit from receiving a tutorial on the relevant
technology and issues as early in the case as possible, and propose submitting it to the Court on
May 1, 2006, or three months before the defendants propose doing so.

*Claim Construction and Briefs (para. 12)*

        Defendants are seeking the construction of certain patent claims prior to the conduct of
expert discovery (paras. 12, 13).  Despite plaintiffs' repeated requests, defendants have refused
to identify what claim terms they believe will require construction in advance of expert
discovery, and why.  Plaintiffs believe that any necessary claim construction is properly done at
the close of expert discovery in conjunction with dispositive motions – as provided for in the
Court's standard scheduling order and in plaintiffs' proposal.

*Motions in Limine (para. 17)*

        Despite the similarity of claims and defenses in these cases, defendants seek to be
permitted five motions *in limine* per party.  Even if all related defendants were considered a
single party for purposes of this provision (which defendants' proposal does not provide),
defendants' proposal would result in as many as 35 motions *in limine* filed by the defense side.

The Honorable Kent A. Jordan
October 11, 2005
Page 6

Plaintiffs' proposal, that each side be permitted ten *in limine* requests, is far more reasonable for both the parties and the Court, and will afford defendants ample opportunity to raise their pretrial arguments. Plaintiffs' proposal also adopts the Court's standard scheduling order provision requiring that where more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined into a single submission of five pages. Defendants' failure to include the Court's standard provision on this topic means that the seven defendants could choose to file more than one motion on an issue of importance to them and thereby obtain an expanded number of pages for briefing that issue, while still limiting plaintiffs to a five page response. Plaintiffs believe that permitting the seven sets of defendants to file five motions *in limine* each, and to avoid the page limitation governing motions *in limine* on common issues, will prove unfair and vexatious.

We look forward to meeting with Your Honor at the conference tomorrow morning, when we can answer any questions the Court may have regarding plaintiffs' positions on these or other issues.

Respectfully,

/s/ Steven J. Balick

Steven J. Balick

SJB/dmf
162239.1

cc:   Josy W. Ingersoll, Esquire (via electronic mail)
      Edward C. Donovan, Esquire (via electronic mail)
      Mary B. Matterer, Esquire (via electronic mail)
      William A. Rakoczy, Esquire (via electronic mail)
      Richard L. Horwitz, Esquire (via electronic mail)
      Stuart D. Sender, Esquire (via electronic mail)
      John C. Phillips, Jr., Esquire (via electronic mail)
      Lynn M. Ulrich, Esquire (via electronic mail)
      Richard D. Kirk, Esquire (via electronic mail)
      Robert J. Gunther, Jr., Esquire (via electronic mail)
      Frederick L. Cottrell, III, Esquire (via electronic mail)
      Alan H. Bernstein, Esquire (via electronic mail)
      Philip A. Rovner, Esquire (via electronic mail)
      Barbara S. Wahl, Esquire (via electronic mail)

# EXHIBIT D

**REDACTED**

# EXHIBIT E

**REDACTED**

# EXHIBIT F

**REDACTED**

# EXHIBIT G

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1590544 (S.D.N.Y.), 51 Fed.R.Serv.3d 1405
(Cite as: Not Reported in F.Supp.2d)

**H**
Briefs and Other Related Documents

United States District Court, S.D. New York.
John L. SABRE, et al., Plaintiffs,
v.
FIRST DOMINION CAPITAL, LLC, et al.,
Defendants.
No. 01CIV2145BSJHBP.

Dec. 12, 2001.

Thomas M. Campbell, Esq., Smith Campbell, LLP,
New York.
Adam J. Safer, Esq., Miller & Wrubel P.C., New
York.

MEMORANDUM OPINION AND ORDER

PITMAN, Magistrate J.

*1 In correspondence dated November 29, December
3 and December 4, 2001, the parties dispute whether
the presumptive seven-hour time limit set forth in
Fed.R.Civ.P. 30(d)(2) applies cumulatively to the
testimony given by a witness in both his individual
capacity and as a corporate representative pursuant to
Fed.R.Civ.P. 30(b)(6) or whether the individual
deposition and the 30(b)(6) deposition are subject to
independent seven-hour presumptive time limits. For
the reasons set forth below, I conclude that the latter
interpretation is correct and that the depositions of an
individual who is noticed as an individual witness
pursuant to Fed.R.Civ.P. 30(b)(1) and who is also
produced as a corporate representative pursuant to
Fed.R.Civ.P. 30(b)(6) are presumptively subject to
independent seven-hour time limits.

Fed.R.Civ.P. 30(d)(2) provides that "[u]nless
otherwise authorized by the court or stipulated by the
parties, a deposition is limited to one day of seven
hours." The 2000 Advisory Committee Notes to this
amendment provide that "[f]or purposes of this
durational limit, the deposition of each person
designated under Rule 30(b)(6) should be considered
a separate deposition."

A deposition pursuant to Rule 30(b)(6) is
substantially different from a witness's deposition as
an individual. A 30(b)(6) witness testifies as a
representative of the entity, his answers bind the

entity and he is responsible for providing all the
relevant information known or reasonably available
to the entity. 8A Charles A. Wright, Arthur R. Miller,
Richard L. Marcus, *Federal Practice & Procedure* §
2103 (2d ed.1994). The distinct status of a 30(b)(6)
deposition is confirmed by the Advisory Committee
Notes to the 1993 amendments to the Federal Rules
of Civil Procedure which expressly state that for
purposes of calculating the number of a depositions
in a case, a 30(b)(6) deposition is separately counted
as a single deposition, regardless of the number of
witnesses designated. As a separate deposition that
probes the knowledge of the entity and not the
personal knowledge of the individual testifying, a
30(b)(6) deposition should be subject to its own
independent seven-hour limit.

