# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

MONTÉ T. SQUIRE
DIRECT DIAL:  302-571-6713
DIRECT FAX:    302-576-3515
msquire@ycst.com

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

July 6, 2006

**BY E-FILING AND HAND DELIVERY**
The Honorable Kent A. Jordan
United States District Court
District of Delaware
844 N. King Street
Lockbox 10
Wilmington, DE 19801

REDACTED

PUBLICLY FILED VERSION

Re:    In Re '318 Patent Infringement Litigation, Civil Action No. 05-356-KAJ

Dear Judge Jordan:

In anticipation of the discovery teleconference scheduled for July 10, 2006 at 10 A.M. in the above-captioned matter, Defendants Teva Pharmaceuticals, USA, Inc. and Teva Pharmaceutical Industries Ltd. (collectively "Teva") hereby submit this letter agenda outlining the discovery issues in dispute between Teva and the Janssen Plaintiffs ("Plaintiffs").

**Plaintiffs' Refusal To Provide A Designee On 30(b)(6) Deposition Topics**

Teva served Notices of 30(b)(6) Deposition upon Plaintiffs on May 9 and May 26, 2006. (Attached as Exs. A and B.)  Teva seeks an Order compelling Janssen to provide a 30(b)(6) witness on Topics 1-5 of Teva's May 9 Notice (and Topics 9-13 to the extent they are related), and Topics 1-4 of Teva's May 26 Notice (and Topics 18-20 to the extent they are related). Plaintiffs agreed to provide a witness on these topics, but they proposed only one date for the deposition to take place—a date on which Teva was not available.

The depositions were noticed for May 23 and June 13, respectively.  However, Plaintiffs informed Teva that they would object to the Notices, and that they would not offer designees on the noticed dates.  In both instances, Plaintiffs objected to "the date for which the deposition was noticed" because, among other things, "Plaintiffs and Plaintiffs' counsel are not available on that date." (Attached as Exs. C and D at 1.)  Plaintiffs' Objections further promised that "Plaintiffs will propose alternative dates and work out mutually agreeable timing with Teva." (*Id.*)

On June 14th, Plaintiffs informed Teva by letter that on June 23, Plaintiffs "will be producing" one or more witnesses on 30(b)(6) deposition topics, without identifying the specific topics at issue.  Plaintiffs did not offer any alternative dates, nor did they endeavor to determine whether June 23 was mutually agreeable to Teva.  In any case, the next day (June 15), counsel for Teva informed Plaintiffs that Teva was not available on June 23.  Counsel for Teva requested alternative dates on which the deposition could take place.  Notwithstanding Teva's request--and notwithstanding their promise to work out "mutually agreeable timing with Teva"--Plaintiffs insisted that the deposition of their corporate designee (Mr. Luc Truyen) on certain topics needed to occur on June 23, and they still did not propose any alternative dates.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
July 6, 2006
Page 2

Subsequently, Plaintiffs stated in a June 19 letter that they would make Mr. Truyen available as their designee for particular topics on June 23, and they did not offer alternative dates. (Attached as Ex. E.) Teva responded the next morning by again informing Plaintiffs that Teva was not available on June 23, and Teva requested alternative dates. Teva offered to "work around Mr. Truyen's schedule" and--to the extent Mr. Truyen was not available until after the June 30 discovery cutoff--Teva offered that it would be willing to proceed with the deposition at a convenient time in July. Teva sent Plaintiffs a letter on June 27 again offering to conduct this Rule 30(b)(6) deposition on a mutually-convenient date. (Attached as Ex. F.) With respect to other Rule 30(b)(6) deposition topics, Teva took depositions last week, on June 28 and 29.

Teva's position is that Plaintiffs should be ordered to provide a corporate designee on the topics at issue. *First*, Plaintiffs objected to the noticed dates because they were "not available on that date," and they promised to work out a "mutually agreeable" date. Yet Plaintiffs never offered to Teva any dates other than June 23--a date that Teva made clear from the outset was not one on which it was available. By contrast, Teva recently proposed three dates for Plaintiffs to take the deposition of Ms. Ann Payne, its Director of Sales Forecasting, which Plaintiffs rejected because they were not available. *Second*, Mr. Truyen's personal availability should not be an issue; Teva has not noticed Mr. Truyen's deposition in his individual capacity, and if his work obligations make him unavailable, then Plaintiffs can designate a different representative. *Third*, Plaintiffs belatedly produced thousands of pages of documents related to the topics at issue (1) on June 20, just before their proffered June 23 date and (2) on June 26, which of course was *after* the date on which Plaintiffs insisted the deposition needed to go forward. (*See* Ex. F at 1-2.) In light of their late document production, Plaintiffs' refusal to provide a deposition date other than June 23 is all the more unreasonable.

