# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE: '318 PATENT LITIGATION

                             Civil Action No. 05-356 (KAJ)
                             (Consolidated)

## DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S AND TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF 30(b)(6) DEPOSITION TO PLAINTIFFS JANSSEN PHARMACEUTICA N.V., AND JANSSEN, L.P.

PLEASE TAKE NOTICE THAT, beginning on May 23, 2006 at 9:30 A.M. at the offices of Kirkland & Ellis, 655 Fifteenth Street, N.W., Washington, D.C. 20005, Defendants Teva Pharmaceuticals U.S.A., Inc. and Teva Pharmaceutical Industries Ltd., ("the Teva Defendants"), will take the deposition of Plaintiffs Janssen Pharmaceutica N.V. and Janssen, L.P., (collectively, "Janssen") as represented by the person(s) most knowledgeable with respect to the subject matter topics identified below and designated to testify on behalf of Janssen Pharmaceutica N.V. and/or Janssen, L.P., pursuant to Federal Rule of Civil Procedure 30(b)(6). The oral examination will be taken before a notary public or other person authorized to administer oaths, and will be recorded by stenographic means and/or videotape. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary. You are invited to attend and participate.

The Teva Defendants serve this Notice without waiver of their objections to the deficiencies in Janssen's document production and other discovery responses concerning the

subject matter of the instant Notice, and reserve the right to continue this deposition as necessary in light of any subsequent document production by Janssen.

## TOPICS

1.    The facts and circumstances under which Janssen first became aware of the article, P.A. Bhasker, *Medical Management of Dementia*, THE ANTISEPTIC, 71(1): 45-47 (1974), including how Janssen learned of it, who was involved in this first awareness, and any evaluation of it conducted by or on behalf of Janssen, then or subsequent to the time Janssen became aware of it.

2.    Any evaluation, consideration, or discussion conducted by Janssen to market a galantamine drug product for the treatment of Alzheimer's disease and/or related dementias, including the names and responsibilities of all persons who were involved in the evaluation, consideration, or discussion.

3.    The decision to file an application with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a galantamine drug product for the treatment of Alzheimer's disease and/or related dementias.

4.    Each and every contribution and/or input that Janssen, or any employee or agent of Janssen has made to the preparation, decision to file, filing and/or prosecution of Janssen's IND and/or NDA, including without limitation any information relating to regulatory procedures and strategies for obtaining regulatory approval of a galantamine drug product for the treatment of mild to moderate Alzheimer's disease and/or related dementias.

5.    The facts and circumstances regarding Janssen first becoming aware of galantamine as a treatment for Alzheimer's disease, including without limitation the date on which this occurred and the people involved.

6.    The facts and circumstances regarding Janssen first becoming aware of U.S. Patent No. 4,663,318 ("the '318 patent"), including without limitation the date on which this occurred and the people involved.

7.    Any consideration or evaluation by Janssen of licensing the '318 patent to any unlicensed party.

8.    The factual basis for Janssen's belief that the Teva Defendants engaged in any licensing activity with Dr. Bonnie Davis or Synaptech.

9.    Any documents related to the foregoing topics that were either not produced in this case or destroyed and the circumstances under which the documents were withheld from production or destroyed, the identification of all persons with knowledge of the documents and/or their contents, and, in the case of documents destroyed, the dates of the destruction.

10.    Janssen Pharmaceutica N.V.'s document retention policies from 1986 to the present.

11.    Janssen, L.P.'s document retention policies from 1986 to the present.

12.    The identity and location of documents and things concerning the foregoing topics.

13.    Persons knowledgeable regarding subject matter of the foregoing topics.

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
msquire@ycst.com

*Attorneys for Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd.*

Of Counsel:
Daniel F. Attridge, P.C.
Edward C. Donovan
Karen M. Robinson
Corey J. Manley
**KIRKLAND & ELLIS LLP**
655 15th Street, N.W.
Washington, DC 20005-5793
(202) 879-5000

Dated: May 9, 2006

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on May 9, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the counsel of record:

## BY HAND DELIVERY AND ELECTRONIC MAIL

Steven J. Balick, Esquire
John G. Day, Esquire
ASHBY & GEDDES
222 Delaware Avenue
Wilmington, DE 19801
*Attorneys for Plaintiffs Janssen Pharmaceutica*
*N.V., Janssen, L.P., and Synaptech, Inc.*

