# Exhibit A

1                    IN THE UNITED STATES DISTRICT COURT

2                    IN AND FOR THE DISTRICT OF DELAWARE

3                              - - -

4    IN RE:  '318 PATENT                    :
     INFRINGEMENT LITIGATION,               :    CIVIL ACTION
5                                           :    NO. 05-356 (KAJ)
                                            :    (Consolidated)
6                              - - -

7
                           Wilmington, Delaware
8              Tuesday, July 11, 2006 at 10:00 o'clock, a.m.
                         TELEPHONE CONFERENCE
9                              - - -

10
     BEFORE:        HONORABLE **KENT A. JORDAN**, U.S.D.C.J.
11                             - - -

12   APPEARANCES:

13

14           ASHBY & GEDDES
             BY:  STEVEN J. BALICK, ESQ.

15              -and-

16           COVINGTON & BURLING
             BY:  GEORGE F. PAPPAS, ESQ., and
17                KURT G. CALIA, ESQ.
                  (Washington, District of Columbia)
18
                -and-
19
             JOHNSON & JOHNSON
20           OFFICE OF THE GENERAL COUNSEL
             BY:  STEVEN P. BERMAN, ESQ.
21                (New Brunswick, New Jersey)

22                      Counsel for Janssen Pharmaceutica
                        N.V., Janssen, L.P. and Synaptech Inc.
23

24
                             Brian P. Gaffigan
25                           Registered Merit Reporter

```
1    APPEARANCES:   (Continued)

2


3            YOUNG CONAWAY STARGATT & TAYLOR
             BY:  MONTE' SQUIRE, ESQ.
4
                   -and-
5
             KIRKLAND & ELLIS, LLP
6            BY:  EDWARD C. DONOVAN, ESQ.,
                  KAREN M. ROBINSON, ESQ., and
7                 ANDREW B. KAY, ESQ.
                  (Washington, District of Columbia)
8
                      Counsel for Teva Pharmaceuticals
9                     USA, Inc. and Teva Pharmaceutical
                      Industries, Ltd.
10

11           RICHARDS LAYTON & FINGER
             BY:  ANNE SHEA GAZA, ESQ.
12
                   -and-
13
             CAESAR RIVISE BERNSTEIN COHEN & POKOTILOW, LTD.
14           BY:  ALAN H. BERNSTEIN, ESQ., and
                  MONA GUPTA, ESQ.
15                (Philadelphia, Pennsylvania)

16                    Counsel for Alpharma Pty., Ltd.

17
             PHILLIPS GOLDMAN & SPENCE, P.A.
18           BY:  JOHN C. PHILLIPS, JR., ESQ.

19                 -and-

20           WINSTON & STRAWN, LLP
             BY:  TARAS A. GRACEY, ESQ.,
21                LYNN M. ULRICH, ESQ., and
                  MUSTAFA A. HERSI, ESQ.
22                (Chicago, Illinois)

23                    Counsel for Barr Laboratories, Inc.
                      and Barr Pharmaceuticals Inc.
24

25
```

1          MR. BERNSTEIN: Well, first of all, in regular

2   business activity, you just don't send documents to storage

3   without any record of how to get them back. Now, in the

4   event that that is what they did, they may as well have

5   thrown them out in the beginning because they're effectively

6   discarded.

7          THE COURT: All right.

8          MR. BERNSTEIN: I can make a statement to

9   Your Honor, we have no desire to search all of the

10  1,350 boxes. Many of the materials, as stated in the

11  letters we received from Janssen's counsel, we are not

12  interested in. We're not interested in adverse events

13  reports. We're not interested in raw data. We're just

14  interested in promotional materials. Now, I understand

15  there may be 150 documents at one storage facility --

16         THE COURT: 150 boxes.

17         MR. BERNSTEIN: -- and the other 1,200 are

18  somewhere else. What I would propose is that somehow

19  our people take a shot at those documents. They are

20  manageable, although even 150 boxes are a lot of documents.

21         THE COURT: All right. Well, here is how the

22  box issue comes out.

23         First, I do view this as primarily on the

24  defendants. The problem is created by the defendants more

25  than anything else in my review of the history of this.

1   It's not enough to say it was Mylan's ball and then by

2   implication to say they blew it.  The defendants wanted to

3   designate Mylan to carry the ball, that's fine, but every

4   defendant had an obligation to keep track of what was going

5   on.  And if they didn't like how it was progressing, to

6   step in and assert their own rights and nobody did that.

