# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ) |  |
| ) | Civil Action No. 05-356-KAJ |
| ) | (consolidated) |
| ) |  |
| IN RE: '318 PATENT INFRINGEMENT ) | |
| LITIGATION ) | **REDACTED PUBLIC** |
| ) | **VERSION** |

## PLAINTIFFS' MEMORANDUM SUPPORTING MOTION SEEKING RETURN OR DESTRUCTION OF PRIVILEGED DOCUMENTS

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Kurt G. Calia
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
202-662-6000

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
732-524-2805

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*

Dated: October 18, 2006

In accordance with paragraph 4(f) of the Court's Scheduling Order, paragraph 29 of the Stipulated Protective Order, and Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs, Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc. (collectively, "Plaintiffs") submit this memorandum supporting Plaintiffs' motion asking the Court to compel the return of certain inadvertently produced privileged documents. Specifically, Plaintiffs ask the Court to direct Defendants Alphapharm Pty Ltd. ("Alphapharm") and Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively, "Barr") to return unredacted versions of two documents: (1) a "Life Cycle Opportunity Plan" document (JAN RAZ 0192627 - JAN RAZ 0192641), (Ex. A, Redacted Life Cycle Opportunity Plan; Ex. B, Unredacted Life Cycle Opportunity Plan) and (2) a summary of a Janssen license agreement (JAN RAZ 0177809 - JAN RAZ 0177812), (Ex. C, Redacted summary of Janssen license agreement; Ex. D, Unredacted summary of Janssen license agreement). Both documents contain information that is clearly subject to the attorney-client privilege and attorney work product doctrine. Plaintiffs have repeatedly asked Defendants to return these materials, but Defendants have refused to do so.

**Life Cycle Opportunity Plan (JAN RAZ 0192627 - JAN RAZ 0192641)**

In late June, Plaintiffs re-evaluated certain documents in their privilege logs and determined that a small portion of them should be produced either in their entirety or in redacted form, including JAN RAZ 0192627 - JAN RAZ 0192641. Plaintiffs produced that document on June 23, 2006.

On June 28, 2006, one of the Defendants no longer actively involved in this lawsuit (Teva) marked JAN RAZ 0192627-41 (Ex. B) as an exhibit during the Rule 30(b)(6) deposition of Janssen's designee, Tina Kaufman. Teva's counsel did not examine Ms. Kaufman on the privileged portions of the document, but instead asked only a handful of questions

concerning non-privileged information related to its creation and to a sales figure on the second page. (Ex. E, Kaufman Dep. at 149-158.)

On September 1, 2006, during the Rule 30(b)(6) deposition of Janssen's Dr. Luc Truyen, Barr's counsel also marked the document as an exhibit. Because Dr. Truyen was designated to testify on patent-related issues and because the privileged portions of JAN RAZ 0192627-41 concern patents, future patent applications, and potential regulatory filings, Plaintiffs' counsel asked that the document be withdrawn, and supplied Barr's counsel with a redacted version of the document. (Ex. F, Truyen Dep. at 125-133 and 172-179.) Barr's counsel examined Dr. Truyen on the unredacted portions of the document and on the basis for Plaintiffs' assertion of privilege over the redacted portions. (Ex. F, Truyen Dep. at 172-179.)

Immediately thereafter, Plaintiffs' counsel wrote to the remaining Defendants seeking the return of the unredacted version of JAN RAZ 0192627-41. (Ex. G, Calia Sept. 5, 2006 letter to Donovan, Urlich, and Gupta.) Barr's counsel responded on September 22, 2006, refusing to return the unredacted version of JAN RAZ 0192627-41. Barr claimed that the document is not privileged and that any privilege was waived by its use in the deposition of Ms. Kaufman. (Ex. I, Gracey Sept. 22, 2006 letter to Calia.) Plaintiffs responded by letter on September 26, 2006 and again requested the return or destruction of JAN RAZ 0192627-41. (Ex. J, Calia Sept. 26, 2006 letter to Gracey.) Plaintiffs also requested a response by Friday, September 29, 2006. Defendants refused to respond in a timely fashion, stating that a response would not be possible until after the completion of the final round of expert reports. (Ex. K, Gracey Sept. 29, 2006 e-mail to Calia.) At the close of business on the date of this Motion, Barr wrote to Plaintiffs, re-asserting the same bases for refusing to return or destroy JAN RAZ 0192627-41. (Ex. M, Gracey Oct. 6, 2006 letter to Calia.)

Paragraph 29 of the Stipulated Protective Order in this case requires the return or destruction of the unredacted version of JAN RAZ 0192627-41, stating in relevant part, that "Upon written notification by the producing party of an inadvertent production and request for the return of all originals and copies, the receiving party shall return the inadvertently produced documents or information (and return or certify in writing to the destruction of all copies thereof) within fourteen (14) days of receiving the producing party's written request for return." (Ex. H, Stipulated Protective Order ¶ 29(b).)

Barr's refusal to return or destroy the document is unfounded. As an intial matter, Barr has waived its right to challenge the assertion of privilege and inadvertent production by waiting longer than 14 days to respond to Plaintiffs' written request for the return or destruction of the document as provided by Paragraph 29(b) of the Stipulated Protective Order. Under the Stipulated Protective Order, Barr was required to assert its purported "good faith basis" for refusing to return the document by September 19, 2006 but failed to do so.

In any event, Barr's claim that the document is not privileged is baseless. Barr has not cited, nor can it cite, any support for the novel proposition that a business strategy document, such as Janssen's Life Cycle Opportunity Plan, cannot contain privileged information. As established by the testimony of Dr. Truyen, who was involved in the preparation of the document, an in-house patent lawyer assisted with the preparation of this document and provided legal advice concerning each of the redacted portions of the document. (Ex. F, Truyen Dep. at 172-179.) Moreover, as the Court can see through a comparison of the redacted and unredacted versions of the document (Exs. A and B), the redacted portions relate to patents – including patents other than the '318 patent – future patent applications, and potential regulatory filings. Finally, Plaintiffs have confirmed that Janssen's in-house counsel, Mary Appolina, and Janssen's

Belgian patent agent (Luc Quaghebeur) acting at the direction of its Belgian counsel (Filip Verhoeven), were jointly responsible for the redacted content.

Barr's waiver argument is equally unavailing. Because no effort was made to examine Ms. Kaufman on the privileged content concerning patents, patent applications, and regulatory matters, there was no waiver of the privileged status of that information. There was thus no attempt by Defendants to "use[]" the privileged information, which would be required for any waiver. *See* Stipulated Protective Order, Paragraph 29(c) (Ex. H). Moreover, Barr cannot rely on waiver as a grounds for refusing to return the documents when Barr itself was untimely in responding to Plaintiffs' notice of inadvertent production and request for return or destruction of the document.

## Summary of Janssen License Agreement (JAN RAZ 0177809 - JAN RAZ 0177812)

Plaintiffs produced JAN RAZ 0177809 - JAN RAZ 0177812 (Ex. D) on May 4, 2006. On September 15, 2006, Plaintiffs' counsel wrote to the remaining Defendants informing them that JAN RAZ 0177809-12 is a privileged document that was inadvertently produced and seeking the return of the unredacted version. (Ex. L, Calia Sept. 15, 2006 letter to Donovan, Urlich, Gupta, Sender, Hsu, Barabas, and Brody.) In doing so, Plaintiffs directed Defendants to Paragraph 29 of the Stipulated Protective Order. At the same time, Plaintiffs provided Defendants with a redacted version of the document. (Ex. C.) As with the Life Cycle Opportunity Plan, the Defendants have refused to return or destroy that document.

