IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | ) <br> ) Civil Action No.: 05-356 (KAJ) <br> )          (consolidated) <br> ) <br> ) **REDACTED PUBLIC** <br> ) **VERSION** |

**DEFENDANTS BARR LABORATORIES, INC.'S AND BARR  PHARMACEUTICALS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION SEEKING RETURN OR DESTRUCTION OF "PRIVILEGED" DOCUMENTS**

PHILLIPS GOLDMAN & SPENCE, P.A.
John C. Phillips, Jr. (Bar No. 110)
Brian E. Farnan (Bar No. 4089)
1200 N. Broom Street
Wilmington, DE 19806
Tele: (302) 655-4200
Fax: (302) 655-4210
JCP@pgslaw.com

and

WINSTON & STRAWN LLP
George C. Lombardi (admitted *pro hac vice*)
Taras A. Gracey (admitted *pro hac vice*)
Lynn M. Ulrich (admitted *pro hac vice*)
Mustafa A. Hersi (admitted *pro hac vice*)
35 West Wacker Drive
Chicago, IL 60601
Tele: (312) 558-5600
Fax: (312) 558-5700
lulrich@winston.com

Attorneys for Defendants Barr Laboratories, Inc.
and Barr Pharmaceuticals, Inc.

Date: October 30, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

SUMMARY OF THE ARGUMENT ................................................................. iii

STATEMENT OF FACTS .................................................................................. 1

ARGUMENT ....................................................................................................... 2

I.    The Law of Privilege ................................................................................ 2

      A.    The Burden is on the Party Claiming the Privilege ...................... 2

      B     The Attorney Work Product Doctrine. .......................................... 3

      C.    The Attorney-Client Privilege. ....................................................... 3

II.   Plaintiffs have not established which country's (or state's) privilege law applies .. 4

III.  The "LCO Plan" ..................................................................................... 5

      A     Plaintiffs have waived any and all applicable privileges with respect
            to the LCO Plan ............................................................................... 5

      B.    The redacted portions of the LCO Plan are not privileged ......... 6

IV.   The 〈REDACTED〉 Business Memo" ......................................................... 18

      A.    Plaintiffs have failed to identify the identities of the individuals named
            as authors and recipients on the 〈REDACTED〉 Business Memo despite Defendants'
            reasonable requests to do so.... ....................................................... 19

      B.    The redacted portions of the 〈REDACTED〉 Business Memo are not privileged ....... 20

CONCLUSION..................................................................................................... 24

## TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE(S)**

*Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer*, 188 F.R.D. 189
    (S.D.N.Y. 1999)                                                           4

*Holmes v. Pension Plan of Bethlehem Steel Corp.*,
    213 F.3d 124 (3rd Cir. 2000)                                              3

*In re Ford Motor Co. v. Kelly*, 110 F.3d 954 (3rd Cir. 1997)                  3

*In re G-I Holdings, Inc.*, 218 F.R.D. 428 (D.N.J. 2003)                       2

*In re Rivastigmine Patent Litigation (MDL No. 1661)*, 237 F.R.D. 69
    (S.D.N.Y. 2006)                                                        2, 3, 7

*Neuder v. Battelle Pacific Northwest Nat'l Lab.*, 194 F.R.D. 289
    (D.D.C. 2000)                                                             4

*Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851 (3rd Cir. 1994)   4

*Smithkline Beecham Corp. v. BASF Corp.*, 232 F.R.D. 467 (E.D. Pa. 2005)      3

*Upjohn Co. v. U.S.*, 449 U.S. 383 (1981)                                      4

*U.S. v. Ernstoff*, 183 F.R.D. 148 (D.N.J. 1998)                              3

*U.S. v. Defazio*, 899 F.2d 626 (7th Cir. 1990)                               4

*Westinghouse Elec. Corp. v. Republic of Phillipines*, 951 F.2d 1414
    (3rd Cir. 1991)                                                          19

## SUMMARY OF THE ARGUMENT

I.    Under the terms of the Stipulated Protective Order entered in this case, Plaintiffs have waived any and all applicable privileges for the Life Cycle Opportunity (LCO) Plan, (JAN RAZ 0192627 - JAN RAZ 0192641), and therefore, Defendants are not required to return or destroy the document.

