# Exhibit 5

## WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

TARAS A. GRACEY
(312) 558-8087
tgracey@winston.com

September 22, 2006

**VIA FEDEX AND E-MAIL**
Mr. Kurt G. Calia
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401

   Re:  In Re: '318 Patent Infringement Litigation (C.A. No. 05-00356 (KAJ))

Dear Kurt:

   This letter is in response to Plaintiffs' request for the return of allegedly "inadvertently produced" documents.

   It is Defendants' position that the document bates stamped JAN RAZ 0192627-0192641, which is titled **REDACTED** is not privileged. This document **REDACTED** fall outside of the scope of attorney-client or work product privilege. Nevertheless, irrespective of whether this document is privileged, it is apparent that Plaintiffs have waived any claim of privilege over this document.

   Defendants marked the LCO Plan as Exhibit No. 3 during the 30(b)(6) deposition of Janssen employee, Christina Kauffman, which was taken on June 28, 2006. Under the Stipulated Protective Order, "once an inadvertently produced document or information has been used during a deposition ... the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production." Stipulated Protective Order ¶ 29(c). Under the Stipulated Protective Order, "failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only." *Id.*

   Under the Stipulated Protective Order, Plaintiffs were required to notify Defendants of the alleged "inadvertent production" of this document by July 20, 2006. Plaintiffs failed to meet that deadline. Indeed, it was not until over 2 months later that Plaintiffs made the claim of "inadvertent production." Consequently, any "privilege" extending to this document

WINSTON & STRAWN LLP
Mr. Kurt G. Calia, Esq.
September 22, 2006
Page 2

has been waived by Plaintiffs under the mutually agreed to Protective Order signed by Judge Jordan. Defendants, therefore, will not return or destroy this document.

With respect to the document bates stamped JAN RAZ 0177809-0177812, Plaintiffs have not identified the basis for their assertion of privilege over this document. Plaintiffs also have not identified what roles the authors or recipients have at their employers, or indeed who works for whom. Defendants have a good faith belief that the document is not privileged. It appears as though this document

**REDACTED**

**REDACTED**

did not constitute a communication to request or secure legal services or legal advice.

Even if one of the recipients of this document was an attorney, the "attorney-client privilege does not shield documents merely because they were transferred to or routed through an attorney. What would otherwise be routine, non-privileged communications between corporate officers or employees transacting the general business of the company do not attain privileged status solely because in-house or outside counsel is 'copied in' on correspondence or memoranda." *Smithkline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 478 (E.D. Pa. 2005). Attorney-client privilege is "restricted to those instances where employees secure legal, not business, advice or services, or where in-house counsel provides legal advice or legal services to corporate personnel." *Id.* Consequently, Defendants believe that they have a good-faith basis for refusing Plaintiffs' request to return or destroy this allegedly privileged document.

Please feel free to contact me with any questions or comments.

Very truly yours,

Taras A. Gracey/mstt

Taras A. Gracey

cc: Lynn M. Ulrich, Esq. (via e-mail)
    Mustafa A. Hersi, Esq. (via e-mail)
    Alan Bernstein, Esq. (via e-mail)
    Mona Gupta, Esq. (via e-mail)
    Edward C. Donovan, Esq. (via e-mail)
    John K. Hsu, Esq. (via e-mail)
    James P. Barabas, Esq. (via e-mail)
    Amy D. Brody, Esq. (via e-mail)
    Stuart Sender, Esq. (via e-mail)