# Exhibit 6

# WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N W
WASHINGTON, D.C 20006-3817

TARAS A. GRACEY
(312) 558-8087
tgracey@winston.com

October 6, 2006

**VIA U.S. MAIL AND E-MAIL**
Mr. Kurt G. Calia
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401

> Re:    In Re: '318 Patent Infringement Litigation (C.A. No. 05-00356 (KAJ))

Dear Kurt:

This letter is in response to your September 26, 2006 letter conveying Plaintiffs' position on the allegedly "inadvertently produced" documents bearing bates numbers JAN RAZ 019627 - 0192641 ("the LCO Plan") and JAN RAZ 0177809 - 0177812 (the REDACTED Business Memo").

With respect to the LCO Plan (without even commenting on the merits of any privilege assertion), Plaintiffs' position that "the waiver provision of the Stipulated Protective Order does not apply" is simply incorrect. Paragraph 29(c) of the Stipulated Protected Order clearly states that a waiver of privilege occurs when "an inadvertently produced document or information has been used during a deposition." Stipulated Protective Order ¶ 29(c). Plaintiffs do not dispute that Defendants marked *and used* the LCO Plan as Exhibit 3 during the 30(b)(6) deposition of Janssen employee, Christina Kauffman, taken on June 28, 2006. Therefore, this allegedly "inadvertently produced" document "has been used during a deposition," as contemplated by the Stipulated Protective Order, triggering Plaintiffs' obligation to provide Defendants with notice of the alleged "inadvertent production" within three weeks of the date of such disclosure. *Id.* Plaintiffs did not meet this obligation, failing to provide the required notice to Defendants until over two months after the disclosure. Plaintiffs' argument that the terms of the Stipulated Protective Order do not apply because none of the allegedly "privileged" portions of the LCO Plan was referenced during the deposition is misguided, as the terms of the Stipulated Protective Order do not require that any specific portion of a document used during a deposition be referenced, but rather, only that the document "has been used." *Id.*

WINSTON & STRAWN LLP
    Mr. Kurt G. Calia, Esq.
    October 6, 2006
    Page 2

        Furthermore, Plaintiffs' claim that Defendants' "September 22 letter was untimely," and therefore "defendants cannot now seek to retain the unredacted version of the LCO plan," is misplaced. Paragraph 29(c) of the Stipulated Protective Order makes clear that *"notwithstanding any other provision of this Order*, failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only." Stipulated Protective Order ¶ 29(c) (emphasis added). Therefore, any alleged untimeliness on the part of Defendants is beside the point and does not cure Plaintiffs' waiver. Defendants reserve the right to raise these arguments and others, including the merits of any alleged underlying privilege assertions, should this matter be brought to the Court's attention.

        With respect to the  REDACTED  Business Memo, Plaintiffs still have not identified what roles the authors or recipients have at their employers, or indeed who works for whom, despite Defendants' reasonable request for such information in its September 22, 2006 letter.

REDACTED

        Unless and until Plaintiffs provide this information, it is impossible for Defendants to determine if this document is subject to the protections of the attorney-client privilege, as Plaintiffs claim.   REDACTED

  REDACTED        Further, it does not appear that the redacted portions in fact contain legal advice. However, regardless of whether "the redacted portions of the document consist of specific legal analysis and interpretation obtained through communications with counsel," as Plaintiffs claim, any disclosure of such allegedly "privileged" information to a third party destroys any such privilege. Therefore, we once again request that Plaintiffs please provide the requested identities and employment status of the authors and recipients of the document.

        Very truly yours,

        Taras A. Gracey

cc:    Alan Bernstein, Esq. (via email)
       Mona Gupta, Esq. (via email)
       Edward C. Donovan, Esq. (via email)
       Karen Robinson (via email)
       John K. Hsu, Esq. (via email)
       James P. Barabas, Esq. (via email)
       Amy D. Brody, Esq. (via email)
       Stuart Sender, Esq. (via email)