IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE:                             )
'318 PATENT INFRINGEMENT           )   Civ. No. 05-356-SLR
LITIGATION                         )

**MEMORANDUM ORDER**

At Wilmington this 1st day of March, 2007, having reviewed the papers submitted in connection with plaintiffs Janssen Pharmaceutical N.V., Janssen, L.P. and Synaptech, Inc.'s motion seeking return or destruction of privileged documents;

IT IS ORDERED that said motion (D.I. 309) is granted in part and denied in part, for the reasons that follow:

1. With respect to the Life Cycle Opportunity Plan (JAN RAZ 0192627 - JAN RAZ 0192641), the motion is denied. Consistent with the clear language of ¶ 29(c) of the parties' stipulated protective order, "[o]nce an inadvertently produced document has been used during a deposition . . . , the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production." (D.I. 35, ¶ 29(c))  Although the movants concede that the document was identified at the deposition and the deponent was questioned about the document, nevertheless, the movants argue that they should be excused from their untimely request for return because the document was not

really "used." I find such reasoning to be strained, at best. Paragraph 29(c) speaks to the "document" being used, not the allegedly privileged portions of the document being "used". Moreover, given the remaining language of ¶ 29(c), I conclude that the purpose of the paragraph is to ensure that the producing party has been put on notice that the document has been produced and deemed relevant to the issues in the case. The use of the document at bar satisfied those purposes, despite the fact that the deponent was not familiar with the document and, therefore, was not questioned in depth about it.

    2. With respect to the Shire Business Memo (JAN RAZ 0177809 - JAN RAZ 0177812), the motion is granted. I have consistently held that draft licensing agreements written by counsel are not subject to disclosure. This case presents no facts justifying an exception to my practice.

                                                                 /s/ Sue L. Robinson
                                        United States District Judge