# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

April 24, 2007

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re:    *In re '318 Patent Infringement Litigation,*
       Civil Action No. 05-356-SLR (Consolidated)

Dear Chief Judge Robinson:

On behalf of the plaintiffs, I am writing regarding a concern in connection with the upcoming trial in the above action. I note that this did not appear to us to fall clearly into the category of issues that should be raised either by formal motion or by Your Honor's emergency e-mail procedure, and that it seemed to best lend itself to being raised by letter. However, if we are mistaken as to what the Court would have preferred, we apologize and respectfully ask that Your Honor please indulge our raising the issue in this form.

Our concern pertains to the number of days being allocated for trial. Judge Jordan's original and revised scheduling orders entered in October 2005 and January 2006 (D.I.s 30 and 81) both set aside 10 trial days, and last week's pretrial conference was the first we heard that the Court was considering reducing the amount of time set aside for trial. Although we expressed a visceral concern at that time, we now have had an opportunity to carefully consider our list of trial witnesses and exhibits and analyze the issue more thoroughly, and we are greatly concerned that the Court's proposed reduction will leave us with insufficient time to adequately present our case. Particularly because of the added flexibility afforded by virtue of this being a bench trial, we therefore respectfully request that the Court consider an option other than a reduction in trial time in order to accommodate Your Honor's scheduling conflict during the week of May 28th.

The length of the case we present ultimately will depend to some extent upon the evidence that defendants decide to offer in an effort to satisfy their burden of proof, but we currently plan to call ten (10) live witnesses and at least two (2) witnesses via deposition.[1] As Your Honor will see at trial, the evidence of secondary considerations of non-obviousness is unusually extensive in this case, and our response to defendants' attack on the validity of the patent will take a substantial amount of time to present. If the Court would find it helpful to see

---

[1] Plaintiffs plan to avoid duplicative testimony to the maximum extent possible, and it is our intention to have all witnesses offer different fact and expert testimony. Additionally, if the Court, per its suggestion, permits the parties to submit reasonable deposition designations without reading those designations into the record, we anticipate saving at least an hour of plaintiffs' needed trial time. *See* Pretrial Conference Transcript at 28:17-23, April 18, 2007.

The Honorable Sue L. Robinson
April 24, 2007
Page 2

a summary of that evidence in order to better evaluate our request, we would be pleased to prepare something for Your Honor's review promptly. Based on our own analysis, however, in order to elicit the testimony that we believe necessary to adequately defend our clients' interests, we in good faith estimate that we will need 25 hours of trial time – which actually still is somewhat less than our share of the approximately 57 hours of total trial time that we assume typically would be available to the parties in a 10-day trial.

In order to accommodate the Court's unavailability during the week of May 28 – and do so without causing plaintiffs any prejudicial forfeiture of needed trial time – we respectfully propose the following possible solutions: (i) conduct trial during the week of May 21st as scheduled, but reconvene for a second week of trial as soon as the Court's calendar permits; (ii) utilize extended trial days in order to minimize the remaining trial time to be conducted at the next date when the Court is available; or (iii) either with or without extended trial days, permit plaintiffs 25 trial hours and reduce the number of hours allocated to defendants if they believe they can present their case in fewer than half the total available trial hours.

We appreciate the Court's consideration of this request, and we will make ourselves available at Your Honor's convenience if the Court wishes to discuss these issues further.

Respectfully,

/s/ *Steven J. Balick*

Steven J. Balick

SJB/dmf
179914.1

c:  John C. Phillips, Jr., Esquire (by hand and via electronic mail)
    Lynn M. Ulrich, Esquire (via electronic mail)
    Frederick L. Cottrell, III, Esquire (by hand and via electronic mail)
    Alan H. Bernstein, Esquire (via electronic mail)
    George F. Pappas, Esquire (via electronic mail)
    Edward V. Filardi, Esquire (via electronic mail)