IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) |
| | ) |
| | ) |
| '318 PATENT | )   Civ. No. 05-356-(SLR) |
| INFRINGEMENT LITIGATION | )   (consolidated) |

**BARR LABORATORIES, INC'S MOTION TO STRIKE, AND RESPONSE TO, PLAINTIFFS' APRIL 24, 2007 LETTER TO THE COURT**

Defendant, Barr Laboratories, Inc. ("Barr"), hereby moves to strike, and responds to, Plaintiffs' April 24, 2007 letter to the Court and states as follows:

1. The procedures set forth on the Court's website explicitly prohibit a party from seeking substantive relief by way of a letter and require all substantive requests to be in the form of a motion. Plaintiffs' April 24, 2007 letter was filed in violation of this directive and, therefore, should be stricken from the record. Barr notes that Plaintiffs' Motion in Limine regarding the testimony of Michael Rainer previously was stricken from the record for also violating the Court's guidelines.

2. Turning to the "merits" of Plaintiffs' request for more trial time, Plaintiffs repeat the same arguments made and rejected at the pretrial conference last week. This Court obviously has discretion to set time limits on the presentation of evidence at trial. FED. R. CIV. P. 16(c)(15). The 20 hour per side time limits set by the Court are reasonable, particularly given the changes that have occurred in the case since the first scheduling conference.

3. When Judge Jordan first set the case down for a ten day trial, the circumstances were completely different than they are today. At that time, there were thirteen Defendants

1

named in the complaint.[1]  Each Defendant was asserting non-infringement in addition to invalidity defenses and there was no commitment that the Defendants would be presenting a united case.

4.  Today, only two Defendants remain in the case and those two Defendants do not contest infringement, are cooperating with one another, plan to present a united defense, and will share experts at trial.  This case involves a single three page patent with only two asserted claims and three asserted grounds of invalidity.  Defendants intend to present only two technical experts, one a pharmacologist and the other a medical doctor with expertise in issues relating to Alzheimer's disease, a witness to rebut the Plaintiffs' testimony as to commercial success and perhaps corporate representatives.  Twenty hours set aside by the Court is adequate and fair for all parties involved.  Indeed, this is even more generous than the three or four trial days that Judge Jordan ultimately would have allowed the circumstances that now exist.[2]

5.  There is no unfairness in requiring that Plaintiffs present their case in the same amount of time that Defendants are being provided.  After all, it is Defendants who have the burden of proof on the issues remaining in the case.  If Plaintiffs choose to call all twelve of the witnesses that they listed for the Court, there is no prejudice in requiring that they do so in the same time that has been allotted to Defendants to make their case.

6.  Plaintiffs, however, certainly need not call all twelve witnesses.  Plaintiffs' trial witness list includes four medical experts whose expert reports contain virtually the same

---

[1]  Plaintiffs chose to sue both the paragraph IV ANDA filers and their parent corporations.  As the Court knows from the pretrial conference, this baseless filing against the parent corporations was discussed and is the subject of the Order recently entered by the Court.

[2]  At the initial scheduling conference, in response to a proposal that Defendants might agree not to contest infringement thereby moving up the trial date and truncating the trial, Judge Jordan responded as follows: "I don't disagree.  Well, go ahead and surprise me  Because it would surprise me if – but I would be delighted to be surprised, Mr. Gracey, if everybody said 'You know what? We confess infringement.  This is only a validity case.  We're going to cooperate with your experts.  We're going to have combined experts.'  *And then this case goes from a two-week bench trial to a three-or-four day bench trial, and you can bring it on in.*" (10/12/05 Hearing Tr at 28-29, D.I. 25 (emphasis added))

opinions: all four (Drs. Coyle, Cummings, Fillit and Raskind) opine in response to Defendants' invalidity case; regarding the alleged secondary considerations, all four opine on "unexpected benefits" and "skepticism," all but Dr. Coyle opine on "long-felt need, " and Drs. Cummings and Raskind both opine on "failure of others." Clearly, it is not necessary for all four of these experts to testify. Similarly, Plaintiffs intend to call Karen Kauffman, a nurse, apparently to testify on the alleged secondary considerations of "unexpected results" and "long-felt need," both of which will be covered by one of Plaintiffs' medical experts, making her testimony duplicative and unnecessary. Also, Plaintiffs intend to call Louis Morris, apparently to testify on "unexpected benefits" and "commercial success." As noted above, one of Plaintiffs' medical experts will testify about unexpected benefits and Plaintiffs will call Marion Stewart to testify on the alleged "commercial success" thus making Mr. Morris' testimony duplicative, irrelevant and/or unnecessary.

7. To the extent that Plaintiffs are seeking to extend the trial beyond the week of May 21 and potentially into June or even subsequent months, Defendants object. Delay is clearly a significant benefit to Plaintiffs because every day that the issue is not resolved is another day that their exclusivity over the products at issue is extended. As this Court is well aware, time is of the essence to Defendants. The '318 patent expires in December 2008. For Defendants to obtain the full benefit of the six months of marketing exclusivity to which they are entitled in the event that they prevail in this ANDA litigation, a final decision must be rendered by the Federal Circuit by June 2008, *at the latest*. Thus, delay beyond the currently scheduled trial dates has the potential to seriously prejudice the Defendants. Defendants ask, therefore, that the Court maintain the trial schedule set forth by the Court at the pretrial conference and confirmed in the subsequent order entered by the Court.

WHEREFORE, Barr respectfully requests that this Court strike Plaintiffs' letter, or, in the alternative, deny Plaintiffs' request to extend the trial of this matter.

        Respectfully submitted,
        PHILLIPS, GOLDMAN & SPENCE, P.A.

        By: _____
        John C. Phillips, Jr. (#110)
        Brian E. Farnan (#4089)
        1200 North Broom St.
        Wilmington, DE 19806
        Tele: (302) 655-4200
        Fax: (302) 655-4210
        JCP@pgslaw.com

        and

George C. Lombardi *(admitted pro hac vice)*
Taras A. Gracey *(admitted pro hac vice)*
Lynn M. Ulrich *(admitted pro hac vice)*
Mustafa A. Hersi *(admitted pro hac vice)*
David T. Bower *(admitted pro hac vice)*
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tele: (312) 558-5600
Fax: (312) 558-5700
lulrich@winston.com

*Attorneys for Defendants/Counterclaim-Plaintiffs Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.*

Date: April 25, 2007