THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | ) ) ) ) ) ) ) Civil Action No. 05-356-SLR (consolidated) <br><br> **REDACTED PUBLIC VERSION** |

PLAINTIFFS' STATEMENT REGARDING EXCLUSION
OF MICHAEL RAINER FROM TRIAL

After Barr identified Michael Rainer as a potential rebuttal witness, Plaintiffs filed a motion to exclude his testimony from trial because Barr (and the other defendants) had not previously identified him as a potential witness or even source of discoverable information in the case. Addressing this issue at the Pretrial Conference on April 18, 2007, the Court asked Barr to identify "how it is that the purpose for which [Barr] wanted to use this evidence was specifically and formally put at issue in this case so that everyone knew it was at issue and everyone had a full and fair opportunity to test," and it invited both parties to submit their positions. Ex. A, 4/18/07 Hr'g Tr. at 64:20-23. This statement responds to the Court's question.

I. **Barr Is Raising a New Issue That It Never "Specifically and Formally" Identified.**

As the Court noted at the pretrial conference, the issue here is not one of "surprise" as to Rainer's existence, but rather the "specific and formal" notice that Barr owed to Plaintiffs of the issue that Rainer's testimony would support – presumably, the issue of alleged "simultaneous invention."[1] The record is clear that Barr *never*

---

[1] Barr suggested for the first time at the Pretrial Conference that independent of simultaneous invention as part of its obviousness case, Rainer's testimony would bear on "the level of ordinary skill and what was in that level of skill." Ex. A, at 55:18-20. It is

"specifically and formally" introduced the issue of simultaneous invention and *never* identified Rainer as a possible trial witness for any purpose until its March 2, 2007 identification of Rainer as a rebuttal witness,[2] as demonstrated by the attached chronology. *See* Attachment 1. In fact, Barr responded in extensive detail to Plaintiffs' interrogatories seeking the factual bases of Barr's invalidity contentions and identity of individuals to support those contentions, but Barr omitted *any* reference to the issue of simultaneous invention, Rainer, or Waldheim.

Plaintiffs anticipate that Barr will direct the Court's attention to three instances as evidence that it adequately notified Plaintiffs of its contentions. Each is easily dismissed.

A.   *Fact Depositions of Dr. Bonnie Davis and Mr. John Richards*

As noted in the chronology (Attachment 1), in February 2006, Barr examined the inventor, Dr. Bonnie Davis, and her patent counsel, Mr. John Richards, on a number of subjects, including Rainer and Waldheim. But mere questions posed at deposition cannot be said to have "specifically and formally" placed Plaintiffs on notice that Barr was asserting alleged "simultaneous invention" or identifying Rainer as a trial witness.

---

clear, however, from Barr's Statement of Intended Proofs, that the issue Rainer's testimony would support is inextricably linked to simultaneous invention as part of its obviousness case.

**REDACTED**

Barr had never before made this suggestion and should not be permitted to bootstrap the issue of simultaneous invention into the case through the parties' dispute about the level of ordinary skill.

[2]   It is worth noting that Barr did not even identify Rainer in its disclosure of fact witnesses submitted on February 2, 2007 (as required by the Court's Standing Order and the parties' stipulation) and instead waited to disclose Rainer as a rebuttal witness on March 2, 2007. *See* Exs. Q & R. Yet it is difficult to conceive how Barr could legitimately characterize Rainer as a rebuttal witness, given Barr's stated intent to use Rainer as part of its obviousness case and as probative of the level of ordinary skill.

2

Indeed, these questions indicate that Barr was well aware of Rainer and Waldheim and the possibility of asserting simultaneous invention when it provided a detailed description of its patent invalidity contentions that omitted any reference to this issue (in response to Plaintiffs' interrogatory). *See* Ex. I.

### B. August 30, 2006 Discovery Hearing

In late August of 2006 – nearly two months after the close of fact discovery – Barr attempted unsuccessfully to seek Rule 30(b)(6) deposition testimony from Synaptech regarding Rainer and Waldheim.[3] At the April 18, 2007 Pretrial Conference, Barr asserted that notice of the issue of simultaneous invention was introduced in "transcripts in this Court before Judge Jordan" in which "[s]imulateneous invention [was] specifically discussed." Ex. A at 55:8-14. Though Barr referred to multiple transcripts, it appears that the issue of simultaneous invention (and Rainer or Waldheim) came up only once – during that August 30, 2006 discovery dispute teleconference, *after* fact discovery closed.

