# Exhibit 1

## CHRONOLOGY OF RELEVANT EVENTS

| Date | Event |
|---|---|
| 4/27/05 | Latest date Barr became aware of the Waldheim controversy. *See* Ex. B, 4/5/07 Letter from Ulrich to Calia (referring to now-withdrawn DX 576). |
| 6/10/05 | Plaintiffs filed suit against Barr. |
| 6/30/05 | Barr filed its Answer, Affirmative Defenses and Counterclaim. |
| 10/10/05 | Barr served its Rule 26(a)(1) Initial Disclosures; **_no mention of Rainer_** was made in the Initial Disclosures. *See* Ex. C. |
| 10/11/05 | Barr's serves its answers to Plaintiffs' first set of interrogatories, including an interrogatory requesting identification of "each witness [Barr] intend[s] to call at trial"; **_no mention of Rainer_** was made. *See* Ex. D. |
| 12/20/05 | At Defendants' request, Judge Jordan moved the trial date up from October 2007 to June 2007. In moving the trial date to June of 2007, Judge Jordan instructed the parties, "[I]f you think you are going to need third-party discovery overseas – *this goes for plaintiff and any of the defendants* – don't wait to do it . . . I urge you to move forward on that as soon as possible." *See* Ex. E, 12/20/05 Hr'g Tr. at 10:24 - 11:4 (emphasis added). |
| 1/30/06 | Plaintiffs' eighth production of documents included documents purportedly authored by Rainer. |
| 2/6/06 | Barr's counsel referred to Rainer and Waldheim in questioning John Richards, Esq. (the Ladas & Parry 30(b)(6) designee). *See* Ex. F, 2/06/06 J. Richards Dep. Tr. at 21:20 - 23:17. |
| 2/8/06 | Bonnie Davis referred to Rainer in her deposition testimony. *See* Ex. G, 2/08/06 B. Davis Dep. Tr. at 191:25 - 192:22. |
| 2/9/06 | Defendants questioned Bonnie Davis about Rainer and Waldheim. *See* Ex. H, 2/09/06 B. Davis Dep. Tr. at 317:15 - 367:25. |
| 4/13/06 | Barr served its 9-page supplemental response to Plaintiffs' Interrogatory No. 2 (which sought to discover the factual bases for Barr's contentions of invalidity); **_no mention of Rainer or alleged simultaneous invention_** was made. *See* Ex. I. |
| 4/14/06 | Barr's Rule 30(b)(6) designee, Paul Bisaro, testifies on "Topic 15: The factual and legal bases for Barr's Affirmative Defense that all of the claims of the '318 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112." At deposition, ***Bisaro makes no mention of Rainer or alleged simultaneous invention***. *See* Ex. J, Rule 30(b)(6) Deposition Notice to Barr. |

| 5/17/06 | Barr served its 10-page response to Plaintiffs' Second Set of Interrogatories (which included Interrogatory No. 4 which asks about the factual bases for Barr's contentions of patent invalidity under 35 U.S.C. §§ 101, 102, 103, 112 or 116); *__no mention of Rainer or alleged simultaneous invention__* was made. *See* Ex. K. |
|---|---|
| 7/7/06 | Fact discovery closed – *__by this date, Barr had made no supplementation to Rule 26(a) Initial Disclosures or to its answers to Interrogatory Nos. 2 or 4 to disclose Rainer as a witness or alleged simultaneous invention, nor did Barr pursue foreign third-party discovery related to Rainer or Waldheim.__* |
| 7/28/06 | *Three weeks after the close of fact discovery*, Defendants' experts Dr. Edward F. Domino and Dr. Allan Levey mentioned Waldheim as part of their obviousness contentions. *See* Ex. L, Expert Report of Dr. Edward F. Domino, M.D., M.S. at ¶ 94 (July 28, 2006) and Ex. M, Expert Report of Dr. Allan Levey, M.D., Ph.D. at ¶ 104 (July 28, 2006). All references to Waldheim in these reports were in the general context of obviousness and not tied specifically to simultaneous invention or to the level of ordinary skill in the art. *__No mention is made of Rainer in either report.__* |
| 8/30/06 | **REDACTED** |
| 10/3/06 | *Three months* after the close of fact discovery, Drs. Domino and Levey referred back to their original contentions about Waldheim in the general context of their obviousness assertions. *See* Ex. O, Rebuttal Expert Report of Dr. Edward F. Domino, M.D., M.S. at ¶ 34 (October 3, 2006) and Ex. P, Rebuttal Expert Report of Dr. Allan Levey, M.D., Ph.D. at ¶ 40 (October 3, 2006). *__No mention is made of Rainer in either rebuttal report.__* |
| 2/2/07 | Notwithstanding the parties' stipulation and the Court's Standing Order, Barr's disclosure of possible fact witnesses *__does not identify Rainer__*. *See* Ex. Q, Barr's Fact Witness Disclosures. |

| | |
|---|---|
| 3/2/07 | *Eight months* after the close of fact discovery and after failing to properly identify him as a possible witness during the life of this litigation, Barr identifies Rainer as a potential rebuttal trial witness but does not proffer the reason for his testimony. *See* Ex. R, Barr's Rebuttal Witness Disclosures. |
| 4/10/07 | **REDACTED** |
| 4/18/07 | For the *first time*, Barr articulates the position that Rainer's proffered testimony is to be used to corroborate expert testimony on the level of ordinary skill in the art. *See* Ex. A at 57:22-23 ("MS. ULRICH: [The Rainer testimony is] really probative of the level of ordinary skill in the art."). |