IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION | ) Civ. No. 05-356-SLR<br>) (consolidated) |

**O R D E R**

At Wilmington this 30th day of May, 2007, having reviewed the materials and arguments submitted by counsel regarding the trial deposition of Dr. Michael Rainer (DX 1400 for identification);

IT IS ORDERED that said deposition transcript (and the documents admitted solely through the deposition) shall not be made part of the trial record, for the reasons that follow.

1. By permitting the deposition of Dr. Ranier to go forward in the first instance, I had determined that Dr. Ranier was sufficiently identified through discovery as having arguably relevant evidence. Because Dr. Ranier was not willing to travel to the United States for a deposition or for trial, however, defendants were left with the sole option of conducting a trial deposition in Austria, where Dr. Ranier lives.

2. As I understand it, litigating parties in Austria do not conduct American-style depositions; depositions instead are conducted before a judge, who prepares a summary of the testimony.

3. In this case, in an effort to conduct an American-style deposition of Dr. Ranier in Austria, defendants brought to the proceeding a court reporter from England, and a

notary, interpreter and videographer from Austria. Defendants concede that none of these individuals were authorized under Austrian law to administer an oath to the deponent or to the interpreter.

4. Plaintiffs argue that, under these circumstances, the deposition is not valid pursuant to Fed. R. Civ. P. 28(b)[1] and should not be considered by the court in making its decision in this matter. See Advani Enterprises, Inc. v. Underwriters at Lloyds, 2000 WL 1568255 (S.D.N.Y. Oct. 19, 2000). Defendants contend that the deposition has all the hallmarks of reliability and, in order to satisfy the requirements of Rule 28(b), the court in its discretion has the authority to grant, *nunc pro tunc*, a commission to the court stenographer before whom the deposition was taken. See Goss International Americas, Inc. v. MAN Roland, Inc., 2006 U.S. Dist. LEXIS 28160 (D. N.H. April 28, 2006).

5. Although I recognize that I may have the discretion to validate these proceedings *nunc pro tunc*, I decline to do so. First, because neither the stenographer

---

[1]Rule 28(b) provides in relevant part:

(b) IN FOREIGN COUNTRIES. Depositions may be taken in a foreign country (1) pursuant to any applicable treaty or convention, or (2) pursuant to a letter of request (whether or not captioned a letter rogatory), or (3) on notice before a person authorized to administer oaths in the place where the examination is held, either by the law thereof or by the law of the United States, or (4) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony. A commission or a letter of request shall be issued on application and notice and on terms that are just and appropriate. It is not requisite to the issuance of a commission or a letter of request that the taking of the deposition in any other manner is impracticable or inconvenient; and both a commission and a letter of request may be issued in proper cases.

2

nor the interpreter were American citizens, I am not confident that I actually have the authority to grant a commission to such individuals, *nunc pro tunc* or otherwise. Second, in reviewing the critical document (DX 72), in light of the testimony of Dr. Ranier and his apparent reluctance to affirmatively claim his alleged discovery by either traveling to the United States or verifying the deposition transcript (DX 1400), I am not satisfied that the "hallmarks of reliability" are in fact presented by the circumstances at bar.

_____
United States District Judge