IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: '318 PATENT INFRINGEMENT LITIGATION

)
)
)
)
)
)

**REDACTED**
**PUBLIC VERSION**

Civil Action No. 05-356-SLR
(consolidated)

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DR. RASKIND'S TRIAL TESTIMONY ON ENABLEMENT

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc.*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Kurt G. Calia
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
202-662-6000

Patricia Clarke Lukens
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933

*Of Counsel*
For Plaintiff, Synaptech, Inc.
Edward V. Filardi
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
212-735-3060

Dated: August 22, 2007

i

# TABLE OF CONTENTS

I. LEGAL STANDARD ................................................................................................. 1

II. LEGAL ARGUMENT ................................................................................................ 3

III. CONCLUSION .......................................................................................................... 8

# TABLE OF AUTHORITIES

Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a)(2)(B) ...................... 2

Bowersfield v. Suzuki Motor Corp., 151 F.Supp.2d 625, 631 (E.D. Pa. 2001)) ...................... 8

Forest Laboratories, Inc. v. Ivax Pharms, Inc., 438 F.R.D. 106 (D. Del. 2006) ...................... 2

Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1988) ...................... 3

Federal Rule of Civil Procedure 26(a)(2)(B) ...................... 1, 2

Hill v. Reederi, 435 F.3d 404, 423 (3d Cir. 2006) ...................... 7, 8

Johnson v. H.K. Webster, Inc., 775 F.2d 1, 8 (1st Cir. 1985) ...................... 7

McMillan v. Weeks Marine, Inc., 478 F.Supp.2d 651, 659 (D.Del. 2007) ...................... 2

Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977) ...................... 3

Minebea Co. v. Papst, 231 F.R.D. 3 (D.D.C. 2005) ...................... 2

Tracinda Corp. v. DaimlerChrysler AG, 362 F.Supp.2d 487, 506 (D.Del. 2005) ...................... 3

Wachtel v. Guardian Life Ins. Co., 239 F.R.D. 376, 389 (D.N.J. 2006) ...................... 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: '318 PATENT INFRINGEMENT LITIGATION ) ) ) ) ) ) ) | Civil Action No. 05-356-SLR (consolidated) |

PLAINTIFFS' ANSWERING BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE DR. RASKIND'S TRIAL TESTIMONY ON ENABLEMENT

Plaintiffs, Janssen Pharmaceutica N.V., Janssen, L.P. and Synaptech, Inc. (collectively, "Plaintiffs"), submit this answering brief in opposition to Defendants' Post-trial Motion to Strike the Testimony of Dr. Murray Raskind on Enablement.[1] Defendants embedded within their Joint Opening Post-Trial Brief a motion for the Court to strike Dr. Raskind's trial testimony on enablement. Defs.' Br. 46 at n. 31. They allege that Dr. Raskind impermissibly testified outside of the pre-trial disclosure in his expert reports.[2] Defs.' Br. 46-47. Defendants are wrong. Dr. Raskind's opinions on enablement were set forth in his expert reports and discussed in his deposition. Thus, for the reasons set forth below, Plaintiffs respectfully request the Court deny Defendants' motion.

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(2)(B) states that an expert's report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; [and] the data or other information considered by the witness in forming the

---

[1] Plaintiffs file this Answering Brief separately from our Post-Trial Answering Brief as we understand that the Answering Brief should remain focused on the substantive merits of the case and based upon the record evidence from trial. Defendants' Motion raises a purely procedural issue, the response to which must necessarily draw from Plaintiffs' expert reports and depositions (which are not part of the trial record) to demonstrate that Defendants had ample and repeated notice of Plaintiffs' experts' opinions on enablement.

[2] Defendants do not argue that Dr. Raskind testified outside his area of expertise.

1

opinions." Fed.R.Civ.P. 26(a)(2)(B) The rule allows opposing parties reasonable opportunity to prepare for effective cross-examination or to secure their own expert witness. Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a)(2)(B). However, experts need not testify verbatim from their report. The courts recognize that experts should be "permitted a certain degree of latitude," may "explain the opinions and conclusions" in their reports and may provide "reasonable explanations." Forest Laboratories, Inc. v. Ivax Pharmaceuticals, Inc., 237 F.R.D. 106, 113 (D.Del. 2006.) (citing Minebea Co. v. Papst, 231 F.R.D. 3 (D.D.C. 2005)).