If defendants' interpretation were correct, and a
person who is both an individual witness and a
30(b)(6) witness were presumptively subject to a
single seven-hour deposition there would be
substantial potential for over-reaching. For example,
any entity that wanted to limit the testimony of an
individual could accomplish that goal by designating
the individual as a 30(b)(6) witness; under
defendant's interpretation, every minute spent
conducting the 30(b)(6) deposition would be
deducted from the time available to probe the
witness's individual knowledge. Conversely,
defendants' interpretation would also permit an entity
to curtail 30(b)(6) examinations by designating as a
30(b)(6) witness a person who previously testified for
six-hours as an individual and has only one hour left
on his or her presumptive seven-hour clock. An
interpretation that would lead to such absurd results
must be rejected.

*2 This is not to say, however, that the inquiring
party has *carte blanche* to depose an individual for
seven hours as an individual and seven hours as a
30(b)(6) witness. In the case of many closely held
corporations, the knowledge of an individual
concerning a particular subject also constitutes the
total knowledge of the entity. In such a situation, the
witness could simply adopt the testimony he or she
provided in a former capacity, thereby obviating the
need for a second deposition. In addition, if the
questioning at any deposition becomes repetitive or is
otherwise being conducted in an oppressive manner,
the aggrieved party can always make application for
a protective order.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1590544 (S.D.N.Y.), 51 Fed.R.Serv.3d 1405
(Cite as: Not Reported in F.Supp.2d)

Page 2

Accordingly, I conclude that the 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit.

SO ORDERED

S.D.N.Y.,2001.
Sabre v. First Dominion Capital, LLC
Not Reported in F.Supp.2d, 2001 WL 1590544 (S.D.N.Y.), 51 Fed.R.Serv.3d 1405

Briefs and Other Related Documents (Back to top)

• 2002 WL 32769112 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law of Defendant First Dominion Capital, LLC in Further Support of Its Motion for Partial Summary Judgment (Aug. 23, 2002)
• 2002 WL 32768699 (Trial Pleading) Reply of Defendant Joined as Aligned with the Interests of Plaintiffs, John G. Popp, to ""Response of First Dominion Capital to Popp's 56.1 Statement and Its Rule 56.1 Counter-Statment %ADSic%BD" (Aug. 22, 2002)
• 2002 WL 32769111 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law of Defendant Joined as Aligned with the Interests of Plaintiffs, John G. Popp, in Support of His Motion for Summary Judgment on his Counterclaim Against Defendant First Dominion Capital, LLC (Aug. 22, 2002)
• 2002 WL 32768694 (Trial Pleading) Reply to ""Cross-Claims" of First Dominion Capital, LLC Against John G. Popp (Aug. 07, 2002)
• 2002 WL 32768697 (Trial Pleading) Answer of Defendant Joined as Aligned with the Interests of Plaintiff Michael A. Monteleone to Cross-Claims of First Dominion Capital, LLC Against Michael A. Monteleone (Aug. 07, 2002)
• 2002 WL 32768691 (Trial Pleading) Response of First Dominion Capital to Popp's 56.1 Statement and Its Rule 56.1 Counter-Statement (Aug. 05, 2002)
• 2002 WL 32769110 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of First Dominion Capital in Opposition to the Motion for Summary Judgment of John G. Popp (Aug. 02, 2002)
• 2002 WL 32768689 (Trial Pleading) Plaintiffs' Reply to Counterclaims of Defendant First Dominion Capital, LLC (Jul. 26, 2002)
• 2002 WL 32769109 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law of in Further Support of Objections of First Dominion

Capital, LLC to Magistrate Judge Pitman's June 4, 2002 Order (Jul. 03, 2002)
• 2002 WL 32768688 (Trial Pleading) Cross-Claims of First Dominion Capital, LLC Against Michael A. Monteleone (Jul. 02, 2002)
• 2002 WL 32768687 (Trial Pleading) Answer and Counterclaims (Jul. 01, 2002)
• 2002 WL 32926413 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Defendant First Dominion Capital, LLC in Support of its Motion for Partial Summary Judgment (Jun. 24, 2002)
• 2002 WL 32769108 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Defendant Joined as Aligned with the Interests of Plaintiffs, John G. Popp, in Support of His Motion for Summary Judgment on His Counterclaim, and Claim for Costs and Disbursements in This Action, Against Defendant First Dominion Capital, LLC (Jun. 21, 2002)
• 2002 WL 32769107 (Trial Motion, Memorandum and Affidavit) Redacted Plaintiffs' Memorandum of Law in Support of Their Motion to Compel and to Reopen Discovery (Jun. 12, 2002)
• 2002 WL 32769106 (Trial Motion, Memorandum and Affidavit) Supplemental Memorandum of Law of First Dominion Capital, LLC in Further Opposition to Plaintiffs' Motion to Compel and to Reopen Discovery (May. 24, 2002)
• 2002 WL 32769105 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Defendant Joined as Aligned with the Interests of Plaintiffs, John G. Popp in Support of Plaintiffs' Motion to Compel and to Reopen Discovery (May. 13, 2002)
• 2002 WL 32933629 () Fully Amended Report (Apr. 29, 2002) Original Image of this Document (PDF)
• 2002 WL 32769104 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law of First Dominion Capital in Further Support of Its Motion to Dismiss the Cross-Claims of John G. Popp (Feb. 20, 2002)
• 2001 WL 34727515 (Trial Pleading) Answer to ""Supplemental Complaint Against John G. Popp" and Counterclaim (Dec. 17, 2001)
• 2001 WL 34727509 (Trial Pleading) Amended and Supplemented Complaint (May. 18, 2001)
• 2001 WL 34838122 (Trial Pleading) Complaint (Mar. 14, 2001)
• 1:01cv02145 (Docket) (Mar. 14, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT H