*Finally*, to the extent that Plaintiffs contend that the June 30 fact discovery cut-off is an obstacle to accommodation, Teva respectfully suggests that this should not be the case. As an initial matter, Plaintiffs are already planning to depose an employee of Defendant Alphapharm today, without seeking leave of Court. And in any case, Plaintiffs never proposed any alternative dates; the fact that the deposition of Plaintiffs' corporate designee did not occur prior to June 30 is a result of Plaintiffs' refusal to work out mutually agreeable timing. Teva thus respectfully requests that the Court order Plaintiffs to provide a corporate designee on a mutually-agreeable date that will not otherwise disrupt the schedule in this case.

**Plaintiffs' Failure To Adequately Respond To Interrogatories:**

The interrogatories at issue relate to Plaintiffs' Responses to Teva's Second Set of Interrogatories. (Attached as Ex. G.) The parties met and conferred on this issue but were unable to resolve it. *See* E. Donovan 6/12/06 letter to K. Calia. (Attached as Ex. H.)

*Interrogatory 15*: Teva's Interrogatory 15 seeks Plaintiffs' contentions regarding the applicability of each of the secondary considerations of non-obviousness as articulated by the Court of Appeals for the Federal Circuit, in response to Teva's (and its co-Defendants') allegation of invalidity of the '318 patent. The Interrogatory requests that Plaintiffs "identify all documents bearing on such secondary considerations and the five (5) most knowledgeable

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
July 6, 2006
Page 3

persons concerning Plaintiffs' contentions." Notably, this Interrogatory relates to one of the 30(b)(6) topics for which Plaintiffs have also refused to provide a witness. (*See* Ex. B Topic 2.)

Teva's position is that the Plaintiffs' response -- while lengthy -- is unresponsive and inadequate because it does not identify documents or individuals as requested. For instance, the response lists purported failures of other competitors, but it fails to identify *any* documents upon which the response might be based, and it does not name any individuals with knowledge concerning that issue. (Ex. D at 15). As a result, Teva cannot test the response's accuracy. Teva respectfully requests that the Court order Plaintiffs to respond with sufficient particularity.

*Interrogatory 16*: Interrogatory 16 asks Plaintiffs to describe the facts and circumstances regarding any licensing discussions and any actual or considered litigation between Plaintiffs and an Austrian company regarding any U.S. or foreign patents for the use of galantamine for the treatment of Alzheimer's Disease or related dementia, including any arguments set forth by the Austrian company asserting the invalidity of any such patents. This Interrogatory has heightened relevance in this case because here there was a challenge to the validity of a European counterpart to the '318 patent. Specifically, an Austrian company asserted that the European '318 patent was invalid because it was already marketing galantamine for use in treating Alzheimer's disease in Austria and had secured the relevant rights. Rather than litigate the validity of the patent and potentially lose any valuable exclusivity, it appears the parties agreed to settle the matter REDACTED Teva's interrogatory seeks discovery on this matter but plaintiffs' only response is to identify a collection of documents.

Teva's position is that the documents and depositions identified by the Plaintiffs are not responsive to the Interrogatory, and that Plaintiffs should be compelled to provide a substantive response. It bears emphasis that after responding to the interrogatory solely by reference to documents, plaintiff Janssen's Rule 30(b)(6) designee on this same subject matter REDACTED Plaintiffs' own documents reveal that

REDACTED

And the documents plainly reflect REDACTED REDACTED . Plaintiffs' response is deficient and they should be compelled to provide a complete response to the Interrogatory.

Thank you for your consideration of these matters.

Respectfully submitted,

Monté T. Squire (No. 4764)

cc:    Clerk of the Court – by Hand Delivery
       All Local Counsel of Record – by E-Mail and Hand Delivery