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
Wilmington, DE 19801
*Attorneys for Dr. Reddy's Laboratories, Inc.*
*and Dr. Reddy's Laboratories, Ltd.*

Richard D. Kirk, Esquire
Thomas H. Kovach, Esquire
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
*Attorneys for Purepac Pharmaceutical Co.*
*and Alpharma, Inc.*

Mary B. Matterer, Esquire
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
*Attorneys for Mylan Pharmaceuticals Inc. and*
*Mylan Laboratories Inc.*

John C. Phillips, Jr., Esquire
Brian E. Farnan, Esquire
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
*Attorneys for Barr Laboratories, Inc. and*
*Barr Pharmaceuticals, Inc.*

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE 19801
*Attorneys for Alphapharm Pty., Ltd.*

058956.1018

Philip A. Rovner, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
Wilmington, DE 19801
*Attorneys for Par Pharmaceutical, Inc. and*
*Par Pharmaceuticals Companies, Inc.*

     I further certify that on May 9, 2006, I caused a copy of the foregoing document to be

served on the above-listed counsel of record in the manner indicated and on the following non-

registered participants in the manner indicated:

### BY ELECTRONIC MAIL

George F. Pappas, Esquire
Roderick R. McKelvie, Esquire
Christopher N. Sipes, Esquire
Jeffrey B. Elikan, Esquire
Laura H. McNeill, Esquire
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
*Attorneys for Plaintiffs Janssen Pharmaceutica*
*N.V., Janssen, L.P., and Synaptech, Inc.*

Stuart Sender, Esquire
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
*Attorneys for Dr. Reddy's Laboratories, Inc. and Dr.*
*Reddy's Laboratories, Ltd.*

William A. Rakoczy, Esquire
Christine J. Siwik, Esquire
Amy D. Brody, Esquire
RAKOCZY MOLINO MAZZOCHI
   SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610
*Attorneys for Mylan Pharmaceuticals Inc. and*
*Mylan Laboratories Inc.*

Robert J. Gunther, Jr., Esquire
James P. Barabas, Esquire
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022
*Attorneys for Purepac Pharmaceutical Co.*
*and Alpharma, Inc.*

George C. Lombardi, Esquire
Taras A. Gracey, Esquire
Lynn M. Ulrich, Esquire
Brian L. Franklin, Esquire
WINSTON & STRAWN LLP
33 West Wacker Drive
Chicago, IL 60601
*Attorneys for Barr Laboratories, Inc. and
Barr Pharmaceuticals, Inc.*

Alan H. Bernstein, Esquire
Robert S. Silver, Esquire
Mona Gupta, Esquire
William J. Castillo, Esquire
CAESAR, RIVISE, BERNSTEIN, COHEN
 & POKOTILOW, LTD.
1635 Market Street, 12th Floor
Philadelphia, PA 19103
*Attorneys for Alphapharm Pty., Ltd.*

Barbara S. Whal, Esquire
Richard J. Berman, Esquire
D. Jacques Smith, Esquire
Janine A. Carlan, Esquire
John K. Hsu, Esquire
ARENT FOX PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036
*Attorneys for Par Pharmaceutical, Inc. and
Par Pharmaceuticals Companies, Inc.*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Monté T. Squire (#4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6672
msquire@ycst.com

Attorneys for Teva Pharmaceuticals USA, Inc.
and Teva Pharmaceutical Industries Ltd.

3

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: '318 PATENT LITIGATION

:
:
:
:          Civil Action No. 05-356 (KAJ)
:          (Consolidated)
:
:

## DEFENDANTS TEVA PHARMACEUTICALS USA, INC.'S AND TEVA PHARMACEUTICAL INDUSTRIES LTD.'S SECOND NOTICE OF 30(b)(6) DEPOSITION TO PLAINTIFFS JANSSEN PHARMACEUTICA N.V., AND JANSSEN, L.P.