7           And so as a consequence, the defendants allowed

8   a record to be created here which the plaintiffs can rightly

9   stand on and say, when they said we want to see them, we

10  said great, let's talk on the phone.  There is a lot of

11  boxes here and we should talk about logistics, and then

12  nothing happens for weeks.  And then there is another letter

13  and there is another response.  Okay.  Good.  Let's talk

14  about it and we'll work it out and then there is nothing.

15          So you guys were all asleep at the switch and

16  that's really pretty much your problem.  If Mylan blew it,

17  you should have been watching what Mylan was doing and

18  making sure that the interests of your separate clients

19  were being looked after appropriately by Mylan.

20          Having said that, I'm not prepared to have the

21  information just go off limits at this point, and so I'll

22  give you a crack, and a very limited crack, at looking into

23  this.  I'll give you two weeks to get something worked out

24  and I'll direct you to do what evidently the plaintiffs

25  were asking for a long time ago:  Get on the phone.

1          It's beyond me how you folks can be sending
2    letters back and forth and e-mail back and forth and
3    evidently on this topic not picking the phone up, even
4    though you are talking to each other all the time on other
5    discovery disputes and at depositions and elsewhere.  It
6    just rings hollow, Mr. Bernstein, for Alphapharm to say,
7    golly, we're prejudiced because they're jerking us around
8    here.  It just looks completely the other way around.  That
9    they had legitimate issues that they wanted to discuss
10   with you and the defendants wouldn't pick a phone up.  So
11   you are getting a break here in getting any time at all to
12   look at this.  So pick the phone up, talk to the other side
13   and arrange to see what you want to see.

14         And as to the indices, I'm prepared to accept
15   the plaintiffs' representation that the index that exists
16   with respect to part of these documents is their work
17   product created index.  Other than your disbelief that there
18   is not another index, I don't have any reason for saying
19   that there is one and so I'm not ordering them to produce
20   the work product index.

21         Your 14 days or 10 business days, that clock
22   starts running today.  So, Mr. Pappas, have you or one
23   of your colleagues on the phone with these guys but,
24   Mr. Bernstein, it's up to you to initiate the call and
25   get done what you think you can get done.

# Exhibit B

From: Calia, Kurt
Sent: Tuesday, July 11, 2006 12:27 PM
To: 'Bernstein, Alan H.'
Subject: RE: '318 patent case


Alan

I am available after 5:15 PM today for a conversation about a document inspection -- shall we shoot for that time?

Kurt


---

From: Bernstein, Alan H. [mailto:abernstein@crbcp.com]
Sent: Tuesday, July 11, 2006 11:43 AM
To: Calia, Kurt
Subject: FW: '318 patent case


Kurt:

Sorry, I made a spelling error on your name. Here is a copy of my e-mail to George.


---

From: Bernstein, Alan H.
Sent: Tuesday, July 11, 2006 11:33 AM
To: 'gpappas@cov.com'; 'kcelia@cov.com'
Cc: Gupta, Mona
Subject: '318 patent case


Dear George and Kurt:

Would you please propose times today when Mona and the two of you can have a telephone conversation with me as ordered by Judge Jordan today.

THE INFORMATION CONTAINED IN THIS ELECTRONIC MESSAGE (E-MAIL) AND ANY ATTACHMENT(S) TO IT IS/ARE INTENDED FOR THE EXCLUSIVE USE OF THE ADDRESSEE(S) AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL AND/OR PRIVILEGED AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IT IS INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT(S), YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION OR COPYING OF THIS COMMUNICATION AND ITS ATTACHMENT(S) IS STRICTLY PROHIBITED. THUS, PLEASE DO NOT DISTRIBUTE IT. INSTEAD, PLEASE NOTIFY CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD. IMMEDIATELY BY TELEPHONE (COLLECT) AT 215-567-2010 OR BY E-MAIL AT GATEKEEPER@CRBCP.COM, AND DESTROY ALL COPIES OF THIS MESSAGE AND ANY ATTACHMENTS. THANK YOU FOR YOUR COOPERATION!