The sole basis upon which Defendants refuse to return or destroy the document is Barr's assertion that the document is not privileged. (Ex. I, Gracey Sept. 22, 2006 letter to Calia.) But as the Court can no doubt appreciate, the thoughts and mental impressions of a lawyer about the legal obligations stemming from an anticipated patent license are privileged. Moreover, Plaintiffs have confirmed that Filip Verhoeven – in-house counsel for Janssen – was

solely responsible for the privileged content of the licensing summary. Plaintiffs informed Defendants of this information (Ex. J), but Defendants have nonetheless continued to refuse to return or destroy the document as required by Paragraph 29 of the Stipulated Protective Order. The letter received earlier today from Barr's counsel confirms Defendants' refusal to return or destroy JAN RAZ 0177809-12 on the same grounds, namely, that Plaintiffs have not established privilege. (Ex. M.) But as with the Life Cycle Opportunity Plan, the privileged nature of the unredacted version of the licensing summary, JAN RAZ 0177809-12, is apparent from its face, and Plaintiffs have conferred with Janssen's in-house counsel, Filip Verhoeven, that he provided legal advice regarding the redacted portions.

In sum, Defendants' refusal to return these clearly privileged materials reflect a clear desire to seek an unfair advantage in this litigation in violation of the Stipulated Protective Order. As to the Life Cycle Opportunity Plan document, JAN RAZ 0192627-41, two things are beyond reasonable dispute: (1) that the redacted information is privileged, and (2) that no defendant inquired (or even attempted to inquire) about the privileged portions of the document during Ms. Kaufman's deposition. This disposes of Barr's two arguments to retain the unredacted version of the Life Cycle Opportunity Plan. (Barr had ample opportunity to examine Janssen on the unredacted versions of the letter during Dr. Truyen's deposition.) As to the licensing summary JAN RAZ 0177809-12, Barr's only basis for refusing to comply with the Stipulated Protective Order is its wholly unsubstantiated belief that the document is not privileged. But as demonstrated above and as is clear from the content of the document itself, the document contains information that reflects the thoughts and mental impressions of counsel that he communicated to his client, Janssen.

For these reasons, Plaintiffs respectfully request that the Court compel the

Defendants to return to Plaintiffs or destroy all copies of the unredacted versions of

JAN RAZ 0192627 - JAN RAZ 0192641 and JAN RAZ 0177809 - JAN RAZ 0177812 within

three business days of an Order from the Court, as well as to destroy all summaries, notes, and

the like on the basis of these documents as required by Paragraph 29 of the Stipulated Protective

Order.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

*Of Counsel*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Kurt G. Calia
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
202-662-6000

Steven P. Berman
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ  08933
732-524-2805

Dated: October 6, 2006
173961.1

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*

# EXHIBIT A

**REDACTED**

EXHIBIT B

# REDACTED

EXHIBIT C

# REDACTED

EXHIBIT D

# REDACTED

EXHIBIT E

**REDACTED**

EXHIBIT F

# REDACTED

EXHIBIT G

# COVINGTON & BURLING LLP

1201 PENNSYLVANIA AVENUE NW    WASHINGTON               KURT G. CALIA
WASHINGTON, DC 20004-2401     NEW YORK
TEL 202.662.6000                 SAN FRANCISCO        TEL 202.662.5602
FAX 202.662 6291              LONDON               FAX 202.778.5602
WWW.COV.COM              BRUSSELS            KCALIA@COV.COM

September 5, 2006

**VIA E- MAIL and FIRST CLASS MAIL**

Edward C. Donovan, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, NW, Suite 1200
Washington, DC 20005

Lynn Ulrich, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

Mona Gupta, Esq.
Caesar, Rivise, Bernstein,
Cohen & Pokotilow, Ltd
1635 Market Street, 11th Floor
Philadelphia, PA 19103

> Re:  In re '318 Patent Infringement Litigation, Civil Action No. 05-
> 356-KAJ (D. Del.) (consolidated)

Dear Counsel:

Pursuant to paragraph 29 of the Stipulated Protective Order and in accordance with the request by my colleague, George Pappas, during the September 1, 2006 deposition of Janssen, Plaintiffs request that defendants return or destroy all copies of JAN RAZ 0192627-41. That document, portions of which are privileged, was inadvertently produced in unredacted form. Although a redacted, replacement version of this document was produced at last Friday's deposition (another copy of which is enclosed in PDF format), we will follow up this letter with a production version in the agreed-upon .tiff format.

Plaintiffs also request that each defendant confirm in writing that the above-identified document has been returned or destroyed by the close of business Thursday, September 7, 2006.

COVINGTON & BURLING LLP

All Defense Counsel
September 5, 2006
Page 2

Thank you in advance for your cooperation, and if you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Kurt G. Calia

Enclosure

# EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | ) ) ) ) ) ) | Civil Action No. 05-356-KAJ (consolidated) |

### STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc. (collectively, "Plaintiffs" or "Janssen") and Defendants Alphapharm Pty Ltd. ("Alphapharm"), Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively, "Barr"), Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "Dr. Reddy's"), Mylan Pharmaceuticals Inc. and Mylan Laboratories Inc. (collectively, "Mylan"), Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (collectively, "Par"), Purepac Pharmaceutical Co. and Alpharma, Inc. (collectively, "Purepac"), and Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (collectively, "Teva") (collectively, the "Defendants") are parties to the above-referenced patent infringement case;

WHEREAS Janssen, Alphapharm, Barr, Dr. Reddy's, Mylan, Par, Purepac, and Teva compete in the pharmaceutical industry, and discovery in this civil action, Case No. 05-356-KAJ (hereinafter, the "Litigation") will involve the disclosure of certain documents, things and information in the possession, custody or control of the Plaintiffs, the Defendants, or non-parties, that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7);

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties;

WHEREAS the parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of the Litigation and preventing unnecessary dissemination or disclosure of such confidential information; and

WHEREAS the parties have established good cause for entry of this Protective Order;

THEREFORE, for good cause shown, pursuant to Federal Rule of Civil Procedure 26(c), all discovery and other materials exchanged by the parties or non-parties, or filed with the Court, in this Litigation shall be subject to the following conditions:

## I.    SCOPE OF PROTECTIVE ORDER

1.    This Protective Order shall apply to all documents, things, or information subject to discovery in this Litigation that is owned, possessed, or controlled by a party or a non-party and that contains the party's or non-party's trade secrets or other confidential research, development, or commercial information ("Confidential Discovery Material"), as set forth under Federal Rule of Civil Procedure 26(c)(7).

## II.    CONFIDENTIALITY DESIGNATIONS (TWO-TIER)

2.    Each party and any non-party shall have the right to designate as confidential and subject to this Protective Order any Confidential Discovery Material that is entitled to protection under Federal Rule of Civil Procedure 26(c)(7), by marking such Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Material. It shall be the duty of the party or non-party who seeks to invoke protection under this Protective Order to give notice, in the manner set forth in Section III, below, of the Confidential Discovery Material designated to be covered by this Protective Order ("Designated [CONFIDENTIAL or HIGHLY CONFIDENTIAL] Material"). The duty of the other parties and of all other persons bound by

this Protective Order to maintain the confidentiality of Confidential Discovery Material so designated shall commence with such notice.