II    Plaintiffs have failed to meet their burden of establishing that the attorney-client and/or attorney work product doctrine apply to either the LCO Plan (JAN RAZ 0192627 - JAN RAZ 0192641) or the ᵣₑₐₐcₜₑₐBusiness Memo (JAN RAZ 0177809 - JAN RAZ 0177812), and therefore, Defendants are not required to return or destroy the documents.

### STATEMENT OF FACTS

Plaintiffs' Motion and Defendants' Response are before this Court due to a discovery dispute between the Parties over whether the terms of the Stipulated Protective Order require that Defendants return or destroy several allegedly "privileged" documents that were voluntarily produced by Plaintiffs at an earlier stage in this litigation.

On June 23, 2006, Plaintiffs voluntarily produced JAN RAZ 0192627 - JAN RAZ 0192641 (the "LCO Plan" (attached hereto as Exhibit 1)). On June 28, 2006, a defendant in this case used this document as an exhibit during the 30(b)(6) deposition of Janssen's designee.

On September 5, 2006, Plaintiffs informed Defendants that Plaintiffs were claiming that this document was privileged, that it was inadvertently produced, and thus sought return of the unredacted version of the document. Defendants responded on September 22, 2006, stating that, by using the LCO Plan document at a deposition, Plaintiffs had waived any claim to privilege because Plaintiffs had waited too long, as stated in ¶ 29(c) of the Stipulated Protective Order. In a subsequent October 6, 2006 letter, Defendants reserved the right to raise issues with the underlying privilege assertions themselves.

On May 4, 2006, Plaintiffs voluntarily produced JAN RAZ 0177809 - JAN RAZ 0177812 (the " ⟨⟨⟨ Business Memo") (attached hereto as Exhibit 2). On September 15, 2006, Plaintiffs informed Defendants that this document was privileged, that it was inadvertently produced, and sought return of the unredacted version of the document. On this same date, Plaintiffs supplied Defendants with a redacted version of the document. Defendants responded on September 22, 2006, requesting that Plaintiffs identify the authors and recipients listed on the document and for whom they worked. Defendants also stated that the document itself did not appear to be covered by the ambit of the attorney-client or work product privilege. Defendants

1

reiterated these concerns in a October 6, 2006 letter, and Plaintiffs still have not provided the requested information.

## ARGUMENT

Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively, "Defendants") submit this Response in Opposition to Plaintiffs' Motion Seeking Return or Destruction of "Privileged" Documents, specifically the "Life Cycle Opportunity (LCO) Plan" and the "*REDACTED* Business Memo." With respect to the LCO Plan, (JAN RAZ 0192627 - JAN RAZ 0192641) (Ex. 1), Plaintiffs have waived any and all applicable privileges. With respect to the *REDACTED* Business Memo, (JAN RAZ 0177809 - JAN RAZ 0177812) (Ex. 2), Plaintiffs have failed to identify adequately the authors and recipients listed on the document, despite two reasonable requests by Defendants to do so. With respect to both documents, Plaintiffs have failed to meet their burden of establishing that the attorney-client and/or attorney work product doctrine apply. Accordingly, Defendants respectfully request that Plaintiffs' Motion be denied.[1]

## I.    The Law of Privilege

### A.    The Burden is on the Party Claiming the Privilege

It is "axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship." *In re Rivastigmine Patent Litig. (MDL No. 1661)*, 237 F.R.D. 69, 74 (S.D.N.Y. 2006) (quoting *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224-225 (2d Cir. 1984); *In re G-I Holdings, Inc*, 218 F.R.D. 428, 436 n.2 (D.N.J. 2003). This burden is "not discharged by mere

---

[1]    As an initial matter, in filing this Motion, Plaintiffs have failed to comply with the terms of the Court's Scheduling Order, and therefore Plaintiffs' Motion should be stricken as improper. Paragraph 4(f) of that Order states "[s]hould counsel find they are unable to resolve a discovery dispute, the party seeking relief shall contact Chambers . to schedule a telephone conference" (Scheduling Order at ¶ 4(f) (attached hereto as Exhibit 3)) Under the terms of this Order, "the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position of those issues " (*Id*) "Disputes over protective orders are to be addressed in the first instance in accordance with [Paragraph 4(f)] " (*Id*)

conclusory or ipse dixit assertions." *In re Rivastigmine*, 237 F.R.D. at 74. As shown below, Plaintiffs have not met their burden with respect to either the LCO Plan or the ✍REDACTED Business Memo, and therefore, Plaintiffs' Motion should be denied.