Judge Jordan barred Defendants from questioning Synaptech on simultaneous invention because the issue was not properly noticed. *See* Ex. N, 8/30/06 Hr'g Tr. at 89:5-18; 90:14-91:8; 93:25-94:13; 95:15-18; 102:2-5; 102:24-103:6; 106:7-16; 110:18-21. However, Judge Jordan left open the possibility of Synaptech being re-deposed on this issue if Defendants could later show that the Plaintiffs should have been on notice of the issue. *See id.* at 101:4-104:5, 105:8-107:10.

---

[3] The Synaptech Rule 30(b)(6) deposition was taken out-of-time due to a disagreement between the parties not resolved by Judge Jordan until after the close of fact discovery.

3

Defendants did *not* pursue a re-deposition of Synaptech; rather, they dropped the request despite have been given the opportunity to pursue the issue after showing proper notice had been given. Accordingly, Plaintiffs could only reasonably have concluded that Defendants were not pursuing the theory of simultaneous invention, particularly in light of Barr's repeated exclusion of the issue from its interrogatory responses and failure to make any amendment. *See* Exs. D & I. As such, the only reference to this issue before the Court was on a single occasion, during a teleconference in which the Court ruled that the issue of simultaneous invention had not been properly noticed. Defendants have done nothing to rectify this record.

C.   *Barr's Experts' Reports*

Lastly, Plaintiffs anticipate that Barr will claim that because its medical experts, Drs. Domino and Levey, referred to foreign, pre-clinical investigation of galantamine as a possible Alzheimer's treatment in their expert reports, Plaintiffs were "specifically and formally" notified about Rainer as a witness on the subject of simultaneous invention and/or level of skill in the art. Such reliance would be misplaced because the expert reports were served *after* the close of fact discovery, and moreover, because the issue of simultaneous invention is a question of fact, not opinion. Barr never moved the Court to re-open discovery related to Rainer or Waldheim, and thus Barr's experts relied on documents that were not authenticated and that Plaintiffs never had any opportunity to test during discovery. Surely Barr would not contend that in view of its failure to do so, *Plaintiffs* should have sought relief from the discovery deadlines to obtain foreign, third-party discovery to disprove allegations never made by Defendants during fact discovery.

Thus Barr cannot point to any instance – even after the close of fact discovery – in which it notified Plaintiffs of any intention to raise Rainer, Waldheim or simultaneous invention as a basis for alleged patent invalidity or for any other purpose. Accordingly, Plaintiffs could not reasonably have been expected to pursue foreign, third-party discovery of this issue. Were the discovery rules structured to permit the introduction at trial of new issues through new witnesses merely because the witnesses' names appear in the discovery record, litigants would be forced to conduct *purely defensive* discovery related to every document or person – even those not identified by their opponents in Rule 26(a) Initial Disclosures, Rule 30(b)(6) testimony, or interrogatory responses as bearing on a claim or defense – to protect against ambush at trial. Such an outcome is neither practicable nor contemplated by the Federal Rules of Civil Procedure.

However, Rainer's testimony, whether live or by deposition, should be excluded for two additional reasons: (a) the prejudice Plaintiffs will face by not being permitted an opportunity for full discovery on the issue of simultaneous invention; and (b) the untimeliness of Barr's attempt to reopen fact discovery.

## II. Plaintiffs Have Serious Concerns About the Trustworthiness of the Proffered Documents and Will Face Prejudice Without Full Discovery.

Contrary to Barr's suggestion at the Pretrial Conference, the introduction of Rainer's testimony would not be a simple matter of formally authenticating documents. Rather, Plaintiffs have serious concerns about the trustworthiness of the documents that Barr seeks to have Rainer "authenticate" and then permit its experts to introduce for substantive content to support alleged patent invalidity.