When a party challenges an expert's testimony as beyond the parameters of that expert's report, the Court considers objections at the conclusion of trial because of the difficulty of resolving such disputes during trial. McMillan v. Weeks Marine, Inc., 478 F.Supp.2d 651, 659 (D.Del. 2007). For a party to prevail on this argument, it must demonstrate that the expert's testimony exceeded the scope of the Rule 26 report, and that the objecting party suffered undue prejudice because of the violation. Id. If the Court finds that the opinions offered at trial were not disclosed and prejudice occurred, the Court then considers whether a new trial is warranted and what sanctions, if any, should be imposed. Id.

Consistent with the law, this Court stated during trial that: "[i]f an opposing party believes that it truly is outside the scope of both the report and the deposition and that they were truly surprised, it will be brought up in post-trial, and the party proposing the testimony is at risk, obviously, for any retrial that might have to happen." Exh. A, Trial Tr. 1182:25-1183:4.

2

## II. LEGAL ARGUMENT

Defendants were clearly not surprised by Dr. Raskind's opinions on enablement. Dr. Raskind opined at trial that the '318 patent demonstrated utility by presenting a new model for the cholinergic deficit in Alzheimer's Disease ("AD") that included nicotinic cholinergic receptor effects and explained how the prior art in the '318 patent showed that galantamine had the requisite properties to succeed in that model. Id. at 1180:7-1189:8, 1272:13-21. Defendants object to this testimony as having not been disclosed in Dr. Raskind's expert report and move to strike the testimony claiming they were "sandbagged."[3] Defs.' Br. 46-7. However, the Court warned Defendants during trial that to truly be a surprise, the testimony in question must not have been subject to the light and the testing of discovery. Ex. A, Trial Tr. 1281:8-18. Such is not the case here.

As an initial matter, Defendants concede that Dr. Raskind did set forth in his report his opinion that the '318 patent was enabling and did set forth sufficient evidence of utility. Defs.' Br. 46. Their complaint is solely their claim that the level of detail was inadequate. That is, they claim surprise regarding Dr. Raskind's opinion at trial that utility was demonstrated in the patent by connecting the patent's description of galantamine's properties (in column one) with the animal lesion model for AD (in column two). Id. Any such claim of surprise strains credulity -- Defendants are noticeably silent, for example, as to what they thought Dr. Raskind's enablement opinion was based on, if not the animal model and supporting evidence disclosed in the patent

---

[3] The Court already informed Defendants at trial that if such a violation occurred, a retrial -- not striking of testimony -- would be the appropriate remedy. Trial Tr. 1281:8 - 18. Indeed, the exclusion of critical evidence is an extreme sanction, not imposed absent a showing of willful deception and flagrant disregard of a court order by the proponent of the evidence. Tracinda Corp. v. DaimlerChrysler AG, 362 F.Supp.2d 487, 506 (D.Del. 2005).(citing Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977) *overruled on other grounds*, Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1988)). No such showing could be made here.

3

and referenced in his report. In any event, Dr. Raskind's report clearly tied his opinion regarding utility specifically to the patent's description of the animal lesion model. In the "Enablement" section of his Second Report, Dr. Raskind stated that the '318 patent:

**REDACTED**

The "significance" of this animal lesion model is that it departed from the prior art by making galantamine's nicotinic effect relevant to treating AD. Until Dr. Davis' invention, the nicotinic receptors were ignored in the field as AD researchers instead relied on a muscarinic receptor model for AD.

**REDACTED**

The significance of Dr. Raskind's testimony was clearly appreciated by Defendants, as he was extensively examined at deposition about his opinion that the patent was enabling, and his deposition testimony provided Defendants with further details consistent with his testimony at trial.

**REDACTED**

4

**REDACTED**

Dr. Raskind added:

**REDACTED**

**REDACTED**

Dr. Raskind was also questioned about the way in which galantamine properties were connected to the animal model to give an expectation of utility in treating AD, and he explained the connection in terms of the neuroendocrinology of galantamine set forth in the patent. Specifically, he testified at deposition that:

---

[4]   Plaintiffs' three other experts offered this opinion as well in their expert reports and depositions. See Exh. D, Cummings Second Report at Para 113; Exh. E, Coyle Second Expert Report at 60; Exh. F, Fillit Second Expert Report at 47. For example,

**REDACTED**

5

**REDACTED**

---

[5] Thus, Defendants' claim of surprise, let alone their assertion that Plaintiffs "sandbagged Defendants mid-way through trial," is unfounded. Defs.' Br. 47. Defendants had notice of Dr. Raskind's opinions through his expert reports and were able

**REDACTED**

Thus, Defendants cannot say they were unaware of Dr. Raskind's opinions as Dr. Cummings testified similarly.