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1041356 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
A.I.A. HOLDINGS, S.A., et al., Plaintiffs,
v.
LEHMAN BROTHERS, INC. and BEAR,
STEARNS & CO., INC., Defendants.
No. 97CIV4978LMMHBP.

May 23, 2002.

Peter N. Wang, Esq., Friedman, Wang & Bleiberg,
P.C., New York.
K. Chris Todd, Esq., Kellogg, Huber, Hansen, Todd
& Evans P.L.L.C., Washington, D.C.
Robert W. Gaffey, Esq., Jayant W. Tambe, Esq.,
Jones, Day, Reavis & Pogue, New York.
Stephen L. Ratner, Esq., Katten, Muchin, Zavis &
Rosenman, New York.

MEMORANDUM OPINION AND ORDER
PITMAN, Magistrate J.

I. *Introduction*

*1 Plaintiffs seek a protective order directing that the
depositions of certain individual plaintiffs be taken
telephonically due to the plaintiffs' advanced age and
frail physical condition. Plaintiffs also seek a
protective order limiting the Rule 30(b)(6) deposition
of Intaj S.A.L. to written interrogatories.

II. Motion of Adib Kaba, Souad Kaba Zakaa Hakim
and Ahmad Kawas *for a Protective Order*

By letter dated March 22, 2002, plaintiffs seek a
protective order with respect to plaintiffs Adib Kaba,
Souad Kaba, Zakaa Hakim and Ahmad Kawas (the
"Moving Plaintiffs"), directing that their depositions
be taken by telephone. The Moving Plaintiffs range
in age from 60 to 84 years and reside in Cyprus or
Beirut. All of the Moving Plaintiffs, except Souad
Kaba, claim to have various physical infirmities that
prevent them from traveling to this District to be
deposed. Souad Kaba claims that she is unable to
travel to this District because she is the principal care
giver for her husband Adib Kaba who suffers from a
degenerative heart condition and requires her daily
care.

Since the plaintiff chooses the forum in which an
action is brought, it is well settled that a plaintiff is
ordinarily required to make him or herself available
for a deposition in the jurisdiction in which the action
is brought. 2 Michael C. Silberberg, *Civil Practice in
the Southern District of New York,* § 17.11 at 17-31-
17-32 (2d ed.2001). However, physical illness or
infirmity has long been recognized as valid reasons
for departing from the general rule. *Id.* at 17-33,
*citing Coburn v. Warner,* 12 F.R.D. 188, 188-89
(S.D.N.Y.1951); *Patrick v. Eastern S.S. Line,* 8
F.R.D. 421, 421 (S.D.N.Y.1948); *Sullivan v.
Southern Pac. Co.,* 7 F.R.D. 206, 207
(S.D.N.Y.1947). *See also* 8A Charles A. Wright,
Arthur R. Miller & Richard L. Marcus, *Federal
Practice & Procedure* § 2112 at 77-79 (2d ed.1994).

I agree with defendant that the minimal showing that
the Moving Plaintiffs have made in their letter
application does not justify the relief sought. All that
the Moving Plaintiffs have offered are unsworn
statements from their physicians and their own
conclusory affirmations that they are unable to travel
without undue hardship. Accordingly, no later than
thirty (30) days from the date of this Order, the
Moving Plaintiffs shall provide to defendants legible
copies of all passports or other travel documents that
they have used from September 1998 to the present to
confirm their claims that they are unable to travel. If
defendants wish to depose any of the Moving
Plaintiffs, such Moving Plaintiffs shall be made
available for deposition by telephone within ninety
(90) days of the date of this order. In addition, if any
of the Moving Plaintiffs are going to testify in-person
at trial, such individuals shall be made available in
this District for a deposition no later than two (2)
weeks prior to the start of their trial. This Order is
without prejudice to an application by the defendants
to compel the in-person deposition of a Moving
Plaintiff in this District. In the absence of a further
application from plaintiffs or defendants, this
paragraph shall control the obligation of the Moving
Plaintiffs to appear for a deposition.

II. 30(b)(6) Deposition *of Intaj S.A.L.*

*2 Plaintiff Intaj S.A.L. ("Intaj") moves, by letter
dated March 27, 2002, for a Protective Order

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1041356 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

directing that its 30(b)(6) deposition be limited to written interrogatories because three of its principals have already been deposed in their individual capacities on the vast majority of subjects set forth in defendants' 30(b)(6) notice of deposition.