PLEASE TAKE NOTICE THAT, beginning on June 13, 2006 at 9:30 A.M. at the offices of Kirkland & Ellis, 655 Fifteenth Street, N.W., Washington, D.C. 20005, Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd., ("the Teva Defendants"), will take the deposition of Plaintiffs Janssen Pharmaceutica N.V. and Janssen, L.P., (collectively, "Janssen") as represented by the person(s) most knowledgeable with respect to the subject matter topics identified below and designated to testify on behalf of Janssen Pharmaceutica N.V. and/or Janssen, L.P., pursuant to Federal Rule of Civil Procedure 30(b)(6). The oral examination will be taken before a notary public or other person authorized to administer oaths, and will be recorded by stenographic means and/or videotape. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary. You are invited to attend and participate.

The Teva Defendants serve this Notice without waiver of their objections to the deficiencies in Janssen's document production and other discovery responses concerning the subject matter of the instant Notice, and reserve the right to continue this deposition as necessary in light of any subsequent document production by Janssen.

## TOPICS

1.    The factual basis for Plaintiffs' contentions related to any secondary considerations of non-obviousness including the factual basis for the statements set forth in Plaintiffs' response to Teva's Interrogatory No. 15.

2.    Information known to Plaintiffs regarding secondary considerations of non-obviousness.

3.    Information known to Plaintiffs related to the basis for customer demand of Razadyne tablets.

4.    Information known to Plaintiffs related to uses for galantamine tablets.

5.    All drug products that compete with Razadyne tablets from launch of the Razadyne drug product through present and their respective market shares in that time frame.

6.    Revenues and profits from sales of Razadyne tablets from launch of the Razadyne drug product until present.

7.    Costs related to sales of Razadyne tablets including cost of goods sold, marketing of the product, and any other cost or expense related to the sale of Razadyne tablets from launch until present.

8.    Marketing and advertising related to Razadyne tablets from launch of the Razadyne drug product until present, including the types and costs of marketing and advertising.

9.    Marketing and business plans or strategies related to sales of Razadyne tablets from launch the Razadyne drug product until present, including any plans or strategies related to expected generic competition.

10.    Sales, costs, and profit forecasts related to Razadyne tablets including any forecasts or projections related to expected generic competition.

11.    Plans or strategies intended to switch Razadyne tablet customers to other drug products.

12.    Plaintiffs' investigation into prior art related to the '318 Patent.

13.    Communications with third parties related to licensing the '318 Patent, or infringement, validity, or enforceability of the '318 Patent.

14.    Licensing of and assignment of rights in of the '318 Patent including actual, proposed, or considered licenses and assignments.

15.    Communications, licensing discussions, and any actual or considered litigation between Plaintiffs and Waldheim Pharmazeutika GmbH regarding any United States or foreign patent(s) for the use of galantamine for the treatment of Alzheimer's disease or related dementia, including any arguments set forth by Waldheim Pharmazeutika GmbH regarding any asserted invalidity of such patent(s), any actual or proposed settlement agreements, and any litigation outcomes.

16.    Information known to Plaintiffs regarding the following documents: JAN RAZ-0010903–15; JAN RAZ-0010949–50; JAN RAZ-0010965–80; JAN RAZ-0011208–22; JAN RAZ-0011228–34; JAN RAZ-0011244–46; JAN RAZ-0011250–52; SYN RAZ-0000270; SYN RAZ-0000594–595; SYN RAZ-0000721; SYN RAZ-0001076; SYN RAZ-0017576; SYN RAZ-0018791–804; SYN RAZ-0019713; SYN RAZ-0020089–103.

17.    The factual basis for Plaintiffs' allegations of standing to bring suit.

18.    Any documents related to the foregoing topics that were either not produced in this case or destroyed and the circumstances under which the documents were withheld from production or destroyed, the identification of all persons with knowledge of the documents and/or their contents, and, in the case of documents destroyed, the dates of the destruction.