# Exhibit C

-----Original Message-----
From: Calia, Kurt
To: 'monagupta@crbcp.com' <monagupta@crbcp.com>; 'abernstein@crbcp.com'
<abernstein@crbcp.com>
Sent: Wed Jul 12 11:49:13 2006
Subject: Re: '318 patent case

Mona

Please let me know when you're availabile to begin the review.  The materials are
available in Titusville as of today.  We will need to discuss admission to the building
and other similar issues.

Sincerely,
Kurt
---------------

Kurt G. Calia
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
202.662.5602 (v)
202.778.5602 (f)
kcalia@cov.com

-----Original Message-----
From: Gupta, Mona <monagupta@crbcp.com>
To: Bernstein, Alan H. <abernstein@crbcp.com>; Calia, Kurt
Sent: Tue Jul 11 21:20:27 2006
Subject: RE: '318 patent case

Kurt - Further to our telephone conf, even if Alan is not available this week for the
document inspection, I am.  Please let us know of the availability of the documents to
review.
Thanks,
Mona

From: Bernstein, Alan H.
Sent: Tue 7/11/2006 1:51 PM
To: 'Calia, Kurt'
Cc: Gupta, Mona
Subject: RE: '318 patent case

# Exhibit D

**From:** Calia, Kurt
**Sent:** Thursday, July 13, 2006 7:03 PM
**To:** 'Gupta, Mona'; Bernstein, Alan H.
**Subject:** RE: In re: '318 Patent Infringement Litigation

Mona:

Understood -- it appears we have an agreement, and they will expect you at 9 AM or as close to that time as traffic permits.

Sincerely,
Kurt

---

**From:** Gupta, Mona [mailto:monagupta@crbcp.com]
**Sent:** Thursday, July 13, 2006 7:03 PM
**To:** Calia, Kurt; Bernstein, Alan H.
**Subject:** RE: In re: '318 Patent Infringement Litigation

Kurt – We agree to the non-waiver you mentioned below as well as not taking notes re non-responsive materials. With that said, I believe we have an agreement and we will arrive at the Janssen facility between 9:00 am -9:15 am. I want a little window because I don't know the traffic pattern up there.

Mona

---

**From:** Calia, Kurt [mailto:kcalia@cov.com]
**Sent:** Thursday, July 13, 2006 4:06 PM
**To:** Bernstein, Alan H.; Gupta, Mona
**Subject:** In re: '318 Patent Infringement Litigation

Mona and Alan:

One additional thing to add to the protocol for the inspection of documents that will begin tomorrow. Many individual documents contain information concerning Razadyne as well as other products unrelated to the litigation, or other irrelevant information (e.g., contact information for physicians used in physician surveys). While we would prefer to exclude that material (and the other similarly irrelevant information) from the boxes we present for inspection and will remove documents containing only that information from the boxes we present to you, when it comes to individual documents we cannot do so, nor is it practical to redact them before presenting them to you. Accordingly, and only in the case of documents containing both responsive and non-responsive information, we will agree to make them available to you for inspection on a non-waiver basis. To the extent that you flag such documents for copying, however, we reserve the right to produce them in redacted form to omit the non-responsive information. We also will only agree to present such documents

# Exhibit E

-----Original Message-----
From: Bernstein, Alan H. [mailto:abernstein@crbcp.com]
Sent: Wednesday, July 19, 2006 4:34 PM
To: Calia, Kurt
Cc: Gupta, Mona; Beckmann, Richard; Lulrich@winston.com;
krobinson@kirkland.com
Subject: RE: In re: '318 Patent Infringement Litigation

OK. I understand the searching is complete and so there will no need
for my searching services.

_____

From: Calia, Kurt [mailto:kcalia@cov.com]
Sent: Wed 7/19/2006 11:35 AM
To: Bernstein, Alan H.
Cc: Gupta, Mona; Beckmann, Richard; Lulrich@winston.com;
krobinson@kirkland.com
Subject: RE: In re: '318 Patent Infringement Litigation


Alan

I understand that your team has nearly completed its review (there are
only 8 boxes remaining as of right now, 4 of which are being delivered
as we speak). Your total box count in Titusville is actually 128, and
so there does not appear to be a need for an inspection tomorrow. I
might suggest that you confer with Mona on the subject (to the extent
you've not done so) before anyone dedicate more resources to this
endeavor.

Sincerely,
Kurt G. Calia
Covington & Burling LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
202.662.5602 (v); 202.778.5602 (f)
kcalia@cov.com; www.cov.com
This message is from a law firm and may contain information that is
confidential or legally privileged. If you are not the intended
recipient, please immediately advise the sender by reply e-mail that
this message has been inadvertently transmitted to you and delete this
e-mail and any attachments from your system. Thank you for your
cooperation.