3.      Each party and all other persons bound by the terms of this Protective Order shall use any material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by a party or non-party other than itself only for the purpose of this Litigation, and shall not use any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material governed by this Protective Order for any other purpose.  The attorneys of record for the parties shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purpose specified herein, and (b) disclosed only to authorized persons.

**"CONFIDENTIAL" Material**

4.      Under this Protective Order, Confidential Discovery Material shall be marked as "CONFIDENTIAL" if, and only if, the disclosing party would not disclose the Material to the public in the normal course of business.

5.      CONFIDENTIAL Material shall include:  (a) all copies, extracts, and complete or partial summaries prepared from CONFIDENTIAL Material;  (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL Material;  (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL Material;  (d) written discovery responses and answers that contain, summarize, or reflect the content of any such CONFIDENTIAL Material; and (e) deposition testimony designated in accordance with Paragraphs 13-14, below.

**"HIGHLY CONFIDENTIAL" Material**

6.      Under this Protective Order, Confidential Discovery Materials can be designated as "HIGHLY CONFIDENTIAL" Material if, and only if, that Confidential Discovery Material is

- 3 -

CONFIDENTIAL Material as set forth in Paragraph 4 above and contains or discloses information relating to, referencing, or pertaining to proprietary information that could do harm to the designating party's business advantage (*e.g.*, business plans, marketing plans, production capacity, launch information, customer lists, and technical information), or otherwise contains or discloses information relating to, referencing, or pertaining to a trade secret or other confidential research and/or development information.

       7.     HIGHLY CONFIDENTIAL Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from HIGHLY CONFIDENTIAL Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL Material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL Material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL Material; and (e) deposition testimony designated in accordance with Paragraphs 13-14, below.

## III.    DESIGNATING MATERIALS AS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL"

### Documents and Things

       8.     "CONFIDENTIAL" Material: The party or non-party producing any documents or things containing CONFIDENTIAL Material who seeks to invoke protection under this Protective Order for that Material shall designate that Material by stamping or labeling each page of the document or thing with either the legend "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" at the time the document or thing, or a copy thereof, is provided to the requesting party.

9.     "HIGHLY CONFIDENTIAL" Material: The Designating Party may designate certain information for the higher level of confidentiality set forth in Paragraph 6, above, by stamping or labeling each page of that document or thing "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." The provisions of this Order that apply to CONFIDENTIAL Material also apply to material marked "HIGHLY CONFIDENTIAL."

10.     The inadvertent failure by a producing party to designate specific documents or things as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or things. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information. With respect to all documents or things provided for inspection by a party's or non-party's counsel, designation by stamping or labeling as CONFIDENTIAL or HIGHLY CONFIDENTIAL need not be made until copies of the documents or things are produced after inspection and selection by counsel. Making documents or things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's or non-party's counsel shall be treated as though designated as HIGHLY CONFIDENTIAL at the time of the inspection.

**Deposition Transcripts and Exhibits**

11.     Testimony provided in a deposition and deposition exhibits may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL Material subject to this Protective Order either (1) during the deposition, or (2) by written notice to the reporter and all counsel of record provided within fourteen (14) days after the deposition transcript is received by the designating party or non-party, in which case all counsel receiving such notice shall be responsible for

- 5 -

marking the copies of the designated transcript in their possession or under their control as directed by the designating party or non-party. Until expiration of that fourteen (14) day period, the entire deposition and all exhibits thereto will be treated as HIGHLY CONFIDENTIAL under this Protective Order. If no party or non-party timely designates as CONFIDENTIAL or HIGHLY CONFIDENTIAL any information provided in a deposition, then none of the transcript or exhibits (unless previously designated CONFIDENTIAL or HIGHLY CONFIDENTIAL) will be treated as confidential; if a timely designation is made, the confidential portions and exhibits, and all copies of those portions and exhibits, shall be treated as Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material pursuant to the terms of this Protective Order. Deposition exhibits previously designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL do not need to be redesignated to retain their protection under this Protective Order.

12.    Deposition transcripts containing testimony with Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS [HIGHLY] CONFIDENTIAL INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER." Any deponent may review the transcript from his/her own deposition that has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to ensure that it is accurate and complete, but no deponent, other than individuals described in Paragraph 15, below, may retain or copy any portion of the transcript of the depositions that contains Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material without written permission of the designating party.

**Deposition Testimony**

13.    At any deposition session, when counsel for a party or non-party deems that the answer to a question will result in the disclosure of Confidential Discovery Material, counsel

shall have the option, in lieu of or in addition to taking other steps available under the Federal Rules of Civil Procedure, to direct that the testimony shall be treated as Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material and subject to this Protective Order.

14.    Counsel for the party or the non-party whose Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is involved may also request that all persons other than the reporter, the witness, counsel, and individuals specified in Paragraph 15, below, who may have access to such Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question.

## IV.  PERSONS WITH ACCESS TO "CONFIDENTIAL MATERIAL" AND "HIGHLY CONFIDENTIAL" MATERIAL

15.    Subject to the conditions set forth below, the following persons shall have access to materials marked CONFIDENTIAL and/or HIGHLY CONFIDENTIAL by a designating party:

a.    The Court and its official personnel;

b.    The non-designating party's "Outside Counsel" including:

i.    Counsel who have filed appearances in this Litigation and their law firms' active members, associate attorneys, paralegals, and office staffs working on this case ("Counsel of Record"); and

ii.    Counsel, other than In-House Counsel (as defined below in Paragraph 15.c.) and Counsel of Record (*see* subparagraph b(i) above), who are assisting in the Litigation and their law firms' active members, associate attorneys, paralegals, and office staffs working on this Litigation ("Assistant Counsel").  However, before such

- 7 -

Assistant Counsel may have access to any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, he/she must execute a copy of the Highly Confidential Undertaking or the Confidential Undertaking, both attached hereto, and circulate the Undertaking to counsel for all parties to this Litigation. If no objection is received from any Designating Party within five (5) days of receiving the executed Undertaking (or such shorter time period as may be agreed), the Assistant Counsel may have access to CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material (depending on the form of the Undertaking executed by the individual);

c.    Subject to the conditions set forth below, up to three (3) in-house attorneys from the non-designating party (attorneys employed by the non-designating party or by that party's corporate affiliate and who serve in the role of in-house counsel) or, in the event a non-designating party does not have any in-house attorneys, up to three (3) current employees who are working on or have direct responsibility for directing and/or supervising this Litigation ("In-House Counsel"), so long as any such attorney or employee has executed either a copy of the Confidential Undertaking or a copy of the Highly Confidential Undertaking, both attached hereto, and such executed Undertaking is circulated to counsel for all parties to this Litigation.