### B.    The Attorney Work Product Doctrine

It is black letter law that the work product doctrine is a qualified privilege that protects only materials prepared *in anticipation of or for litigation*. *In re Ford Motor Co. v. Kelly*, 110 F.3d 954, 967 (3rd Cir. 1997) (emphasis added). This privilege is limited in that materials prepared in the regular course of business, *even if prepared by an attorney*, are not protected. *See Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3rd Cir. 2000) (noting that "[w]ork product prepared in the ordinary course of business is not immune from discovery"). Plaintiffs have not demonstrated (nor can they) that the LCO Plan or ✍REDACTED Business Memo "can fairly be said to have been prepared or obtained because of the prospect of litigation." *United States v. Ernstoff*, 183 F.R.D. 148, 155 (D.N.J. 1998). Plaintiffs have not identified any litigation that they were anticipating. Therefore, Plaintiffs' claim that the LCO Plan and ✍REDACTED Business Memo "contain information that is subject to the. . . attorney work product doctrine" is simply incorrect (Plaintiffs' Memorandum at 2), and therefore should be disregarded by this Court.

### C.    The Attorney-Client Privilege

The attorney-client privilege "is restricted to those instances where employees secure legal, *not business*, advice or services, or where in-house counsel provides *legal advice* or legal services to corporate personnel." *Smithkline Beecham Corp. v. BASF Corp*, 232 F.R.D. 467, 479 (E.D. Pa. 2005) (emphasis added). Indeed, any "privileged" communication between the client and counsel must have been for "the purpose of securing either (i) an opinion of law or

(ii) legal services or (iii) assistance in some legal proceeding." *Rhone-Poulenc Rorer, Inc. v Home Indem. Co.*, 32 F.3d 851, 862 (3rd Cir. 1994)

In addition, the Supreme Court has noted that "'the protection of the [attorney-client] privilege extends only to communications and *not to facts.*'" *Upjohn Co. v. United States*, 449 U.S. 383, 395-396 (1981) (emphasis added). "Communications from attorney to client are privileged only if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence." *U.S. v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990). When an attorney "conveys to his client facts acquired from other persons or sources, those facts are not privileged." *Neuder v. Battelle Pac. Northwest Nat'l Lab*, 194 F.R.D. 289, 292 (D.D.C. 2000). As shown below, the redacted portions of the LCO Plan and  Business Memo, over which Plaintiffs claim a privilege, do not represent or reflect legal advice, and indeed, often convey only factual information which is not the subject of attorney-client confidences.

## II.    Plaintiffs have not established which country's (or state's) privilege law applies

Plaintiffs have not informed Defendants (or this Court) if the documents in question came from the United States offices of Janssen, the European offices of Janssen, or from some other locale altogether. This information is important, as the privilege laws of the United States and Europe may differ in significant respects. Indeed, in many European countries, communications with in-house counsel are not privileged. *See In re Rivastigmine*, 237 F.R.D. at 76 (noting that Swiss law does not recognize a privilege comparable to the attorney-client privilege for in-house attorneys and patent agents); *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer*, 188 F.R.D. 189, 201 (S.D.N.Y. 1999) (noting the same for French law with respect to in-house patent agents). By failing to indicate which country's (or state's, for that

matter) privilege laws apply, Plaintiffs cannot establish the essential elements of the privileged relationship, and therefore, Plaintiffs' Motion should be denied.

## III.    The "LCO Plan" (Ex. 1, JAN RAZ 0192627 - JAN RAZ 0192641)

As demonstrated more fully below, the LCO Plan is not privileged. Nevertheless, irrespective of whether this document is, in fact, privileged, Plaintiffs have waived any claim of privilege over this document. Therefore, Plaintiffs' Motion with respect to the LCO Plan should be denied.