**REDACTED**

**REDACTED**

Given these genuine concerns, if Barr is allowed to depose Rainer (and Barr has filed no motion to extend discovery to do so, *see infra*), Plaintiffs would need a full and fair opportunity to test not only the authorship of the documents Barr proffers, but all other aspects of their content that bear on trustworthiness, which Plaintiffs believe would possibly require depositions of the institutions with which Rainer was affiliated and related document discovery.  Any result short of providing Plaintiffs with full and fair discovery would reward Barr for hiding its contentions until *after* the close of fact discovery, and would irredeemably prejudice Plaintiffs.

### III. The "Trial Deposition" of Rainer is Untimely Fact Discovery Barr Has Never Sought and Should Be Precluded from Obtaining Now.

Despite well over a year's notice of the existence of Rainer and Waldheim, Defendants never sought discovery from these foreign third parties.  In fact, since identifying Rainer as a potential rebuttal witness on March 2, 2007, and announcing its intention at the Pretrial Conference on April 18, 2007 to seek his "trial deposition," Barr still has not pursued a deposition of Rainer under the methods specified by Fed. R. Civ. P. 28(b).  Instead, Barr complained that a deposition of Rainer "wasn't even offered as an option to us," and "[w]e have not even had a chance to have a discussion about having a

deposition of this witness." Ex. A at 53:11-12, 18-19.[4] But because the testimony from Rainer is evidence that Barr – not Plaintiffs – seeks to introduce at trial, Barr bears the burden of obtaining that discovery.

**REDACTED**

Barr's inexplicable failure to obtain discovery of Rainer or Waldheim is of its own making. If it wanted such discovery, it was Barr's burden to pursue it during fact discovery; as Judge Jordan advised the parties more than sixteen months ago, any party seeking "third-party discovery overseas ... [must not] wait to do it . . . [and must] move forward on that as soon as possible." See Ex. E at 10:24 - 11:4. If Barr wanted such discovery after the July 7, 2006 cutoff, it was Barr's burden to move the Court to extend the discovery deadline. Barr has made no effort to do so, and it has made no showing whatsoever why it should be entitled to do so now, more than eight months after the close of discovery and on the eve of trial.

Referring to its hoped-for deposition of Rainer as a "trial deposition" does not somehow lighten Barr's burden to justify its new pursuit of Rainer. The Federal Rules of Civil Procedure do not permit a different treatment of "discovery" depositions from "trial" depositions. Rather, all depositions are subject to the same procedural limitations, and the party seeking to take an out-of-time deposition faces the same weighty burden to justify the new deposition no matter how characterized. *See, e.g., Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358 (11th Cir. 2002) (upholding protective order barring *de bene*

---

[4] Despite near-daily telephone conferences between the parties related to the Joint Pretrial Order, Barr *never* raised the issue of its need to pursue such discovery, never offered to make Rainer available for deposition, and even resisted Plaintiffs' offer to try to seek guidance from the Court promptly.

7

*esse* deposition). Should Barr attempt to do so, Plaintiffs reserve the right to oppose any such effort as untimely and a violation of the rules of discovery.

## IV. Conclusion

Because of the proximity to trial and Barr's failure to "specifically and formally" notify Plaintiffs of their reliance on Rainer, Waldheim, or the allegation of simultaneous invention until long after the close of fact discovery, Rainer should be precluded from testifying at trial (either live or by deposition). At a minimum, Barr must justify its need for an out-of-time, foreign, third-party deposition that it chose not to pursue before fact discovery closed nearly nine months ago.

                ASHBY & GEDDES

                /s/ *Steven J. Balick*

                _____
                Steven J. Balick (I.D. #2114)
                John G. Day (I.D. #2403)
                Tiffany Lydon (I.D. #3950)
                Lauren Maguire (I.D. #4261)
                500 Delaware Avenue, 8th Floor
                P.O. Box 1150
                Wilmington, DE 19899
                Tel: 302-654-1888
                Fax: 302-654-2067
                sbalick@ashby-geddes.com
                jday@ashby-geddes.com
                tlydon@ashby-geddes.com
                lmaguire@ashby-geddes.com

                *Attorneys for Plaintiffs*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Kurt G. Calia
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202-662-6000
Fax: 202-662-6291

Patricia C. Lukens
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933
Tel: 732-524-2805
Fax: 732-524-5866

Dated: April 25, 2007
180003.1