6

to depose him in detail about the foundation for those opinions during his deposition.

Moreover, Defendants would be hard-pressed to demonstrate any prejudice as a result of this alleged surprise. The courts have found that an alleged surprise can be cured by extensive cross-examination. Hill v. Reederi, 435 F.3d 404, 423 (3d Cir. 2006). In this case, Dr. Raskind was extensively cross examined by Defendants. Defendants sought no recess to obtain more time to investigate any alleged surprise expert testimony either prior to cross examination or after it. Id. (noting that rather than resting on an objection if a cross-examination is insufficient, a recess to investigate new evidence would be a better procedure and citing Johnson v. H.K. Webster, Inc., 775 F.2d 1, 8 (1st Cir. 1985) ("Courts have looked with disfavor upon parties who claim surprise and prejudice but who do not ask for a recess so they may attempt to counter the opponent's testimony.")) Dr. Raskind's testimony was consistent with Dr. Coyle's trial testimony from the previous day which similarly explained how Dr. Davis "connected the dots" by connecting new insight on galantamine's neuroendocrinology to the animal lesion model. See Exh. A, Trial Tr. 889:20-890:20, 980:21-981:1. Tellingly, Defendants did not, and could not, object to that testimony as outside the expert disclosures in the case. This further shows that the substance of Dr. Raskind's testimony was not a surprise to Defendants and that they suffered no prejudice from it since the point is equally supported by Dr. Coyle's testimony.

Defendants also rely erroneously on their bold claim, without any legal citation, support, or argument, that the "rules of this Court make very clear that a litigant cannot introduce expert testimony at trial that has not been disclosed in an expert report." Defs.' Br. 46. That is not the law. There is no bright line rule that every opinion by an expert

7

must be preliminarily stated in the report, or forever be precluded. Hill v. Reederi, 435 F.3d 404, 423 (3rd Cir. 2006) ("This court is unaware of such a rule."). The law is clear that, absent surprise or bad faith, an expert may in fact testify beyond the scope of his report. Id.; Wachtel v. Guardian Life Ins. Co., 239 F.R.D. 376, 389 (D.N.J. 2006). In fact, testimony of an expert on matters within an expert's expertise but outside of an expert's report is not only permissible at trial, but exclusion of such testimony may be reversible error. Bowersfield v. Suzuki Motor Corp., 151 F.Supp.2d 625, 631 (E.D. Pa. 2001).

But the allowance of Dr. Raskind's testimony requires no exercise of discretion as that testimony was disclosed in Dr. Raskind's report and deposition. Defendants had both notice of Dr. Raskind's opinions and opportunity to explore -- and did explore -- the foundation for his opinions prior to trial. Thus, Dr. Raskind's opinions were clearly subject to the light and testing of discovery.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this court deny Defendants' Motion to Strike Dr. Raskind's Trial Testimony on Enablement.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiffs Janssen Pharmaceutica N.V., Janssen, L.P., and Synaptech, Inc.*

*Of Counsel:*

George F. Pappas
Roderick R. McKelvie
Christopher N. Sipes
Kurt G. Calia
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
202-662-6000

Patricia Clarke Lukens
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933

*Of Counsel*

For Plaintiff, Synaptech, Inc.
Edward V. Filardi
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
212-735-3060

Dated: August 22, 2007
183486.1

9

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2007, the attached **REDACTED PUBLIC VERSION OF PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DR. RASKIND'S TRIAL TESTIMONY ON ENABLEMENT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806 | **VIA ELECTRONIC MAIL** |
| Lynn M. Ulrich, Esquire<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 | **VIA ELECTRONIC MAIL** |
| Frederick L. Cottrell, III, Esquire<br>Richards, Layton & Finger<br>One Rodney Square<br>Wilmington, DE 19801 | **VIA ELECTRONIC MAIL** |
| Alan H. Bernstein, Esquire<br>Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.<br>1635 Market Street, 12th Floor<br>Philadelphia, PA 19103 | **VIA ELECTRONIC MAIL** |

/s/ *Tiffany Geyer Lydon*

Tiffany Geyer Lydon