"A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Sabre v.. First Dominion Capital, LLC,* 01 Civ. 2145(BSJ)(HBP), 2001 WL 1590544 at *1 (S.D.N.Y. Dec. 12, 2001), *citing* 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, *Federal Practice & Procedure* § 2103 (2d ed.1994). As comprehensively explained by Magistrate Judge Eliason of the Middle District of North Carolina:
The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is "speaking for the corporation," and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena. 8A Wright, Miller & Marcus § 2103, at 36-37.... If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. *Dravo Corp. v. Liberty Mut. Ins. Co.,* 164 F.R.D. 70, 75 (D.Neb.1995) (citing *Marker, 125 F.R.D. at 126*). Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. *Buycks-Roberson v. Citibank Federal Sav. Bank, 162 F.R.D. 338, 343 (N.D.Ill.1995); S.E.C. v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y.1992).*
The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's "position" on the topic. *U .S. v. Massachusetts Indus. Finance Agency, 162 F.R.D. 410, 412 (D.Mass.1995); Lapenna v. Upjohn Co., 110 F.R.D. 15, 21 (E.D.Pa.1986); Toys "R" Us, Inc. v. N.B.D. Trust Company,* No. 88C10349, 1993 WL 543027, at *2 (N.D.Ill. Sept. 29, 1993). Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. *Lapenna, 110 F.R.D. at 20.* The corporation must provide its interpretation of documents and events. *Ierardi v. Lorillard, Inc.,* Civ. A. No. 90-7049, 1991 WL 158911 (E.D.Pa. Aug. 13,

1991). The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition. Were it otherwise, a corporation would be able to deceitfully select at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions. *See Lapenna, 110 F .R.D. at 25.* Truth would suffer.
*3 ... The attorney for the corporation is not at liberty to manufacture the corporation's contentions. Rather, the corporation may designate a person to speak on its behalf and it is this position which the attorney must advocate.
... Rule 30(b)(6) explicitly requires [a corporation] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

*United States v. Taylor, 166 F.R.D. 356, 361-62 (M.D.N.C.1996), accord Paul Revere Life Ins. Co. v. Jafari, 206 F.R.D. 126, 127-28 (D.Md.2002).*

Since a 30(b)(6) witness is obligated to provide the entity's knowledge, the mere fact that the principal of a corporation has been deposed is not an automatic substitute for a 30(b)(6) deposition. However, common sense teaches that in the case of relatively small, closely-held entities, like Intaj,[FN1] there may be no difference between the knowledge of the entity and the knowledge of its principals.[FN2]

FN1. Amazingly, plaintiffs' letter annexes a document in Arabic that purports to be Intaj's articles of incorporation. No translation has been provided. All counsel in this matter are exceptionally talented, and it should come as no surprise to them that the Court does not provide translation services for civil litigants. Henceforth, counsel are directed not to submit any documents to me in any language other than English unless accompanied by a translation.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1041356 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

FN2. Intaj has three shareholders, all of which have been deposed.

A 30(b)(6) deposition may not be justified where, assuming the witness is properly prepared, the entity establishes that the witness's testimony as a 30(b)(6) witness would be identical to his testimony as an individual and the 30(b)(6) is limited, or substantially limited, to topics covered in the deposition taken in the witness's individual capacity. In such a situation, there appears to be no obstacle to the entity's complying with its obligations under Rule 30(b)(6) by adopting the witness's testimony in his individual capacity.

The current record does not provide a sufficient basis for concluding that a 30(b)(6) deposition of Intaj would be entirely, or even substantially, redundant of the depositions of its principals in their individual capacities. First, Intaj does not adopt the testimony of its principals as its own testimony. Second, there is no affirmative showing that the knowledge of Intaj, as an entity, is coextensive with the knowledge of its principals. In this regard, I note that there appear to be several instances in which Intaj's principals, testifying as individuals, denied knowledge concerning certain Intaj books and records, and, thus, it may be impossible for Intaj to represent that its corporate knowledge is no greater than that of its principals.

Nevertheless, Intaj's motion presents a close case, and in the interest of conducting this litigation in the most economical manner possible, I shall give Intaj an opportunity to renew its application and attempt to make a more complete showing that the 30(b)(6) deposition sought by defendants would be a waste of time and money. Accordingly, Intaj's motion for a protective order is denied without prejudice to a renewed application within twenty (20) days of the date of this Order.

*4 SO ORDERED

S.D.N.Y.,2002.
A.I.A. Holdings, S.A. v. Lehman Bros., Inc.
Not Reported in F.Supp.2d, 2002 WL 1041356 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 2002 WL 32813248 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Further Support of Defendant Bear, Stearns & Co. Inc.'s