19.    The identity and location of documents and things concerning the foregoing topics.

20.    Persons knowledgeable regarding subject matter of the foregoing topics.

3

Respectfully submitted,

Daniel F. Attridge, P.C.
Edward C. Donovan
Corey J. Manley
**KIRKLAND & ELLIS LLP**
655 15th Street, N.W.
Washington, DC 20005-5793
(202) 879-5000

John W. Shaw (Bar No. 3362)
Monté Squire (Bar No. 4489)
**YOUNG CONAWAY STARGATT**
**& TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6600

*Attorneys for Teva Pharmaceuticals*
*USA, Inc. and Teva Pharmaceutical*
*Industries Ltd.*

May 26, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2006, a true and correct copy of DEFENDANTS TEVA PHARMACEUTICALS USA, INC.'S AND TEVA PHARMACEUTICAL INDUSTRIES LTD.'S SECOND NOTICE OF 30(b)(6) DEPOSITION TO PLAINTIFFS JANSSEN PHARMACEUTICA N.V. AND JANSSEN, L.P. was served, via Federal Express, upon the following:

Christopher N. Sipes, Esq.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401

Steven J. Balick, Esquire
John G. Day, Esquire
ASHBY & GEDDES
222 Delaware Avenue
Wilmington, DE 19801

Corey J. Manley

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | ) ) ) ) ) ) ) ) |
|  | C.A. No. 05-356-KAJ (consolidated) |

### PLAINTIFFS JANSSEN PHARMACEUTICA N.V.'S, JANSSEN, L.P.'S, AND SYNAPTECH, INC.'S OBJECTIONS AND RESPONSE TO DEFENDANTS TEVA PHARMACEUTICALS, USA, INC.'S AND TEVA PHARMACEUTICAL INDUSTRIES LTD'S NOTICE OF 30(b)(6) DEPOSITION

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Janssen Pharmaceutica N.V. Janssen Pharmaceutica N.V. and Janssen L.P., (collectively, "Plaintiffs") hereby respond to Defendants Teva Pharmaceuticals, USA, Inc.'s and Teva Pharmaceutical Industries Ltd's (collectively, "Defendants" or "Teva") May 10, 2006 Notice of 30(b)(6) Deposition to Plaintiffs Janssen Pharmaceutica N.V. and Janssen L.P.

### General Objections

Pursuant to the Court's Revised Scheduling Order, Plaintiffs object to the location for which this deposition has been noticed. Plaintiffs will make its witness or witnesses designated under Rule 30(b)(6) available at a location convenient to the witness or witnesses. Plaintiffs also object to the date for which the deposition was noticed, May 23, 2006, because the notice served on May 10, 2006 did not afford "reasonable" notice to Plaintiffs under Rule 30(b)(1), and because Plaintiffs and Plaintiffs' counsel are not available on that date, as Plaintiffs have previously advised Defendants. Plaintiffs will propose alternative dates and work out mutually agreeable timing with Teva.

## Specific Objections and Responses

### Topic No. 1:

The facts and circumstances under Janssen first became aware of the article, P.A. Bhasker, *Medical Management of Dementia*, THE ANTISEPTIC, 71(1): 45-47 (1974), including how Janssen learned of it, who was involved in this first awareness, and any evaluation of it conducted by or on behalf of Janssen, then or subsequent to the time Janssen became aware of it.

### Response:

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify on this topic at an appropriate time and location.

### Topic No. 2:

Any evaluation, consideration, or discussion conducted by Janssen to market a galantamine drug product for the treatment of Alzheimer's disease and/or related dementias, including the names and responsibilities of all persons who were involved in the evaluation, consideration, or discussion.

### Response:

Plaintiffs object to this topic as overly broad and unduly burdensome to the extent it seeks the names and responsibilities of "all persons" and "any evaluation, consideration, or discussion conducted by Janssen." Plaintiffs also object to this interrogatory to the degree it calls for information related to galantamine products other than the products that are the subject of Janssen's approved NDA No. 21-169, consistent with the parties' agreement concerning the scope of discovery. Subject to and without

2

waiving the foregoing general and specific objections, Plaintiffs will provide a witness to

provide general information on this topic as it relates to the products that are the subject

of NDA No. 21-169 at an appropriate time and location.

**Topic No. 3:**

The decision to file an application with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a galantamine drug product for the treatment of Alzheimer's disease and/or related dementias.

**Response:**



**Topic No. 4:**

Each and every contribution and/or input that Janssen, or any employee or agent of Janssen has made to the preparation, decision to file, filing and/or prosecution of Janssen's IND and/or NDA, including without limitation any information relating to regulatory procedures and strategies for obtaining regulatory approval of a galantamine product for the treatment of mild to moderate Alzheimer's disease and/or related dementias.