-----Original Message-----
From: Bernstein, Alan H. [mailto:abernstein@crbcp.com]
Sent: Wednesday, July 19, 2006 10:56 AM
To: Calia, Kurt
Cc: Gupta, Mona; Beckmann, Richard; Lulrich@winston.com;
krobinson@kirkland.com
Subject: RE: In re: '318 Patent Infringement Litigation

Kurt:

# Exhibit F

# COVINGTON & BURLING LLP

1201 PENNSYLVANIA AVENUE NW    WASHINGTON
WASHINGTON, DC 20004-2401    NEW YORK
TEL 202.662.6000    SAN FRANCISCO
FAX 202.662.6291    LONDON
WWW.COV.COM    BRUSSELS

RICHARD A. BECKMANN
TEL 202.662.5189
FAX 202.778.5189
RBECKMANN@COV.COM

July 27, 2006

**BY EMAIL and FEDERAL EXPRESS**

Mona Gupta, Esq.
Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.
1635 Market Street, 11th Floor
Philadelphia, PA  19103

Lynn Ulrich, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601

> Re:    In re: '318 Patent Infringement Litigation; Civil Action No.
> 05-356-KAJ (consolidated)

Counsel:

Enclosed please find one CD containing Plaintiffs' third supplemental production of documents in the above-referenced matter, produced in single page .tiff image format with associated cross-reference files.

This production includes the documents that were marked for copying by counsel for Alphapharm during the recent inspection of documents at Janssen's Titusville, New Jersey facility. These documents are Bates numbered JAN RAZ 0192653 - 0199460. Also included are three additional documents that Plaintiffs have located and hereby produce, which are Bates numbered JAN RAZ 199460 - 199480.

Please note that the documents in this production have been designated Highly Confidential pursuant to the Stipulated Protective Order, and should thus be handled accordingly.

Sincerely,

Richard A. Beckmann

Enclosure (by Federal Express only)

# Exhibit G

In any event, we will look into those proposed dates for a hearing with the Court and get back to you.

Sincerely,
Kurt G. Calia
**Covington & Burling LLP**
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
202.662.5602 (v); 202.778.5602 (f)
kcalia@cov.com; www.cov.com
*This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail and any attachments from your system. Thank you for your cooperation.*

---

**From:** Gupta, Mona [mailto:monagupta@crbcp.com]
**Sent:** Monday, July 24, 2006 4:08 PM
**To:** Calia, Kurt; sbalick@ashby-geddes.com; jday@ashby-geddes.com
**Cc:** Bernstein, Alan H.; Cottrell, Frederick; Gaza, Anne; Ulrich, Lynn MacDonald; Gracey, Taras; Hersi, Mustafa; jcp@pgslaw.com; bef@pgslaw.com
**Subject:** RE: In re: '318 Patent Infringement Litigation

Kurt – You are wrong that I refused to explain Alphapharm's reasons for the inspection at Iron Mountain. In fact, I have explained to you our reasons and you have refused to accept them. For example, I have explained to you that we needed to finish the document inspection at Titusville before moving on to the next location. Your refusal to accept this explanation is not our fault and does not create a delay on our part in moving forward with the inspection at Iron Mountain. Your attempt to inquire further into why we had to complete the inspection at Titusville before moving to Somerset was an intrusion upon work product. We learned during the inspection at Titusville that the documents we were reviewing are the "working files" of the Janssen employees. Therefore any earlier versions of the types of documents that we are seeking probably exist at the Iron Mountain location and we are entitled to conduct an inspection for such documents. Furthermore, the defendants have served on plaintiffs requests for documents that cover marketing related materials and we are entitled to inspect such documents.

Further to our meet and confer today, we have contacted the Court and have been provided with the following dates:

(1)     August 14th at either 11 am or 2 pm
(2)     August 18th at either 9 am or 4 pm.

We prefer to hold the telephone conference with the Court on August 14th at 11 am. Please let us know your availability.