If no objection is received from any Designating Party within five (5) days of receiving an executed Undertaking (or such shorter time period as may be agreed), the In-House Counsel designated specifically as follows may have access to CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material (depending on the form of Undertaking executed by the individual), subject to the conditions set forth below:

- 8 -

- for Janssen: Steven P. Berman; Taysen Van Itallie; Peter Herridge

- for Alphapharm: Dr. Howard Rosenberg; Dr. Paul Jenkins

- for Barr: Fred Killion; Ling Zeng

- for Dr. Reddy's: Andrew Miller; Lee Banks; Sumesh Reddy

- for Mylan: Jill Ondos; Stuart A. Williams

- for Par: Petur Hansson; Martin Wilson

- for Purepac: Terri Nataline; Ken Smith; Robert Wrobel

- for Teva: Richard Egosi; David Stark; Staci Julie

i.    In-House Counsel for Janssen shall be allowed access to material designated by any Defendant or non-party as CONFIDENTIAL;

ii.   In-House Counsel for any Defendant shall be allowed access to material designated by Janssen or a non-party as CONFIDENTIAL;

iii.  In-House Counsel for any Defendant shall not have access to material designated by any other Defendant as CONFIDENTIAL without first obtaining written consent from the designating Defendant or by Order of the Court;

iv.   In-House Counsel for Defendants (as defined under this Paragraph 15.c.) may not have access to any other Defendant's HIGHLY CONFIDENTIAL Material. In-House Counsel for Janssen (as defined under this Paragraph 15.c.) may have access to any Defendant's or non-party's HIGHLY CONFIDENTIAL Material and In-House Counsel for Defendants (as defined under this Paragraph 15.c.) may have access to any of Janssen's or a non-party's HIGHLY CONFIDENTIAL Material only if they (a) execute and serve on all parties the Highly Confidential Undertaking, and (b) receive no objection from any Designating Party within five (5) days of the Designating Party's

receipt of the executed Highly Confidential Undertaking, and (c) are in compliance with the following limitations:

(1) No In-House Counsel for Janssen and no In-House Counsel for Defendants who have participated in, are currently participating in, or will participate in the preparation and/or prosecution of patents or patent applications (including but not limited to making prosecution decisions, such as the scope of claims) concerning galantamine or galantamine products may have access to any other party's HIGHLY CONFIDENTIAL Material;

(2) No In-House Counsel for Janssen and no In-House Counsel for Defendants who have had, currently have, or will have responsibility for and/or direct involvement in the research, development, marketing, commercialization, promotion or sale of galantamine or galantamine products may have access to any other party's HIGHLY CONFIDENTIAL Material; and

(3) No In-House Counsel for Janssen and no In-House Counsel for Defendants who have communicated with, are in ongoing communication with, or will communicate with regulatory authorities including, but not limited to, the United States Food and Drug Administration (FDA) regarding galantamine or galantamine products may have access to any other party's HIGHLY CONFIDENTIAL Material.

Persons who are entitled to have access to HIGHLY CONFIDENTIAL Material also shall be entitled to have access to CONFIDENTIAL Material.

Notwithstanding the above limitations on In-House Counsel (as defined under this Paragraph 15.c.) who may have access to HIGHLY CONFIDENTIAL Material, In-House Counsel (as defined under this Paragraph 15.c.) for Janssen or In-House Counsel for Defendants who fall within the 3-per-party limitation and who wish to have access to CONFIDENTIAL Material, but not to HIGHLY CONFIDENTIAL Material, may have access to CONFIDENTIAL Material so long as any such attorney or employee has executed and circulated a copy of the Confidential Undertaking attached hereto, and if no

- 10 -

objection is received from any Designating Party within five (5) days of receiving the executed Confidential Undertaking (or such shorter time period as may be agreed), have access to any other party's CONFIDENTIAL Material, subject only to the restriction in Paragraph 15.c.(iii) above.

   v.  If a dispute arises as to the disclosure of any materials to In-House Counsel under this Paragraph 15.c., and the relevant parties are unable to resolve the dispute, the party seeking to make any disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL materials must file a motion with the Court (and serve such motion on all parties to this Litigation) seeking an order allowing the disclosure to take place. The burden of demonstrating good cause for allowing access to any designated material shall lie with the party seeking disclosure (*i.e.*, the non-designating party). Until any such motion is resolved by an order of the Court or agreement in writing of the party seeking to make disclosure and the party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to In-House Counsel.

   d.  Outside experts and consultants retained by the non-designating party's Outside Counsel (as defined above in Paragraph 15.b.) to assist in this Litigation (and the expert's or consultant's staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials), who are not past or present full-time employees of that non-designating or any other party or of an affiliate of that non-designating or any other party, provided that the conditions set forth in Paragraph 17, below, concerning advance notice are satisfied;

   e.  Court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids involved solely in

providing litigation support services to Outside Counsel (as defined above in Paragraph 15.b.);

f.    Jury consultants involved solely in providing litigation support services to Outside Counsel (as defined above in Paragraph 15.b.), so long as any jury consultant has executed a copy of the Confidentiality Undertaking attached hereto and such executed Undertaking is circulated to counsel for all parties to this Litigation;

g.    At a deposition, any person currently or formerly an officer, director, employee, patent attorney, or patent agent of or for the party or non-party designating the material as confidential, so long as any such person has executed a copy of the Confidentiality Undertaking attached hereto; and

h.    Any other person agreed to in writing by the parties so long as any such person has executed a copy of the Confidentiality Undertaking attached hereto.

16.    As set forth above, in no event shall any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material be disclosed to any person allowed access under Paragraphs 15.b.ii, 15.c, 15.f, 15.g (as it relates to former officers, directors, employees, patent attorneys, or patent agents of or for the party or non-party), and 15.h, above, until such person has been shown a copy of this Protective Order and executed a copy of the Confidential Undertaking and/or Highly Confidential Undertaking attached hereto.    Confidentiality Undertakings executed by persons under Paragraphs 15.b.ii, 15.c, and 15.f., above, shall be disclosed to all parties to this Litigation prior to the disclosure of Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material.    Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall not be disclosed to any person who refuses to execute the

written Confidentiality Undertaking attached hereto without prior express written leave of the Court.

**V.    PROCEDURES FOR DISCLOSURE OF CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL INFORMATION TO AN EXPERT OR CONSULTANT**

17.    Before counsel for a non-designating party may disclose Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to a person described in Paragraph 15.d., above, that counsel shall give advance notice as follows:  Counsel for the non-designating party seeking to make the disclosure shall provide written notice (by facsimile followed by a copy sent the same day by e-mail) to counsel for the designating party or non-party, and all other parties to this Litigation, of the name, address, business affiliation and curriculum vitae of the person(s) to whom the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking attached hereto. Counsel for the non-designating party need not specifically identify the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material intended to be disclosed.

18.    The designating party or non-party shall have seven (7) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party or nonparty expires, and, if any such objection is made, before that objection is resolved, as provided below.  Any such objection shall be made in writing (by facsimile followed by a copy sent the same day by e-mail) to the counsel for the party seeking to make the disclosure, and all other parties to the Litigation.