### A.    Plaintiffs have waived any and all applicable privileges with respect to the LCO Plan

Paragraph 29(c) of the Stipulated Protective Order states clearly that "[o]nce an inadvertently produced document or information has been used during a deposition.    the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production." (Stipulated Protective Order ¶29(c) (Plaintiffs' Memorandum at Ex. H)). Furthermore, "[n]othwithstanding any other provision of this Order, failure to provide notice within this three (3) week period *shall* constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only." (*Id.* (emphasis added)). Plaintiffs do not dispute that Defendants marked *and used* the LCO Plan as an exhibit during the 30(b)(6) deposition of Janssen's designee, Christina Kauffman, taken on June 28, 2006. (*See* Plaintiffs' Memorandum at 2). Plaintiffs also do not dispute that they *did not* provide the required notice of its "inadvertent" production to Defendants until September 1, 2006, more than 8 weeks after the initial use of the document at the Kauffman deposition, and did not request the return of the document until September 5, 2006.    (*See* Plaintiffs' Memorandum at 3). Plaintiffs have failed to comply with the requirements of paragraph 29(c) of

5

the Stipulated Protective Order, and therefore, any and all applicable privileges attached to the LCO Plan have been waived, as mandated by the Protective Order.

Plaintiffs' argument that "[b]ecause no effort was made to examine Ms Kauffman on the privileged content concerning patents, patent applications, and regulatory matters, there was no waiver of the privileged status of that information" does not change this analysis (Plaintiffs' Memorandum at 5). By its terms, the Stipulated Protective Order *does not require* that any specific portion of a document "used during a deposition" be referenced, but rather, only that the *document* "has been used." (Stipulated Protective Order ¶ 29(c) (emphasis added)). It is undisputed that the LCO Plan was "used during a deposition" (on June 28, 2006), and, as such, Plaintiffs were required to provide notice of this disclosure by July 19, 2006. As noted above, Plaintiffs failed to provide such timely notice, and therefore, any claims to privilege with respect to this document have been waived.[2]

**B.      The redacted portions of the LCO Plan are not privileged**

Even if the Court were to find that Plaintiffs have not waived any and all applicable privileges with respect to the LCO Plan, Plaintiffs' Motion should be denied, as the contents of the LCO Plan are not, in fact, privileged, nor have Plaintiffs met their burden to show that they are.

For example, the mere fact that the redacted portion of the LCO Plan "concern[s] patents, future patent applications, and potential regulatory filings" does not, standing alone, support a claim of privilege, as Plaintiffs seem to imply (Plaintiffs' Memorandum at 3), and is, in

---

[2]      Plaintiffs' additional claim that "Barr has waived its right to challenge the assertion of privilege and inadvertent production by waiting longer than 14 days to respond to Plaintiffs' written request for the return or destruction of the document as provided by Paragraph 29(c) of the Stipulated Protective Order" is equally unavailing, and, in fact is beside the point  (Plaintiffs' Memorandum at 4). Paragraph 29(c) of the Stipulated Protective Order states clearly that: "*Notwithstanding any other provision of this Order,* failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges " (Stipulated Protective Order ¶ 29(c) (emphasis added)). Therefore, any purported "failure" on the part of Barr does not affect the Plaintiffs' waiver of privilege with respect to the LCO Plan

fact, more in line with a "mere conclusory or ipse dixit assertion." *In re Rivastigmine*, 237 F R D. at 74   Likewise, Plaintiffs' blanket assertion that the LCO Plan is privileged simply because "an in-house patent lawyer assisted with the preparation of this document and provided legal advice concerning each of the redacted portions" is not sufficient to establish privilege over obviously non-privileged material, for the reasons noted above.  In fact, as is shown below, the non-privileged, business and scientific nature of this document is clear.

Furthermore, Plaintiffs *are not* asserting a privilege over the entire content of the LCO Plan.  Indeed, Plaintiffs' counsel has acknowledged that, for example,

**REDACTED**

Based on the review that follows, it is clear that the following redacted portions of the LCO Plan *are not* privileged and therefore, for yet another reason, Plaintiffs' Motion with respect to the LCO Plan should be denied.

**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 192630)

**REDACTED**

**Defendants' Response**

**REDACTED**

There is nothing contained in this paragraph that can properly be called legal advice, or reflecting legal advice, even if, as Plaintiffs claim (without any affidavit of support), it was prepared by or with the assistance of counsel.  Factual

7

information about                    **REDACTED**                    is not privileged, but rather

simply of a business nature.