Motion in Limine for an Order Barring Plaintiffs from Introducing in Evidence, or Making Reference to, Certain Documents Which Purport to Refer to Sarko Sandrik (Dec. 2, 2002)
• 2002 WL 32595647 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Opposition to Defendant Lehman Brothers, Inc.'s Motion in Limine to Exclude Certain Documents Used as Exhibits at the Depositions of Ahmad Daouk and Wehbe Salibi (Nov. 26, 2002)
• 2002 WL 32813245 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Opposition to Defendant Lehman Brothers, Inc.'s Motion in Limine to Exclude Certain Documents Used as Exhibits at the Depositions of Ahmad Daouk and Wehbe Salibi (Nov. 26, 2002)
• 2002 WL 32595645 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Further Support of Bear, Stearns & Co. Inc.'s Motion in Limine to Exclude any Reference to or Evidence of Alleged Bear Stearns' Internal Policies and Procedures and Alleged Violations Thereof (Nov. 25, 2002)
• 2002 WL 32813243 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Further Support of Bear, Stearns & Co. Inc.'s Motion in Limine to Exclude any Reference to or Evidence of Alleged Bear Stearns' Internal Policies and Procedures and Alleged Violations Thereof (Nov. 25, 2002)
• 2002 WL 32813246 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Bear, Stearns & Co. Inc. in Support of its Motion for Reconsideration of This Court's November 22, 2002 Memorandum and Order Granting Plaintiff's Motion in Limine Excluding the Deposition of Sarko Sandrik (Nov. 25, 2002)
• 2002 WL 32813247 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum of Law in Opposition to Defendant Bear, Stearns & Co. Inc.'s Motion in Limine for an Order Barring Plaintiffs from Introducing in Evidence, or Making Reference to, Certain Documents Which Purport to Refer to Sarko Sandrik (Nov. 25, 2002) Original Image of this Document (PDF)
• 2002 WL 32813241 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law of Bear, Stearns & Co. Inc. in Support of Its Motion to Preclude Any Reference to Sarko Sandrik's Failure to Appear on October 5, 2000 (Nov. 22, 2002)
• 2002 WL 32813244 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum of Law in Opposition to Defendant Bear, Stearns & Co., Inc.'s Motion in Limine to Exclude Any Reference to or Evidence of Alleged Bear Stearns' Internal Policies

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT I

# COVINGTON & BURLING

| | | |
|---|---|---|
| 1201 PENNSYLVANIA AVENUE NW | WASHINGTON | CHRISTOPHER N. SIPES |
| WASHINGTON, DC 20004-2401 | NEW YORK | TEL 202.662.5525 |
| TEL 202.662.6000 | SAN FRANCISCO | FAX 202.778.5525 |
| FAX 202.662.6291 | LONDON | CSIPES@COV.COM |
| WWW.COV.COM | BRUSSELS | |

January 19, 2006

**By Electronic Mail**

Lynn M. Ulrich, Esq.
Winston & Strawn
35 West Wacker Drive
Chicago, IL 60601-9703

Re: <u>In re '318 Patent Infringement Litigation (D. Del.)</u>

Dear Lynn:

I write in response to your letter of January 17, 2006 to Laura McNeill.

We believe your attempt to split up the deposition of Dr. Bonnie Davis over multiple days is improper; her deposition should take place on consecutive days. We proposed February 8 and 9. In view of your statement that defendants have a conflict on February 9, we are willing as a courtesy to change the deposition dates to February 7 and 8.

We expect to complete Synaptech's document production by January 25, 2006. Dr. Davis does not have any responsive documents that are not within the possession, custody or control of Synaptech.

We do not agree to move the February 10 deadline for amending the pleadings. Any deferral of that deadline would prejudice plaintiffs, as we have explained to you and the Court. The February 10 deadline provides adequate time for defendants to decide whether to amend, and to prepare and file any amendments.

The Court's order limits the deposition of any "witness" to seven hours or, for one witness, 14 hours. We do not believe that you can make an end run around this provision by questioning a witness for seven hours on an individual basis and then for another seven hours on a 30(b)(6) basis. We understand that you disagree with our position. As a practical matter, however, it may be unnecessary to resolve this disagreement. Mr. Richards will be presented in his individual capacity at the start of the deposition on February 6. Once you complete the individual deposition, you should then proceed with your 30(b)(6) questions. If, as we suspect, this can all be accomplished in seven hours, the disagreement will become academic. You should have in mind, of course, that our position is that all of your questioning of Mr. Richards, in both his individual and 30(b)(6) capacities, must be completed in seven hours.

**COVINGTON & BURLING**

Lynn M. Ulrich, Esq.
January 19, 2006
Page 2

Concerning location, both Dr. Davis and Mr. Richards will be produced in our offices in New York, at 1330 Avenue of the Americas.

Sincerely yours,

Christopher Sipes

# EXHIBIT J

MAR. 22. 2006  5:33PM     RMM                                    NO. 3363   P. 2



RAKOCZY
MOLINO
MAZZOCHI
SIWIK LLP

6 WEST HUBBARD STREET                                    Amy D. Brody
SUITE 500
CHICAGO, IL 60610                                        312.222.6344 telephone
www.rmmslegal.com                                        312.222.6345 facsimile
                                                         abrody@rmmalegal.com
312-527-2157 main phone
312-527-4205 main fax

March 22, 2006

## VIA Facsimile and E-mail

Kurt G. Calia, Esq.
COVINGTON & BURLING
1201 Pennsylvania Avenue, NW
Washington, D.C. 20004-2401

        Re:    *In Re: '318 Patent Infringement Litigation*
               **C.A. No. 05-356 (KAJ) (D. Del.) (consolidated)**

Dear Kurt:

        Pursuant to our conversation today, this confirms that third-party
Cheryl Blume is not available on April 3, 2006 for a deposition, as noticed by
Plaintiffs, due to pre-existing business obligations. Nevertheless, Ms. Blume is
available on Thursday, April 13, 2006, beginning at 10:00 a.m. EST in Tampa,
Florida for her deposition. Also, if Plaintiffs insist on going forward with a
deposition of Pharmaceutical Development Group ("PDG"), we will present Ms.
Blume on behalf of PDG on that same date. Consistent with Plaintiffs' position
with John Richards, we will limit Plaintiffs to a total of seven (7) hours for the
deposition of Ms. Blume in her individual capacity and as the representative of
PDG. Again, we insist that Plaintiffs re-consider going forward with the
depositions of third-parties PDG and Somerset since as previously advised,
these entities, following a good faith and reasonable investigation, have no
documents or knowledge concerning any issue in this litigation. Pursuing any
such deposition would only cause these third parties and counsel to these
parties to incur unnecessary burden, expense, time and resources.