**Response:**

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague, because, among other reasons, it seeks testimony concerning "each and every contribution and/or input that Janssen, or any employee or agent of Janssen has made to the preparation, decision to file, filing and/or prosecution of Janssen's IND and/or NDA." Plaintiffs interpret "Janssen's IND and/or NDA" as meaning Plaintiffs' NDA No. 21-169 and the corresponding IND, consistent with the parties' agreement concerning the scope of discovery. Plaintiffs further object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, and consistent with the agreement reached by the parties, Plaintiffs will offer a witness at an appropriate time and location to generally identify the people involved in the filing and prosecution of NDA 21-169 and related IND.

**Topic No. 5:**

The facts and circumstances regarding Janssen first becoming aware of galantamine as a treatment for Alzheimer's disease, including without limitation the date on which this occurred and the people involved.

**Response:**

Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify on this topic at an appropriate time and location.

4

**Topic No. 6:**

The facts and circumstances regarding Janssen first becoming aware of U.S. Patent No. 4,663,318 ("the '318 patent"), including without limitation the date on which this occurred and the people involved.

**Response:**

Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify on this topic at an appropriate time and location.

**Topic No. 7:**

Any consideration or evaluation by Janssen of licensing the '318 patent to any unlicensed party.

**Response:**

Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery. Plaintiff's further object that this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to this topic at an appropriate time and location.

**Topic No. 8:**

The factual basis for Janssen's belief that the Teva Defendants engaged in any licensing activity with Dr. Bonnie Davis or Synaptech.

5

**Response:**

Plaintiffs object that this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object to the extent this topic is directed to contentions and to the extent it calls for information within the custody and control of Defendants.

**Topic No. 9:**

Any documents related to the foregoing topics that were either not produced in this case or destroyed and the circumstances under which the documents were withheld from production or destroyed, the identification of all persons with knowledge of the documents and/or their contents, and, in the case of documents destroyed, the dates of the destruction.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome. Plaintiffs further object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine.

**Topic No. 10:**

Janssen Pharmaceutica N.V.'s document retention policies from 1986 to the present.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location to testify about Janssen Pharmaceutica N.V.'s document retention policies from 1986 to the present.

**Topic No. 11:**

Janssen L.P.'s document retention policies from 1986 to the present.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location to testify about Janssen L.P.'s document retention policies from 1986 to the present.

**Topic No. 12:**

The identity and location of documents and things concerning the foregoing topics.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Plaintiffs further object to the separation of this topic from the substantive topics noticed in Teva's Notice of 30(b)(6) Deposition.

**Topic No. 13:**

Persons knowledgeable regarding subject matter of the foregoing topics.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Plaintiffs further object to the separation of this topic from the substantive topics noticed in Teva's Notice of 30(b)(6) Deposition.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel:  302-654-1888
Fax:  302-654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Kurt G. Calia
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  202-662-6000
Fax:  202-662-6291

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ  08933
Tel:  732-524-2805
Fax:  732-524-5866

Dated:  May 23, 2006

169770.1

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2006, the attached **PLAINTIFFS**

**JANSSEN PHARMACEUTICA N.V.'S, JANSSEN, L.P.'S, AND SYNAPTECH, INC.'S**

**OBJECTIONS AND RESPONSE TO DEFENDANTS TEVA PHARMACEUTICALS,**

**USA, INC.'S AND TEVA PHARMACEUTICAL INDUSTRIES LTD'S NOTICE OF**

**30(b)(6) DEPOSITION** was served upon the below-named counsel of record at the address and

in the manner indicated:

John W. Shaw, Esquire                                        HAND DELIVERY
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Daniel F. Attridge, P.C.                                    VIA FEDERAL EXPRESS
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005-5793

Mary B. Matterer, Esquire                                   HAND DELIVERY
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

William A. Rakoczy, Esquire                                 VIA FEDERAL EXPRESS
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60601

Richard L. Horwitz, Esquire                                 HAND DELIVERY
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

Stuart D. Sender, Esquire                                   VIA FEDERAL EXPRESS
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078

John C. Phillips, Jr., Esquire                                      HAND DELIVERY
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Lynn M. Ulrich, Esquire                                     VIA FEDERAL EXPRESS
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

Frederick L. Cottrell, III, Esquire                                 HAND DELIVERY
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