Regards,
Mona

---

**From:** Calia, Kurt [mailto:kcalia@cov.com]
**Sent:** Monday, July 24, 2006 12:06 PM
**To:** Bernstein, Alan H.; Gupta, Mona
**Subject:** In re: '318 Patent Infringement Litigation

Mona

# EXHIBIT H

1              IN THE UNITED STATES DISTRICT COURT

2              IN AND FOR THE DISTRICT OF DELAWARE

3                          - - -

4    IN RE:  '318 PATENT                  :
     INFRINGEMENT LITIGATION,             :    CIVIL ACTION
5                                         :    NO. 05-356 (KAJ)
                                          :    (Consolidated)
6
                                          - - -
7

8                        Wilmington, Delaware
             Tuesday, July 11, 2006 at 10:00 o'clock, a.m.
                         TELEPHONE CONFERENCE
9
                              - - -
10

11   BEFORE:          HONORABLE **KENT A. JORDAN**, U.S.D.C.J.

                              - - -
12   APPEARANCES:

13

             ASHBY & GEDDES
14           BY:  STEVEN J. BALICK, ESQ.

15               -and-

16           COVINGTON & BURLING
             BY:  GEORGE F. PAPPAS, ESQ., and
17                KURT G. CALIA, ESQ.
                  (Washington, District of Columbia)
18
                 -and-
19
             JOHNSON & JOHNSON
20           OFFICE OF THE GENERAL COUNSEL
             BY:  STEVEN P. BERMAN, ESQ.
21                (New Brunswick, New Jersey)

22                   Counsel for Janssen Pharmaceutica
                     N.V., Janssen, L.P. and Synaptech Inc.
23

24
                              Brian P. Gaffigan
25                            Registered Merit Reporter

```
 1    APPEARANCES:   (Continued)

 2

 3              YOUNG CONAWAY STARGATT & TAYLOR
              BY:  MONTE' SQUIRE, ESQ.
 4
                   -and-
 5
              KIRKLAND & ELLIS, LLP
 6            BY:  EDWARD C. DONOVAN, ESQ.,
                   KAREN M. ROBINSON, ESQ., and
 7                 ANDREW B. KAY, ESQ.
                   (Washington, District of Columbia)
 8
                       Counsel for Teva Pharmaceuticals
 9                     USA, Inc. and Teva Pharmaceutical
                       Industries, Ltd.
10

11            RICHARDS LAYTON & FINGER
              BY:  ANNE SHEA GAZA, ESQ.
12
                   -and-
13
              CAESAR RIVISE BERNSTEIN COHEN & POKOTILOW, LTD.
14            BY:  ALAN H. BERNSTEIN, ESQ., and
                   MONA GUPTA, ESQ.
15                 (Philadelphia, Pennsylvania)

16                     Counsel for Alpharma Pty., Ltd.

17

18            PHILLIPS GOLDMAN & SPENCE, P.A.
              BY:  JOHN C. PHILLIPS, JR., ESQ.
19
                   -and-
20
              WINSTON & STRAWN, LLP
              BY:  TARAS A. GRACEY, ESQ.,
21                 LYNN M. ULRICH, ESQ., and
                   MUSTAFA A. HERSI, ESQ.
22                 (Chicago, Illinois)

23                     Counsel for Barr Laboratories, Inc.
                       and Barr Pharmaceuticals Inc.
24

25
```

1    that it looks like you got an adequate discovery response.

2         All right.  I almost hesitate to say it but is

3    there anything in the rulings today or any other matter that

4    requires further discussion while we're all on the phone

5    together?  From the plaintiffs' perspective, Mr. Pappas?

6         MR. PAPPAS:  Yes, Your Honor.  Only one issue,

7    and that is with respect to the 1,350 boxes, we will start

8    screening those now.  We're reviewing them for production

9    and will endeavor obviously to review them and turn them

10    over within 14 days, and believe we can do so.  But if we

11    need a couple of extra days, we may have to come back to the

12    Court for that.

13         THE COURT:  Well, that is all right because I

14    said, and am trying to make clear, while I don't think the

15    plaintiffs here are utterly without fault, you could have

16    been doing this screening a long time ago, it certainly is

17    the case that I view the defendants as primarily culpable

18    for the problem that exists.  So if you need more time,

19    within bounds of reason, you take more time.  You guys work

20    it out, and the defense is in a poor position to complain.

21         Is there anything else, Mr. Pappas?

22         MR. PAPPAS:  That's it, Your Honor.

23         THE COURT:  All right.  Teva, anything,

24    Mr. Donovan?

25         MR. DONOVAN:  No, Your Honor.  Thank you.