19.    If the parties or party and non-party are unable to resolve the objection, and the party seeking to make the disclosure indicates that it still intends to disclose the Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to the person or persons in

question, the designating party or non-party must file a motion with the Court (and serve such motion on all parties to this Litigation) seeking a protective order to prevent the disclosure of such material to such person or persons. Such motion must be filed with the Court within fifteen (15) business days of receiving the initial notification under Paragraph 17, above, unless agreed otherwise, in writing, between or among the counsel involved. The burden of demonstrating good cause for the requested relief shall lie with the objecting party or non-party (*i.e.*, the designating party or non-party). A failure to object or file a motion within the requisite time limits shall be deemed a waiver of the objection. Upon a timely objection and motion, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the party seeking to make the disclosure and the party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

## VI.    PROCEDURES FOR DISCLOSURE OF CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL INFORMATION TO PERSONS NOT COVERED BY PARAGRAPH 15

20.    Before counsel for a non-designating party may disclose Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material to any person, and in any manner, not authorized by Paragraph 15, above, that counsel must give advance notice (by facsimile followed by a copy sent the same day by e-mail) to the designating party or non-party, and all other parties to this Litigation, of the name, address, and business affiliation of the person to whom the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is to be disclosed, as well as an executed copy of the Confidential Undertaking or Highly Confidential Undertaking attached hereto.

21.    The designating party or non-party shall have ten (10) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party or

nonparty expires, and, if any such objection is made, before that objection is resolved, as provided below. Any such objection shall be made in writing (by facsimile followed by a copy sent the same day by e-mail) to the counsel for the party seeking to make the disclosure, and all other parties to this Litigation. Failure by the designating party or non-party to object within the requisite time limits shall be deemed a waiver of the objection.

22.    If the parties or party and non-party are unable to resolve any objection, and the party seeking to make the disclosure indicates that it still intends to disclose the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material to the person or persons in question, the party seeking disclosure must file and serve a motion with the Court seeking an order allowing the disclosure to take place. The burden of demonstrating good cause for allowing access to the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall lie with the party seeking disclosure (*i.e.*, the non-designating party). Upon a timely objection and motion, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the party seeking to make the disclosure and the party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

## VII.    FILING CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIAL

23.    Any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper that contains, summarizes, or reflects any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall file such paper in a sealed envelope, or other appropriately sealed container, that indicates:  (a) the case caption; (b) the name of the document if it can be disclosed publicly, otherwise an appropriate title by which the document may be

- 15 -

identified on the public docket; (c) the name, address and telephone number of the person filing the document; and (d) the legend CONFIDENTIAL – FILED UNDER SEAL.

24.     The parties are also required to follow all applicable local rules concerning confidential or sealed documents.  Pursuant to the Electronic Case Filing CM/ECF filing rules of the United States District Court for the District of Delaware in effect at the time of entry of this Protective Order, the party filing a sealed document with the Court shall file electronically a public version of any sealed document within five (5) business days of the filing of the sealed document, redacting only the CONFIDENTIAL or HIGHLY CONFIDENTIAL Material.

## VIII.  MISCELLANEOUS

25.     This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing of good cause, such additional protection with respect to the confidentiality of documents, things, or information as that party or non-party may consider appropriate.  Nor shall any party be precluded from:   (a) claiming that any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is not entitled to the protection of this Protective Order; (b) applying to the Court for an Order permitting the disclosure or use of documents, things, or information otherwise prohibited by this Protective Order; or (c) applying for an Order modifying this Protective Order in any respect.  No party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

26.     The restrictions set forth in this Protective Order shall not apply to documents, things, or information that:

    a.     was, is, or will become public knowledge in a manner other than through a violation of this Order; or

- 16 -

b.    is lawfully obtained from a third party or independently developed by the non-designating party, as evidenced by written documentation.

27.    If a party seeks removal of protection for particular items of Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

a.    The party seeking such removal shall give counsel of record for the designating party (as set forth in Paragraph 33, below) or non-party notice thereof, in writing (by facsimile followed by a copy sent the same day by e-mail), specifying the documents, things, or information for which such removal is sought and the reasons for the request. The designating party or non-party shall have ten (10) business days after receiving that notification within which to object to the removal of protection afforded by this Order. Any such objection shall be made in writing (by facsimile followed by a copy sent the same day by e-mail). Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

b.    If the parties, or the party and non-party, cannot agree concerning the matter, then the party or non-party seeking the removal of protection for Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material must file and serve a motion with the Court; the designated material shall continue to be Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material until the issue is resolved by Order of this Court or by agreement of the parties or the party and non-party.

c.    On any motions arising out of the designation of any material as Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material under this

Protective Order, the burden of justifying the designation shall lie with the designating party or non-party.

28.    This Protective Order is intended to provide a mechanism for the handling of Confidential Discovery Material for which there is no objection to disclosure or production other than confidentiality as trade secret or other confidential research, development, or commercial information.    Each party reserves the right to object to any production or disclosure of any documents, things, or information it deems confidential on any other ground it may deem appropriate, including, without limitation, the attorney-client privilege or work product immunity.

29.    Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s).    Inadvertent production of documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

a.    Immediately after receiving written notice from the producing party that documents or information subject to the attorney-client privilege, work product immunity, or otherwise immune from discovery has been inadvertently produced, the receiving party shall not copy or disseminate such documents or information, and, subject to Paragraph 29.b. herein, the receiving party shall return such documents or information and any copies to the producing party within fourteen (14) days.

b.    Upon written notification by the producing party of an inadvertent production and request for return of all originals and copies, the receiving party shall return the inadvertently produced documents or information (and return or certify in

- 18 -

writing to the destruction of all copies thereof) within fourteen (14) days of receiving the producing party's written request for return, unless the receiving party has a good faith basis for asserting that the information is not protected by any privilege or immunity.  If the receiving party believes it has a good faith basis for challenging the privilege claim, the receiving party need not return such material until ordered to do so by a final order of the District Court.  Within fourteen (14) days after receipt of the producing party's request for return, counsel of record for the receiving party shall provide counsel of record for the producing party with a written explanation of the good faith basis for refusing to return the inadvertently produced documents or information.  In the event that the inadvertently produced documents or information is not returned based upon the receiving party's timely written explanation of the good faith basis for refusing to return those documents or material, the producing party has fourteen (14) days from receipt of the receiving party's written explanation to file a motion seeking an order compelling the return of the inadvertently produced documents or information.  Failure of the producing party to file such a motion within fourteen (14) days from receipt of the receiving party's written explanation waives any claim of privilege or immunity as to the inadvertently produced documents or information at issue.

c.    Once an inadvertently produced document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this

three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

30.     Upon final termination of this Litigation, unless otherwise agreed to in writing by counsel of record for the designating party or non-party, each party shall within one hundred and twenty (120) days assemble and return or destroy all Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, including all copies, extracts, and summaries thereof, to the party or non-party from whom the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material was obtained, except that counsel of record may retain copies of pleadings and materials that are of record in the litigation, subject to the confidentiality provisions of this Protective Order. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party or the non-party who produced the documents not more than one hundred and eighty (180) days after the final termination of this Litigation.

31.     No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each designating party or nonparty, or by an Order of this Court for good cause shown. The termination of this Litigation shall not automatically terminate the directives of this Protective Order.

32.     This Protective Order governs the confidentiality of Designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material before and after trial. If a party intends to disclose Designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material in Court at any pretrial proceeding open to the public, the issue of whether any such disclosure may be made shall be governed by applicable law or additional Order of this Court. That party, however, shall give counsel for the designating party or non-party notice of that intention, in writing (by facsimile followed by a copy sent the same day by e-mail), at least ten (10) business

- 20 -

days before making such disclosure, and shall identify in that notice the specific material intended to be disclosed to the extent feasible and consistent with legitimate trial strategy considerations.