**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 0192630)


**REDACTED**


**Defendants' Response**

**REDACTED**

There is nothing contained in this paragraph that can properly be called legal advice, or

reflecting legal advice, even if, as Plaintiffs claim (without any affidavit of support), it was

prepared by or with the assistance of counsel.            **REDACTED**

Indeed, this paragraph represents the sort of factual information

which is not protected by the attorney-client privilege.


**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 0192630)


**REDACTED**


**Defendants' Response**

**REDACTED**

There is nothing contained in this paragraph

8

that constitutes or reflects legal advice, even if prepared by or with the assistance of counsel.

General factual information about                **REDACTED**

is not privileged.

**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 0192630 - JAN RAZ 0192631)

**REDACTED**

**Defendants' Response**

These paragraphs provide an update on

**REDACTED**

9

REDACTED                    General information about        REDACTED         in

this context is not privileged. There is no indication this information came from or had to come

from an attorney (or reflect legal advice). While Janssen may feel this information is proprietary

or wish to keep it confidential, that does not mean it is protected under the attorney-client or

attorney work product privileges  Rather, the appropriate step to take is to mark it confidential

under the protective order, as Janssen has done.


**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 0192631)


REDACTED


**Defendants' Response**

                    This paragraph states that Plaintiffs

REDACTED

There is nothing in this paragraph that constitutes or reflects legal advice, even if, as Plaintiffs

claim (without any affidavit of support), it was prepared by or with the assistance of counsel.

General information about        REDACTED        in this context is not privileged.

Furthermore, Defendants' commercial success expert Harry C. Boghigian relied upon this

paragraph of the LCO Plan in formulating the opinions contained in his Responsive Expert

Report. (Boghigian Responsive Report at ¶ 51 and Ex. B, attached hereto as Ex. 4
_____


REDACTED


10

REDACTED

**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 0192631)

REDACTED

**Defendants' Response**

   This paragraph states that Plaintiffs

    REDACTED     There is nothing in this paragraph that can

properly be called legal advice, or reflecting legal advice, even if, as Plaintiffs claim (without

any affidavit of support), it was prepared by or with the assistance of counsel. General factual

information about  REDACTED  in this context is not privileged.

**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 0192631 - JAN RAZ 0192632)

REDACTED

11

**REDACTED**

**Defendants' Response**

    These paragraphs discuss

                                                 This is scientific information,

not legal information.        **REDACTED**

                                      Nothing in this table contains or reflects legal advice

**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 0192635)

**REDACTED**

**Defendants' Response**

        These paragraphs do not contain or reflect legal advice, even if, as Plaintiffs claim (without any affidavit of support), they were prepared by or with the assistance of counsel.

**REDACTED**

12

REDACTED

**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 0192636)

REDACTED

**Defendants' Response**

Paragraphs **B) - F)** above clearly represent the sort of "scientific" information

that,                    REDACTED                    , cannot be redacted under a claim of privilege.

There is *nothing* in these paragraphs to suggest,

as Plaintiffs maintain, that the information contained therein contains or reflects legal advice.

Scientific information

REDACTED

is not privileged

———————————

REDACTED

13

Indeed, these redactions are plainly scientific/factual information which is not protected by the
attorney-client privilege

**Portion Claimed "Privileged"**  (Ex. 1 at JAN RAZ 0192637)

**REDACTED**

**Defendants' Response**

      The content of this paragraph is clearly scientific in nature and does not represent
or reflect legal advice, even if prepared by or with the assistance of counsel.  In addition, the
cited portions of the follow-up questions listed are not seeking legal advice or a legal opinion,
nor reflecting the same.

**REDACTED**

Scientific information                                                    is

not privileged.

      In addition, Defendants' commercial success expert Harry C. Boghigian relied
upon this paragraph of the LCO Plan in formulating the opinions contained in his Responsive

———————————————

**REDACTED**

14

Expert Report. (Ex. 4 at ¶ 51 (noting that, from the contents of the LCO Plan,

**REDACTED**

**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 0192637)

**REDACTED**

**Defendants' Response**

      This paragraph merely states that

**REDACTED**           Nothing in this paragraph

represents or reflects legal advice, even if prepared by or with the assistance of counsel. Furthermore, Defendants' commercial success expert Harry C. Boghigian relied upon this paragraph of the LCO Plan in formulating the opinions contained in his Responsive Expert Report. (Ex. 4 at ¶ 51

**REDACTED**

REDACTED

**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 0192638)

REDACTED

**Defendants' Response**

These paragraphs discuss                REDACTED

Nothing in these paragraphs represent or reflect legal advice, even if prepared by or with the assistance of counsel; rather, they reflect mere business discussions.