        Please confirm that this date is convenient for Plaintiffs as soon as
possible. We look forward to hearing from you.

Very truly yours,

RAKOCZY MOLINO MAZZOCHI SIWIK LLP

*Amy D. Brody*

Amy D. Brody

Kurt G. Calia, Esq.
COVINGTON & BURLING
March 22, 2006
Page 2

cc:    Attached service list

## SERVICE LIST

**Via Facsimile and E-mail:**

| | |
|---|---|
| George F. Pappas (*gpappas@cov.com*)<br>Roderick R. McKelvie (*mckelvie@cov.com*)<br>Christopher N. Sipes (*csipes@cov.com*)<br>Jeffrey B. Elikan (*jelikan@cov.com*)<br>Laura H. McNeill (*lmcneill@cov.com*)<br>Kurt G. Calia (*kcalia@cov.com*)<br>**COVINGTON & BURLING**<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2401<br>Telephone: (202) 662-6000<br>Facsimile: (202) 662-6291 | John G. Day (*jday@ashby-geddes.com*)<br>Steven J. Balick (*sbalick@ashby-geddes.com*)<br>**ASHBY & GEDDES**<br>222 Delaware Ave., 17th FL<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888<br>Facsimile: (302) 654-2067 |
| Steven P. Berman (*sberman@corus.jnj.com*)<br>Office of General Counsel<br>**JOHNSON & JOHNSON**<br>One Johnson & Johnson Plaza<br>New Brunswick, NJ 08933<br>Telephone: (732) 524-2805<br>Facsimile: (732) 524-5866 | |
| *Counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc.* | |

**Via E-mail:**

| | |
|---|---|
| Alan Bernstein (*abernstein@crbcp.com*) (x124)<br>Mona Gupta (*mgupta@crbcp.com*) (x160)<br>**CAESAR, RIVISE, BERNSTEIN, COHEN &**<br>**POKOTILOW, LTD.**<br>1635 Market Street, 11th Floor<br>Philadelphia, PA 19103-2212<br>Telephone: (215) 567-2010<br>Facsimile: (215) 751-1142 | Frederick L. Cottrell, III (*cottrell@rlf.com*)<br>Anne Shea Gaza (*gaza@rlf.com*)<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19801<br>Telephone: (302) 651-7509<br>Facsimile: (302) 651-7701 |
| *Counsel for Defendant Alphapharm Pty Ltd.* | |

| | |
|---|---|
| Daniel F. Attridge, P.C. (*dattridge@kirkland.com*)<br>Edward C. Donovan (*edonovan@kirkland.com*)<br>Karen M. Robinson (*krobinson@kirkland.com*)<br>Corey J. Manley (*cmanley@kirkland.com*)<br>**KIRKLAND & ELLIS LLP**<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005-5793<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200 | Josy W. Ingersoll (*jingersoll@ycst.com*)<br>John W. Shaw (*jshaw@ycst.com*)<br>Adam W. Poff (*apoff@ycst.com*)<br>**YOUNG CONAWAY STARGATT & TAYLOR LLP**<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 |
| *Counsel for Defendants Teva Pharmaceuticals USA and Teva Pharmaceuticals Industries Ltd.* | |

MAR. 22. 2006  5:34PM     RMM                                         NO. 3363    P. 5

| | |
|---|---|
| Mary B. Matterer *(mmatterer@morrisjames.com)*<br>MORRIS JAMES HITCHENS & WILLIAMS LLP<br>222 Delaware Ave., 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750 | |
| *Counsel for Defendants Mylan Pharmaceuticals Inc. and Mylan Laboratories Inc.* | |

| | |
|---|---|
| George C. Lombardi *(glombardi@winston.com)*<br>Taras A. Gracey *(tgracey@winston.com)*<br>Lynn M. Ulrich *(lulrich@winston.com)*<br>Brian L. Franklin *(bfranklin@winston.com)*<br>WINSTON & STRAWN LLP<br>35 West Wacker Dr.<br>Chicago, IL 60601<br>Telephone: (312) 558-5000<br>Facsimile: (312) 558-5700 | John C. Phillips. Jr. *(jcp@pgslaw.com)*<br>Brian E. Farnan *(bef@pgslaw.com)*<br>PHILLIPS, GOLDMAN & SPENCE, P.A.<br>1200 N. Broom St.<br>Wilmington, DE 19806<br>Telephone: (302) 655-4200<br>Facsimile: (302) 655-4210 |
| *Counsel for Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.* | |

| | |
|---|---|
| Robert J. Gunther, Jr. *(robert.gunther@lw.com)*<br>James P. Barabas *(james.barabas@lw.com)*<br>LATHAM & WATKINS LLP<br>885 Third Ave., Suite 1000<br>New York, NY 10022-4802<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864 | Richard D. Kirk *(rkirk@bayardfirm.com)*<br>THE BAYARD FIRM<br>222 Delaware Ave., Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395 |
| *Counsel for Defendants Purepac Pharmaceutical Co. and Alpharma Inc.* | |