Alan H. Bernstein, Esquire                                  VIA FEDERAL EXPRESS
Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.
1635 Market Street, 12th Floor
Philadelphia, PA 19103


/s/ Tiffany Geyer Lydon
_____
Tiffany Geyer Lydon

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: '318 PATENT )        C.A. No. 05-356-KAJ
INFRINGEMENT LITIGATION )        (consolidated)
)

### PLAINTIFFS JANSSEN PHARMACEUTICA N.V.'S AND JANSSEN, L.P.'S OBJECTIONS AND RESPONSE TO DEFENDANTS TEVA PHARMACEUTICALS, USA, INC.'S AND TEVA PHARMACEUTICAL INDUSTRIES LTD'S SECOND NOTICE OF 30(b)(6) DEPOSITION

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Janssen Pharmaceutica N.V. and Janssen L.P., (collectively, "Plaintiffs") hereby respond to Defendants Teva Pharmaceuticals, USA, Inc.'s and Teva Pharmaceutical Industries Ltd's (collectively, "Defendants" or "Teva") May 31, 2006 Notice of 30(b)(6) Deposition to Plaintiffs Janssen Pharmaceutica N.V. and Janssen L.P.

### General Objections

Pursuant to the Court's Revised Scheduling Order, Plaintiffs object to the location for which this deposition has been noticed. Plaintiffs will make its witness or witnesses designated under Rule 30(b)(6) available at a location convenient to the witness or witnesses. Plaintiffs also object to the date for which the deposition was noticed, June 13, 2006, because the notice served on May 31, 2006 did not afford "reasonable" notice to Plaintiffs under Rule 30(b)(1), and because Plaintiffs and Plaintiffs' counsel are not available on that date, as Plaintiffs have previously advised Defendants. Plaintiffs will propose alternative dates and work out mutually agreeable timing with Teva. Plaintiffs further object to the interrogatories and the 30(b)(6) notice to the extent they are vague and might be interpreted to seek testimony concerning information that is in the

possession and control of third parties; Plaintiffs understand and respond to the interrogatories and the 30(b)(6) notice as being directed solely to them.

## Specific Objections and Responses

### Topic No. 1:

The factual basis for Plaintiffs' contentions related to any secondary considerations of non-obviousness including the factual basis for the statements set forth in Plaintiffs' response to Teva's Interrogatory No. 15.

### Response:

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object to the extent the topic seeks testimony on subjects properly within the scope of expert discovery, and to the extent the topic is directed to contentions that are more appropriately addressed through the use of interrogatories. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness or witnesses to testify on this topic at an appropriate time and location.

### Topic No. 2:

Information known to Plaintiffs regarding secondary considerations of non-obviousness.

### Response:

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness or witnesses to provide general information on this topic at an appropriate time and location.

**Topic No. 3:**

Information known to Plaintiffs related to the basis for customer demand of Razadyne tablets.

**Response:**

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague, because, among other reasons, it seeks "information . . . related to the basis for customer demand." Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness on this topic at an appropriate time and location.

**Topic No. 4:**

Information known to Plaintiffs related to uses for galantamine tablets.

**Response:**

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague, because, among other reasons, it seeks "information . . . related to uses." Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will offer a witness at an appropriate time and location.

**Topic No. 5:**

All drug products that compete with Razadyne tablets from launch of the Razadyne drug product through present and their respective market shares in that time frame.

**Response:**

        Plaintiffs object that this topic is overly broad, unduly burdensome, and vague, and the topic seeks testimony that is in the possession and control of third parties and is as easily obtainable by defendants as by Plaintiffs. Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify on this topic at an appropriate time and location.

**Topic No. 6:**

Revenues and profits from sales of Razadyne tablets from launch of the Razadyne drug product until present.

**Response:**

        Plaintiffs object that this topic is overly broad, unduly burdensome, and vague. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to this topic at an appropriate time and location.

**Topic No. 7:**

Costs related to sales of Razadyne tablets including cost of goods sold, marketing of the product, and any other cost or expense related to the sale of Razadyne tablets from launch until present.

**Response:**

        Plaintiffs object that this topic is overly broad, unduly burdensome, and vague. Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably

4

calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the foregoing general and specific objections, Plaintiffs will provide a witness to

testify with regard to this topic at an appropriate time and location.