33.     Notices under this Protective Order shall be provided to the parties' respective counsel at their addresses indicated as follows, unless this provision is modified by the parties in writing: notice to Janssen shall be to George Pappas, Christopher Sipes, and Laura McNeill; notice to Alphapharm shall be to Alan H. Bernstein and Mona Gupta; notice to Barr shall be to Taras Gracey, Lynn Ulrich, and Brian Franklin; notice to Dr. Reddy's shall be to Stuart D. Sender and David Lorenz; notice to Mylan shall be to William A. Rakoczy, Christine Siwik, and Amy D. Brody; notice to Par shall be Jacques Smith, Janine Carlan, and John Hsu; notice to Purepac shall be to James P. Barabas; and notice to Teva shall be to Karen Robinson.

34.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering legal advice to their clients in this litigation and, in the course thereof, relying generally on examination of Designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated.

35.     No person subject to this Protective Order may disclose, in public or private, any Designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material designated by a party or non-party other than itself, except as provided for in this Protective Order. Nothing herein, however, shall affect the right of the designating party or non-party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as CONFIDENTIAL or HIGHLY CONFIDENTIAL material; such disclosure shall not

- 21 -

waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.

36.    No party shall be responsible to another party for any use made of material that was produced and not designated as Confidential or Highly Confidential.

37.    By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court or an administrative agency from finding that the information may be relevant and subject to disclosure (under subpoena or otherwise) in another case.  Any person or party subject to this Protective Order who becomes subject to a subpoena, motion or order to disclose another party's information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Protective Order shall promptly (but in no event later than ten (10) business days after receiving said subpoena, motion or order) notify the designating party of the subpoena, motion or order so that the designating party may have an opportunity to appear and be heard on whether that information should be disclosed.

38.    Any violation of this Protective Order may constitute a contempt of Court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

39.    Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it has been "So Ordered."

40.    The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

ASHBY & GEDDES

*/s/ Steven J. Balick*

By: _____
      Steven J. Balick (#2114)
      John G. Day (#2403)
      222 Delaware Avenue, 17th Floor
      P. O. Box 1150
      Wilmington, DE  19899
      (302) 654-1888
      sbalick@ashby-geddes.com
      jday@ashby-geddes.com

Attorneys for Plaintiffs Janssen
Pharmaceutica N.V., Janssen, L.P., and
Synaptech, Inc.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Karen E. Keller*

By: _____
      Josy W. Ingersoll (#1088)
      John W. Shaw (#3362)
      Karen E. Keller (#4462)
      The Brandywine Building
      1000 West Street, 17th Floor
      P. O. Box 391
      Wilmington, DE  19899-0391
      (302) 571-6600
      jingersoll@ycst.com
      jshaw@ycst.com
      kkeller@ycst.com

Attorneys for Defendants Teva
Pharmaceuticals USA, Inc. and Teva
Pharmaceutical Industries Ltd.

)

MORRIS JAMES HITCHENS &
WILLIAMS LLP

*/s/ Mary B. Matterer*

By: _____
      Mary B. Matterer (#2696)
      222 Delaware Avenue, 10th Floor
      Wilmington, DE  19801
      (302) 888-6800
      mmatterer@morrisjames.com

Attorneys for Defendants Mylan
Pharmaceuticals Inc. and Mylan Laboratories
Inc.

POTTER ANDERSON & CORROON LLP

*/s/ Richard L. Horwitz*

By: _____
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza, 6th Floor
      P. O. Box 951
      Wilmington, DE  19899
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

Attorneys for Defendants Dr. Reddy's
Laboratories, Inc. and Dr. Reddy's
Laboratories, Ltd.

- 23 -

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Phillips, Jr.

By: _____
    John C. Phillips, Jr. (#110)
    Brian E. Farnan (#4089)
    1200 N. Broom Street
    Wilmington, DE 19806
    (302) 655-4200
    jcp@pgslaw.com
    bef@pgslaw.com

Attorneys for Defendants Barr Laboratories,
Inc. and Barr Pharmaceuticals, Inc.

THE BAYARD FIRM

/s/ Richard D. Kirk

By: _____
    Richard D. Kirk (#922)
    Thomas H. Kovach (#3964)
    222 Delaware Avenue, Suite 900
    Wilmington, DE 19899
    (302) 655-5000
    rkirk@bayardfirm.com
    tkovach@bayardfirm.com

Attorneys for Defendants Purepac
Pharmaceutical Co. and Alpharma, Inc.

RICHARDS, LAYTON & FINGER

/s/ Frederick L. Cottrell, III

By: _____
    Frederick L. Cottrell, III (#2555)
    Anne Shea Gaza (#4093)
    One Rodney Square
    P. O. Box 551
    Wilmington, DE 19899
    (302) 651-7700
    cottrell@rlf.com
    gaza@rlf.com

Attorneys for Defendant Alphapharm Pty., Ltd.

POTTER ANDERSON & CORROON LLP

/s/ Philip A. Rovner

By: _____
    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com

Attorneys for Defendants Par Pharmaceutical,
Inc. and Par Pharmaceuticals Companies, Inc.

Dated: October 28, 2005

SO ORDERED this _____ day of _____, 2005

_____
United States District Judge

- 24 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: '318 PATENT INFRINGEMENT
LITIGATION

)
)
)
)
)
)

Civil Action No. 05-356-KAJ
(consolidated)

## CONFIDENTIAL UNDERTAKING

I, _____, being duly sworn, state that:

       (a)    My present residential address is _____

_____.

       (b)    My present employer is _____

and the address of my present employer is _____

_____.

       (c)    My present occupation or job description is _____

_____.

       (d)    I have received and carefully read the Stipulated Protective Order in the above-captioned case, entered by the Court on _____, 2005. I certify that I understand the terms of that Protective Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms. Further, I understand that unauthorized disclosure of any Designated CONFIDENTIAL Material, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

_____

SUBSCRIBED and SWORN to before me
this _____ day of _____, 200__.
Notary Public
My Commission Expires _____

DC: 1945427-6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | ) ) ) ) ) ) | Civil Action No. 05-356-KAJ (consolidated) |

**HIGHLY CONFIDENTIAL UNDERTAKING**

I, _____, being duly sworn, state that:

    (a)    My present residential address is _____

_____.

    (b)    My present employer is _____

and the address of my present employer is _____

_____.

    (c)    My present occupation or job description is _____

_____.

    (d)    I certify that:

- I have not participated in, do not currently participate in, and will not participate in the preparation and/or prosecution of patents or patent applications (including but not limited to making prosecution decisions, such as the scope of claims) concerning galantamine or galantamine products;

- I have not had, do not currently have, and will not have responsibility for and/or direct involvement in the research, development, marketing, commercialization, promotion or sale of galantamine or galantamine products; and

- I have not communicated with, am not currently in communication with, and will not communicate with regulatory authorities including, but not limited to, the United States Food and Drug Administration (FDA) regarding galantamine or galantamine products.