**Portion Claimed "Privileged"** (Ex. 1 at JAN RAZ 0192638)

REDACTED

16

**Defendants' Response**

These paragraphs discuss scientific issues with respect to

REDACTED                      The above cited paragraphs do not contain or reflect legal

advice, even if, as Plaintiffs claim, they were prepared by or with the assistance of counsel.

Rather, these are of a scientific and/or business nature.  Such things

REDACTED                                    are not privileged.

**Portion Claimed "Privileged"**  (Ex. 1 at JAN RAZ 0192639)

REDACTED

**Defendants' Response**

This paragraph states

REDACTED

There is nothing in this paragraph that can properly be

called legal advice, or reflecting legal advice, even if prepared by or with the assistance of

counsel.

In addition, Defendants' commercial success expert Harry C. Boghigian relied upon

this paragraph of the LCO Plan in formulating the opinions contained in his Responsive Expert

Report  (Ex. 4 at ¶ 51

REDACTED

17

REDACTED


<u>Claimed Privilege</u> (Ex. 1 at JAN RAZ 0192639 - JAN RAZ 0192640)


REDACTED


<u>Defendants' Response</u>

This paragraph discusses

REDACTED                 There is nothing

in this paragraph that can properly be called legal advice, or reflecting legal advice, even if

prepared by or with the assistance of counsel. General information about

REDACTED                         is not privileged.


IV.    THE "    REDACTED    BUSINESS MEMO" (Ex. 2, JAN RAZ 0177809 - JAN RAZ 0177812)

All contrary assertions aside, Plaintiffs *have not* identified adequately the basis for

their assertion of privilege over the    REDACTED    Business Memo, despite two reasonable requests by

Defendants to do so. Specifically, Defendants have twice requested that Plaintiffs provide the

identities and employment status of all of the named authors and recipients on the    REDACTED    Business

Memo. (Gracey Sept. 22, 2006 letter to Calia, attached hereto as Ex. 5; Gracey Oct. 6, 2006

letter to Calia, attached hereto as Ex. 6). As of this date, Plaintiffs still have failed to provide the

requested information  Notwithstanding this fact, the    REDACTED    Business Memo is not, in fact,

18

privileged, and therefore, Plaintiffs' Motion with respect to the ⟨REDACTED⟩ Business Memo should be denied.

A.    **Plaintiffs have failed to identify the identities of the individuals named as authors and recipients on the ⟨REDACTED⟩ Business Memo despite Defendants' reasonable requests to do so**

As identified in Defendants' October 6, 2006 letter (Ex. 6), regardless of whether the document contains the thoughts and mental impressions of one        REDACTED        as Plaintiffs claim,[6] it is established precedent that "voluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of privilege." *Westinghouse Elec. Corp. v. Republic of Phillipines*, 951 F 2d 1414, 1424 (3rd Cir 1991). The ⟨REDACTED⟩ Business Memo has *ten individuals* identified by name as either authors or recipients of the document. In addition, the document lists as recipients *all members* of the

REDACTED                        and all members of the        REDACTED

Even assuming, *arguendo*, that the information contained in the ⟨REDACTED⟩ Business Memo does represent the thoughts and impressions of counsel, Plaintiffs have the burden of establishing that any alleged privilege was not destroyed by disclosure to any third parties. *See* Fed. R. Civ. P. 26(b)(5) (the party asserting a privilege "shall describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the applicability of the privilege or protection."). Unless and until Plaintiffs establish the basis for their assertion of privilege over the ⟨REDACTED⟩ Business Memo, the Court should deny Plaintiffs' Motion with respect to this document.