| | |
|---|---|
| Barbara S. Wahl *(wahl.barbara@arentfox.com)*<br>Richard J. Berman *(berman.richard@arentfox.com)*<br>D. Jacques Smith *(smith.jacques@arentfox.com)*<br>Janine A. Carlan *(carlan.janine@arentfox.com)*<br>John K. Hsu *(hsu.john@arentfox.com)*<br>ARENT FOX PLLC<br>1050 Connecticut Ave., N.W.<br>Washington, D.C. 20036-5339<br>Telephone: (202) 857-6000<br>Facsimile: (202) 857-6395 | Philip A. Rovner *(provner@potteranderson.com)*<br>POTTER ANDERSON & CORROON LLP<br>1313 N. Market Street, Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192 |
| *Counsel for Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.* | |

| Stuart Sender (*ssender@budd-larner.com*) | Richard L. Horwitz (rhorwitz@potteranderson.com) |
|---|---|
| BUDD LARNER | POTTER ANDERSON & CORROON LLP |
| 150 John F. Kennedy Parkway | Hercules Plaza |
| Short Hills, NY 07078-0999 | P.O. Box 951 |
| Telephone: (973) 315-4462 | Wilmington, DE 19899 |
| Facsimile: (973) 379-7734 | Telephone: (302) 984-6027 |
| | Facsimile: (302) 658-1192 |

*Counsel for Defendants Dr. Reddy's Laboratories, Inc.*
*and Dr. Reddy's Laboratories, Ltd.*

# EXHIBIT K

-----Original Message-----
From: Calia, Kurt
Sent: Wednesday, April 12, 2006 6:52 PM
To: 'Ulrich, Lynn MacDonald'
Cc: abernstein@crbcp.com; Amy Brody (E-mail); Brian Franklin (E-mail);
Christine Siwik (E-mail); edonovan@kirkland.com; james.barabas@lw.com;
krobinson@kirkland.com; Lara Monroe-Sampson; mgupta@crbcp.com;
robert.gunther@lw.com; ssender@budd-larner.com; Taras Gracey (E-mail);
William A. Rakoczy (E-mail)
Subject: RE: Paul Bisaro's deposition

Lynn:

I am sorry I missed your phone call from about 5 minutes ago.  To
respond to your earlier email, we are disappointed that Barr again
proposes to delay discovery in this case.  While we agree with your
assertion that no one should be deposed more than once, we do not
understand why this principle should delay Mr. Bisaro's deposition.
You previously indicated that Mr. Bisaro would be prepared to testify
on Friday on, among other things, the factual bases for Barr's
invalidity contentions.  In light of this afternoon's discovery hearing
with the Court, we will narrow our inquiry on this topic to the facts
within Barr's knowledge relating to the objective considerations of
non-obviousness, as those considerations have been defined by the
Federal Circuit -- including, for example, long felt need, failure of
others, skepticism of those of skill in the art, licensing, commercial
success, recognition in the industry, acquiescence, copying, and
unexpected results.

Please confirm for us whether Mr. Bisaro will be prepared to testify on
this on Friday.

Sincerely,
Kurt G. Calia
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2401
202.662.5602 (v); 202.778.5602 (f)
kcalia@cov.com; www.cov.com
This message is from a law firm and may contain information that is
confidential or legally privileged. If you are not the intended
recipient, please immediately advise the sender by reply e-mail that
this message has been inadvertently transmitted to you and delete this
e-mail and any attachments from your system. Thank you for your
cooperation.


-----Original Message-----
From: Ulrich, Lynn MacDonald [mailto:LUlrich@winston.com]
Sent: Wednesday, April 12, 2006 4:29 PM
To: Calia, Kurt
Cc: abernstein@crbcp.com; Amy Brody (E-mail); Brian Franklin (E-mail);
Christine Siwik (E-mail); edonovan@kirkland.com; james.barabas@lw.com;
krobinson@kirkland.com; Lara Monroe-Sampson; mgupta@crbcp.com;
robert.gunther@lw.com; ssender@budd-larner.com; Taras Gracey (E-mail);
Ulrich, Lynn MacDonald; William A. Rakoczy (E-mail)

Subject: Paul Bisaro's deposition


Kurt:  In accordance with the Court's instruction today, Paul Bisaro
will not be testifying on topics 1, 15 and 16 from Plaintiffs' March 30
Notice and will not testify on Topic 1 from Plaintiffs' March 28
Notice.  Unless we can come to some agreement today regarding any new
topic Plaintiffs' intend to serve on secondary considerations, we may
have to reschedule Mr. Bisaro's deposition because we will not produce
Mr. Bisaro twice.  Finally, based on Mr. Pappas' representation to the
Court that topic 7 of the March 30 Notice is limited to "identifying
the person(s) who made the decision to challenge the '318 patent", Mr.
Bisaro will be Barr's corporate designee on that limited topic.


Please call me when you are ready to discuss these issues.


Regards,

Lynn Ulrich

Lynn M. Ulrich
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL 60601
Phone: 312-558-7544
Fax:    312-558-5700
Email: lulrich@winston.com


The contents of this message may be privileged and confidential.
Therefore, if this message has been received in error, please delete it
without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message
without the permission of the author.
*************************************************************************
*******
Any tax advice contained in this email was not intended to be used, and
cannot be used, by you (or any other taxpayer) to avoid penalties under
the Internal Revenue Code of 1986, as amended.