### Topic No. 8:

Marketing and advertising related to Razadyne tablets from launch of the
Razadyne drug product until present, including the types and costs of marketing
and advertising.

### Response:

Plaintiffs object that this topic is overly broad, unduly burdensome, and

vague. Plaintiffs further object that the topic seeks testimony on a subject matter that is

not relevant to the matters involved in this action, and the topic is not reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the foregoing general and specific objections, Plaintiffs will provide a witness to

testify with regard to this topic at an appropriate time and location.

### Topic No. 9:

Marketing and business plans or strategies related to sales of Razadyne tablets
from launch the Razadyne drug product until present, including any plans or
strategies related to expected generic competition.

### Response:

Plaintiffs object that this topic is overly broad, unduly burdensome, and

vague. Plaintiffs further object that the topic seeks testimony on a subject matter that is

not relevant to the matters involved in this action, and the topic is not reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the foregoing general and specific objections, Plaintiffs will produce a witness to

testify with regard to marketing and business plans related to sales of Razadyne tablets at an appropriate time and location.

### Topic No. 10:

Sales, costs, and profits forecasts related to Razadyne tablets including any forecasts or projections related to expected generic competition.

### Response:

Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence.

### Topic No. 11:

Plans or strategies intended to switch Razadyne tablet customers to other drug products.

### Response:

Plaintiffs object that this topic is overly broad, unduly burdensome, and vague, and the topic seeks information that it is not within the possession and control of Plaintiffs and that is contrary to the parties' agreement concerning other products. Plaintiffs further object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence.

### Topic No. 12:

Plaintiffs' investigation into prior art related to the '318 Patent.

### Response:

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs further object that

the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location with regard to non-privileged information concerning this topic.

**Topic No. 13:**

Communications with third parties related to licensing the '318 Patent, or infringement, validity, or enforceability of the '318 Patent.

**Response:**

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location with regard to non-privileged information concerning this topic.

**Topic No. 14:**

Licensing of and assignment of rights in of the '318 Patent including actual, proposed, or considered licenses and assignments.

**Response:**

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location with regard to non-privileged information concerning this topic.

**Topic No. 15:**

Communications, licensing discussions, and any actual or considered litigation between Plaintiffs and Waldheim Pharmazeutika GmbH regarding any United States or foreign patent(s) for the use of galantamine for the treatment of Alzheimer's disease or related dementia, including any arguments set forth by Waldheim Pharmazeutika GmbH regarding any asserted invalidity of such patent(s), any actual or proposed settlement agreements, and any litigation outcomes.

**Response:**

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify at an appropriate time and location with regard to non-privileged information concerning this topic.

**Topic No. 16:**

Information known to Plaintiffs regarding the following documents: JAN RAZ-0010903-15; JAN RAZ-0010949-50; JAN RAZ-0010965-80; JAN RAZ-0011208-22; JAN RAZ-0011228-34; JAN RAZ-0011244-46; JAN RAZ-0011250-52; SYN RAZ-0000270; SYN RAZ-0000594-595; SYN RAZ-0000721; SYN RAZ-0001076; SYN RAZ-0017576; SYN RAZ-0018791-804; SYN RAZ-0019713; SYN RAZ-0020089-103.

**Response:**

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object that the documents referenced in the topic speak for

themselves. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to non-privileged information concerning this topic.

**Topic No. 17:**

The factual basis for Plaintiffs' allegations of standing to bring suit.

**Response:**

Plaintiffs object to the extent this topic calls for information protected by the attorney-client privilege and/or work product doctrine. Plaintiffs object that the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to non-privileged information concerning this topic.

**Topic No. 18:**

Any documents related to the foregoing topics that were either not produced in this case or destroyed and the circumstances under which the documents were withheld from production or destroyed, the identification of all persons with knowledge of the documents and/or their contents, and, in the case of documents destroyed, the dates of the destruction.

**Response:**

Plaintiffs object that the topic is over broad and unduly burdensome, the topic seeks testimony on a subject matter that is not relevant to the matters involved in this action, and the topic is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the separation of this topic from the substantive topics noticed in Teva's Second Notice of 30(b)(6) Deposition. Subject to

9

and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to non-privileged information concerning this topic.