(e)    I have received and carefully read the Stipulated Protective Order in the above-captioned case, entered by the Court on _____, 2005. I certify that I understand the terms of that Protective Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms. Further, I understand that unauthorized disclosure of any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

_____

SUBSCRIBED and SWORN to before me
this _____ day of _____, 200__.
Notary Public
My Commission Expires _____

# EXHIBIT I

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH<br><br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>(312) 558-5600<br><br>FACSIMILE (312) 558-5700<br><br>www.winston.com | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br><br>21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894<br><br>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

TARAS A. GRACEY
(312) 558-8087
tgracey@winston.com

September 22, 2006

**VIA FEDEX AND E-MAIL**
Mr. Kurt G. Calia
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401

       Re:      In Re: '318 Patent Infringement Litigation (C.A. No. 05-00356 (KAJ))

Dear Kurt:

       This letter is in response to Plaintiffs' request for the return of allegedly "inadvertently produced" documents.

       It is Defendants' position that the document bates stamped JAN RAZ 0192627-0192641, which is titled "Life Cycle Opportunity (LCO) Plan," is not privileged. This document refers to the joint marketing of the product at issue in this litigation. Such references to marketing and business opportunities fall outside of the scope of attorney-client or work product privilege. Nevertheless, irrespective of whether this document is privileged, it is apparent that Plaintiffs have waived any claim of privilege over this document.

       Defendants marked the LCO Plan as Exhibit No. 3 during the 30(b)(6) deposition of Janssen employee, Christina Kauffman, which was taken on June 28, 2006. Under the Stipulated Protective Order, "once an inadvertently produced document or information has been used during a deposition ... the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production." Stipulated Protective Order ¶ 29(c). Under the Stipulated Protective Order, "failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only." *Id.*

       Under the Stipulated Protective Order, Plaintiffs were required to notify Defendants of the alleged "inadvertent production" of this document by July 20, 2006. Plaintiffs failed to meet that deadline. Indeed, it was not until over 2 months later that Plaintiffs made the claim of "inadvertent production." Consequently, any "privilege" extending to this document

**WINSTON & STRAWN** LLP

Mr. Kurt G. Calia, Esq.
September 22, 2006
Page 2

has been waived by Plaintiffs under the mutually agreed to Protective Order signed by Judge Jordan. Defendants, therefore, will not return or destroy this document.

With respect to the document bates stamped JAN RAZ 0177809-0177812, Plaintiffs have not identified the basis for their assertion of privilege over this document. Plaintiffs also have not identified what roles the authors or recipients have at their employers, or indeed who works for whom. Defendants have a good faith belief that the document is not privileged. It appears as though this document relates to the business relationship between Janssen Pharmaceuticals and Shire Pharmaceuticals. This document, a memo titled "Exclusive License Agreement Galanthamine With Shire Pharmaceuticals," does not fit within the ambit of attorney-client or work product privilege. It appears as though this document discusses the business relationship between Janssen and Shire and did not constitute a communication to request or secure legal services or legal advice.

Even if one of the recipients of this document was an attorney, the "attorney-client privilege does not shield documents merely because they were transferred to or routed through an attorney. What would otherwise be routine, non-privileged communications between corporate officers or employees transacting the general business of the company do not attain privileged status solely because in-house or outside counsel is 'copied in' on correspondence or memoranda." *Smithkline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 478 (E.D. Pa. 2005). Attorney-client privilege is "restricted to those instances where employees secure legal, not business, advice or services, or where in-house counsel provides legal advice or legal services to corporate personnel." *Id.* Consequently, Defendants believe that they have a good-faith basis for refusing Plaintiffs' request to return or destroy this allegedly privileged document.

Please feel free to contact me with any questions or comments.

Very truly yours,

*Taras A. Gracey / matt*

Taras A. Gracey

cc:    Lynn M. Ulrich, Esq. (via e-mail)
       Mustafa A. Hersi, Esq. (via e-mail)
       Alan Bernstein, Esq. (via e-mail)
       Mona Gupta, Esq. (via e-mail)
       Edward C. Donovan, Esq. (via e-mail)
       John K. Hsu, Esq. (via e-mail)
       James P. Barabas, Esq. (via e-mail)
       Amy D. Brody, Esq. (via e-mail)
       Stuart Sender, Esq. (via e-mail)

# EXHIBIT J

# COVINGTON & BURLING LLP

| 1201 PENNSYLVANIA AVENUE NW | WASHINGTON | KURT G. CALIA |
| WASHINGTON, DC 20004-2401 | NEW YORK | TEL 202.662.5602 |
| TEL 202.662.6000 | SAN FRANCISCO | FAX 202.778.5602 |
| FAX 202.662.6291 | LONDON | KCALIA@COV.COM |
| WWW.COV.COM | BRUSSELS | |

September 26, 2006

**BY E-MAIL and FIRST CLASS MAIL**

Taras Gracey, Esq.
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL  60601

    Re:    In re: '318 Patent Infringement Litigation,
           Civil Action No. 05-356-KAJ (D. Del.) (consolidated)

Dear Taras:

        I write in response to your September 22, 2006 letter conveying certain defendants' refusal to return or destroy the documents bearing bates numbers JAN RAZ 0192627-0192641 and JAN RAZ 0177809-0177812, which were inadvertently produced in unredacted form by Plaintiffs.

        As to JAN RAZ 0192627-0192641, titled "Life Cycle Opportunity (LCO) Plan," your argument that the document is not privileged is both incorrect and misses the point.  As explained in my September 5, 2006 letter, portions of this document contain privileged information -- specifically, legal analysis and strategy prepared by Plaintiffs' counsel.  Accordingly, Plaintiffs are not attempting to call back the entire document as privileged, but rather replace it with a version from which these privileged portions have been redacted.  Defendants' assertion that certain "references to marketing and business opportunities" do not fall within the scope of applicable privileges simply does not apply to the information that Plaintiffs' have redacted.  As you can see from the redacted version of the document we have provided, the information you have identified has been provided to you.

        Defendants' assertion that Plaintiffs have waived privilege with respect to this document is similarly misplaced.  As cited in your letter, paragraph 29(c) of the Stipulated Protective Order provides for waiver of privilege under certain circumstances, including the use during a deposition of "an inadvertently produced document or information."  Because none of the privileged and subsequently redacted information from the LCO Plan was referenced or used in any way during Ms. Kaufman's June 28, 2006 deposition, the waiver provision of the Stipulated Protective Order does not apply.

COVINGTON & BURLING LLP

Taras Gracey, Esq.
September 26, 2006
Page 2

To the contrary, the only questions put to Ms. Kaufman during that deposition concerned the non-privileged portions of the document, as is evident from the redacted version we have provided and Ms. Kaufman's deposition transcript.

Moreover, under the Stipulated Protective Order, defendants were required, within fourteen days of Plaintiffs' request, to provide Plaintiffs with a written explanation of any good faith basis for refusing to return the inadvertently produced document. *See* Stipulated Protective Order ¶ 29(b). Your September 22 letter was untimely, and having failed to provide such an explanation in a timely manner, defendants cannot now seek to retain the unredacted version of the LCO Plan. We therefore reiterate our request that defendants destroy the unredacted version of the document immediately.

On September 15, 2006, Plaintiffs wrote to defendants requesting the return of the document bearing bates numbers JAN RAZ 0177809-0177812, and enclosed a redacted, replacement version of the document. The redacted portions of that document consist of specific legal analysis and interpretation obtained through communications with counsel. Plaintiffs have confirmed the source of the privileged information to be Filip Verhoeven, Esq. None of defendants' stated bases for refusing to return the unredacted version of this document is defensible in light of the obviously privileged nature of the redacted information. Indeed, a number of defendants have confirmed that they have destroyed the unredacted version of this document. Plaintiffs therefore reiterate their request that the remaining defendants return or destroy the document bearing bates numbers JAN RAZ 0177809-0177812. If defendants' continue to refuse to do so, Plaintiffs will seek all applicable relief from the Court.