---

[6]    It should be noted that *nowhere* in the ⟨REDACTED⟩ Business Memo is        REDACTED        identified as an author, recipient or contributor to the contents of the document Moreover, Plaintiffs have not submitted an affidavit from        REDACTED        in support of their motion as they should have

[7]    Plaintiffs have not identified the location of each of the authors and recipients This impacts the determination of whose law to apply when analyzing whether a privilege exists

**B.**    **The redacted portions of the** REDACTED **Business Memo are not privileged**

The portions of the REDACTED Business Memo for which Plaintiffs are now claiming a privilege, do not in fact, contain or reflect legal advice, and therefore, the REDACTED Business Memo is not protected from discovery by the attorney-client privilege.  Indeed, Plaintiffs have done little to articulate a basis for their claim of privilege beyond their bald assertion that "the privileged nature of the unredacted version of . . . JAN RAZ 0177809-12, is apparent from its face." (Plaintiffs' Memorandum at 6).  The mere claim (without any affidavit of support) that Janssen's in-house counsel "provided legal advice regarding the redacted portions" of the document is insufficient to establish privilege over portions of the document for the reasons noted above.  In fact, as is shown below, the non-privileged, business nature of the document is, in Plaintiffs' words, "apparent from its face."


**Portion Claimed "Privileged"** (Ex. 2 at JAN RAZ 0177809)


**REDACTED**


**Defendants' Response**

On its face, this paragraph presents a


**REDACTED**


20

**Portion Claimed "Privileged"** (Ex. 2 at JAN RAZ 0177809)

REDACTED

**Defendants' Response**

On its face, this paragraph presents a

REDACTED

does not

constitute privileged information, even if prepared by or at the direction of counsel, as this

information does not constitute or reflect legal advice.  Again, it is in line with   REDACTED

REDACTED   In fact, Plaintiffs have produced       REDACTED       so to the extent that any of

this information was privileged (which it is not), such privilege would be waived.

REDACTED

**Portion Claimed "Privileged"** (Ex. 2 at JAN RAZ 0177810)

REDACTED

**Defendants' Response**

On its face, the first sentence of this paragraph is clearly not privileged,

REDACTED

does not constitute or reflect legal advice.  The second sentence is also clearly not

privileged, as no legal advice                     REDACTED

21

REDACTED                                        even if a lawyer was

involved   There is nothing to suggest, nor have Plaintiffs so suggested, that this was

REDACTED


**Portion Claimed "Privileged"** (Ex. 2 at JAN RAZ 0177811)


REDACTED


**Defendants' Response**

On its face, this entire section is a factual discussion

REDACTED

Nothing in this section is conveying or reflecting legal advice   Also, as discussed above,

this information is contained in documents already produced, and thus any purported privilege

would be waived.


**Portion Claimed "Privileged"** (Ex. 2 at JAN RAZ 0177811)


REDACTED


**Defendants' Response**

On its face, this paragraph is           REDACTED

REDACTED                There is nothing contained in this paragraph that can properly be

---

REDACTED

22

called legal advice, or reflecting legal advice, even if prepared by or with the assistance of counsel. Indeed, this paragraph represents the sort of factual information which is not protected by the attorney-client privilege.

**Portion Claimed "Privileged"** (Ex. 2 at JAN RAZ 0177811 - JAN RAZ 0177812)

**REDACTED**

**Defendants' Response**

This entire section provides a                    **REDACTED**

On its face, this section provides nothing more than

**REDACTED**                    There is nothing in this            REDACTED to

suggest that it contains legal advice or that the information contained is somehow privileged  To

the contrary, this section is nothing more than a            **REDACTED**

It is simply a              **REDACTED**              that does not make

it privileged.

---

**REDACTED**

23

**CONCLUSION**

For the reasons set forth above, Defendants respectfully request that Plaintiffs'

Motion Seeking Return or Destruction of Privileged Documents be denied

Dated: October 23, 2006                    Respectfully submitted,

John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
PHILLIPS, GOLDMAN & SPENCE, P A
1200 North Broom St.
Wilmington, DE 19806
Tele: (302) 655-4200
Fax: (302) 655-4210
JCP@pgslaw.com

George C. Lombardi
Taras A. Gracey
Lynn M. Ulrich
Mustafa A. Hersi
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tele: (312) 558-5600
Fax: (312) 558-5700
lulrich@winston.com

*Attorneys for Defendants Barr Laboratories,
Inc. and Barr Pharmaceuticals, Inc.*

24