# EXHIBIT L

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

KURT G. CALIA
TEL 202.662.5602
FAX 202.778.5602
KCALIA@COV.COM

April 17, 2006

**VIA E-MAIL and FIRST CLASS MAIL**

All Defense Counsel
(See attached service list)

Re:    In re: '318 Patent Infringement Litigation,
       Civil Action No. 05-356-KAJ (D. Del.) (consolidated)

Dear Counsel:

Please be advised that in light of the parties' discussion with the Court from earlier today, Plaintiffs hereby reserve the right to pose questions to defendants' R. 30(b)(6) designees in their individual capacity.

If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Kurt G. Calia

cc:    Steven Balick, Esq. (via email)

## SERVICE LIST

| By Electronic Mail and First Class Mail: | By Electronic Mail: |
|---|---|
| William A. Rakoczy (*wrakoczy@rmmslegal.com*)<br>Christine J. Siwik (*csiwik@rmmslegal.com*)<br>Amy D. Brody (*abrody@rmmslegal.com*)<br>Lara Monroe-Sampson (*lmonroe-sampson@rmmslegal.com*)<br>**Rakoczy, Molino, Mazzochi, Siwik LLP**<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60610<br>312.527.2157/phone; 312.527.4205/fax | Mary B. Matterer (*mmatterer@morrisjames.com*)<br>**Morris James Hitchens & Williams LLP**<br>222 Delaware Avenue<br>10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>302.888.6800/phone; 302.571.1750/fax |
| *Counsel for Defendants Mylan Pharmaceuticals Inc. & Mylan Laboratories Inc.* | |

| By Electronic Mail and First Class Mail: | By Electronic Mail: |
|---|---|
| Edward C. Donovan (*edonovan@kirkland.com*)<br>Karen M. Robinson (*krobinson @kirkland.com*)<br>Corey J. Manley (*cmanley@kirkland.com*)<br>**Kirkland & Ellis LLP**<br>655 Fifteenth Street, NW<br>Suite 1200<br>Washington, DC 20005-5793<br>202.879.5000/phone; 202.879.5200/fax | Josy W. Ingersoll (*jingersoll@ycst.com*)<br>John W. Shaw (*jshaw@ycst.com*)<br>**Young Conaway Stargatt & Taylor LLP**<br>The Brandywine Building<br>1000 West Street<br>17th Floor<br>Wilmington, DE 19899-0391<br>302.571.6600/phone; 302.571.1253/fax |
| *Counsel for Defendants Teva Pharmaceuticals USA, Inc. & Teva Pharmaceuticals Industries Ltd.* | |

| | |
|---|---|
| Taras A. Gracey (*tgracey@winston.com*)<br>Lynn M. Ulrich (*lulrich @winston.com*)<br>Brian L. Franklin (*bfranklin@winston.com*)<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, IL 60601<br>312.558.5600/phone; 312.558.5700/fax | |
| *Counsel for Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.* | |

| | |
|---|---|
| Barbara S. Wahl (*wahl.barbara@arentfox.com*)<br>Richard J. Berman (*berman.richard@arentfox.com*)<br>D. Jacques Smith (*smith.jacques@arentfox.com*)<br>Janine A. Carlan (*carlan.janine@arentfox.com*)<br>John K. Hsu (*hsu.john@arentfox.com*)<br>**Arent Fox PLLC**<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5339<br>202.857.6000/phone; 202.857.6395/fax | Philip A. Rovner (*provner@potteranderson.com*)<br>**Potter Anderson & Corroon LLP**<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>302.984.6000/phone; 302.658.1192/fax |
| *Counsel for Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.* | |

| | |
|---|---|
| Robert J. Gunther, Jr. (*robert.gunther@lw.com*)<br>James P. Barabas (*james.barabas@lw.com*)<br>**Latham & Watkins LLP**<br>885 Third Avenue, Suite 1000<br>New York, NY 10022-4834<br>212.906.1200/phone; 212.751.4864/fax | Richard D. Kirk (*rkirk@bayardfirm.com*)<br>**The Bayard Firm**<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>302.655.5000/phone; 302.658.6395/fax |
| *Counsel for Defendants Purepac Pharmaceutical Co. & Alpharma, Inc.* | |

| | |
|---|---|
| Stuart Sender *(ssender@budd-larner.com)*<br>**Budd Larner, P.C.**<br>150 John F. Kennedy Parkway<br>Short Hills, NJ 07078-0999<br>973.315.4462/phone; 973.379.7734/fax | Richard L. Horwitz<br>David E. Moore<br>**Potter Anderson & Corroon LLP**<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P. O. Box 951<br>Wilmington, DE 19899<br>302.984.6000/phone; 302.658.1192/fax |
| *Counsel for Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd.* | |

| | |
|---|---|
| Alan Bernstein *(abernstein@crbcp.com)*<br>Mona Gupta *(mgupta@crbcp.com)*<br>**Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.**<br>1635 Market Street, 11th floor<br>Philadelphia, PA 19103-2212<br>215.567.2010/phone; 215.751.1142/fax | Frederick L. Cottrell, III *(cottrell@rlf.com)*<br>Anne Shea Gaza *(gaza@rlf.com)*<br>**Richards, Layton & Finger, P.A.**<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>302.651.7700/phone; 302.651.7701/fax |
| *Counsel for Defendant Alphapharm Pty Ltd.* | |

| | |
|---|---|
| Steven J. Balick *(sbalick@ashby-geddes.com)*<br>John G. Day *(jday@ashby-geddes.com)*<br>**Ashby & Geddes**<br>222 Delaware Ave., 17th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>302.654.1888/phone; 302.654.2067/fax | |
| *Counsel for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc.* | |