**Topic No. 19:**

> The identity and location of documents and things concerning the foregoing topics.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Plaintiffs further object to the separation of this topic from the substantive topics noticed in Teva's Second Notice of 30(b)(6) Deposition. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to non-privileged information concerning this topic.

**Topic No. 20:**

Persons knowledgeable regarding subject matter of the foregoing topics.

**Response:**

Plaintiffs object to this topic as overly broad and unduly burdensome, and to the extent it seeks information that is irrelevant and immaterial to the merits of this action. Plaintiffs further object to the separation of this topic from the substantive topics noticed in Teva's Second Notice of 30(b)(6) Deposition. Subject to and without waiving the foregoing general and specific objections, Plaintiffs will provide a witness to testify with regard to non-privileged information concerning this topic.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany G. Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Janssen Pharmaceutica N.V.,
Janssen, L.P., and Synaptech, Inc.*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Kurt G. Calia
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202-662-6000

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
Tel: 732-524-2805

Dated: June 13, 2006
170393.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2006, the attached **PLAINTIFFS**

**JANSSEN PHARMACEUTICA N.V.'S AND JANSSEN, L.P.'S OBJECTIONS AND**

**RESPONSE TO DEFENDANTS TEVA PHARMACEUTICALS, USA, INC.'S AND**

**TEVA PHARMACEUTICAL INDUSTRIES LTD'S SECOND NOTICE OF 30(b)(6)**

**DEPOSITION** was served upon the below-named counsel of record at the address and in the

manner indicated:

|  |  |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Daniel F. Attridge, P.C.<br>Kirkland & Ellis LLP<br>655 15th Street, N.W.<br>Washington, DC 20005-5793 | VIA FEDERAL EXPRESS |
| Mary B. Matterer, Esquire<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| William A. Rakoczy, Esquire<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60601 | VIA FEDERAL EXPRESS |
| John C. Phillips, Jr., Esquire<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806 | HAND DELIVERY |
| Lynn M. Ulrich, Esquire<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 | VIA FEDERAL EXPRESS |

Frederick L. Cottrell, III, Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

<u>HAND DELIVERY</u>

Alan H. Bernstein, Esquire
Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.
1635 Market Street, 12th Floor
Philadelphia, PA  19103

<u>VIA FEDERAL EXPRESS</u>

*/s/ Lauren E. Maguire*
_____
Lauren E. Maguire

# Exhibit E

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

KURT G. CALIA
TEL 202.662.5602
FAX 202.778.5602
KCALIA@ COV.COM

June 19, 2006

**VIA EMAIL and FIRST CLASS MAIL**

Edward Donovan, Esq.
Kirkland & Ellis
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Re:    In re '318 Patent Litigation, Civil Action No. 05-356-KAJ
(consolidated)

Dear Ed:

I am writing to provide information concerning Janssen's designation of Rule 30(b)(6) witnesses for certain topics identified in the REDACTED . As I stated last week, Janssen intends to make Messrs. Luc Truyen and Matthew Zisk available to testify as to certain of these topics. They will be available for deposition in Washington, D.C.

Subject to the objections previously served, Janssen will make Mr. Luc Truyen available as its Rule 30(b)(6) designee on June 23. He will testify as to topic nos. 1-5 (and 9-13, to the extent that they relate to these topics) of the May 9 notice, and topics nos. 1-4 (and 18-20, to the extent that they relate to these topics) of the May 26 notice.

Subject to the objections previously served, Janssen will make Mr. Matthew Zisk available as its R. 30(b)(6) witness on June 29. He will testify as to topic nos. 6-8 (and 9-13, to the extent that they relate to these topics) of the May 9 notice, and topics nos. 1, 2, and 12-17 (and 18-20, to the extent that they relate to these topics) of the May 26 notice.

Janssen has not yet determined who will testify as to the handful of remaining topics of the May 26 R. 30(b)(6) notice, but we anticipate providing that information to you very shortly.

Please let me know if you have any questions or concerns.

COVINGTON & BURLING

Edward Donovan, Esq.
June 19, 2006
Page 2

Sincerely,

Kurt G. Calia

cc:    Karen Robinson, Esq. (via email)
       Andrew Kay, Esq. (via email)