*          *          *

As to both of the documents discussed above, we remind defendants that to the extent that a defense expert is provided access to the privileged portions or either document, Plaintiffs will move to exclude such expert's testimony or other materials from the record in this case. And given the seriousness of this issue, we request a response by the close of business, Friday, September 29, or we will seek relief from the Court and all applicable remedies.

COVINGTON & BURLING LLP

Taras Gracey, Esq.
September 26, 2006
Page 3


       If you have any questions or would like to discuss these matters further, please do not hesitate to contact me.

                               Sincerely,

                               Kurt G. Calia

cc:   Lynn. M. Ulrich, Esq. (by email)
      Mustafa A. Hersi, Esq. (by email)
      Alan Bernstein, Esq. (by email)
      Edward C. Donovan, Esq. (by email)
      John K. Hsu, Esq. (by email)
      James P. Barabas, Esq. (by email)
      Amy D. Brody, Esq. (by email)
      Stuart Sender, Esq. (by email)

# EXHIBIT K

-----Original Message-----
From: Gracey, Taras [mailto:TGracey@winston.com]
Sent: Friday, September 29, 2006 6:02 PM
To: Calia, Kurt
Subject: Documents

Kurt,
As I am sure you can imagine, we are focused on getting done our
rebuttal expert reports.  Therefore, I will respond to your letter
about the allegedly "inadvertently produced" documents next week.
Taras

The contents of this message may be privileged and confidential.
Therefore, if this message has been received in error, please delete it
without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message
without the permission of the author.
*************************************************************************
*******
Any tax advice contained in this email was not intended to be used, and
cannot be used, by you (or any other taxpayer) to avoid penalties under
the Internal Revenue Code of 1986, as amended.

# EXHIBIT L

**REDACTED**

# EXHIBIT M

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH<br><br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>(312) 558-5600<br><br>FACSIMILE (312) 558-5700<br><br>www.winston.com | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br><br>21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894<br><br>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

TARAS A. GRACEY
(312) 558-9087
tgracey@winston.com

October 6, 2006

**VIA U.S. MAIL AND E-MAIL**
Mr. Kurt G. Calia
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401

Re:    In Re: '318 Patent Infringement Litigation (C.A. No. 05-00356 (KAJ))

Dear Kurt:

This letter is in response to your September 26, 2006 letter conveying Plaintiffs' position on the allegedly "inadvertently produced" documents bearing bates numbers JAN RAZ 019627 - 0192641 ("the LCO Plan") and JAN RAZ 0177809 - 0177812 (the "Shire Business Memo").

With respect to the LCO Plan (without even commenting on the merits of any privilege assertion), Plaintiffs' position that "the waiver provision of the Stipulated Protective Order does not apply" is simply incorrect. Paragraph 29(c) of the Stipulated Protected Order clearly states that a waiver of privilege occurs when "an inadvertently produced document or information has been used during a deposition." Stipulated Protective Order ¶ 29(c). Plaintiffs do not dispute that Defendants marked *and used* the LCO Plan as Exhibit 3 during the 30(b)(6) deposition of Janssen employee, Christina Kauffman, taken on June 28, 2006. Therefore, this allegedly "inadvertently produced" document "has been used during a deposition," as contemplated by the Stipulated Protective Order, triggering Plaintiffs' obligation to provide Defendants with notice of the alleged "inadvertent production" within three weeks of the date of such disclosure. *Id.* Plaintiffs did not meet this obligation, failing to provide the required notice to Defendants until over two months after the disclosure. Plaintiffs' argument that the terms of the Stipulated Protective Order do not apply because none of the allegedly "privileged" portions of the LCO Plan was referenced during the deposition is misguided, as the terms of the Stipulated Protective Order do not require that any specific portion of a document used during a deposition be referenced, but rather, only that the document "has been used." *Id.*

**WINSTON & STRAWN** LLP

Mr. Kurt G. Calia, Esq.
October 6, 2006
Page 2

Furthermore, Plaintiffs' claim that Defendants' "September 22 letter was untimely," and therefore "defendants cannot now seek to retain the unredacted version of the LCO plan," is misplaced. Paragraph 29(c) of the Stipulated Protective Order makes clear that *"notwithstanding any other provision of this Order*, failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only." Stipulated Protective Order ¶ 29(c) (emphasis added). Therefore, any alleged untimeliness on the part of Defendants is beside the point and does not cure Plaintiffs' waiver. Defendants reserve the right to raise these arguments and others, including the merits of any alleged underlying privilege assertions, should this matter be brought to the Court's attention.

With respect to the Shire Business Memo, Plaintiffs still have not identified what roles the authors or recipients have at their employers, or indeed who works for whom, despite Defendants' reasonable request for such information in its September 22, 2006 letter. Specifically, the document lists the following individuals by name as authors and/or recipients: R.G. Gelbman, E.D. Strobino, C.H. Johnson, Valentino Tanca, Ajit Shetty, Staf Van Reet, T. Heyman, J. Laurijssen, T.P. Oei, and G. Vercauteren. In addition, the document lists as recipients all members of the "Pharmaceutical/Diagnostics Group Operating Committee" and all members of the "Executive Committee." Unless and until Plaintiffs provide this information, it is impossible for Defendants to determine if this document is subject to the protections of the attorney-client privilege, as Plaintiffs claim. I do note that Filip Verhoeven is not listed as an author or recipient on the Shire Business Memo. Further, it does not appear that the redacted portions in fact contain legal advice. However, regardless of whether "the redacted portions of the document consist of specific legal analysis and interpretation obtained through communications with counsel," as Plaintiffs claim, any disclosure of such allegedly "privileged" information to a third party destroys any such privilege. Therefore, we once again request that Plaintiffs please provide the requested identities and employment status of the authors and recipients of the document.

Very truly yours,

Taras A. Gracey

cc:    Alan Bernstein, Esq. (via email)
       Mona Gupta, Esq. (via email)
       Edward C. Donovan, Esq. (via email)
       Karen Robinson (via email)
       John K. Hsu, Esq. (via email)
       James P. Barabas, Esq. (via email)
       Amy D. Brody, Esq. (via email)
       Stuart Sender, Esq. (via email)

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2006, the attached **REDACTED**

**PUBLIC VERSION OF PLAINTIFFS' MEMORANDUM SUPPORTING MOTION**

**SEEKING RETURN OR DESTRUCTION OF PRIVILEGED DOCUMENTS** was served

upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806 | HAND DELIVERY |
| Lynn M. Ulrich, Esquire<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 | VIA ELECTRONIC MAIL |
| Frederick L. Cottrell, III, Esquire<br>Richards, Layton & Finger<br>One Rodney Square<br>Wilmington, DE 19801 | HAND DELIVERY |
| Alan H. Bernstein, Esquire<br>Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.<br>1635 Market Street, 12th Floor<br>Philadelphia, PA 19103 | VIA ELECTRONIC MAIL |

*/s/ John G. Day*

_____

John G. Day